UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 1:17-cv-60533-JEM

RODNEY SCOTT PATTERSON,

    Plaintiffs,

vs.

AMERICAN AIRLINES, INC., a Delaware Corporation,

    Defendant.

_____/

## DEFENDANT AMERICAN AIRLINES, INC.'S ANSWER
## TO COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Defendant American Airlines, Inc. ("American"), by and through its attorneys, answers the Complaint filed by Rodney Scott Patterson in this matter as follows:

### Count I

1. American denies the allegations in Paragraph 1 of the Complaint, except admits that this is an action brought by Plaintiff, who is employed by American as a First Officer; that Plaintiff seeks the relief described; and that on information and belief Plaintiff's military rank is Lieutenant Colonel.

2. Paragraph 2 of the Complaint states a conclusion of law to which no response is required. To the extent a response is required, American admits that Plaintiff purports to assert that this Court has jurisdiction of this action and further admits that under 38 U.S.C. § 4323(e) this Court "shall use, in any case in which the court determines it is appropriate, its full equity powers, including temporary or permanent injunctions . . . , to vindicate fully the rights or benefits of persons under this chapter." American contends that, to the extent

808357

resolution of Plaintiff's claims requires interpretation or application of the applicable collective bargaining agreement, the applicable System Board of Adjustment has exclusive jurisdiction as mandated by the Railway Labor Act, 45 U.S.C. §§ 151, *et seq*.

3. Paragraph 3 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, American admits that Plaintiff purports to assert that venue in this Court is proper and further admits that it operates out of the Fort Lauderdale/Hollywood International Airport.

4. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, except admits that Plaintiff was employed by American as a First Officer based at Miami International Airport during the time period relevant to this action and that on information and belief Plaintiff's military rank is Lieutenant Colonel, and American avers that Paragraph 4 subpart (c) states a legal conclusion to which no response is required. To the extent a response to Paragraph 4 subpart (c) is required, American denies the allegations in Paragraph 4 subpart (c).

5. American admits the allegations in Paragraph 5 of Complaint.

6. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, except admits on information and belief that Plaintiff filed a complaint with the Department of Labor Veterans' Employment and Training Service (VETS) on or about January 25, 2016.

7. Paragraph 7 of the Complaint states a conclusion of law to which no response is required. To the extent a response is required, American denies the allegations in Paragraph 7 of the Complaint.

8. American denies the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states a conclusion of law to which no response is required. To the extent a response is required, American denies the allegations in Paragraph 9 of the Complaint.

10. American denies the allegations in Paragraph 10 of the Complaint, except admits that Chief Pilot Jim Bonds telephoned Plaintiff on September 21, 2015.

11. American denies the allegations in Paragraph 11 of the Complaint, except admits that at some point on September 21, 2015 Patterson telephoned the System Operations Control Duty Chief at American's headquarters to request time off for military leave and that this request was granted.

12. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. American denies the allegations in Paragraph 14 of the Complaint, and avers that Chief Pilot Jim Bonds informed Plaintiff on September 24, 2015 that Plaintiff would be withheld from service with pay pending the outcome of an investigation into circumstances surrounding a work environment complaint that had been reported by a coworker.

15. American denies the allegations in Paragraph 15, except admits that a hearing was held November 23, 2015, avers that on January 20, 2016, Chief Pilot Jim Bonds informed Plaintiff by letter that Plaintiff had been scheduled for a medical evaluation, further avers that the January 20, 2016 letter speaks for itself, and respectfully refers the Court to such document for a true and complete statement of its contents.

16.     American denies the allegations in Paragraph 16, except admits that American scheduled a fitness for duty examination for Plaintiff with Dr. John Knippa, Ph.D., of Long Beach, California; avers that Dr. Knippa's March 21, 2016 report based on a March 16-17, 2016 examination of Plaintiff contains the language quoted in Paragraph 16 of the Complaint without the alterations by Plaintiff; further avers that Dr. Knippa's March 21, 2016 report speaks for itself; and respectfully refers the Court to that document for a true and complete statement of its contents.

17.     American denies the allegations in Paragraph 17, except admits that Dr. Knippa's March 21, 2016 report contains the language quoted in Paragraph 17 without the alterations by Plaintiff, avers that any writing by Dr. Knippa speaks for itself, and respectfully refers the Court to such document for a true and complete statement of its contents.

18.     American denies the allegations in Paragraph 18 of the Complaint, except admits that Dr. Knippa administered two days of standardized testing to Plaintiff beginning March 16, 2016 and opined that Plaintiff was "NOT FIT FOR DUTY as a FO, on the basis of impaired performances on cognitive assessment"; lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 subparts (a)(i)-(v); avers that Dr. Knippa's March 21, 2016 report speaks for itself, and respectfully refers the Court to that document for a true and complete statement of its contents.

19.     American denies the allegations in Paragraph 19 of the Complaint, avers that the applicable reports from Dr. Knippa and the United States Army speak for themselves, and respectfully refers the Court to those documents for a true and complete statement of their contents.

20. American denies the allegations in Paragraph 20 of the Complaint, except admits that Dr. Hastings' report dated May 28, 2016 based on a May 24, 2015 examination of Plaintiff stated that Plaintiff "poses no risk to aviation safety and that he is fit to fly from a neurological standpoint," avers that the applicable reports from Dr. Hastings and Dr. Knippa speak for themselves, and respectfully refers the Court to those documents for a true and complete statement of their contents.

21. American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, except admits on information and belief that Dr. Kay examined Plaintiff on June 29, 2016, avers that any report by Dr. Kay and the website www.cogscreen.com speak for themselves, and respectfully refers the Court to those documents for a true and complete statement of their contents.

