UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Divison)

Case Number: 17-60533-CIV-MARTINEZ-OTAZO-REYES

**RODNEY SCOTT PATTERSON,**

    Plaintiff,

vs.

**AMERICAN AIRLINES, a Delaware corporation,**

    Defendant.
_____/

## JOINT SCHEDULING REPORT

Pursuant to Local Rule 16.1(b)(2), Local Rules, Southern District of Florida, and this Honorable Court's Order Requiring Counsel to Meet [D.E. 8], Isha Kochhar, Esq. appeared on behalf of the Plaintiff and Tristan Morales, Esq., appeared on behalf of the Defendant telephonically to confer on April 27, 2017, and submit the following Joint Scheduling Report and Proposed Order and state as follows:

**A.**     **Likelihood of settlement:**

The parties have engaged in settlement discussions, but have not been successful in reaching agreement. The parties are open to continuing settlement discussions as the case progresses.

**B.**     **The likelihood of appearance in the action of additional parties.**

Unlikely.

**C.**     **Proposed limits on the time:**

Pursuant to ¶4.B. of the Court's Order Requiring Parties to Meet and File Joint

Scheduling Report [D.E. 8], the parties have attached Attachment A to this Report which details the proposed Pretrial Deadlines and Trial Date.

**D. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.**

The parties will attempt to work in good faith to narrow and simplify the issues for trial, to eliminate claims or defenses found through discovery to be lacking in merit, to obtain admissions of fact and of documents which will avoid unnecessary proof at trial, and to avoid unnecessary discovery.

**E. The necessity or desirability of amendments to the pleadings.**

Plaintiff states that he may file a motion to strike some of the affirmative defenses and/or require that the factual bases be pleaded to narrow the issues.

**F. The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

The parties will attempt to work in good faith to narrow and simplify the issues for trial, to eliminate claims or defenses found through discovery to be lacking in merit, to obtain admissions of fact and of documents which will avoid unnecessary proof at trial, and to avoid unnecessary discovery.

**G. Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

During discovery, the parties will attempt to obtain stipulations of facts or the authentication of documents that may simplify the case for trial.

Case No. 17-60533-CIV-MARTINEZ-OTAZO-REYES; Joint Scheduling Report

**H.     Suggestions on the advisability of referring matters to a Magistrate Judge or master.**

The parties do not consent to any matters or motions before a United States Magistrate Judge at this time. Pursuant to ¶4.C. of the Court's Order Requiring Parties to Meet and File Joint Scheduling Report, the parties have attached hereto Attachment D.

**I.     Preliminary estimate of the time required for trial.**

The parties estimate that the trial will take **5 days**. The case shall be on a Standard Track.

**J.     Requested date or dates for conferences before trial, a final pretrial conference, and trial.**

The Parties request a pretrial conference May 17, 2018 and trial to begin May 21, 2018.

**K.     Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

None.

**L.     Whether the trial will be jury or non-jury.**

The parties agree to a trial by jury for all issues so triable.

**M.     Outline of the legal elements of each claim and defense raised by the pleadings.**

<u>Legal elements of claims by plaintiff</u>:

1. As to plaintiff's claim under 38 U.S.C. § 4311(a) and pursuant to the Eleventh Circuit Pattern Instruction, 4.18 USERRA – 38 U.S.C. § 4311(a) – USERRA Discrimination:

To succeed on his claim, Rodney Scott Patterson must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:     Rodney Scott Patterson was a member of a uniformed service;

<u>Second</u>:  American Airlines, Inc. denied Rodney Scott Patterson any benefit of employment; and

Case No. 17-60533-CIV-MARTINEZ-OTAZO-REYES; Joint Scheduling Report

>   Third: Rodney Scott Patterson's service in a uniformed service was a motivating factor that prompted American Airlines, Inc. to take that action.

2. As to plaintiff's claim under 38 U.S.C. § 4311(b) and pursuant to the Eleventh Circuit Pattern Instruction, 4.19 USERRA – 38 U.S.C. § 4311(b) – USERRA Retaliation:

To succeed on his claim, Rodney Scott Patterson must prove all the following facts by a preponderance of the evidence:

>   First: Rodney Scott Patterson engaged, in good faith, in an activity protected by USERRA;
>
>   Second: American Airlines, Inc. took an adverse employment action against Rodney Scott Patterson;
>
>   Third: Rodney Scott Patterson's protected activity was a motivating factor that prompted American Airlines, Inc. to take the adverse employment action; and
>
>   Fourth: Rodney Scott Patterson suffered damages because of the adverse employment action.

