**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  1:17-cv-60533-JEM**

RODNEY SCOTT PATTERSON,

       Plaintiff,

vs.

AMERICAN AIRLINES, INC.,
a Delaware corporation,

       Defendants.

_____/

## MOTION TO QUASH SUBPOENA AND/OR MOTION FOR PROTECTIVE ORDER

    Nonparty, GLENN WHITEHOUSE, by and through undersigned counsel, hereby files this Motion to Quash Subpoena and/or Motion for Protective Order and alleges:

### INTRODUCTION AND PROCEDURAL HISTORY

1. The undersigned represents nonparty, Captain Glenn Whitehouse as it relates to his subpoenaed attendance at this deposition.

2. On February 16, 2018, Glenn Whitehouse was initially served in a secure area at Miami International Airport while he was working with a subpoena for a deposition on March 7, 2018, at 10:00 AM at Volusia Court Reporting, 432, South Beach Street, Daytona Beach, Florida 32114. (See Attached subpoena, Exhibit A). On February 22, 2018, Captain Whitehouse learned he had been re-served with a subsequent subpoena with the same details. (See Attached, Exhibit B).

3. More specifically, and by way of background, Captain Whitehouse is an Airplane Pilot employed with American Airlines, and assigned for scheduled international flight operations out of the Miami International Airport.

4. On the 13th of every month, pilot scheduling preferences for the following month are closed and changes are locked out. Therefore, as of February 16 and 22, 2018, Captain Whitehouse's ability to bid schedules for March 2018 had already been closed and locked out.

5. At the time of the currently-scheduled deposition, Captain Whitehouse is assigned by American Airlines to flights operating to South America.

6. This flight assignment was already established on Captain Whitehouse's March schedule when he received the first subpoena.

7. Captain Whitehouse's relevant flight assignment is to be pilot in command (Captain) of an American Airlines flight originating at Miami on March 5, 2018, flying to South America, and returning to Miami on March 7, 2018 at 4:30 p.m.

8. Prior to setting the deposition, Plaintiff's counsel made no effort to contact Captain Whitehouse to coordinate a convenient date and time for his deposition. In fact, the deposition was not set until after his work schedule had already been set and therefore, had counsel reached out, Captain Whitehouse would have been able to provide dates that he was available, which include many dates in March and in April.

9. The deposition as currently set imposes an undue burden on Captain Whitehouse. Captain Whitehouse is paid by the hour per each flight he performs ($300 per hour), and thus, missing at least two days of pre-scheduled, multi-hour,

international flight will cause him significant financial loss of pay – thousands of dollars. He will also lose the 15% match he receives for his 401k for this flight time.

10. As such, and subsequent to receiving the subpoena, the undersigned informed Plaintiff's counsel of the undue burden the currently scheduled deposition would pose on Captain Whitehouse, as he will be out of the country for work on the date, and attendance would require him to miss multiple days of work. Captain Whitehouse does not have the authority to not show up for his assigned flight, and even if he could get his schedule changed, it would result in the disruption of the rest of his schedule for the entire month, reducing rest between flight operations, or would require him to miss work without pay.

11. Captain Whitehouse is paid by flight hours worked as grouped into scheduled flight operations called "pairings." In order to appear in Daytona for the deposition as scheduled, Captain Whitehouse would have to be removed from his entire pairing, causing him significant financial loss.

12. The pairing in question is worth 15 hours and eight (8) minutes which, in financial terms accounting the provisions of the collective bargaining agreement reflecting Captain Whitehouse's seniority and experience, amounts to $4,400.76.

13. The undersigned proposed alternative dates that Captain Whitehouse would be available to conduct his deposition (and not working), including alternative dates in March.

14. Despite reaching out to counsel for Plaintiff who issued the subpoena, to discuss the fact that attendance is logistically impossible, Plaintiff's counsel has refused to consider rescheduling the deposition nor has the subpoena been withdrawn.

15. For further convenience to reschedule the deposition, undersigned also proposed that the location of the deposition be moved to Palm Beach County – the same location of the undersigned's office as well as the offices of Plaintiff's counsel, which the undersigned believes would be more convenient for all parties involved. It is also a location within this Court's jurisdiction. Plaintiff's counsel still refused.

16. While Defendant's counsel has previously advised no objection to reschedule and relocate the deposition, Plaintiff's counsel refused to relocate or reschedule the deposition or otherwise withdraw the subpoena.

## <u>MEMORANDUM OF LAW</u>

### I. THE CURRENTLY SCHEDULED DEPOSITION WILL CAUSE NON-PARTY UNDUE BURDEN AS PROHIBITED BY FEDERAL RULE OF CIVIL PROCEDURE 45

Fed. R. Civ. P. 45(1) provides, in pertinent part, that:

"A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(ii) is commanded to attend a trial and would not incur substantial expense.

