UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

   Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

   Defendant.
_____/

**<u>Plaintiff's Motion to Further Enlarge Time to Complete Depositions of Witnesses Who Have Not Been Available Before the Cutoff</u>**

**Introduction and Summary**

    This is an action arising under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).  The plaintiff, at the time a lieutenant colonel in the U.S. Army Reserves, alleges that superiors angry at him for going on duty when they wanted him to fly to Bolivia used unprovable (and bogus) allegations by an airline captain to ground him and refer him to a psychologist for a highly irregulat fitness-for-duty examination, the inconclusive results of which they then used to keep him grounded for the past two-plus years.  This motion seeks to permit him to

complete crucial discovery that, notwithstanding his diligence, he has been unable finish.

Plaintiff, Rodney Scott Patterson, pursuant to Federal Rules of Civil Procedure 6(b)(1)(a) and 16(b)(4), and Local Rules 7.1 and 7.6, to enlarge by 30 days the time within which to complete the depositions of:

- American Airlines's Rule 30(b)(6) designee(s), whom it has refused to identify or produce, and a senior flight executive whom simply has not produced;

- An airline captain who falsely accused the plaintiff of misbehavior and the California neuropsychologist who, based on little more than those accusations, determined that the plaintiff was "NOT FIT FOR DUTY," each of whose depositions plaintiff has been unable to secure, but which are now tentatively set for May 4 and 14, and

- a labor relations manager whom American Airlines identified for the first time Friday, April 20, as someone with "personal knowledge" of the case.

If American Airlines would produce the senior executive, Mark Cronin, and the labor relations manager, Michelle Montgromery, plaintiff's counsel could depose both of them, i.e., one on Tuesday and the other on Wednesday, i.e., within the current deadline.

Dr. John Knippa and Glenn Whitehouse, the captain, have stated that they cannot be available prior to May 4 and 14, respectively.

Because American Airlines only announced Friday that it was absolutely refusing to produce any Rule 30(b)(6) designee, even though plaintiff noticed the deposition March 16, plaintiff requires the Court, or at least the magistrate judge, to intervene, so that time schedule is less certain.

## The applicable standards

Federal Rule of Civil Procedure 6(b)(1) states in pertinent part:

**In General.** When an act may or must be done within a specified time, the court may, for good cause shown, extend time:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires…

In regard to an enlargement of time that affects a pretrial scheduling order, which order "controls the course of the action unless the court modifies it," Fed. R. Civ. P. 16(d), "good cause" is required. Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." <u>Sosa v. Airprint Sys., Inc.</u>, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted).

### **The facts establishing 'good cause' to grant this motion**

Plaintiff, despite the diligence of its counsel, plaintiff could not meet the current deadline to complete discovery of a convergence of the following:

***One***, defendant's insistence that it simply would not produce a Rule 30(b)(6) designee, which outright refusal was first communicated to plaintiff six days prior to the end of discovery, rather than having been raised through a request for a protective order;

***Two***, an airline captain's refusal — after being unavailable for personal service at his residence, but being served at the airport when he was about to depart on a scheduled flight — to attend earlier scheduled depositions for a variety of excuses;

***Three***, refusal by a psychologist, on whose "NOT FIT FOR DUTY" report American Airlines based its grounding of plaintiff and whom defense counsel said in March would be available prior to the end of the discovery period, to appear for a deposition before May;

***Four***, American Airlines's failure to produce its managing director of flight for deposition within the deadline, notwithstanding that it knew plaintiff wished to depose him, although that may still be doable before the April 25 deadline, and

***Five***, American Airlines failure to disclose until Friday, April 20, with a Wednesday, April 25 discovery deadline looming, that its labor relations director had "personal knowledge" of the case, although plaintiff could still take that deposition within the deadline if defendant would produce her, which it has stated that it could.

The persons circumstances attending each of the persons identified above and his or her not having been deposed earlier are:

1. Defendant American Airlines, Inc.'s Rule 30(b)(6) designee, whom plaintiff on March 16, 2018 noticed for deposition April 16,[1] but whom defendant has declined to identify, to produce or to propose any other date within the current discovery deadline of April 25;[2]

2. Glenn Whitehouse:

    a. whom defendant identified in its initial Rule 26 disclosures as "a Captain for American based in Miami and may have information

---

[1] See Plaintiff's Notice of Taking Deposition of Defendant's Corporate Representative(s) and Document Request, which is appended as Attachment 1.

