**O'Melveny**

O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4061

T: +1 202 383 5300
F: +1 202 383 5414
omm.com

File Number:
0882604-00249

March 20, 2018

Tristan Morales
D: +1 202 383 5112
tmorales@omm.com

<u>VIA E-MAIL</u>

Karen and William Amlong
Amlong & Amlong, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301

Re:     <u>*Patterson v. American Airlines, Inc.*, 17-cv-60533 (S.D. Fla.)</u>

Dear Karen and Bill:

We write to meet and confer regarding Plaintiff's Rule 30(b)(6) Notice of Taking Deposition of Defendant's Corporate Representative(s) and Document Request (the "Notice"), which was unilaterally noticed on March 16, 2018 for an April 16, 2018 deposition.

The Notice is unduly burdensome and disproportionate to the needs of this case. As you know, the parties have already completed a significant amount of discovery in this case, including multiple depositions and multiple document productions. The deposition topics and document requests are both duplicative of discovery that has already occurred, or that will be covered in depositions scheduled to occur soon.

As to the specific topics addressed in the Notice, American responds as follows:

### I.   Schedule of Documents

The documents requested in the Notice's "Schedule of Documents" are improper because they duplicate, in whole or in large part, earlier document requests in this case, which we responded to in full following a reasonable and diligent search.

As you are aware, we provided our written responses to your Requests for Production and Interrogatories on December 22, 2017, and then provided a First Set of Documents on January 8, 2018 and a Second Set of Documents on January 16, 2018. As you also no doubt recall, you sent us a draft motion to compel on January 11, 2018 identifying your potential objections to our written responses and document productions. After we met and conferred on January 11 and January 12, 2018, I sent a letter to you on January 16, 2018, and you thereafter narrowed your discovery objections to a single objection concerning documents related to Dr. Knippa—which Magistrate Judge Otazo-Reyes resolved during the February 21, 2018 hearing.

Items 1-4 in the Schedule of Documents, and the accompanying sub-parts, duplicate Plaintiff Requests for Production that include, but are not limited to:

- Item 1: RFPs 2, 3, 5, 6, 11, 14, and 18.
- Item 2: RFPs 3, 5, 6, 8, 11, 13, 14, 18, and 22.

Attachment 15

- Item 3: RFPs 2, 3, 6, 8, 11, 12, 13, and 16.
- Item 4: RFP 2.

Thus, American has already produced its responsive, non-privileged documents and there is no reason to request the same materials again. Further, American is not obligated to bring documents it already produced with it to a deposition (if any deposition were to take place). American will not be producing additional documents in response to these improper requests.

## II. Deposition of American's Corporate Representative(s)

Topics 1-7 are improper because they seek discovery on discovery with no basis. Discovery on discovery is not generally permitted because it is irrelevant. In other words, it does not have any tendency to make a fact more or less probable than it would be without the evidence, and it is not of consequence in determining the action. *See* F.R.E. 401, Fed. R. Civ. P. 26(b)(1). Indeed, if courts permitted discovery on discovery in the regular course, the cost of every action would grow exponentially as parties expend unnecessary time and money pursuing irrelevant materials for no good reason. As American has confirmed and now confirms again here: it conducted a reasonable and diligent search for documents responsive to Plaintiffs' requests for production, and is not withholding any responsive, non-privileged documents.

The remainder of the proposed deposition topics set forth in the Notice duplicate, in whole or in large part, discovery that has already taken place or that the parties have scheduled to take place in the near term. As of March 21, 2018, Plaintiff will have completed the depositions of Jim Bonds, Brian Beach, and Jeral Ahtone—all current or former American officers. Well in advance of these depositions, Plaintiff has had the full written discovery responses and document productions from American. As such, Plaintiff has had or will have the opportunity to address each of the topics set forth in the Notice with these witnesses, with the full set of related discovery materials from American. An additional deposition would serve no purpose and would be cumulative and wasteful.

If there are specific documents on these topics that you are aware of that you believe American should have produced, we are willing to investigate further to confirm whether American has any such document in its possession, custody or control. Beyond this, however, it would be improper to burden American with a Rule 30(b)(6) deposition on a topic that is not relevant to any pending dispute.

While we do not believe any Rule 30(b)(6) deposition is appropriate, we further note that a deposition of American Airlines would need to be taken in Dallas, where American is located—not at your offices in Fort Lauderdale.

We are available to discuss at your convenience, and would very much like to avoid burdening the Court with another discovery dispute.

Sincerely,

*/s/ Tristan Morales*

Tristan Morales
for O'MELVENY & MYERS LLP

cc:   Noel C. Pace, Mark W. Robertson, Michael A. Holt