**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
FORT LAUDERDALE DIVISION

CASE NO.: 1:17-cv-60533-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,

      Plaintiffs,

vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation,

      Defendant.

_____/

**DEFENDANT AMERICAN AIRLINES, INC.'S OPPOSITION TO PLAINTIFF RODNEY**
**SCOTT PATTERSON'S MOTION FOR EXTENSION OF TIME OF DISCOVERY**
**CUTOFF DEADLINE APRIL 25**

      Three days prior to the April 25 close of discovery (which this Court has already

extended) and eight days prior to the April 30 deadline for summary judgment and *Daubert*

motions (which this Court has also already extended), Plaintiff filed a "Motion to Further

Enlarge Time to Complete Depositions of Witnesses." (ECF No. 46.)  While styled as a motion

to enlarge time, the dispute presented is whether Plaintiff is entitled to take a Rule 30(b)(6)

deposition (focused primarily on irrelevant discovery-on-discovery), and whether Plaintiff is

entitled to depose two American employees—who despite his claims to the contrary, he has

known about since the day he filed his complaint or shortly thereafter.  Plaintiff cannot show

good cause for his position.

      In filing his Motion, Plaintiff omits the material factual background entirely.  On two

occasions (including January 10, 2018), Plaintiff cancelled his own deposition.  Plaintiff's

January 10 cancellation forced the parties to file a request on January 12, 2018 seeking to have

this Court extend scheduling deadlines. (ECF No. 23.) Prior to submitting this request, the parties agreed on a precise deposition schedule of a specific list of individuals to be completed before the close of discovery—which formed the basis for American agreeing to join that request. Never once during those detailed discussions, however, did Plaintiff's counsel so much as mention a 30(b)(6) deposition. The agreed-upon deposition schedule similarly did not include the two American employees he now claims he must depose—Captain Mark Cronin and Michelle Montgomery. Plaintiff, therefore, effectively waived any entitlement to conduct these depositions, and cannot demonstrate good cause to have this Court now again extend discovery in response to his belated filing. Good cause for granting Plaintiff's last-minute request is particularly lacking here because American is currently required to file its motion for summary judgment by April 30, 2018.

American does not object as a substantive matter to Plaintiff's separate request to depose two other individuals identified in his motion—Captain Glenn Whitehouse and Dr. John Knippa (neither of whom is represented by counsel for American)—so long as all other pretrial dates, and specifically the April 30 deadline for summary judgment motions, are extended. Otherwise, Plaintiff will be conducting depositions with American's summary judgment arguments in hand—in effect rewarding Plaintiff for his lack of diligence. By waiting until the last minute to file this discovery motion in disguise, with the deadline for dispositive motions approaching, Plaintiff has effectively put American (and the Court) in an untenable position where the Court must act immediately on this Motion or American will suffer further prejudice while Plaintiff is rewarded for gamesmanship.[1]

---

[1] Pursuant to this Court's January 16, 2018 Scheduling Order, this Court scheduled the trial in this matter to begin on July 9, 2018. (ECF No. 25.) Although Plaintiff's Motion purports to seek an adjustment to "pretrial deadlines" only, the relief sought, which includes an extension of discovery until May 25, 2018, would not be workable unless this Court also moves the trial date.

I.  **PLAINTIFF'S MOTION TO HAVE THIS COURT COMPEL ADDITIONAL DEPOSITIONS OF AMERICAN EMPLOYEES, INCLUDING A RULE 30(B)(6) DEPOSITION, SHOULD BE DENIED.**

Plaintiff first stated his intention to conduct a 30(b)(6) deposition on March 16, 2018, nearly three months after the originally-scheduled close of discovery in this case and only one month prior to the currently-scheduled close of discovery.  (Ex. 1 to Pl.'s Mot.)  Four days later, American promptly detailed to Plaintiff in a March 20 letter the reasons that the proposed 30(b)(6) deposition is not warranted.  (Ex. 15 to Pl.'s Mot. at 2.)  American did not receive any written response from Plaintiff until April 6.  (Ex. 16 to Pl.'s Mot.)  This April 6 letter, however, did not provide any substantive justification for the 30(b)(6) deposition, nor additional depositions of Company employees.  As American reiterated to Plaintiff on April 20, the proposed 30(b)(6) deposition is not proportional to the needs of this case given the discovery that has already been completed.  (Ex. 2 to Pl.'s Mot.)

i.  <u>Plaintiff's Sudden, Late Request for a Rule 30(b)(6) Deposition is Contrary to the Deposition Schedule Agreed On by the Parties</u>

