IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

    Plaintiff,

vs.

AMERICAN AIRLINES, a Delaware
corporation,

    Defendant.
_____/

**Plaintiff's Motion for Leave to File Out of Time**
**Plaintiff's Reply to Opposition to Deposing 30(b)(6) Designee(s), Cronin and Montgomery**

Plaintiff, Rodney Scott Patterson, pursuant to Fed. R. Civ. Pro. 6 and Local Rule 7.1 moves for entry of am order granting him leave to file out of time Plaintiff's Reply to Opposition to Deposing 30(b)(6) Designee(s), Cronin and Montgomery, and states as grounds:

    1.    <u>Nature of the Action</u>. This is an action for military-status discrimination, brought by Rodney Scott Patterson, a lieutenant colonel in the United States Army Reserve and a first officers for American Airlines. He sues pursuant to the Uniform Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311(b)(1). Pursuant to the Court's April 30, 2018 order, this case is set for trial on the August 20, 2018 trial calendar.

    2.    <u>Relief sought.</u> On April 22, 2018, plaintiff filed Plaintiff's Motion to Further Enlarge Time to Complete Depositions of Witnesses Who Have Not Been Available Before the Cutoff. [DE 46] Because of the then-existing pretrial deadlines and plaintiff's request for expedited briefing, the

Court entered an order April 24, 2018 requiring that defendant respond to the motion by April 27, and indicating that plaintiff may file a reply by May 2, 2018. [DE 47]

3. On April 30, 2018, the Court issued its Order Revising Scheduling Order and Order of Reference to the Magistrate Judge. [DE 49] That order granted an extension to allow plaintiff to depose Captain Glenn Whitehouse and Dr. John Knippa, and referred to the Magistrate Judge (as set forth in paragraph 6 of the order) the issues concerning the depositions of Mark Cronin and Michelle Montgomery requested in plaintiff's motion and defendant's response. It did not reference the previous order concerning the reply deadline.

4. Plaintiff has completed a reply[1] to the issues, arguments and facts recited in defendant's response, which he was unable to complete by the May 2nd briefing deadline because of significant briefing required for responses to two case-dispositive motions to dismiss filed in another matter[2] pending before this Court May 3 (one in the early morning hours and another later that day). The reply addresses, among other things, efforts to depose Cronin; when and how Montgomery was disclosed; and why, based on the record, the disputed areas in the 30(b)(6) deposition notices are relevant and discoverable. Plaintiff believes that the issues, argument and facts addressed in this reply would assist the Court in clarifying the nature of the dispute, why plaintiff believes the depositions are necessary, and the context in which the disputes arose regarding the depositions and discovery sought.

5. Accordingly, plaintiff moves for leave to file the attached reply after the May 2 deadline. Under Federal Rule of Civil Procedure Rule 6(b), the Court may grant leave to file a pleading after a deadline has expired, and the denial of an extension based on a delay as long as one

---

[1] A copy of the reply is appended as Attachment A.

[2] Gilroy v. City of Fort Pierce, Case Number: 2:16-cv-14521-MARTINEZ/BRANNON.

month was found to be an abuse of discretion when weighing the relevant factors such as the absence of prejudice to the other party, whether allowing the "untimely response would have had an adverse impact on the district court or its resources," "innocent oversight," and the absence of bad faith. Walter v. Blue Cross & Blue Shield United of Wisconsin, 181 F.3d 1198 (11th Cir. 1999) ("we hold that the district court abused its discretion by denying Walter's motion to set aside its dismissal order based upon the untimeliness of her response").

6. Plaintiff does not believe any party would be prejudiced by this Court's accepting the reply eight days after May 2. Judge Martinez has extended the trial period based on plaintiff's motion to extend. The reply, related to that motion for extension concerning additional relief sought by plaintiff, is the final briefing permitted under the local rules, and a copy of the reply is attached to this motion. Denying the motion for leave to file the reply because the reply or a motion to extend was not filed by May 2 would harm plaintiff because he would be deprived of the opportunity to respond to defendant's arguments and the facts that plaintiff disputes concerning the need for the discovery. Plaintiff acknowledges that the Court has discretion to manage its calendar, but respectfully requests that it exercise its discretion to consider the reply and the matters addressed in it when weighing the harm to plaintiff that could result from not granting the leave to file the reply and consider it when ruling on the discovery issues. See generally Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004) ("an abuse of discretion occurs if the district court imposes some harm, disadvantage, or restriction upon someone that is unnecessarily broad or does not result in any offsetting gain to anyone else or society at large.").

7. Accordingly, plaintiff respectfully moves for entry of an order granting leave to file the reply out of time, and requests that the court consider the reply in ruling on the discovery issue.

8. This motion is filed in good faith and not for the purpose of delay.

## Certificate of Conferral

I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties or non -parties who may be affected by the relief sought in the motion (through conferral e-mail, follow up calls to defense counsel(who were not available at the time of the call), and a follow up conferral e-mail before the close of business.  As of the time of the filing of this motion, well afer the close of business, the issues remaining unresolved.

## Certificate of Service

I hereby certify that a true and correct copy of the above was served via the Southern District of Florida's CM/ECF system on this  day to the individuals listed below.

May 10, 2018

*s/ Jennifer Daley (Fla.BarNo.856436) for*
WILLIAM R. AMLONG
WRAmlong@TheAmlongFirm.com
Florida Bar Number 470228
KAREN COOLMAN AMLONG
KAmlong@TheAmlongFirm.com
Florida Bar Number 275565
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street,
Second Floor
Fort Lauderdale, Florida 33301
(954) 462-1983

NOEL C. PACE *(pro hac vice)*
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
(305) 710-3713
***Attorneys for the Plaintiff,***
       ***Rodney Scott Patterson***

## Service List

WILLIAM R. AMLONG
WRAmlong@TheAmlongFirm.com
Florida Bar Number 470228
KAREN COOLMAN AMLONG
KAmlong@TheAmlongFirm.com
Florida Bar Number 275565
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street,
Second Floor
Fort Lauderdale, Florida 33301
(954) 462-1983

NOEL C. PACE
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
(305) 710-3713

*Attorneys for the Plaintiff,*
     *Rodney Scott Patterson*

MICHAEL A. HOLT
mholt@shb.com
SHOOK, HARDY & BACON L.L.P.
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
(305) 358-5171

MARK W. ROBERTSON
mrobertson@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
(212) 326-2000

TRISTAN MORALES
tmorales@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, Northwest
Washington, District of Columbia 20006
(202) 383-5300 / 383-5414 Fax

Cameron Cloar-Zavaleta (*Pro hac vice*)
Cameron.R.Cloar@aa.com
AMERICAN AIRLINES, INC.
4333 Amon Carter Boulevard
Ft. Worth, Texas 76155
Telephone: (817) 963-1234

*Attorneys for the Defendant,*
     *American Airlines, Inc.*

\\amlong3\cpshare\CPWin\HISTORY\180407_0001\1538.111