IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

    Plaintiff,

vs.

AMERICAN AIRLINES, a Delaware corporation,

    Defendant.

_____/

## Plaintiff's Response to Defendant's Notice of Discovery Hearing and Attached Documents

Plaintiff, Rodney Scott Patterson, responds to the defendant's Notice of Discovery Hearing filed Monday, May 21, 2018 by:

**One**, submitting the following materials:

- Plaintiff's Notice of Service of Amended Answers and Objections to Interrogatory No. 4 of Defendant's First Set of Interrogatories, which is appended as Attachment 1;

- Plaintiff's Privilege Log re: Tests Administered by/and Communications From Edward L. Bercaw, Ph.D., and Francy Nathaly Fonseca, Pys.D., which is appended as Attachment 2;

- A May 7 e-mail from plaintiff's counsel to his office manager instructing her to e-mail the amended interrogatory answer and privilege log to opposing counsel, which is appended as Attachment 3, and



**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL 33301 • 954.462.1983

- An April 25 e-mail from Tristan Morales, Esq., one of defendant's counsel, concerning a subpoena served on Dr. Ed Bercaw April 20, which is appended as Attachment 4, and,

**Two**, informing the Court and counsel opposite that plaintiff intends to rely on the following authorities in connection with the issues raised in Defendant's Notice of Discovery Hearing:

- Federal Rule of Civil Procedure 26(b)(4) (2018) and Hoover v. U.S. Dept. of the Interior, 611 F.2d 1132, 1141-1142 (5th Cir 1980)[1] (interpreting former Rule 26(b)(4)(B);

- Federal Rule of Civil Procedure 26(5)(a) and Kendall Lakes Towers Condominium Association, Inc. v. Pacific Insurance Co., Ltd., Case No. 19024210-Civ-Graham/Goodman, *3 (S.D. Fla. Nov. 8, 2011) ("Because Rule 26(b)(4)(D) is explicit that non-testifying experts' opinions are not ordinarily discoverable, it follows that no privilege log is required for information that they withhold"), and

- Federal Rule of Civil Procedure 45(a)(4) and FDIC v. Kaplan, Case No. 8:14-cv-2484-T-27JSS, *4-*5 (M.D. Fla. Aug. 10, 2015) (quashing FDIC's subpoena because "[p]ursuant to Rule 45(a)(4), "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is

---

[1] In Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.

served on the person to whom it is directed, a notice and a copy of the subpoena <u>must</u> be served on each party") (emphasis by the court).

Respectfully submitted,

*/s/ William R. Amlong*
WILLIAM R. AMLONG
WRAmlong@TheAmlongFirm.com
Florida Bar No.: 470228
KAREN COOLMAN AMLONG
Florida Bar No.: 275565
KAmlong@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street,
Second Floor
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

NOEL C. PACE
noel.c.pace.esq@gmail.com
*Admitted Pro Hac Vice*
206 NW 91st Street
El Portal, FL
(305) 710-3713

**Attorneys for plaintiff,**
 **Rodney Scott Patterson**

### Certificate of Service

**I HEREBY CERTIFY** that the above and foregoing Plaintiff's Response to Defendant's Notice of Discovery Hearing and Attached Documents was filed using the Southern District of Florida's ECF procedures and thereby copied to all counsel of record.

*/s/ William R. Amlong*
WILLIAM R. AMLONG

C:\Users\wramlong\Documents\My Files\Patterson\30(b)(6) Depo\180524 Reponse to Notice of Discovery Hearing.wpd