IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

    Plaintiff,

vs.

AMERICAN AIRLINES, a Delaware
corporation,

    Defendant.
    _____/

**Plaintiff's Motion to Preclude Dr. John Knippa from Providing any Opinion Testimony and/or to Limit His Testimony**

Plaintiff, Rodney Scott Patterson, pursuant to Fed. R. Civ. P. 26 and 37 and the Court's trial order, moves for entry of an order precluding Dr. John Knippa from providing any opinion testimony and/or limiting any testimony to be provided by Dr. Knippa — a non-treating neuropsychologist whom defendant failed to disclose as an expert, and states as grounds:

Nature of the Action.

This is an action for military-status discrimination, brought by Rodney Scott Patterson, a lieutenant colonel in the United States Army Reserve and a first officer for American Airlines. He sues pursuant to the Uniform Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311(b)(1). Pursuant to the Court's April 30, 2018 order, this case is set for trial on the August 20, 2018 trial calendar.

Pursuant to the Court's initial trial order, entered May 9, 2017, the expert summaries and reports were due by October 2, 2017, and rebuttal expert witness summaries and reports were due

October 1. [DE 19, at 4-5] The only exception was for treating medical providers, i.e., "[t]hese provisions pertaining to expert witnesses do not apply to treating physicians, psychologists or other health providers." [Id., at 5] The January 17, 2018 revised scheduling order set an April 2 date for disclosure of rebuttal expert witnesses summaries and reports with the same exception regarding treating medical providers. [DE 25]

Defendant's rule 26 disclosure served May 23, 2017 listed as a witness Dr. John Knippa, and indicated that "Dr. Knippa is a neuropsychologist[1] practicing at 1650 Ximeno Avenue #230, Long Beach, California, 90804, (562) 494-3633. He administered a Fitness for Duty Examination to Plaintiff and may have information regarding the claims in Plaintiff's Complaint and American's defenses." [Def. Rule 26 Disclosure, at 2.][2] The disclosure listed among the documents in defendant's possession, "records, notes, memoranda, and other documents related to (a) Plaintiff's employment at American, including fitness for duty examination records. . . . " Id. at 5. Defendant also listed Dr. Knippa along with other fact witnesses on its witness lists.[3] None of those documents, however, identified Dr. Knippa as an expert, and defendant did not otherwise provide an expert disclosure required by Rule 26(a) discussed below.[4]

---

[1]"As the term 'neuropsychology' suggests, it is a field of study that combines neurology and psychology. It is concerned primarily with clinical and scientific aspects of the relationship between brain structure and human behavior. Neuropsychologists search for possible organic causes of mental disorders, including retardation." Thomas v. Allen, 614 F. Supp.2d 1257, 1287 (N.D. Ala. 2009).

[2]Defendant's rule 26 disclosure is appended as Attachment 1.

[3]Defendant's witness lists served October 23, 2017 and March 21, 2018 are appended as Attachment 2.

[4]Plaintiff, however, served disclosures, even as to treating medical providers November 1, 2017.

During his May 16, 2018 deposition, Dr. Kinppa indicated that about 30-60 percent of his practice is devoted to expert witness work. [Knippa Depo., 12:14-21][5] He also testified about his 2016 correspondence to American Airlines that identified "professional opinions" he provided to American Airlines in exhibits to the deposition, such as:

**One**, Depo. Exhibit 3[6] — 03/21/16 Two-Page Letter to Dr. Jeral Ahtone (Medical Director, American Airlines Occupational Health Services") — concerning his "opinions" and "opined findings" ab out "duty impairments" from a "neuropsychological perspective," including that Mr. Patterson was not fit for duty as a first officer from a "neuropsychological perspective." [Id., at 1]

*Two,* Depo. Exhibit 2[7] — 03/21/16 14-page "Neuropsychological Aeromedical Assessment Fitness for Duty (FFD) Report — reciting facts concerning Mr. Patterson's work history and medical history; outlining the various tests Dr. Knippa administered on as part of his "evaluation" for American Airlines; explaining Dr. Knippa's interpretation of the test data and results, comparing Mr. Patterson's behavior with others; and outlining Dr. Knippa's recommendations and findings, including that "Mr. Patterson is opined to be identified by the current assessment as <u>NOT FIT FOR DUTY</u> as a FO on the basis of impaired performances on cognitive assessment."

---

[5]12:14   Q   What part of -- what percentage of your practice
12:15  is doing expert witness work?

12:16   A   It varies.  I don't have any -- I don't keep any
12:17  of those statistics.  And my just rough estimate, some
12:18  years it might be 50 to 60 percent, other years it might
12:19  be 30 percent.  It, again, varies.

