IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

Case No. 17-cv-60533-JEM

RODNEY SCOTT PATTERSON,

    Plaintiff,

vs.

AMERICAN AIRLINES, a Delaware corporation,

    Defendant.

_____/

**PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF DEFENDANT'S CORPORATE REPRESENTATIVE(S) AND DOCUMENT REQUEST**

**TO:** American Airlines

NOTICE IS HEREBY GIVEN that on **June 6, 2018** at **10:00 a.m.,** pursuant to Florida Rule of Civil Procedure 1.310(b)(6), plaintiff, **Rodney Scott Patterson**, will take the deposition of defendant, **American Airlines** (hereafter "defendant"), at at the offices of **Veritext Legal Solutions, 300 Throckmorton Street, Fort Worth, Texas 79102 ; Telephone 682-708-6048** upon oral examination before an officer duly authorized to administer oaths and to take depositions in the State of Texas. The oral examination will continue from day to day until completed. The depositions are being taken for the purposes of discovery, for use at trial, and for such other purposes as are permitted under applicable law and rules of court.

Ex. 73



The Amlong Firm • 500 Northeast Fourth Street • Fort Lauderdale, FL 33301 • 954.462.1983

**ATTACHMENT 10**

Pursuant to Fed.R.Civ.P. 30(b)(6), defendant is required to designate and fully prepare one or more officers, directors, managing agents or other persons who consent to testify on behalf of defendant, and whom defendant will fully prepare to testify regarding the following designated matters and as to such information that is known or reasonably available to defendant's organization:

1. The existence of the documents[1] and/or electronically stored data requested below pursuant to Fed.R.Civ.P. 34;

2. The systems, process and purpose for the creation, duplication and/or storage of the documents and/or electronically stored data requested below pursuant to Fed.R.Civ.P. 34;

3. All document and/or electronically stored data retention/destruction policies that would relate to any of the documents requested below pursuant to Fed.R.Civ.P. 34;

4. The location of the documents and/or electronically stored data requested below pursuant to Fed.R.Civ.P. 34;

5. Organization, indexing and/or filing of the documents and/or electronically stored data requested below pursuant to Fed.R.Civ.P. 34;

---

[1] "Document" as used herein is defined as follows:

The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, including, but not limited to: correspondence, e-mails, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings, and digital recordings. **This definition specifically includes all drafts and versions of any responsive document, and includes those documents kept by individuals in personal, departmental and other files, as well as "official" files of defendant.**

6. The method of search for the documents and/or electronically stored data requested below pursuant to Fed.R.Civ.P. 34;

7. The completeness of the documents and/or electronically stored data produced pursuant to Fed.R.Civ.P. 34.

8. The Corporate Security investigation referred to in the 4:15 p.m. March 24, 2015 e-mail from Ricardo Garcia to Brian Beach and copied to Fred Ronda.

9. The Human Resources investigation that grew from the furnishing by Capt. Glenn Whitehouse to Capt. Brian Beach of the package of information at an attachment to the 8:34:57 p.m. September 24, 2015 e-mail.

10. The placement of plaintiff on "Paid Withhold" [or "Paid Withheld"] status September 24 or September 25, 2015.

11. The issuance to plaintiff of the January 20, 2016 Directive to Report for Section 20 Evaluation.

12. The reclassification of plaintiff's status "Paid Withhold" [or "Paid Withheld"] status to "Sick" and "Unpaid Sick."

13. American Airlines's not reinstating plaintiff to duty after its receipt of those reports of Gary G. Kay, Ph.D.; John Hastings, M.D., and Glenn R. Caddy, Ph.D., and the First Class Medical Certificate issued July 10, 2016 by Joseph Tordello, D.O.

14. The selection of John Knippa, Ph.D., to perform the Section 20 evaluation.

15. Any offer by American Airlines to the Allied Pilots Association (APA) to reinstate plaintiff, if settlement of APA's grievance against

American Airlines on behalf of plaintiff on the condition that plaintiff would dismiss his USERRA lawsuit and forego any lost-wages claim.

