**Unsworn Declaration of Michael Dale, Pursuant to 28 U.S.C. § 1746**

Michael Dale deposes and says:

1. I make this declaration of my own personal knowledge.

2. I am a retired American Airlines captain (as of May 7, 2018) who, after I objected in 2016 (somewhat contentiously) to retraining on an aircraft (Boeing 757), my assignment to which would require me to be based in Philadelphia rather than Charlotte for the rest of my career, was:

   a. sent back to two additional simulator tests, without explanation and notwithstanding that I had just successfully completed two actual international flights in a 757 with no issues,

   b. pulled from a simulator check ride the following day, again without explanation, and

   c. sent home, being told that I was being sent for a physical examination pursuant to Section 20 of the Joint Collective Bargaining Agreement ("JCBA").

3. Although I reside near Charlotte, North Carolina, American Airlines scheduled me to be examined by John Knippa, Ph.D., a neuropsychologist in Long Beach, California.

4. I arrived the night before my examination began, and was tested during the morning of the first day—fatigued from the flight, which connected in Phoenix, Arizona, and without having acclimated to being three time zones away from my home—on such things as the quickness of my mental and physical reactions to various stimuli.

5. As a captain of aircraft who routinely flew U.S.-Europe routes, I am familiar with both the physical and mental effects on one's performance of flying across multiple time zones, and the responsibilities of aircraft personnel (particularly captains) to be sensitive to such issues.

Attachment 17

6. Although I could have captained an aircraft under such conditions, I was not at my optimum.

7. Appearing at Dr. Knippa's office at 9 a.m. California time, which was also my normal lunch time in North Carolina, I was also out of my cycle for eating — concerning which American Airlines is quite conscious concerning its flight crews.

8. Following the testing administered under these circumstances, Dr. Knippa declared me "NOT FIT FOR DUTY." A copy of his report is appended to this Declaration.

9. Dr. Knippa's report also cited that he had observed my experiencing "micro tremors" in my hand—which neither have I experienced nor has any health care professional I have seen ever told me that he or she observed.

10. I at all times material maintained First Class Medical clearance with the FAA.

11. I subsequently visited both a psychologist and neurologist (whose testing included an MRI), neither of whom confirmed Dr. Knippa's opinion.

12. Although American Airlines initially requested that I see Dr. Knippa to be cleared to return to flying status, Dr. Knippa refused to see me, telling me that I might have "learned the tests."

13. American Airlines then sent me to Dr. Arthur Tarbox in Dallas, who cleared me to return to flying.

14. At the time that American Airlines restored me to flight status:

      a.    I had not filed any complaint either with the Department of Labor or in any court against American Airlines concerning a violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), and

      b.    I was not required by American Airlines to waive any claim that I might have for how I was treated pursuant to Section 20 of the JCBA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Mint Hill, North Carolina, on June 11, 2018.

*[signature: MK Dale]*
MICHAEL DALE