UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 1:17-cv-60533-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,

    Plaintiffs,

vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation,

    Defendant.
    _____/

**DEFENDANT AMERICAN AIRLINES, INC.'S OPPOSITION TO MOTION TO LIMIT
OR EXCLUDE TESTIMONY OF DR. JOHN KNIPPA**

## PRELIMINARY STATEMENT

More than a year before Plaintiff Rodney Scott Patterson ("Plaintiff") filed this lawsuit, and in response to serious allegations by multiple employees questioning Plaintiff's fitness for duty as a commercial pilot, American Airlines, Inc. ("American") sent Plaintiff for a fitness for duty examination by an independent neuropsychologist—Dr. John Knippa. Following a two-day examination conducted in March 2016, Dr. Knippa concluded that Plaintiff is "NOT FIT FOR DUTY as a [First Officer]." Based on that report, and Plaintiff's subsequent refusal to return to Dr. Knippa or another doctor approved by American for reevaluation, American has continued to withhold Plaintiff from duty.

As Plaintiff stated in a prior filing with this Court: "Dr. Knippa's fitness-for-duty examination of Mr. Patterson and results thereto are central to this litigation." (Plaintiff's Motion to Compel Production of Documents, ECF No. 26, at 3.) The examination and results are central, however, not because American retained Dr. Knippa as an expert for purposes of this litigation (it indisputably did not), but because of Dr. Knippa's personal knowledge resulting from his examination of Plaintiff and subsequent preparation of a report—all of which took place long before this litigation.

Plaintiff, however, now seeks to prohibit Dr. Knippa from testifying that he concluded Plaintiff is not fit for duty. Plaintiff argues this is impermissible opinion testimony because American did not identify Dr. Knippa as an expert witness. Nonsense. Testimony from a medical professional concerning an examination and prognosis fails squarely into the category of "treating physicians, psychologists, and other health providers" set forth in this Court's Scheduling Order (as well as Rule 26), for which the expert disclosures sought by Plaintiff plainly are not required. The key distinction is that the testimony comes from personal knowledge obtained in the course

1

of events underlying the litigation (as here), rather than from retention as an expert for purposes of the litigation.

But even assuming for the sake of argument that Dr. Knippa's report and conclusions somehow constitute opinion testimony for which his identification as an expert is required (and they do not), there would nevertheless be no basis for exclusion of his testimony because Plaintiff has suffered no harm. Plaintiff has had Dr. Knippa's report long before he even filed his complaint—indeed he quotes the report in his complaint—and even submitted it for review and analysis to his own physicians whom he retained for purposes of this litigation. Moreover, Plaintiff deposed Dr. Knippa in this litigation specifically and extensively regarding his report and examination.

Under these facts, Plaintiff's motion should be recognized for the gamesmanship and make-work waste of the Court's resources that it is. For these reasons, American respectfully requests that this Court deny Plaintiff's motion.

## ARGUMENT

Dr. Knippa has not been "retained or specially employed to provide expert testimony in th[is] case" and he is not a "party[] employee" of American. *See* Rule 26(a)(2)(B). Instead, Dr. Knippa is an independent neuropsychologist who examined Plaintiff in March 2016, at the request of American's Corporate Medical Director, to determine whether Plaintiff was fit to fly passenger aircraft for American—after American received serious allegations regarding his fitness safely to operate aircraft.

Dr. Knippa's testimony arises directly from his March 2016 "Neuropsychological Aeromedical Assessment," which included a battery of psychological and cognitive tests, and his written report, which addressed Plaintiff's medical treatment history along with his "Current Medical & General Health Status" before concluding that Plaintiff is "NOT FIT FOR DUTY as a

2

[First Officer]." Dr. Knippa's March 2016 written report—fully scrutinized by Plaintiff well before this case even commenced—provides a complete summary of the facts and evidence to which Dr. Knippa is expected to testify. *See* Rule 26(a)(2)(C).

