IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

    Plaintiff,

vs.

AMERICAN AIRLINES, a Delaware corporation,

    Defendant.
_____/

**Plaintiff's Response to Defendant's Local Rule 56.1(a) Statement of Material Facts In Support of Motion for Summary Judgment**

Plaintiff, Rodney Scott Patterson, responds as follows to American Airlines, Inc.'S Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment [DE 59-1]:

    1.    Undisputed, but irrelevant to summary judgment.

    2.    Undisputed.

    3.    Undisputed.

    4.    Objection to foundation as to "most pilots." Undisputed that James Bonds was a captain in the United States Air Force and achieved the rank of major in the Mississipi Air National Guard. Bonds Depo,[1] at 11:4-9.

---

[1]The Deposition of James N. Bonds is filed as DE 57-7.



**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL  33301 • 954.462.1983

5. Objection as to foundation and relevance. See Rules 602 and 404(a)(1).

6. Objection as to relevance. See Rule 404(a)(1).

7. Disputed. Patterson did not make a request, but gave American notice under USERRA that he would be on military duty the following four days.

8. Undisputed, but irrelevant to summary judgment.

9. Undisputed, but irrelevant to summary judgment.

10. Undisputed, but irrelevant to summary judgment.

11. Undisputed, but irrelevant to summary judgment.

12. Undisputed, but irrelevant to summary judgment.

13. Undisputed, but irrelevant to summary judgment.

14. Undisputed, but irrelevant to summary judgment.

15. Undisputed, but irrelevant to summary judgment.

16. Undisputed, but irrelevant to summary judgment.

17. Undisputed.

18. Undisputed, but irrelevant to summary judgment.

19. Undisputed that Bonds testified that he was "suspicious," which "suspicion" is irrelevant to summary judgment. See Rule 401. Undisputed that Bonds requested documentation of plaintiff's September 2015 military service.

20. Undisputed, but irrelevant to summary judgment.

21. Undisputed, but irrelevant to summary judgment.

22. Objection as to Bonds's lack of personal knowledge that "American took no further action with respect to Plaintiff's request for time off."

23. Objection.  While a party's Rule 30(b)(6) designee's deposition testimony may be introduced as admissions of a party opponent, the rule does not permit conclusory, exculpatory testimony without any showing of foundantion.[2]

24. Undisputed that on September 24, 2015, Captain Glenn Whitehouse submitted a repackaged version of the same complaints that had in March and April 2015 been submitted to, and disregarded by, Brian Beach, a Miami International Airport chief pilot, Corporate Security investigators, Human Resources and Labor Relations.  Montgomery Rule 30(b)(6) Depo,[3] at 16:19-18:1.

25. The first and sixth sentences of ¶ 25 are disputed:  Whitehouse denied in his deposition that the September 6 encounter between him and

---

[2]Compare Fernandez v. Winn-Dixie Stores, Inc., Case No. 17-cv-60322-BLOOM/Valle, at *4, n. 4 (S.D. Fla. Jan. 24, 2018), quoting Cargo Airport Servs. USA, LLC v. Transcarga Int'l Airways, C.A., Inc., Case No. 17-20768-CIV, 2017 WL 4898292, at *2 (S.D. Fla. Oct. 27, 2017) ("An affidavit submitted by a corporate representative in support of summary judgment is properly considered when the corporate representative expressly verifies that the matters stated therein are based on his own personal knowledge gained through review of business records.")

[3]Michelle Montgomery's Rule 30(b)(6) Deposition is filed at DE 57-25.

Bonds related in the underlying e-mail—on which American bases its statement that "The Miami flight office was aware by September 6, 2015 that an Employee Complaint might be forthcoming from the Captain, and that a fitness for duty examination might be required as a result of that Complaint"— ever occurred.  Whitehouse Depo, at 103:19-104:21 and Exhibit 12.[4]  DE 57-14, then, not only is hearsay, an e-mail concerning with Bonds has virtually no recollection, see Bonds Depo, at 57:24-59:8 and Exhibit 4,[5] but (based on Whitehouse's testsimony) a total fabrication.  What Whitehouse said to Beach is hearsay (sentences 2 and 4).  Sentence 5 is double hearsay.

