UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 1:17-cv-60533-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,
    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation,

    Defendant.
_____/

**AMERICAN AIRLINES, INC.'S MOTION FOR EXTENSION OF TIME TO TAKE DEPOSITIONS AND FILE *DAUBERT* MOTION AND TO CONTINUE TRIAL AND REQUEST FOR EXPEDITED BRIEFING**

Because Plaintiff has until now concealed evidence demonstrating that his testifying expert, Dr. Caddy, used an inherently unreliable method, Defendant American Airlines, Inc. ("American") respectfully requests that the deadlines for American to take additional depositions and to file a *Daubert* motion be extended, and that the trial date be adjusted accordingly. Plaintiff should not be rewarded—and American punished—for Plaintiff's failure to comply with basic discovery obligations. In support of this motion, American states:

**Relevant Background**

1. This case is currently set for trial during the two-week period beginning August 20, 2018. *See* ECF No. 49.

2. Plaintiff asserts two claims under USERRA contending American withheld him from duty as an airline pilot because he went on active military duty and filed a USERRA complaint with the Department of Labor. *See generally* Compl., ECF No. 1. American denies

these allegations and withheld Plaintiff from duty due to a serious workplace harassment complaint made by another pilot. *See generally* Answer, ECF No. 9.

3. In the course of investigating the harassment allegations, "the majority of the employees interviewed described [Plaintiff] as a habitual liar/story teller" and Plaintiff's conduct led "multiple employees . . . to question his ability to operate the aircraft safely; it left them with an impression that 'he's not quite all there.'" ECF No. 57-26. Accordingly, in accordance with its obligation to ensure the safety of the traveling public, American referred Plaintiff for evaluation by an independent neuropsychologist, who determined that indeed Plaintiff was "NOT FIT FOR DUTY as a [pilot] on the basis of impaired performances on cognitive assessment." ECF No. 57-6 at 13.

4. For as long as this case has been pending, Plaintiff has contended that the findings of the independent neuropsychologist were wrong because other doctors (whom Plaintiff hired for purposes of this litigation) came to contrary conclusions.[1] And Plaintiff's testifying expert witness, Dr. Caddy, has relied on the reports from other doctors from whom Plaintiff sought opinions. *See* Caddy Report at 1, 53–56, ECF No. 57-28.

5. But Plaintiff failed to disclose (as he was required to do under Federal Rule of Civil Procedure 26(a)(2)(b)(ii)) that Dr. Caddy also considered the findings of Dr. Edwin Bercaw—a neuropsychologist selected by Dr. Caddy to evaluate Plaintiff. *See* Order, ECF No. 80. Instead,

---

[1] This issue is actually a red herring because whether another doctor or paid witness *later* concluded Plaintiff is fit for duty does not change the fact that American never took any action based on Plaintiff's military service and would have withheld from duty any pilot found not fit for duty regardless of the pilot's military service. Because Plaintiff has made clear that he intends to put this issue before the jury, however, American is entitled to prepare its defense and challenge his purported expert based on the information that Plaintiff withheld until compelled to produce it by Magistrate Judge Otazo-Reyes.

Plaintiff attempted to hide this information until after discovery was closed and after two discovery hearings on this issue. *See* ECF Nos. 56 & 80.

6. Dr. Caddy testified at his deposition that he did not recall whether he received the report from Dr. Bercaw, but discussed with Dr. Bercaw the results of the testing, which Dr. Caddy testified were "generally positive." *See* Caddy Dep. 46:16–18, 47:17–48:4, ECF No. 70-2.

7. Based on this testimony, Magistrate Judge Otazo-Reyes found that Dr. Caddy considered Dr. Bercaw's report and findings and should have identified and disclosed them in his expert report. *See* ECF No. 80 at 1. Thus, Plaintiff should have voluntarily disclosed along with Plaintiff's expert disclosures, which were originally due in October of 2017. *See* ECF No. 19.[2] The Magistrate Judge ordered Plaintiff to produce Dr. Bercaw's report and any communications between Drs. Bercaw and Caddy by July 9, 2018, and authorized American to obtain copies of this information directly from Dr. Bercaw. *See* ECF No. 80.

8. On June 29, 2018, Dr. Bercaw's office provided a copy of his report that describes Plaintiff as having "mildly-to-moderately impaired deductive reasoning in comparison to aviators" that raise concerns Dr. Bercaw characterized as "potentially critical to flight performance, particularly in non-routine situations." Bercaw Report at 7, ECF No. 87-1. In an email that was also improperly withheld until recently, Plaintiff tells Dr. Caddy, "If Dr. Bercaw won't play ball with you, fine. . . . If he won't play ball we will cut bait and go fish elsewhere." ECF No. 79 at 2.

9. On July 9, 2018—more than a month after the close of discovery and the deadline for American to file a *Daubert* motion—Plaintiff produced additional documents that confirm Dr. Caddy received the report by facsimile and discussed the report and findings with Dr. Bercaw.

---

[2] The deadline was later extended to April of 2018, *see* ECF No. 25, but Plaintiff had already served his expert report on November 1, 2017 and never attempted to supplement or revise it.

3

**Request to Take Additional Depositions After the Discovery Deadline**

10. American sought to discover the results of Dr. Bercaw's testing well before the discovery deadline. *See* ECF No. 53-3 (subpoena to Dr. Bercaw issued April 20, 2018).

11. Had this information been timely provided in compliance with the Court's scheduling order and Plaintiff's Rule 26 obligations, American would have been able to complete follow-up depositions to ensure the admissibility of Dr. Bercaw's report at trial and to challenge Dr. Caddy's faulty methodology. Plaintiff's failure to disclose reliance materials and dilatory attempts to prevent American from obtaining basic discovery are the sole reasons American was unable to obtain this information before the discovery deadline.

