UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 1:17-cv-60533-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,
    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation,

    Defendant.
_____/

**AMERICAN AIRLINES, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR EXTENSION OF TIME TO TAKE DEPOSITIONS
AND FILE *DAUBERT* MOTION AND TO CONTINUE TRIAL**

Defendant American Airlines, Inc. ("American") respectfully submits this reply in support of its Motion for Extension of Time to Take Depositions and File *Daubert* Motion and to Continue Trial (the "Motion"), ECF No. 91, and states:

**INTRODUCTION**

After being caught red-handed hiding evidence that directly undermines his expert's opinion, Plaintiff now seeks to place the blame anywhere but himself—going so far as to accuse the neuropsychologist that Plaintiff himself hired of illegal and unethical conduct. In his 20-page response, Plaintiff ignores his own violation of basic discovery rules, and improperly argues the merits of the *Daubert* issue—a motion that American has not yet had the opportunity even to brief because of his improper behavior in withholding these materials. Never once in his lengthy response, however, does Plaintiff set forth any prejudice he would suffer if the Court grants the Motion—nor can he. For the reasons set forth in the Motion and below, Plaintiff should not be

rewarded for his improper conduct, and American's simple and reasonable request to discover what Plaintiff's testifying expert knew and why he ignored the specific results and findings by Dr. Bercaw that directly contradict his opinions should be granted.

## ARGUMENT

### A. Good Cause Exists to Extend Deadlines and Continue the Trial.

Nowhere in Dr. Caddy's 96-page report does he disclose that he ever was aware of, considered, or discussed with Dr. Bercaw the results of Dr. Bercaw's examination. Now, however, Plaintiff concedes that Dr. Caddy discussed the results and their significance with Dr. Bercaw (ECF No. 92-1), and even attaches newly disclosed communications to his Response Brief. (*See* ECF No. ECF No. 91 at 2 n.2) (documents were not produced until July 9, 2018). Had Plaintiff turned this information over nine months ago (when expert disclosures were due), American could have obtained follow-up discovery and filed its *Daubert* motion before the deadline. Plaintiff's gamesmanship prevented that. And now, instead of agreeing to a brief extension of time so the parties can address the *Daubert* issue fairly and on the merits, Plaintiff seeks to turn his violation of the Rules into a tactical advantage. The Court should reject his attempt to do so and grant the Motion.

"Litigation is not a game of blind man's bluff." *Romain v. Governor's Office of Homeland Sec. & Emergency Preparedness*, No. CV 14-660-SDD-RLB, 2017 WL 2438844, at *7 (M.D. La. June 6, 2017) (granting motion in limine to exclude evidence because it was not timely disclosed in pretrial discovery). American is not required to grope in the dark in the hopes of stumbling onto the information Dr. Caddy considered in formulating his opinions (even if he considered and rejected that information). Instead, the Rules make Plaintiff responsible for affirmatively disclosing the information provided to his experts. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii) (expert

2

reports must contain the "facts or data considered by the witness"); *see also RTG Furniture Corp. v. Indus. Risk Insurers*, No. 07-80538-CIV, 2008 WL 11331986, at *5 (S.D. Fla. May 15, 2008) (Rule 26(a) requires "disclosure of all information, whether privileged or not, that a testifying expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions"); *Millsaps Coll. v. Lexington Ins. Co.*, No. 3:16-cv-193-CWR-LRA, 2017 WL 3158879, at 3 (S.D. Miss. July 24, 2017) (material "considered" by testifying expert must be disclosed "even if such information is ultimately rejected") (citations omitted). In this case, that information includes the testing results from Dr. Bercaw.

The fact that Dr. Caddy considered Dr. Bercaw's testing cannot be disputed because Magistrate Judge Otazo-Reyes has already issued a ruling to that effect. Plaintiff admits that he had the opportunity to object to that finding but did not, and the time for any such objection has passed. (*See* Resp. Br. at 3 n.3; Fed. R. Civ. P 72(a).)[1] Plaintiff cannot bring an objection now and would have no basis for doing so in any event.