22. American denies the allegations in Paragraph 22 of the Complaint, avers that Dr. Kay's report speaks for itself, and respectfully refers the Court to that document for a true and complete statements of its contents.

23. American denies the allegations in Paragraph 23 of the Complaint and avers that on or about August 22, 2016 American received copies of (i) an Army HQ, Pentagon, Physical Exam report based on an October 15, 2015 examination of Plaintiff, (ii) Dr. Kay's report based on a June 29, 2016 examination of Plaintiff, and (iii) Dr. Hastings' report dated May 28, 2016 based on a May 24, 2015 examination of Plaintiff.

24. American denies the allegations in Paragraph 24 of the Complaint.

25. American denies the allegations in Paragraph 25 of the Complaint.

26. American denies the allegations in Paragraph 26 of the Complaint.

27. American admits that Paragraph 27 of the Complaint contains an accurate quotation of 38 U.S.C. § 4311(a).

28. American admits that Paragraph 28 of the Complaint contains an accurate quotation, except for the omissions by Plaintiff, of 38 U.S.C. § 4311(c)(1).

29. American denies the allegations in Paragraph 29 of the Complaint.

30. American denies the allegations in Paragraph 30 of the Complaint.

31. American denies the allegations in Paragraph 31 of the Complaint.

32. American denies the allegations in Paragraph 32 of the Complaint.

33. American denies the allegations in Paragraph 33 of the Complaint.

34. American denies the allegations in Paragraph 34 of the Complaint.

35. American denies the allegations in Paragraph 35 of the Complaint.

36. American denies the allegations in Paragraph 36 of the Complaint.

American denies that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause of Count I of the Complaint, including its component subparts.

## Count II

37. American restates and realleges the responses set forth in Paragraphs 1 through 36 of this Answer as if fully set forth herein.

38. American admits that Paragraph 38 of the Complaint contains an accurate quotation, except for the omissions by Plaintiff, of 38 U.S.C. § 4311(b).

39. Paragraph 39 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, American denies the allegations in Paragraph 39 of the Complaint, avers that 38 U.S.C. § 4311(b) speaks for itself, and respectfully refers the Court to that statute for a true and complete statement of its contents.

40. American denies the allegations in Paragraph 40 of the Complaint.

41. American denies the allegations in Paragraph 41 of the Complaint.

42. American denies the allegations in Paragraph 42 of the Complaint.

43. American denies the allegations in Paragraph 43 of the Complaint.

44. American denies the allegations in Paragraph 44 of the Complaint.

45. American denies the allegations in Paragraph 45 of the Complaint.

46. American denies the allegations in Paragraph 46 of the Complaint.

47. American denies the allegations in Paragraph 47 of the Complaint.

American denies that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause of Count II of the Complaint, including its component subparts.

## Jury Trial Demand

American denies that Plaintiff is entitled to a jury trial on any asserted equitable claims or claims resolvable as a matter of law.

## AFFIRMATIVE DEFENSES

American asserts the following defenses without necessarily admitting or acknowledging that they bear the burden of proof as to any such defense:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because they are preempted by the Railway Labor Act, 45 U.S.C. §§ 151, *et seq*. and subject to the exclusive jurisdiction of the applicable System Board of Adjustment.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because they are preempted by the Federal Aviation Act, 49 U.S.C. §§ 1301, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the Complaint fails to state facts sufficient to constitute a cause of action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because all actions taken by American with respect to Plaintiff were motivated by legitimate, non-discriminatory business considerations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because regardless of any finding of allegedly discriminatory intent, American would have engaged in the same course of conduct for legitimate, non-discriminatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because American exercised reasonable care by maintaining policies, programs, and procedures for the prevention, detection, and correction of unlawful discriminatory practices by employees, agents, and independent contractors.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because, if American did injure Plaintiff as alleged, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant liquidated, compensatory, or punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because of Plaintiff's failure to mitigate damages, if any.

### NINTH AFFIRMATIVE DEFENSE

American reserves the right to raise any additional affirmative or other defenses not asserted herein of which they become aware through discovery or other investigation.

**WHEREFORE**, American demands judgment as follows:

A. Plaintiff's Complaint and each cause of action therein be dismissed with prejudice;

B. Plaintiff's requests for damages, remedies, fees, costs, and other relief be denied in their entirety, and that Plaintiff take nothing by way of the Complaint;

C. American be awarded its costs, disbursements, and attorneys' fees incurred in this action; and

D.     The Court order such other and further relief for American as the Court deems just and proper.

Dated:  April 7, 2017                                              Respectfully submitted,

By: /s/ Michael A. Holt

Michael A. Holt
mholt@shb.com
Florida Bar No.: 91156
**SHOOK, HARDY & BACON L.L.P.**
**Miami Center, Suite 3200**
201 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Mark W. Robertson
mrobertson@omm.com
(*Pro Hac Vice* admission application
    forthcoming)
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of April, 2017, a true and correct copy of the foregoing was filed using the Court's CM/ECF system and was served on all counsel or parties of record on the attached Service List by the method indicated.

By: /s/ Michael A. Holt
    MICHAEL A. HOLT

## SERVICE LIST

William R. Amlong
WRamlong@TheAmlongFirm.com
Karen Coolman Amlong
KAmlong@TheAmlongFirm.com
Isha Kochar
IKochhar@TheAmlongFirm.com
**AMLONG & AMLONG, P.A.**
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Facsimile: (954) 523-3192

(Service via CM/ECF)

*Counsel for Plaintiffs*

Michael A. Holt, Esq.
mholt@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

(Service via CM/ECF)

Mark W. Robertson, Esq.
mrobertson@omm.com
(*Pro Hac Vice* admission application
  forthcoming)
**O'MELVENY & MYERS LLP**
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

(Service via Email)

*Counsel for American Airlines, Inc.*