Legal elements of defenses by defendant:

American has answered the complaint. American has asserted the following defenses:

· Plaintiff fails to allege facts sufficient to state a claim. Plaintiff has not alleged facts sufficient to state a claim that American discriminated against Plaintiff in the terms and conditions of his employment because of Plaintiff's uniformed service status. Plaintiff has also not alleged facts sufficient to state a claim that American retaliated against Plaintiff because he took steps to enforce his lawful rights under USERRA.

· The actions that Plaintiff alleges were discriminatory or retaliatory under USERRA were not taken based on Plaintiff's uniformed service status, and would have been taken even if Plaintiff was not a member of a uniformed service.

· As mandated by the Railway Labor Act, 45. U.S.C. §§ 151, *et seq.*, Plaintiff's claims are subject to the exclusive jurisdiction of the applicable System Board of Adjustment to the extent that they are dependent on the interpretation or application of the collective bargaining agreement governing the terms and conditions of Plaintiff's employment at American.

· Plaintiff's claims are barred by the Federal Aviation Act, 49 U.S.C. §§ 1301, *et seq.*, to the extent that they intrude upon the field of pilot safety and qualifications that

Congress has reserved for the Federal Aviation Administration.

· Plaintiff cannot demonstrate facts sufficient to warrant liquidated, compensatory, or punitive damages.

**N. Good-faith estimate of the specific dollar valuation of actual damages and other relief at issue.**

Mr. Patterson sues pursuant to 38 U.S.C. § 4301, et seq. and seeks back pay, including benefits, liquidated damages and equitable relief, i.e., immediate (temporary and permanent) reinstatement, and attorney's fees and litigation expenses. Based on the information to which he has access at this time, plaintiff estimates his wage losses (before benefits) to be approximately $436,921.00 (pre-mitigation) from the date of American Airlines, Inc. grounded him through the date of this report. Plaintiff will provide a more accurate estimate after receiving discovery from defendant. Defendant contends that no actual damages were incurred by Plaintiff.

**O. Need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance.**

The parties do not currently believe there is any need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure.

Dated: April 27, 2017

**[THIS SPACE LEFT INTENTIONALLY BLANK; SIGNATURE PAGE TO FOLLOW]**

Case No. 17-60533-CIV-MARTINEZ-OTAZO-REYES; Joint Scheduling Report

Respectfully Submitted,

| | |
|---|---|
| s/ *Isha Kochhar* | /s/ *Michael A. Holt* |
| WILLIAM R. AMLONG | MICHAEL A. HOLT |
| Florida Bar No.: 470228 | Florida Bar No.: 91156 |
| WRAmlong@TheAmlongFirm.com | mholt@shb.com |
| KAREN COOLMAN AMLONG | **SHOOK, HARDY & BACON L.L.P.** |
| Florida Bar No.: 275565 | Miami Center, Suite 3200 |
| KAmlong@TheAmlongFirm.com | 201 South Biscayne Boulevard |
| ISHA KOCHHAR | Miami, Florida 33131 |
| Florida Bar No.: 105294 | Telephone: (305) 358-5171 |
| IKochhar@TheAmlongFirm.com | Facsimile: (305) 358-7470 |
| | |
| **AMLONG & AMLONG, P.A.** | MARK W. ROBERTSON |
| 500 Northeast Fourth Street | *(Pro hac vice)* |
| Second Floor | mrobertson@omm.com |
| Fort Lauderdale, Florida 33301-1154 | **O'MELVENY & MYERS LLP** |
| Telephone: (954) 462-1983 | Times Square Tower |
| Facsimile: (954) 463-5008 | 7 Times Square |
| | New York, New York 10036 Telephone: (212) 326-2000 |
| *Attorneys for Plaintiff,* | Facsimile: (212) 326-2061 |
| *Rodney Scott Patterson* | |
| | Tristan Morales, Esq. |
| | *(Pro hac vice)* |
| | tmorales@omm.com |
| | **O'MELVENY & MYERS LLP** |
| | 1625 Eye Street, Northwest |
| | Washington, DC 20006 |
| | Telephone: (202) 383-5300 |
| | Facsimile: (202) 383-5414 |
| | |
| | *Attorneys for Defendant,* |
| | *American Airlines, Inc.* |

Case No. 17-60533-CIV-MARTINEZ-OTAZO-REYES; Joint Scheduling Report

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by CM/ECF this 27th day of April, 2017 on all counsel or parties of record on the Service List below.