The currently scheduled location and date of the deposition will cause Captain Whitehouse, a non-party in this matter, significant expense and undue burden as follows:

First, Captain Whitehouse is employed full time as an international pilot. Captain Whitehouse's pay is by the hour and by the flight. His pay is based on his Collective Bargaining Agreement between American Airlines and the Allied Pilots Association. Captain Whitehouse is and has been scheduled and is under contract to fly to Bolivia in South America on March 5, 2018. His work schedule provides that he stays in Bolivia on March 6, 2018, to return to the United States by flying a pre-scheduled flight from Bolivia at local time 10:30 a.m. and returning to Miami International Airport around 4:30 p.m. on March 7, 2018. However, even if this flight does not return him to the location of the deposition in Daytona Beach for the scheduled deposition. As such, requiring Captain Whitehouse to return to Daytona Beach for the currently scheduled date of the deposition will cause him to miss multiple days of work, thousands of hours of lost wages, to disrupt his entire pre-scheduled month of flying, reduce his rest time between flights and require him to pay for his own travel and expense from Bolivia to Daytona Beach, Florida, USA, in order to return specifically for the deposition. Moreover, Captain Whitehouse is typically only scheduled to fly 5-6 of these flights per month, so having to miss even one of the trips accounts for a large percentage of his total monthly income – and the deposition now would require him to miss two – nearly 20% of his monthly income. In short, the total expense to Captain Whitehouse to appear at this single deposition and as a non-party is staggering.

Secondly, Captain Whitehouse's work schedule at this juncture is difficult, if not rigid to change. The schedule is set based on a bidding procedure, which results in the flight schedules for pilots being finalized for the following month on the 13th of the proceeding month. Thus, Captain Whitehouse's March bids and work schedule was closed at the time of his first subpoena.

There is a simple solution: Plaintiff could coordinate the deposition to be conducted at a date Captain Whitehouse is not working, of which there are plenty dates in March. These dates have been provided and proposed to Plaintiff's counsel to no avail. These alternative dates for the deposition would undoubtedly provide as a less burdensome means for conducting Captain Whitehouse's deposition. Thus, by refusing to consider the alternative dates, and not even attempting to coordinate a date convenient for Captain Whitehouse prior to setting the deposition, Plaintiff has failed to meet the requirements of Fed. R. Civ. P. 45(d). More specifically, the Federal Rules require that "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."

Plaintiff has failed to meet this requirement.

Finally, and regarding the location of the deposition, permitting Captain Whitehouse to change the location to a jurisdiction within this Court (Palm Beach County) and based on Captain Whitehouse's preference, should be permitted. Captain Whitehouse's place of employment and location where he regularly transacts business

(and derives income) is Miami International Airport – within South Florida. At this time, Captain Whitehouse is not commanded to trial, but rather for a deposition. Thus, for economies of Mr. Whitehouse, and as well as upon reasonable belief, to the benefit of the parties involved (which Plaintiff's counsel is also in South Florida), changing the deposition location to Palm Beach County per Mr. Whitehouse's preference should be permitted.

## CONCLUSION

The undersigned should not be forced to take off multiple days of work and/or arrange for an international flight back to Daytona to appear for a single deposition for a matter in which he is a non-party and cause him significant financial loss in pay for interruption to his pre-scheduled international flight schedule for work. This will also cause him to breach his obligations of his Collective Bargaining Agreement as he is pre-assigned this schedule. Such actions pose an undue burden on Captain Whitehouse. The subpoena should be quashed and/or a protective order is appropriate. Captain Whitehouse hereby requests this relief as well as all other relief deemed reasonable by this Honorable Court, including reasonable attorney's fees incurred in preparation of this Motion.

Alternatively, if the Court does not quash or modify the subpoena, the Court should issue an order requiring the Plaintiff to reimburse Captain Whitehouse for any lost income for any and all work missed as needed to appear on March 7, 2018, attorney's fees involved with this Motion, as well as indemnify him for any consequences of his failure to report to work as ordered by his employer, American Airlines.

## Local Rule 7.1(a)(3) Certification

The undersigned attempted to resolve the issues raised in this motion prior to

filing. Counsel for Plaintiff has not withdrawn the subpoena.

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2018, I electronically filed the foregoing document with the clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Lindsey Wagner
Lindsey Wagner, Esq.
Florida Bar No. 86831
Primary e-mail: LWagner@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone:   (561) 653-0008
Facsimile:    (561) 653-0020
Secondary Address:  101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com

## SERVICE LIST
## CASE NO: 1:17-cv-60533-JEM

Karen Coolman Amlong, Esq.
Amlong & Amlong, PA
500 NE 4th Street
2nd Floor
Fort Lauderdale, FL 33301-1154
Attorneys for Rodney Scott Patterson
 [Via Electronic Filing generated by CM/ECF]

William Robert Amlong, Esq.
Amlong & Amlong

500 NE 4th Street
2nd Floor
Fort Lauderdale, FL 33301-1154
Attorneys for Rodney Scott Patterson
[Via Electronic Filing generated by CM/ECF]

Isha Kochhar, Esq.
151 SW 91st Avenue #305
Plantation, FL 33324
Attorneys for Rodney Scott Patterson
[Via Electronic Filing generated by CM/ECF]

Mark W. Robertson, Esq.
O'Melveny & Myers, L LP
Times Square Tower
7 Times Square
New York, NY 10036
Attorneys for American Airlines
[Via Electronic Filing generated by CM/ECF]

Tristan Morales, Esq.
O'Melveny & Myers, LLP
1625 Eye Street Northwest
Washington, DC 20006
Attorneys for American Airlines
[Via Electronic Filing generated by CM/ECF]

Michael Aaron Holt, Esq.
Shook, Hardy & Bacon, LLP
201 South Biscayne Boulevard
Suite 3200
Miami, FL 3 3131
Attorneys for American Airlines
[Via Electronic Filing generated by CM/ECF]