[2] See April 20, 2018 letter from Tristan Morales to William Amlong, which is appended as Attachment 2.

regarding Plaintiff's employment at American, the claims in Plaintiff's Complaint, and American's defenses";[3]

      b.    on whose allegations against Patterson American Airlines had relied in September 2015 to place Patterson on non-flying status while Patterson was away on military duty;[4]

      c.    whom American Airlines has declined to produce for deposition, even though he is its employee;

      d.    whom plaintiff's process server was finally able to serve in an airport concourse restaurant at 9 p.m. February 16[5] after unsuccessful attempts to do so at his residence;[6]

---

[3] See Initial Disclosures of Defendant American Airlines, Inc. ("Rule 26 Disclosures"), Appended as Attachment 3, at 2, ¶ A(6).

[4] See Plainitff's Exhibit 14 to Deposition of James Bonds (September 24, 2015 e-mail from Glenn Whitehouse to Captain James Beach, enclosing "letter for you to turn over to the AA human resources for the work related harassment from [First Officer] Patterson," which is appended as Attachment 4; Plaintiff's Exhibit 15 (the letter), Attachment 5; Plaintiff's Exhibit 16 (e-mail from Bonds, "Subject: Patterson is now on PW," which refers to a non-flying Paid/Withheld status), Attachment 6; Plaintiff's Exhibit 17 (Letter from Bonds to Patterson "Re: Withhold from Service:), Attachment 7, and Plaintiff's Exhibit 1 to the Deposition of Jeral Ahtune, which is appended Attachment 8.

[5] See February 28 e-mail from All Broward Process Corp. to YPHarris@TheAmlongFirm.com, which is appended as Attachment 9.

[6] See "No Service" affidavit dated February 21, which is appeneded as
                                                                                (continued...)

    e.  who moved to continue his originally set (March 7) deposition, see Motion to Quash Subpoena and/or Motion for Protective Order (DE 34);

    f.  whose counsel originally provided March 16 and 19 as alternative dates, but then withdrew whichever one of those dates on which plaintiff's counsel was available because Whitehouse had decided to use that day for a wedding-anniversary trip;

    g.  whose counsel then agreed to produce Whitehouse at her office March 29, but then on March 22 wrote to report that Whitehouse was "currently hospitalized and recovering from surgery, which was performed yesterday" and that "[h]is doctor has advised that his recovery time is six weeks,"[7] and

    h.  whose counsel furnished a letter from Anthony Grasso, M.D., of Marietta, GA, stating that Whitehouse had undergone surgery March

---

[6](…continued)
Attachment 10.

[7]See March 22 letter from Lindsey Wagner to William R. Amlong, which is appended as Attachment 11.

21 at the Wellstar Kennestone Hospital, and would be "unable to attend any depositions that he may have until he is cleared after his surgery,"[8] but

    i.    who was well enough to have gotten from Marietta to Franklin, N.C., some 80 miles of Marietta north where he signed an affidavit in connection with a union arbitration he is pursuing against Patterson, which affidavit was notarized March 28 by Michele J. Norton, who works at the Nanthala Bank & Trust there; who forwarded a redacted page from her notary log showing that she had notarized Whitehouse's signature March 28; who recalled Friday in a conversation with Gregory Alcaro, Esq., an Amlong Firm associate, that Whitehouse had said that he had just had surgery and whose county and state was redacted on the copy of the declaration that he furnished to Patterson in connection with the arbitration;[9]

    j.    whose counsel most recently told plaintiff's counsel that Whitehouse would see his physician April 25 for clearance and that she expected he would be available after May 10;[10] and

---

[8] See Grasso letter, which is appended as Attachment 12.

[9] A copy of the Declaration is appended as Attachment 13.

[10] See April 12 e-mail chain between Yasmin P. Harris, The Amlong Firm's office manager, and Tristan Morales, which is appended as Attachment 14.

   k. whose deposition had been tentatively reset amongst counsel for May 14 before American Airlines informed plaintiff's counsel Friday that it would only refrain from opposing plaintiff's motion to enlarge time only if certain conditions were met, among them an abandonment of any Rule 30(b)(6) deposition.  (Although defendant's counsel had expressed resistance to a 30(b)(6) deposition previously, which plaintiff's counsel had sought to deal with through an April 6 response,[11] American Airline's outright refusal to provide any Rule 30(b)(6) designee is going to require the intervention of the magistrate judge, which would  cause additional delay, unless the Court wishes to deal with it as part of the enlargement-of-time issue.)

  3. John Knippa, Ph.D., the Long Beach, CA, neuropsychologist:[12]

   a. on whose March 2015 "NOT FIT FOR DUTY" assessment of plaintiff defendant has relied to prevent plaintiff from flying for it ever since;[13]

---

[11]See March 20 letter from Tristan Morales to Karen and William Amlong, which is appended as Attachment 15 and William R. Amlong's April 6 response to it, which is appended as Attachment 16.