Plaintiff filed his complaint in March 2017.  (ECF No. 1.)  On May 9, 2017, this Court ordered the parties to complete discovery in this single-plaintiff, two-count complaint by December 21, 2017.  (ECF No. 19.)  On December 4, 2017, Plaintiff filed an Unopposed Motion to Extend Pre-Trial Deadlines requesting that this Court extend the discovery close date from December 21, 2017 to January 22, 2018, to permit the parties to "finalize discovery responses and secure deposition testimony."  (ECF No. 21 at 2.)  Prior to filing the December 4 Extension Motion, Plaintiff and American met and conferred to discuss each deposition that the parties, respectively, needed to take, and to set dates for those depositions prior to the discovery deadline.  At no point during these discussions did Plaintiff raise the subject of a 30(b)(6)

deposition nor a deposition of Michelle Montgomery.  Based on those meet and confer

discussions, American agreed not to oppose the December 4 Extension Motion.[2]

        In agreement with Plaintiff's counsel, American scheduled Plaintiff's deposition for

January 10, 2018.  At 11:00 PM on January 9, 2018, however, Plaintiff's counsel notified

American's counsel, who had already arrived in Miami for the deposition, that Plaintiff would

not be attending his deposition as scheduled, due to an alleged sudden "shingles-like" or "hives-

like condition."  Following Plaintiff's cancellation of his January 9, 2018 deposition, the parties

again conferred to set a new calendar of deposition dates.  As part of these discussions, the

parties again discussed dates for each deposition they planned to take, but, again, at no point

during these discussions did Plaintiff state any intention to take a 30(b)(6) deposition or

deposition of Michelle Montgomery—and Plaintiff also dropped Mark Cronin from the schedule

of deponents.  Based on Plaintiff's cancellation, the parties agreed that they could not complete

the depositions by January 22, 2018.  Thus, American agreed to a Joint Motion for Extension of

Time for Pretrial Deadlines.  (ECF No. 23.)  In that Joint Motion, the parties proposed that the

Court extend the discovery close date from January 22, 2018 to February 16, 2018.  (ECF No.

23.)  On January 16, 2018, this Court issued an Order Revising Scheduling Order, which set

April 25, 2018 as the discovery close date and April 30, 2018 as the deadline to file motions for

summary judgment, *Daubert* motions, and all other dispositive motions.  (ECF No. 25.)

        Plaintiff, however, then cancelled his deposition for a second time.  On January 30, 2018,

---

[2] On December 14, 2017, Yasmin Harris of the Amlong Firm sent an email confirming each of the individuals that Plaintiff might depose, including the time that Plaintiff planned to allot for their deposition:  Captain Jim Bonds (full day); Captain Glenn Whitehouse (full day); Brian Beach (full day); Captain Mark Cronin (half day); Dr. John Knippa (half day); and Dr. Jeral Ahtone (half day).  (Exhibit 1, Dec. 14, 2017 Email from Yasmin Harris, a copy of which is attached.)  The parties have now completed all of these depositions except the depositions of Whitehouse and Cronin.

Yasmin Harris, office manager at the Amlong Firm, informed American that Plaintiff would likely not be attending his rescheduled February 1 deposition—claiming that he was stuck in Venezuela with a broken aircraft for another airline carrier for whom he currently flies.  Given this second cancellation, American notified Plaintiff that American would seek to have the Court issue an order confirming Plaintiff's deposition.  Plaintiff agreed to confirm a date that Plaintiff would be available for the third attempt to complete his deposition and to propose dates again to reset the full deposition schedule.  On February 6 to 8, 2018, the parties exchanged several emails confirming the deponents and deposition schedules.  (Exhibit 2, Feb. 2018 Email Exchange, a copy of which is attached.)  No mention of a 30(b)(6) deposition was made in these emails because Plaintiff had never raised the subject of a 30(b)(6).  Captain Mark Cronin was also not mentioned in these scheduling emails because Plaintiff had dropped his name from the deposition scheduling requests once Plaintiff had cancelled his first and then second deposition.  Counsel for Plaintiff similarly did not mention Ms. Montgomery.[3]

On February 21, Magistrate Judge Otazo-Reyes issued an Order stating: "As to Plaintiff's deposition, the parties shall submit an Agreed Order setting the date of the deposition after Plaintiff's counsel learn the status of their upcoming trial in another matter."  (ECF No. 32.)  On March 1, 2018, Magistrate Judge Otazo-Reyes signed an Order setting Plaintiff's deposition for March 6, 2018.  (ECF No. 38.)  American finally deposed Plaintiff on March 6, 2018.