12:20   Q   What's it been in the past three years?
12:21   A   I'd give you those same numbers.  I don't know.

Knippa Depo., at 12:15-21 (Excerpts from the deposition are appended as Attachment 3).

[6]Deposition Exhibit 3, the March 21, 2016 two-page letter is appended as Attachment 3.

[7]Deposition Exhibit 2, is appended as Attachment 4.

By this motion, plaintiff moves for entry of an order precluding Dr. John Knippa — a non-treating neuropsychologist whom defendant failed to disclose as an expert witness although he appears intent on offering expert opinion testimony — from offering any opinion testimony contemplated by Rule 702, or, alternatively, limiting his testimony to exclude any such opinion testimony (to the extent that defendant contends that Dr. Knippa has any additional type of testimony to offer).

## **Memorandum of Law and Relief Sought**

<u>What the rules require</u>

Federal Rule of Civil Procedure 26(a)(2) provides that "***[i]n addition*** to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702,[8] 703,[9] or 705.[10]" (Emphasis added) Rule 26 requires not only the disclosure of the witness's identity, but also "a written report prepared and signed by the witness," specifically:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (I) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;

---

[8]Rule 702 addresses testimony by expert witnesses, i.e., a "witness who is qualified as an expert by knowledge, skill, experience, training, or education" who "may testify in the form of an opinion or otherwise" if other requirements are met.

[9]Rule 703 addresses the bases for the expert's testimony.

[10]Rule 705 addresses how the basis for the opinion is addressed.

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Rule 26(a)(2) (Emphasis supplied.)[11] The Notes of the Advisory Committee on 1993 amendments stated that the rule "imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Thus,

> Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony, must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor....

Id. "Revised Rule 37(c)(1) and revised Rule 702 of the Federal Rules of Evidence provide an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." Id. See also Mitchell v. Ford Motor Co., 318 Fed. Appx. 821, 824 (11th Cir. 2009) ("Fed.R.Civ.P. 37(c)(1) states that when "a party fails to provide information or identify a witness as required by [Fed.R.Civ.P.] 26(a) or (e), the party is not

---

[11]Disclosures are required even for witnesses offering opinion testimony who are not required to provide a report (either by stipulation or order of the court), including a disclosure stating:

(I) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(2)©).

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.")

"Rule 37 allows the district court to exclude a witness as a sanction for a Rule 26 violation. 'The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.'" Id., at 824 citing Leathers v. Pfizer, Inc., 233 F.R.D. 687, 697 (N.D.Ga. 2006). Fed. R. Civ. P. 37(c)(1). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" Dyett v. N. Broward Hosp. Dist., No. 03-60804-CIV, 2004 WL 5320630, at *2, 2004 WL 532063(S.D. Fla. Jan. 21, 2004) (quoting Salgado v. Gen. Motors Corp., 105 F.3d 735, 742 (7th Cir. 1998) (emphasis added).'")

**Application to the case at bar**

In this case, while defendant listed Dr. Knippa as a fact witness, it made no effort to disclose him as an expert witness.  If failed to do so although, from his deposition testimony and his correspondence with American Airlines, it appears that the only testimony that he could offer is testimony of the type provided by an expert in the form of opinion testimony, relying on "scientific, technical, or other specialized knowledge" within the scope of Rule 702.  For example, in addition to the areas addressed above in the deposition exhibits that Dr. Knippa prepared, the exhibits also include the following statements and opinions by Dr. Knippa that are typically subjects for expert testimony:

> However, in the course of assessment, both by observation of behavior in the office and a review of psychological testing, it is opined that Mr. Patterson's behaviors and testing-related findings are consistent with risks of being perceived or interpreted by others at times as self-aggrandizing and reflecting of some limitation to social judgment (i.e., as appears to have parallel to the concerns expressed in the 01/16/15 letter by Captain Beach).

> In this case, a Personality Disorder with narcissistic and immature features is raised for consideration, as are coping styles that can sometimes be seen with disinhibition from AD/HD, also subtle spectrum features.
>
> Data are consistent with an attention deficit disorder together with mild impaired range performance on multiple measures of complex speeded problem solving with novel information (i.e., aspects of executive skills).
>
> Data included several performances suggesting compensatory slowing of speed in order to maintain accuracy, but then with accuracy only at an average level. Through the course of testing, there were multiple examples of impulsive-appearing or over-confident behavior that can compromise performance. The overall profile of neuropsychological assessment was discrepant from that expected for Major Airline pilots of similar age.