**PLEASE TAKE NOTICE** that pursuant to Fed.R.Civ.P. 34, plaintiff requests that within the time permitted by the rules, that defendant provide a written response, including any objections and/or claims of privilege, to plaintiff's request for documents and tangible things identified in the following schedule of documents, which are in the possession, custody or control of defendant, its attorneys or other representatives or agents, and to deliver copies of the documents to plaintiff's counsel, The Amlong Firm, at 500 NE 4th Street, Fort Lauderdale, FL 33301.

**PLEASE TAKE NOTICE** that pursuant to Fed.R.Civ.P. 34, plaintiff requests that defendant's designee(s), responsive to this deposition notice, produce for inspection and copying, at or before the time of the deposition, all documents necessary for each designee to testify fully and completely on the topics listed above.

## SCHEDULE OF DOCUMENTS

1. Defendant's entire files concerning the investigations by Corporate Security and Human Resources referred to in, respectively, ¶¶ 8 and 9, including but not limited to:

    a. Witness interview notes, tape records or transcripts;

    b. Reports, summaries or findings, and

    c. correspondence:

        i. with actual or potential witnesses;

        ii. between or amongst Corporate Security or Human Resources investigators or supervisors;

   iii. between or amongst any personnel in:

    (1) Corporate Security,

    (2) Human Resources,

    (3) Flight,

    (4) Labor Relations.

    (5) Medical or

    (6) Benefits.

   iv. Any written American Airlines work rule(s) that defendant claims that the evidence gathered during either or both of the investigations shows that plaintiff violated.

 2. As to ¶¶ 10, 11, 12 and 13:

  a. Any written American Airlines work rule(s) that defendant claims that the evidence gathered during either or both of the investigations shows that plaintiff violated;

  b. Any written criteria for:

   i. Placing an employee on "Paid Withhold" [or "Paid Withheld"] status;

   ii. The issuance of a Directive to Report for Section 20 Evaluation;

   iii. The reclassification of an employee's status from "Paid Withhold" [or "Paid Withheld"] status to "Sick" or "Unpaid Sick," or

   iv. Restoring an employee to duty after an "unfit for duty" determination.

  c. correspondence:

   i. with actual or potential witnesses;

        ii.    between or amongst Corporate Security or Human Resources investigators or supervisors;

        iii.    between or amongst any personnel in:

        (1)    Corporate Security,

        (2)    Human Resources,

        (3)    Flight,

        (4)    Labor Relations.

        (5)    Medical or

        (6)    Benefits.

3.    As to ¶ 14, correspondence or memoranda concerning any communication between or amongst any American Airlines employee and:

    a.    Any other American Airlines employee,

    b.    Dr. Knippa,

    c.    Any consultant who referred Dr. Knippa or

    d.    Any person who served as a reference for Dr. Knippa.

4.    As to ¶ 15, any written communication (or any memorandum or e-mail referring to any communication) between American Airlines and APA concerning the settlement of the pending APA grievance filed on behalf of Rodney Scott Patterson.

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this 31st day of May by <u>electronic mail</u> upon Michael A. Holt, Esq., mholt@shb.com, Shook, Hardy & Bacon, LLP, Miami Center, Suite 3200, 201 South Biscayne Boulevard, Miami, Florida 33131; Mark W. Robertson, mrobertson@omm.com, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, New York 10036, and Tristan Morales, Esq., tmorales@omm.com, O'Melveny & Myers LLP, 1625 I Street, Northwest Washington, District of Columbia 20006, Attorneys for Defendant, American Airlines, Inc. and Noel C. Pace, Esquire, noel.c.pace@gmail.com 206 NW 91st Street, El Portal, Florida

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street,
Second Floor
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

/s/ William R. Amlong
WILLIAM R. AMLONG
WRAmlong@TheAmlongFirm.com
Florida Bar No.: 470228
KAREN COOLMAN AMLONG
Florida Bar No.: 275565
KAmlong@TheAmlongFirm.com

NOEL C. PACE
noel.c.pace.esq@gmail.com
*Admitted Pro Hac Vice*
206 NW 91st Street
El Portal, FL
(305) 710-3713

**Attorneys for plaintiff,
Rodney Scott Patterson**

\\amlong3\cpshare\CPWin\HISTORY\180407_0001\1538.12F