The mere fact that Dr. Knippa is a neuropsychologist does not mean that his testimony concerning his March 2016 examination is expert testimony subject to the disclosure requirements sought by Plaintiff. "Due to their medical training and expertise, all physicians have the potential to present expert testimony. Yet, a physician may also testify regarding matters appropriate for lay witnesses . . . where the *Daubert* requirements clearly do not apply." *Bryan v. Whitfield*, No. 3:14-cv-341/MCR/EMT, 2015 WL 11109792, at *2 (N.D. Fla. July 15, 2015). Accordingly, "[m]any courts have held that it is not appropriate to apply the *Daubert* factors to assess the reliability of clinical medical testimony because the opinions and/or conclusions are not specially prepared for the purpose of litigation and thus do not raise the types of concerns addressed by *Daubert*." *Chau v. NCL (Bahamas) Ltd.*, No. 16-21115-civ-Williams/Simonton, 2017 WL 3623562, at *9 n.13, *15 (S.D. Fla. May 3, 2017); *Goins v. Royal Caribbean Cruise, Ltd.*, No. 16-21368-civ-Willams/Simonton, 2017 WL 5749778, at *3 n.3, *9 (S.D. Fla. May 17, 2017) (same); *see also Bryan*, 2015 WL 11109792 at *2 (collecting cases).

Thus, "unless specifically retained to provide an expert opinion in connection with litigation, a treating physician should normally be treated as a fact witness [under Rule] 701, at least insofar as diagnosis and prognosis testimony are concerned." *Bryan*, 2015 WL 11109792, at *2 (quotation omitted) (alteration in original). This Court's Scheduling Order expressly and specifically reflects this approach under Rule 26, stating that the "provisions pertaining to <u>expert</u> witnesses do not apply to treating physicians, psychologists, or other health providers." (Order, ECF No. 19, at 5) (emphasis in original).

3

In his Motion, Plaintiff does not allege that Dr. Knippa has offered, or will offer, any testimony that goes beyond his March 2016 examination and report. To the contrary, the only two examples of testimony that Plaintiff seeks to exclude are excerpts pulled directly from Dr. Knippa's report, including its accompanying cover letter, stating to American in March 2016 that Plaintiff is "NOT FIT FOR DUTY." (Plaintiff's Motion to Preclude Dr. John Knippa from Providing any Opinion Testimony and/or Limit Hit Testimony ("Pl.'s Mot."), ECF No. 58, at 3, 6–7.) Plaintiff does not specify whether he seeks to limit Dr. Knippa from testifying about the fact that he reported this conclusion to American in March 2016, the grounds he identified in his report for this conclusion, or both.

Regardless, Plaintiff's request is meritless because each of the specific passages in Plaintiff's Motion solely concern Dr. Knippa's first-hand examination and prognosis of Plaintiff from March 2016, rather than any testimony prepared for this litigation. *See Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011) ("[W]here, as here, the expert is part of the ongoing sequence of events and arrives at his causation opinion during treatment, his opinion testimony is not that of a retained or specially employed expert.") Moreover, this is not a case of competing experts where the jury must choose between Dr. Knippa's contemporaneous observations and opinions and the paid-testimony of Plaintiff's testifying expert. Rather, what actually matters in this case is American's motivation in withholding Plaintiff from duty and sending him for a fitness for duty examination.