26. Undisputed—but noteworthy because the characterization is of Whitehouse's allegations, **One**, made in February and March 2015, Montgomery 30(b)(6) Depo, at 35:18-36:1, Beach Depo,[6] at 35:16-37:16; **Two**, were passed on to Corporate Security, whose investigation revealed that the allegations were "unsubstantiated," Montgomery 30(b)(6) Depo, at id. at 14:4-16:21, and, **Three**, were shared by Beach in March with Human Resources and Labor Relations, Montgomery 30(b)(6) Depo, at 20:2-7,

---

[4]The cover page and relevant testimonial pages of the Deposition of Glenn Whitehouse is appended to this statement as Attachment 1.

[5]The Deposition of James N. Bonds is filed at DE 57-7. Exhibit 4 to that deposition, and Exhibit 12 to the Whitehouse Depo, is the same document as DE 57-14.

[6]The Deposition of Brian Beach is filed at DE 57-13.

20:24-24:2 and Exhibit 74 (February-April 2015 e-mail string)—six to seven months prior to Patterson's being put on "paid/withheld" status immediately after going on military duty against Bonds's wishes.

27. Undisputed that this paragraph accurately quotes the language of Patterson's complaint to the Allied Pilots Association against Whitehouse for having maliciously filed "a false hostile environment complaint." DE 57:1, at 318-15-320:12).

28. Undisputed, but irrelevant to summary judgment—other than to raise a question of material fact about why the allegations were not considered serious enough to put Patteson on "paid/withheld" status in March, but only so serious after he had gone on military duty in September.

29. Undisputed that Patterson was placed on "paid/withheld" status, but disputed, *One*, that it was *after* American received Whitehouse's re-packaged allegations, see, e.g., Patterson Depo,[7] Exhibit 12 (Activity Pay Sheet showing "paid/withheld" status as of September 22), and, *Two*, that Exhibits 17 or 18 to the Beach deposition support the allegations of ¶ 29.

30. Disputed. The transcript citation, DE 57-7, at 98:1-9 does not support the allegation. Bonds recognized the letter, Exhibit 17 to his deposition, DE 57-10, but recalled neither signing it nor speaking to Patterson. DE 57-7 at 96:23-98:25.

---

[7]The Deposition of Rodney Scott Patterson is filed at DE 57-1. Exhibit 12, an Activity Pay Sheet, is appended to this Statement as Attachment 2.

31. Undisputed that the Section 21 investigation was conducted by Human Resources, which produced no evidence of any conduct on the part of Patterson warranting discpline. Montgomery Rule 30(b)(6) Deposition, at 46:1-4, 68:10-17.

32. Objection. Multiple levels of inadmissible hearsay.

33. Objection. Multiple levels of inadmissible hearsay.

34. Objection. There is no record evidence of who made the decision to refer Patterson for a fitness-for-duty examination or why. See DE 61 ("Plaintiff's Local Rule 56.1(a) Statement of Material Facts In Support of Motion for Summary Judgment"), at 6-7, ¶¶ 13-14.

35. It is undisputed that American has correctly quoted the letter that it gave to Patterson, but the truth and the source of the assertions it contains are disputed. See ¶ 34, citing to DE 61 at 6-7 and ¶¶ 13 and 14. See also Ahtone Depo, at 5:7-14, 19:23-20:5, 22:21-24:4.[8]

36. It is undisputed that Jeral Ahtone, M.D., American's Corporate Medical Director, selected John Knippa, Ph.D., but Dr. Ahtone's statements about Dr. Knippa's background is hearsay from an unidentified source. Ahtone Depo, at 24:9-29:11.