12. American seeks a limited extension of the discovery deadline and leave to take additional depositions of the records custodian and/or Dr. Bercaw so American can rebut any false argument made by Plaintiff to the jury suggesting Dr. Caddy was unaware of Dr. Bercaw's finding that are contrary to Dr. Caddy's paid testimony.

13. The deadline to complete discovery was June 6, 2018. *See* ECF No. 49. Good cause and exigent circumstances exist to modify the deadline now. American will be prejudiced at trial absent an extension and Plaintiff should not be rewarded for flouting the basic rules of discovery.

14. American anticipates that all necessary depositions can take place within three weeks of the Court's order authorizing additional discovery. This projected timeline takes into consideration the fact that Dr. Bercaw and his office are located in another judicial district, and thus American will be required to serve subpoenas to any witness and provide reasonable notice of any out-of-town depositions, which times and locations will have to be coordinated with opposing counsel and the witnesses.

**Request for Continuance and Extension of Time for American to File a *Daubert* Motion**

15. Based on the newly discovered evidence of Dr. Caddy's unreliable methodology, along with the evidence American will obtain at the additional depositions requested in this motion, American believes Dr. Caddy's opinions must be excluded under *Daubert*.

16. More specifically, Dr. Caddy's selective reliance only on materials that support his paid-for conclusion is decidedly unscientific and renders his entire methodology unreliable. *See, e.g.*, *Abarca v. Franklin Cty. Water Dist.,* 761 F. Supp. 2d 1007, 1066 n.60 (E.D. Cal. 2011) ("A scientist might well pick data from many different sources to serve as circumstantial evidence for a particular hypothesis, but a reliable expert would not ignore contrary data, misstate the findings of others, make sweeping statements without support, and cite papers that do not provide the support asserted.") (quotations omitted).

17. American should be permitted to brief this threshold issue fully and to obtain a ruling from the Court before it incurs the expense of preparing for trial and before it must present its opening statement to the jury.

18. If Dr. Caddy is permitted to testify about his pseudoscience opinions at trial, American will be prejudiced and will have to prepare differently than if this inadmissible evidence is excluded. Moreover, American should not be required to prepare for alternative versions of the trial at break-neck speeds (and excessive costs) simply because Plaintiff did not timely disclose expert reliance materials.

19. The rules do not countenance rewarding Plaintiff for ignoring his discovery obligations while prejudicing American. *See* Fed. R. Civ. P. 1 ("[The Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.") Justice and efficiency dictate that American

should be allowed to file a *Daubert* motion regarding Dr. Caddy's opinion testimony and that the trial be continued until a time no earlier than two weeks after the Court's resolution of that motion.[3]

## Request for Expedited Briefing

20. Before filing this motion, American conferred with counsel for Plaintiff regarding the relief requested herein, but the parties were unable to reach an agreement.

21. In light of the rapidly approaching pretrial deadlines, American requests expedited treatment of this motion including an order expediting any further briefing the Court desires on this issue. Absent expedited treatment, Plaintiff will continue to reap benefits of his improper litigation tactics while American continues to suffer prejudice and harm.

WHEREFORE, American requests that (1) this case be removed from the August 20, 2018 trial calendar, (2) the discovery deadline be extended to allow American to take follow up depositions regarding Dr. Bercaw's untimely disclosed report for three weeks from the date of the Court's order, (3) that American be permitted to file a *Daubert* motion within 10-days after the deadline for additional discovery, and (4) that the trial be continued to a date at least two weeks after the Court's ruling on American's to-be-filed *Daubert* motion.

Respectfully submitted,

By: /s/ Michael A. Holt

Michael A. Holt
mholt@shb.com
Florida Bar No.: 91156
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131

---

[3] American has also moved for summary judgment, which, if granted, would resolve all of the claims in this case and would avoid the need for a trial and its attendant expenses for both parties. That motion is fully briefed and ripe for determination. *See* ECF Nos. 59, 85, 87.

Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq. (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for American Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of July, 2018, the foregoing document was filed with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on the counsel or parties of record listed below.

By: /s/ Michael A. Holt
MICHAEL A. HOLT

**SERVICE LIST**

| | |
|---|---|
| William R. Amlong, Esq.<br>WRAmlong@TheAmlongFirm.com<br>Karen Coolman Amlong, Esq.<br>KAmlong@TheAmlongFirm.com<br>**AMLONG & AMLONG, P.A.**<br>500 Northeast Fourth Street<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 462-1983<br>Facsimile: (954) 523-3192<br><br>Noel C. Pace, Esq.<br>(*Pro Hac Vice*)<br>noel.c.pace.esq@gmail.com<br>206 N.W. 91 Street<br>El Portal, Florida 33150<br>Telephone: (305) 710-3713<br><br>(Service via CM/ECF)<br><br>*Counsel for Plaintiff* | Michael A. Holt, Esq.<br>mholt@shb.com<br>**SHOOK, HARDY & BACON L.L.P.**<br>Miami Center, Suite 3200<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 358-5171<br>Facsimile: (305) 358-7470<br><br>Mark W. Robertson, Esq.<br>mrobertson@omm.com<br>(*Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>Times Square Tower 7 Times Square<br>New York, New York 10036<br>Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061<br><br>Tristan Morales, Esq.<br>tmorales@omm.com<br>(*Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, Northwest<br>Washington, DC 20006<br>Telephone: (202) 383-5300<br>Facsimile: (202) 383-5414<br><br>(Service via CM/ECF)<br><br>*Counsel for American Airlines, Inc.* |