It also cannot be disputed that Plaintiff's failure to disclose the data considered by Dr. Caddy is a sufficient basis for excluding Dr. Caddy's opinion testimony. *See* Fed. R. Civ. P. 37(c)(1) (allowing court to exclude evidence or impose other sanctions for failure to provide information required by Rule 26(a)). Other sanctions for this discovery violation could include striking pleadings or dismissing the action. *See* Fed. R. Civ. P. 37(b)(2)(A). The Court may also stay further proceedings until Plaintiff complies. *See id.* Thus, it is entirely appropriate to extend the deadlines for American to take limited follow-up discovery and to file a *Daubert* motion. Rule

---

[1] Plaintiff's argument that the findings by the Magistrate Judge do not establish "law of the case" fundamentally misunderstand that doctrine—which relates only to appellate opinions. *See United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996).

16(b)(4) also authorizes modifications to the Court's scheduling order for "good cause and with the judge's consent." Plaintiff's failure to disclose important expert reliance materials until shortly before trial more than constitutes good cause for an extension of time and brief continuance of the trial.[2]

### B. Plaintiff Prematurely Argues the Admissibility of Dr. Caddy's Opinions.

Plaintiff dedicates multiple pages to arguing that Dr. Caddy's opinions are admissible. (*See* ECF No. 92 at 5–13, 16–18.) In so doing, Plaintiff accuses two licensed psychologists that he retained of committing illegal and unethical acts. (*See id.* at 5–7.) These unsupported allegations seem to rely on the bizarre premise that, even though she was <u>already</u> a licensed psychologist, Dr. Fonseca was not qualified as a psychologist. In any event, this puts the cart well before the horse. American has not yet even filed a *Daubert* motion because it only recently learned of the basis for doing so because Plaintiff withheld the materials that give rise to the motion and requires additional discovery. The Court should therefore disregard Plaintiff's arguments about the admissibility of Dr. Caddy's opinions until these issues can be fully developed and briefed—that is the very reason American is seeking to extend deadlines and continue the trial.

### C. Plaintiff Should Not Be Rewarded for His Misbehavior at American's Expense.

Nowhere in his 20-page response does plaintiff mention any prejudice he would suffer from a brief extension of deadlines and continuance; nor can he because there is none. But even

---

[2] In an effort to suggest American delayed in seeking discovery, Plaintiff incorrectly claims that he objected to disclosing this material. (ECF No. 92 at 3.) Plaintiff has not cited to such an objection at the time of Dr. Caddy's disclosure because he never made such an objection. The first objection made by Plaintiff regarding Dr. Bercaw's results, which Dr. Caddy considered, came on May 24, 2018—the night before a discovery hearing about American's subpoena to Dr. Bercaw. (*See id.* at 4 n.4; ECF Nos. 54, 55, 56.)

if he could, it is a situation of his own making. Under these facts, American should not be punished and Plaintiff rewarded for his bad behavior.

## **CONCLUSION**

For these reasons, American respectfully requests that the Court grant the Motion.

Respectfully submitted,

By: /s/ Michael A. Holt

Michael A. Holt
mholt@shb.com
Florida Bar No.: 91156
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq. (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2018, the foregoing document was filed with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on the counsel or parties of record listed below.

By: /s/ Michael A. Holt
MICHAEL A. HOLT

## SERVICE LIST

William R. Amlong, Esq.
WRAmlong@TheAmlongFirm.com
Karen Coolman Amlong, Esq.
KAmlong@TheAmlongFirm.com
**AMLONG & AMLONG, P.A.**
500 Northeast Fourth Street
Fort Lauderdale, FL 33301
Telephone: (954) 462-1983
Facsimile: (954) 523-3192

Noel C. Pace, Esq.
(*Pro Hac Vice*)
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
Telephone: (305) 710-3713

(Service via CM/ECF)

*Counsel for Plaintiff*

Michael A. Holt, Esq.
mholt@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Mark W. Robertson, Esq.
mrobertson@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Times Square Tower 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq.
tmorales@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

(Service via CM/ECF)

*Counsel for American Airlines, Inc.*