/s/ *Isha Kochhar*
ISHA KOCHHAR

**Service List**

| | |
|---|---|
| WILLIAM R. AMLONG | MICHAEL A. HOLT |
| WRAmlong@TheAmlongFirm.com | mholt@shb.com |
| KAREN COOLMAN AMLONG | **SHOOK, HARDY & BACON L.L.P.** |
| KAmlong@TheAmlongfirm.com | Miami Center, Suite 3200 |
| ISHA KOCHHAR | 201 South Biscayne Boulevard |
| IKochhar@TheAmlongFirm.com | Miami, Florida 33131 |
| | Telephone: (305) 358-5171 |
| **AMLONG & AMLONG, P.A.** | Facsimile: (305) 358-7470 |
| 500 Northeast Fourth Street | |
| Second Floor | MARK W. ROBERTSON, ESQ. |
| Fort Lauderdale, Florida 33301 | mrobertson@omm.com |
| Telephone: (954) 462-1983 | *(Pro hac vice)* |
| Facsimile: (954) 463-5008 | **O'MELVENY & MYERS LLP** |
| | Times Square Tower |
| *Attorneys for Plaintiff,* | 7 Times Square |
| *Rodney Scott Patterson* | New York, New York 10036 |
| | Telephone: (212) 326-2000 |
| | Facsimile: (212) 326-2061 |
| | |
| | TRISTAN MORALES |
| | tmorales@omm.com |
| | *(Pro hac vice)* |
| | **O'MELVENY & MYERS LLP** |
| | 1625 Eye Street, Northwest |
| | Washington, District of Columbia 20006 |
| | Telephone: (202) 383-5300 |
| | Facsimile: (202) 383-5414 |
| | |
| | *Attorneys for Defendant,* |
| | *American Airlines, Inc.* |

**Pretrial Deadlines and Trial Date**

**DATE**
month/day/year

| Date | Deadline |
|---|---|
| 07/01/17 | Joinder of Additional Parties and motions for class certification. |
| 09/19/17 | Plaintiff shall serve any expert witness summaries and reports. |
| 10/19/17 | Defendant shall serve any expert witness summaries and reports. |
| 10/27/17 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 11/17/17 | Parties exchange rebuttal expert witness summaries and reports. Note: These provisions pertaining to expert witnesses do not apply to treating physicians, psychologists or other health providers (if a *Daubert* or *Markman* hearing may be necessary, the parties are to add that as an additional deadline at the bottom of Attachment A). |
| 12/01/17 | All fact discovery shall be completed. |
| 01/08/18 | All expert discovery shall be completed. |
| 01/17/18 | A mediator must be selected. |
| 02/16/18 | All summary judgment, *Daubert*, and other dispositive motions must be filed. A **minimum of eight (8) weeks** is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation. **If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report.** |
| 03/16/18 | Mediation shall be completed. |
| 04/02/18 | All Pretrial Motions and Memoranda of Law must be filed. |
| 04/17/18 | Joint Pretrial Stipulation must be filed. |
| 05/14/18 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| 05/16/18 | Deposition designations must be filed. |
| 05/21/18 | Beginning of Trial Period. |
| _____ | Additional deadlines (please specify). |

[ATTACHMENT A]

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case Number:  17-60533-CIV-MARTINEZ-GOODMAN

RODNEY SCOTT PATTERSON,

    Plaintiff,

vs.

AMERICAN AIRLINES, a Delaware corporation,

    Defendant.

_____/

**ELECTION TO JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS**

In accordance with the provisions of 28 U.S.C. §636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

| | | | |
|---|---|---|---|
| 1. | Motions for Costs | Yes _____ | No __x__ |
| 2. | Motions for Attorney's Fees | Yes _____ | No __x__ |
| 3. | Motions for Sanctions | Yes _____ | No __x__ |
| 4. | Motions to Dismiss | Yes _____ | No __x__ |
| 5. | Motions for Summary Judgment | Yes _____ | No __x__ |
| 6. | Discovery | Yes _____ | No __x__ |
| 7. | Other (specify) _____ | | |

  __04/27/17__             __/s/ Isha Kochhar_____
(Date)                    (Signature--Plaintiff's Counsel)

_____             _____
(Date)                    (Signature--Plaintiff's Counsel)

  __04/27/17__             __/s/ Michael A. Holt_____
(Date)                    (Signature--Defendant's Counsel)

_____             _____
(Date)                    (Signature--Defendant's Counsel)

[Attachment D]