[12]Rule 26 Disclosures, Attachment 3, at 2, ¶ A(4).

[13]See Plaintiff's Exhibit No. 2 to the Deposition of Jeral Ahthune, M.D.
(continued...)

  b. whom one of defendant's counsel, Tristan Morales, quoted in a March 21 e-mail as saying that he would not be available for deposition April 12, but as suggesting that he would be available April 23 or 24,[14] but

  c. whose office telephoned The Amlong Firm April 12 to say that he would be out of town April 24 and 25, but would be available in May, and

  d. whose deposition had been tentatively reset amongst counsel for May 4.[15]

4. Mark Cronin, whom defendant described in its initial Rule 26 disclosures as "American's Managing Director Line Operations and may have information regarding Plaintiff's employment at American, the claims in Plaintiff's Complaint, and American's defenses,"[16] and who has been identified in discovery as being part of the decision-making group that

---

[13](...continued) (Dr. Knippa's cover letter to Dr. Ahtune), which is appended as Attachment 17; Plaintiff's Exhibit 3 (Dr. Knippa's summary report), Attachment 18, and Plaintiff's Exhibit No. 5 (Letter drafted for Dr. Ahtune by Labor Relations – Flight grounding Patterson as being not fit for duty), Attachment 19.

[14]See March 13-March 21 e-mail string appended as Attachment 20 .

[15]See April 18 e-mail chain between Tristan Morales and Yasmin P. Harris, which is appended as Attachment 21.

[16]Rule 26 Disclosures, Attachment 3, at 2, ¶ A(3).

grounded plaintiff following his taking time off to go on military duty, but whom defendant has not made available for deposition.

5.  Michelle Montgomery, a labor relations manager whom Americans Airlines did not identify in its Rule 26 disclosures, on it Defendant American Airlines, Inc.'s Preliminary Witness List or in its Defendant American Airlines, Inc.'s Response to Plaintiff's First Set of Interrogatories served December 22, 2017, but stated in its most recent response to plaintiff's Rule 30(b)(6) notice on Friday, April 20, that Ms. Montgomery has "personal knowledge" of this case.  See Attachment 2.

## Conclusion

Based on the authorities cited, the facts reported and the arguments presented, plaintiff, Rodney Scott Patteson, respectfully requests this Court to:

***First***, extend by 30 days the deadline for completion of discovery, including the depositions of American Airlines's Rule 30(b)(6) designee, Glenn Whitehouse and John Knippa, Ph.D., and, if American Airlines does not produce Mark Cronin and Michelle Montgomery Tuesday and Wednesday, April 24 and 25, them as well;

***Second***, either order American Airlines to identify, prepare and produce a Rule 30(b)(6) designee, or refer that issue to the magistrate judge;

***Third***, adjust the other pretrial deadlines as necessary;

***Fourth***, deal with this motion on an expedited basis, and

***Fifth***, grant such other and further relief as is just.

## Local Rule 7.1(a)(3) Certification

I HEREBY CERTIFY that the parties were conferring, and that an agreement appeared imminent, until defendant announced Friday that it would only agree to not oppose (contrary to, as earlier supposed, join in) the motion to enlarge time if it were conditioned on plaintiff's abandoning his request for a Rule 30(b)(6) deposition, as well as upon the Court's continuing the trial and extending all deadlines for at least 30 days, as well as the Court's ruling on the motion prior to the current deadline for summary-judgment or <u>Daubert</u> motions, to neither of the latter two conditions could plaintiff agree to bind the Court.

                                                Respectfully Submitted,

                                                */s/ William R. Amlong*
                                                WILLIAM R. AMLONG
                                                Florida Bar No.: 470228
                                                WRAmlong@TheAmlongFirm.com
                                                KAREN COOLMAN AMLONG

       Florida Bar No.: 275565
       KAmlong@TheAmlongFirm.com

       AMLONG & AMLONG, P.A.
       500 Northeast Fourth Street
       Second Floor
       Fort Lauderdale, Florida 33301
       Telephone: (954) 462-1983
       Facsimile: (954) 463-5008

       NOEL C. PACE
       noel.c.pace.esq@gmail.com
       *Admitted Pro Hac Vice*
       206 NW 91st Street
       El Portal, FL
       (305) 710-3713

       ***Attorneys for Plaintiff,***
        ***Rodney Scott Patterson***

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using the Southern District of Florida's ECF system and thereby delivered this  22nd  day of  April , 2018 to all counsel or parties of record .

       */s/ William R. Amlong*
       WILLIAM R. AMLONG

C:\Users\wramlong\Documents\My Files\Patterson\180422 Motion to Enlarge Time.wpd