---

[3]  Specifically, on February 6, 2018, Yasmin Harris emailed American's counsel, with a "CC" to William Amlong among others, stating:  "I have a confirmed date for Scott Patterson deposition.  Please call me to get all the depositions set/reset in our calendars."  (Ex. 1.)  Later that same day, Harris memorialized a phone conversation with American's counsel in an email to the same group, writing:  "To reiterate our conversation this evening, we are holding April 14, 20, 21, March 6, 7 and 8 to schedule the outstanding depositions of Patterson, Whitehouse, Beach, Bonds."  After additional emails over the next two days, including an email adding Dr. Jeral Ahtone as an additional deponent for Plaintiff, Harris wrote to American's counsel to confirm the agreed schedule:  "This is the schedule we have as of now: March 6: Patterson, March 7: (blank), March 14: Ahtone; March 20: Dayton; March 21: Beach.  We have Bonds and Whitehouse to set."

On March 16, 2018, Plaintiff sent American a 30(b)(6) Deposition Notice.  (Ex. 1 to Pl.'s Mot.)

> ii.  <u>The Rule 30(b)(6) Deposition Would be Duplicative and Disproportionate to the Needs of the Case</u>

In this lawsuit, Plaintiff asserts two counts against American for violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA").  Plaintiff's claims are based on an allegation that a single management official at American, Jim Bonds (who himself has an extensive military background), was somehow motivated on a single occasion to act on an "interservice rivalry" between the Air Force and Army, to withhold Plaintiff from flying as an American pilot, based on an alleged anti-military animus.

Bonds, along with Brian Beach and Dr. Jeral Ahtone, have each been deposed.  As stated in American's April 20 letter to Plaintiff, American will adopt the testimony of these witnesses as testimony of American.  Approximately half of the deposition topics that Plaintiff now seeks in a 30(b)(6) are cumulative of the deposition questioning and testimony that has already taken place with these Company witnesses.  Indeed, if Plaintiff had proposed a 30(b)(6) deposition before the deposition of any of these three individuals had been scheduled, American could have simply produced one of these witness to testify about all of the topics rather than wasting time appearing for several depositions of Company representatives in their individual capacities.

The remainder of the topics set forth in the 30(b)(6) Notice seek discovery on discovery—without a shred of evidence nor even an allegation supporting the need for such discovery.  As American confirmed in its discovery responses, it conducted a reasonable and diligent search for documents responsive to Plaintiff's requests for production, and is not withholding any responsive, non-privileged documents.  Plaintiff does not claim otherwise— instead, in his April 6, 2018 letter, Plaintiff effectively states that because there are certain

allegations from Plaintiff that have not found support in documents produced in this litigation, further documents must necessarily be available.  (Ex. 16 to Pl.'s Mot. at 4–5.)  This conclusion is absurd, and it reflects the very reason that discovery on discovery is not permitted absent a specific basis for it—because such discovery does not have any tendency to make a fact more or less probable than it would be without the evidence.  *See* Fed. R. Evid. 401, Fed. R. Civ. P. 26(b)(1).  If courts permitted discovery on discovery in the regular course, the cost of every action would grow exponentially as parties expend unnecessary time and money pursuing irrelevant materials for no good reason.  Plaintiff's 30(b)(6) Notice, which devotes nearly half of its topics to such discovery on discovery, should also be rejected for this reason.

> iii.   Plaintiff's Request to Compel Depositions of Mark Cronin and Michelle Montgomery Should Be Rejected for the Same Reasons as the Request for a Rule 30(b)(6) Deposition

In addition to requesting that this Court compel a 30(b)(6) deposition, Plaintiff also asks this Court to compel depositions of Mark Cronin and Michelle Montgomery.  As with the 30(b)(6) deposition, Plaintiff waived any entitlement to conduct a deposition of these employee when he agreed-upon a full deposition schedule with American in February 2018, and compelling any such deposition of Mr. Cronin and Ms. Montgomery would not now be proportional to the needs of this case.

Despite Plaintiff's representations to this Court to the contrary, Plaintiff knew of both Mr. Cronin and Ms. Montgomery long before parties agreed on a deposition schedule.  Indeed, Plaintiff identifies Mr. Cronin by name in the Complaint.  (Compl., ECF No. 1 at ¶¶ 24–25.)  Plaintiff also identified Mr. Cronin in a person with knowledge in his August 15, 2017 interrogatory responses.  (Exhibit 3, Pl.'s Objections and Answers to 1st Set of Interrogs., a copy of which is attached, at 11.)  Similarly, Plaintiff also lists Ms. Montgomery as a person with

knowledge in his August 15, 2017 Interrogatory responses.  (*Id.*)  Accordingly, it is a blatant misrepresentation for Plaintiff to represent to this Court as he does in his Motion, that he and his counsel were unaware of Ms. Montgomery until American "identified [her] for the first time" on April 20 "as someone with 'personal knowledge' of the case."  (Pl.'s Mot. at 2.)