Depo. Exhibit 2, at 11-12.

Since Dr. Knippa did not treat Mr. Patterson, defendant was required to comply with the disclosure requirements of Rule 26 and the trial order for expert testimony. Defendant, however, failed to make such a disclosure. Plaintiff inquired, as part of the conferral effort, about whether defendant intended to call Dr. Knippa as an expert so that he could determine if the issues regarding Dr. Knippa are moot.

Plaintiff would be prejudiced at this stage in the proceeding if defendant were permitted to disclose or use Dr. Knippa as an expert witness. As the Court explained in Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC, 845 F. Supp. 2d 1241, 1248 (M.D. Fla. 2012) (striking expert witness for insufficient disclosure through plaintiff's report served one business day prior to the expert's deposition):

> Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, ... compliance with the requirements of Rule 26 is not merely aspirational." Cooper v. Southern Co., 390 F.3d 695, 728 (11th Cir.2004) (internal citation omitted), *overruled on other grounds*, Ash v. Tyson Foods, Inc., 546 U.S. 454, 126 S.Ct. 1195, 163 L.Ed.2d 1053 (2006).

Id. at 1248-49.

Accordingly, plaintiff respectfully moves for entry of an order limiting the testimony to be provided by Dr. Knippa and/or precluding Dr. Knippa from providing any expert or opinion testimony, and granting plaintiff such other and further relief under the applicable rules as the Court deems appropriate, including attorneys' fees and costs required to brief issues related to opinion testimony that was not disclosed appropriately and could have been avoided by a stipulation not to use the testimony.

**Certificate of Conferral**

I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion (through conferral e-mails indicating plaintiff's intent to move to limit Dr. Knippa's testimony and/or preclude opinion testimony from him, and indicating that the issue would be moot if defendant did not intend to use Dr. Knippa), and a follow-up call about the conferral e-mail. As of the time of the filing of this motion (after the close of business), and after (as part of the conferral effort) plaintiff provided a summary of some of the expert opinions referenced above to defense counsel, the issues remain unresolved.

**Certificate of Service**

I hereby certify that a true and correct copy of the above was served via the Southern District of Florida's CM/ECF system on this day to the individuals listed below.

Respectfully submitted,

June 11, 2018
*s/ Jennifer Daley*
WILLIAM R. AMLONG
WRAmlong@TheAmlongFirm.com
Florida Bar Number 470228
KAREN COOLMAN AMLONG
KAmlong@TheAmlongFirm.com
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 856436
JDaley@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street,
Second Floor
Fort Lauderdale, Florida 33301
(954) 462-1983

NOEL C. PACE *(pro hac vice)*
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
(305) 710-3713
***Attorneys for the Plaintiff,
Rodney Scott Patterson***

**Service List**

| | |
|---|---|
| WILLIAM R. AMLONG<br>WRAmlong@TheAmlongFirm.com<br>Florida Bar Number 470228<br>KAREN COOLMAN AMLONG<br>KAmlong@TheAmlongFirm.com<br>Florida Bar Number 275565<br>AMLONG & AMLONG, P.A.<br>500 Northeast Fourth Street,<br>Second Floor<br>Fort Lauderdale, Florida 33301<br>(954) 462-1983<br><br>NOEL C. PACE<br>noel.c.pace.esq@gmail.com<br>206 N.W. 91 Street<br>El Portal, Florida 33150<br>(305) 710-3713<br><br>*Attorneys for the Plaintiff,*<br>    *Rodney Scott Patterson* | MICHAEL A. HOLT<br>mholt@shb.com<br>SHOOK, HARDY & BACON L.L.P.<br>Miami Center, Suite 3200<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>(305) 358-5171<br><br>MARK W. ROBERTSON<br>mrobertson@omm.com<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, New York 10036<br>(212) 326-2000<br><br>TRISTAN MORALES<br>tmorales@omm.com<br>O'MELVENY & MYERS LLP<br>1625 Eye Street, Northwest<br>Washington, District of Columbia 20006<br>(202) 383-5300 / 383-5414 Fax<br><br>Cameron Cloar-Zavaleta (*Pro hac vice*)<br>Cameron.R.Cloar@aa.com<br>AMERICAN AIRLINES, INC.<br>4333 Amon Carter Boulevard<br>Ft. Worth, Texas 76155<br>Telephone: (817) 963-1234<br><br>*Attorneys for the Defendant,*<br>    *American Airlines, Inc.* |

\\amlong3\cpshare\CPWin\HISTORY\180601_0001\1538 13A