American has indisputably disclosed to Plaintiff, from the outset of this case, that Dr. Knippa will testify about his examination and report—a fact Plaintiff obviously knew even before filing his complaint, which quotes extensively from Dr. Knippa's report. In American's Rule 26 disclosures on May 23, 2017, American identified Dr. Knippa as a practicing neuropsychologist

4

with discoverable information concerning his "Fitness for Duty Examination [of] Plaintiff." That same day, Plaintiff also identified Dr. Knippa in his Rule 26 disclosures as a psychologist with "knowledge of facts in complaint, paragraphs 16–20," which provided detailed allegations concerning Dr. Knippa's March 2016 fitness-for-duty examination and report of Plaintiff. On October 23, 2017, both American and Plaintiff again identified Dr. Knippa on their Trial Witness Lists. And on March 21, 2018, American and Plaintiff exchanged updated trial witness lists—following a discovery extension from this Court—and both parties again identified Dr. Knippa as a trial witness. These disclosures, at every stage of this case, make clear that from the time Plaintiff filed the complaint, Plaintiff has always known (in the words of Plaintiff's counsel) that, "Dr. Knippa's fitness-for-duty examination of Mr. Patterson and results thereto are central to this litigation."

Testimony from a medical professional concerning an examination and prognosis falls squarely into the category of "treating physicians, psychologists, and other health providers" set forth by this Court's Scheduling Order and by Rule 26. *See Chau*, 2017 WL 3623562 at *7 (compiling cases for the proposition that the treating physician category of testimony includes "personal knowledge resulting from providing medical care, involving consultation, examination or treatment of a patient plaintiff.") The critical factor distinguishing testimony from medical professionals as "treating physician" testimony is that it comes from personal knowledge in the course of events related to the litigation, rather than from a physician retained as an expert for purposes of the litigation. *Id.* at *9 n.13, *15; *Downey*, 633 F.3d at 6–7. Dr. Knippa's testimony concerning his "Neuropsychological Aeromedical Assessment" clearly qualifies as "treating physician" testimony rather than testimony of a retained expert.[1]

---

[1] Plaintiff seems to draw an artificial distinction between medical providers that administer

5

Moreover, even if this Court were to conclude for some reason that American should have identified Dr. Knippa as an expert in order for him to testify regarding his examination and report, the proper remedy would not be to exclude Dr. Knippa's testimony regarding his examination and the conclusions in his report because Plaintiff has suffered no harm.  *See e.g., Goins*, 2017 WL 5749778, at *8 n.5, *9 ("Even assuming that portion of Dr. Leavitt's opinions were beyond what was necessary as a treating physician, and therefore an expert report was required . . . exclusion is not warranted if the failure to comply with Rule 26(a) is harmless.")

"Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Chau*, 2017 WL 3623562 at *5 (quoting *Bowe v. Pub. Storage*, 106. F. Supp. 3d 1252, 1260 (S.D. Fla. 2015)).  Critically, in this case, Plaintiff has known about Dr. Knippa's report since before he decided to file this lawsuit.  Further, Plaintiff deposed Dr. Knippa and had a full opportunity to examine him concerning his March 2016 examination and report. *See Chau*, 2017 WL 3623562 at *6 ("[T]he fact that the Plaintiff's experts were deposed prior to the Motion for Summary Judgment being filed ameliorated any prejudice the Defendant may have suffered.")  Prior to even filing this lawsuit, Plaintiff submitted to American multiple reports he had solicited from his own doctors, after they had reviewed Dr. Knippa's report, and Plaintiff even details alleged objections to Dr. Knippa's examination and report in his complaint.  Because Plaintiff was fully aware of Dr. Knippa's examination and report—the exclusive subjects of his anticipated testimony—long before this litigation was even commended, and actually deposed

---

treatment and those who only examine a patient or provide consultation.  Plaintiff's artificially narrow interpretation of "treating physicians, psychologists, and other health providers" would thus exclude any doctor who does not provide actual treatment, such as consulting specialists and diagnosticians like radiologists.  There is no support for Plaintiff's position.