37. It is undisputed that American correctly quoted Dr. Knippa's report, but more importantly, Dr. Ahtone conceded that Dr. Knippa's report

---

[8]The Deposition of Jeral L. Ahtone, M.D., is filed as DE 57-3.

contains no indications of any neuropsychological deficits, psychopathology or personality disorders. Ahtone Depo, at 55:5-61:5.

38. Although American's policy may be to send a pilot who has been found unfit for duty by one practitioner back to that same practitioner, it offered to the Allied Pilots Association, Patterson's union, in December 2016 to permit the University of Texas Medical Branch ("UTMB") to review the fit-for-duty reports furnished by Patterson in August 2016 from, among others, John Hastings, M.D., an FAA-qualified neurologist; Gary Kay, Ph.D., the Georgetown University neuropsychologist who designed the testing instrument, COGscreen AeroMedical Edition, used by Knippa to disqualify Patterson and whom American frequently uses for fitness-for-duty examinations, and Glenn R. Caddy, Ph.D., a clinical psychologist, who is Patterson's testifying expert, and the military physician who cleared Patterson as being fit for combat deployment.[9] The offer, which was made after American became aware that Patterson had filed a USERRA complaint with the Department of Labor, but before this action was filed, was conditioned on Patterson's dropping any claim arising out of his neuropsychological grounding.

39. It is undisputed that Patterson has refused to return to Knippa,

---

[9]The August 16, 2016 cover letter and the reports are appended to Plaintiff's Local Rule 56.1(a) Statement of Material Facts In Support of Motion for Summary Judgment as DE 61-19.

whose findings concerning Patterson have been contradicted by the four practitioners listed in ¶ 38 and whose administration of the tests to Patterson the day after Patterson arrived in California, three time zones away from his home, has been criticized as unsound by Caddy.  Caddy is a clinical psychologist and former professor of psychology who has taught psychometrics, or psychological testing, at the undergraduate and graduate levels.  Caddy Depo, DE 57-27, at 57:4-15, 69:9-20.  Caddy also characterized Knippa's overall approach as being in which

> at every level, if you really understand what he was doing, he kept on trying to find something wrong and he'd make comments about something wrong, but then he'd fall off and say, well, it's not enough to offer a legitimate assertion of that, after he made assertions about it.

Id. at 68:20-69:1.

  40. Undisputed, but not relevant to summary judgment.  It also is inadmissible as speculation by Patterson about Bonds's state of mind.

  41. Objection.  The collective bargaining agreement, **One**, speaks for itself, and, **Two**, says nothing about "American's responsibility for pubic safety."

**Plaintiff's Additional Facts**

42. Plaintiff adopts, as if fully set forth, the statements, attachments and authorities contained in his Plaintiff's Local Rule 56.1(a) Statement of Material Facts In Support of Motion for Summary Judgment, DE 61.

43. Additionally, Brian Vitale, another American captain, was told by both Bonds and Beach on or about September 28, 2015, that Patterson had been put on no-fly status because he, as a first officer, had taken it upon himself to divert a South American flight to land in Bogota—which Vitale told that Patterson could not have done, because only a captain, and not a co-pilot, can divert a flight. Vitale accused them at the time of violating USERRA. See notarized Statement of Brian Vitale, which is appended as Attachment 3.

Respectfully submitted,

s/ William R. Amlong
WILLIAM R. AMLONG
WRAmlong@TheAmlongFirm.com
Florida Bar Number 470228
KAREN COOLMAN AMLONG
KAmlong@TheAmlongFirm.com
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 856436
JDaley@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301

        (954) 462-1983

        NOEL C. PACE
        noel.c.pace.esq@gmail.com
        206 N.W. 91 Street
        El Portal, Florida 33150
        (305) 710-3713

        ***Attorneys for the Plaintiff,***
          ***Rodney Scott Patterson***

## Certificate of Service

    I hereby certify that a true and correct copy of the this Statement was served this date via the Southern District of Florida's CM/ECF system on all parties and counsel of record.

        *s/ William R. Amlong*