## II. AMERICAN HAS NO OBJECTION TO DEPOSING CAPTAIN WHITEHOUSE AND DR. KNIPPA, NEITHER OF WHOM IS REPRESENTED BY AMERICAN IN THIS LITIGATION, IF ALL DEADLINES ARE EXTENDED.

Plaintiff also seeks an extension from this Court in order to depose Captain Glenn Whitehouse and Dr. John Knippa, two individuals who American's counsel does not represent in this litigation.  Captain Whitehouse has retained his own counsel.  (*See* Ex. 11 to Pl.'s Mot.)  Dr. Knippa has not provided American with a final indication as to whether he will seek separate counsel in connection with this litigation.  American has made multiple efforts to cooperate with Plaintiff regarding the scheduling the deposition of these depositions, even though American does not represent these individuals and does not believe that either deposition is necessary to complete discovery in this case.

### A. Captain Glenn Whitehouse

Captain Glenn Whitehouse is a pilot at American, who like Plaintiff, is not a management official at American.  Captain Whitehouse was not a decision-maker regarding the alleged employment actions by American that are the subject of Plaintiff's USERRA claims.  American has attempted throughout the discovery process to cooperate with Plaintiff and Captain Whitehouse regarding a potential deposition, but the responsibility for scheduling that deposition via subpoena is Plaintiff's alone.

### B. Dr. John Knippa

Dr. Knippa is a third-party neuropsychologist in Long Beach, California who American retained for purposes of conducting an examination of Plaintiff in 2016, after it decided to

withhold Plaintiff from service.  Plaintiff's counsel were aware throughout the discovery process that Dr. Knippa was a third-party doctor, with a busy schedule of patients, and that his deposition would need to be secured with him directly through a subpoena.  Regardless, a deposition of Dr. Knippa is not required to complete discovery in this case, where the claims arise solely under USERRA and concern alleged anti-military animus by American.

## <u>CONCLUSION</u>

The current situation is one entirely of Plaintiff's own making.  Thus, he does not and cannot satisfy the good cause standard for a further extension of discovery.  With that said, American does not object to extending the discovery date to accommodate the depositions of Captain Whitehouse and Dr. Knippa but only if this Court also extends all other deadlines, including the scheduled April 30 deadline for summary judgment motions.  If American is required to file its summary judgment motion by April 30, however, it would be unfair and prejudicial to allow Plaintiff to take any additional depositions under the facts here.

Dated:  April 25, 2018

Respectfully submitted,

By: /s/  Michael A. Holt
Michael A. Holt
mholt@shb.com
Florida Bar No.: 91156
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-5171
Facsimile:  (305) 358-7470

Mark W. Robertson (*Pro hac vice* )
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Times Square Tower 7 Times Square
New York, New York 10036

Telephone: (212) 326-2000
Facsimile:  (212) 326-2061

Tristan Morales (*Pro hac vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile:  (202) 383-5414

Cameron Cloar-Zavaleta (*Pro hac vice*)
Cameron.R.Cloar@aa.com
**AMERICAN AIRLINES, INC.**
4333 Amon Carter Boulevard
Ft. Worth, Texas 76155
Telephone:  (817) 963-1234

*Attorneys for American Airlines, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 25, 2018, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system and a copy was served upon all counsel of record or unrepresented parties on the attached Service List by the method indicated.

By: /s/ Michael A. Holt
MICHAEL A. HOLT

**Service List**

William R. Amlong, Esq.
WRAmlong@TheAmlongFirm.com
Karen Coolman Amlong, Esq.
KAmlong@TheAmlongFirm.com
**AMLONG & AMLONG, P.A.**
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
Telephone (954) 462-1983

Telephone: (954) 462-1983
Noel C. Pace, Esq.
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida  33150
Telephone:  (305) 710-3713
Facsimile: (954) 523-3192

*Counsel for Plaintiff*
(Service via CM/ECF)

Michael A. Holt, Esq.
mholt@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne
Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile:  (305) 358-7470

Mark W. Robertson, Esq.
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Times Square
Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq.
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, District of Colombia 20006
Telephone: (202) 383-5300
Facsimile:  (202) 383-5414

Cameron Cloar-Zavaleta, Esq.
Cameron.R.Cloar@aa.com
**AMERICAN AIRLINES, INC.**
4333 Amon Carter Boulevard
Ft. Worth, Texas 76155
Telephone:  (817) 963-1234

*Counsel for American Airlines, Inc.*
(Service via CM/ECF)