6

Knippa concerning his examination and report, Plaintiff's request to limit or exclude Dr. Knippa's testimony on the grounds that he has been inadequately disclosed is wholly without merit. *See e.g., id.* ("[A]lthough the summaries provided by the Plaintiff did not fully comply with the disclosure requirements under Rule 26 . . . . that failure was relatively minor and any prejudice regarding that failure was cured when the witnesses were deposed . . . ."); *Goins*, 2017 WL 5749778, at *8 n.5, *9 (finding no prejudice or basis for exclusion as "it appears clear that the Defendant had sufficient notice of Dr. Leavitt's opinion and was able to mount a thorough cross-examination at his deposition.") [2]

Courts also reject the request to exclude testimony where the failure fully to satisfy Rule 26 is "substantially justified." *See Chau,* 2017 WL 3623562 at *5. In addition to potential prejudice from limiting such testimony, the factors relevant to that analysis are "the importance of the excluded testimony" and "the explanation of the party for its failure to comply with the required disclosure." *Id.* This "substantially justified" standard independently defeats Plaintiff's motion, as Plaintiff's have expressly stated to this Court that Dr. Knippa's examination and report are "central to this litigation," and Dr. Knippa's testimony has been fully disclosed in accordance with the "treating physician" category that American firmly believes applies to his testimony. [3]

---

[2] On the subject of prejudice, any assertion from Plaintiff that Rule 26, including its procedures and deadlines, should be strictly enforced must fall on deaf ears in this case as Plaintiff filed its own Rule 26 expert disclosures approximately one-month *after the deadline* set by this Court for such disclosures. In their Motion, Plaintiff states that "expert summaries and reports were due by October 2, 2017," but they concede, as they must, that Plaintiff first disclosed its own experts on November 1, 2017. (Pl's. Mot. at 1–2, n.4.)

[3] If Dr. Knippa testifies at trial to matters beyond the scope of his examination and report, Plaintiff "will have the opportunity to cross-examine" Dr. Knippa "and may make appropriate objections to the scope of the proffered testimony at that time." *See Bryan*, 2015 WL 11109792 at *3 citing *Baratta v. City of Largo*, No. 8:01-CV-1894-T-EAJ, 2003 WL 25686843 at *3 (M.D. Fla. Mar. 18, 2003) ("The exact boundaries of the treating physician's testimony may need to be addressed with specific objections to specific testimony in the context of trial.")

## **CONCLUSION**

For these reasons, American respectfully requests that the Court deny Plaintiff's Motion.

    Respectfully submitted,

    By: /s/ Michael A. Holt

    Michael A. Holt
    mholt@shb.com
    Florida Bar No.: 91156
    **SHOOK, HARDY & BACON L.L.P.**
    **Miami Center, Suite 3200**
    201 South Biscayne Boulevard
    Miami, Florida  33131
    Telephone: (305) 358-5171
    Facsimile: (305) 358-7470

    Mark W. Robertson
    mrobertson@omm.com
    (*Pro Hac Vice*)
    Tristan Morales
    tmorales@omm.com
    (*Pro Hac Vice*)
    **O'MELVENY & MYERS LLP**
    Time Square Tower, 7 Times Square
    New York, New York 10036
    Telephone: (212) 326-2000
    Facsimile: (212) 326-2061

    *Attorneys for American Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of June, 2018, the foregoing document was filed with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on the counsel or parties of record listed below.

By: /s/ Michael A. Holt
     MICHAEL A. HOLT

## **SERVICE LIST**

William R. Amlong, Esq.
WRAmlong@TheAmlongFirm.com
Karen Coolman Amlong, Esq.
KAmlong@TheAmlongFirm.com
**AMLONG & AMLONG, P.A.**
500 Northeast Fourth Street
Fort Lauderdale, FL 33301
Telephone: (954) 462-1983
Facsimile: (954) 523-3192

Noel C. Pace, Esq.
(*Pro Hac Vice*)
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
Telephone: (305) 710-3713

(Service via CM/ECF)

*Counsel for Plaintiff*

Michael A. Holt, Esq.
mholt@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Mark W. Robertson, Esq.
mrobertson@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Times Square Tower 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq.
tmorales@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

(Service via CM/ECF)

*Counsel for American Airlines, Inc.*