UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 1:17-cv-60533-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,
    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation,

    Defendant.
_____/

**AMERICAN AIRLINES, INC.'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF OR REFERENCES TO ANY
ALLEGED BREACH, MISINTERPRETATION, OR MISAPPLICATION
OF AMERICAN'S PILOT COLLECTIVE BARGAINING AGREEMENT**

Defendant American Airlines, Inc. ("American") respectfully requests that the Court enter an order pursuant to Federal Rules of Evidence 103(d), 402, and 403 precluding Plaintiff from making any references, allusions, suggestions, inquiries, introducing any evidence (for impeachment or otherwise), and from making any argument at trial or during voir dire that American breached, misinterpreted, or misapplied the American/Allied Pilots Association ("APA") collective bargaining agreement (the "CBA") in withholding Plaintiff from duty as a pilot, or continuing to withhold him from duty unless and until he is reevaluated by the same doctor or a comparable doctor approved by American. If Plaintiff intends to assert that American breached, misinterpreted, or misapplied the CBA, Plaintiff should so state at this time, before trial has commenced, so that this Court can stay this litigation until a system board of adjustment can

resolve this "minor dispute" concerning the CBA in accordance with the mandate of the Railway Labor Act ("RLA").

In support of this motion, American states:

## BACKGROUND

In this USERRA action, Plaintiff claims that American withheld him from duty as a First Officer of a 767 aircraft because Plaintiff took time off to serve in the military. As set forth in American's Motion for Summary Judgment, those allegations are demonstrably false. (*See* ECF Nos. 59 & 87.) As American has demonstrated in its summary judgment motion, American withheld Plaintiff from duty on September 24, 2015 because another long-time pilot filed a formal workplace harassment complaint on that day that raised serious issues and concerns regarding Plaintiff. *See id.* Even Plaintiff concedes that American withholding him from duty "would not have arisen but for" the complaint by the other pilot. (*See* ECF No. 57-28 at 30.)

During American's investigation of the pilot's complaint regarding Plaintiff, "the majority of the employees interviewed described [Plaintiff] as a habitual liar/story teller" whose conduct led "multiple employees . . . to question his ability to operate the aircraft safely; it left them with an impression that 'he's not quite all there.'" (ECF No. 57-26.) Based on this information, American referred Plaintiff for evaluation by an independent neuropsychologist, who determined that Plaintiff was "NOT FIT FOR DUTY as a [pilot] on the basis of impaired performances on cognitive assessment." (ECF No. 57-6 at 13.)

American reasonably believes Plaintiff will attempt to confuse the issues by interjecting irrelevant, misleading evidence regarding an alleged breach of the CBA or his proposed interpretation of the CBA, even though this Court lacks jurisdiction to adjudicate any claim for breach of the CBA or to address any claim by Plaintiff that American misapplied or misinterpreted the CBA. Plaintiff has asserted in at least one of his discovery-related filings in this case that a

breach of the CBA occurred.  *See, e.g.*, Plaintiff's Reply to Opposition to Deposing 30(b)(6) Designee(s), Cronin and Montgomery, ECF No. 50-1 at *10 ("Beach responded by instructing Patterson that he could return to Dr. Knippa for a re-evaluation, which is contrary to the fitness-for-duty procedures contained in the Joint Collective Bargaining Agreement.")

American thus seeks an order *in limine* preventing Plaintiff from introducing this improper evidence or making similar arguments or suggestions in the presence of the jury.

## **LEGAL STANDARD**

Federal Rule of Evidence 103(d) specifically requires that, "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."  "The purpose of a motion in limine is to permit the pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury."  *United States v. Jim*, No. 14-cv-22441, 2016 WL 7538942, at *1 (S.D. Fla. May 5, 2016) (Altonaga, J.) (citations omitted).  Resolving these types of evidentiary issues before trial makes it possible to "avoid the need to 'unring the bell' once inadmissible evidence has been presented to the jury."  *Id.*

Only relevant evidence is admissible.  Fed. R. Evid. 402.  Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Even if evidence is relevant, it may be inadmissible for other reasons.  Fed. R. Evid. 402.  For example, relevant evidence is not admissible if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence."  Fed. R. Evid. 403.

**ARGUMENT**

Section 20 of the CBA governs the fitness-for-duty examination process that resulted in American sending Plaintiff for an examination and continuing to withhold him from duty after the independent neuropsychologist found him not fit for duty. (Pl. Dep. Ex. 22.) Arbitration panels known as system boards of adjustment have exclusive jurisdiction to interpret or apply the CBA. This Court should enter an order preventing Plaintiff from asserting that American breached, misinterpreted, or misapplied the CBA in withholding Plaintiff from duty as a pilot, or keeping him withheld from duty. If Plaintiff intends to assert that American breached, misinterpreted, or misapplied the CBA, this Court must stay this litigation until a system board of adjustment, established pursuant to the RLA, first resolves any such "minor dispute."

I. **Because a System Board of Adjustment Has Exclusive Jurisdiction to Interpret and Apply the CBA, Plaintiff Should be Barred from Arguing to this Court that American Breached, Misinterpreted, or Misapplied the CBA.**

Under the RLA, 45 U.S.C. §§ 151 *et seq.*, the federal statute governing labor-management relations in the airline industry, disputes that involve the interpretation or application of a CBA are known as "minor disputes." *See, e.g.*, *Elgin, J. & E. Ry. v. Burley*, 325 U.S. 711, 722–23 (1945); *Pyles v. United Air Lines, Inc.*, 79 F.3d 1046, 1049–50 (11th Cir. 1996) ("The distinguishing feature of a . . . "minor dispute" is that the dispute may be conclusively resolved by interpreting the existing collective bargaining agreement.") (internal quotations and punctuation omitted). Courts do not have jurisdiction to decide the merits of minor disputes. *See, e.g.*, *Bhd. of Locomotive Eng'rs v. Louisville & Nashville R.R. Co.*, 373 U.S. 33, 36–38 (1963). Rather, arbitration tribunals, generally referred to as "boards of adjustment," have "mandatory, exclusive and comprehensive" jurisdiction to adjudicate minor disputes. *Id.* at 38.

Here, any assertion by Plaintiff that American breached, misinterpreted, or misapplied the CBA in withholding Plaintiff from duty (or continuing to withhold Plaintiff from duty) raises a minor dispute. Indeed, Plaintiff has a pending grievance before the American/Allied Pilots Association System Board of Adjustment in which he asserts that American breached Section 20 of the CBA by withholding him from duty.[1] Exclusive jurisdiction to decide whether American breached "the fitness-for-duty procedures contained in the Joint Collective Bargaining Agreement" resides with the applicable board of adjustment. *See, e.g.*, *Pyles*, 79 F.3d at 1050 (11th Cir. 1996) (affirming dismissal of claim for breach of collectively-bargained letter agreement); *Stewart v. Spirit Airlines, Inc.*, 503 F. App'x 814, 819 (11th Cir. 2013) (affirming dismissal of pilot retaliation claims against air carrier as "'minor disputes' under the RLA, subject to mandatory arbitration and divesting the district court of jurisdiction.").

Thus, any testimony regarding an alleged breach or alleged misinterpretation or misapplication of the CBA is on its face irrelevant to the USERRA action pending before this Court, as this Court lacks jurisdiction to adjudicate any such claim because the RLA preempts it. Indeed, the RLA does not preempt Plaintiff's present claim in this litigation *solely* and *only to the extent that* it seeks to "enforce rights that are independent of the collective bargaining agreement, including statutory rights." *See Stewart*, 503 F. Appx. at 818. Accordingly, testimony regarding an alleged breach or alleged misinterpretation or misapplication of Section 20 of the CBA (or any other provision in the CBA) is irrelevant and thus inadmissible.

---

[1] Plaintiff's assertion that American in any manner breached the CBA is without merit, and American intends to present evidence to the system board of adjustment rebutting Plaintiff's assertion.

Furthermore, testimony regarding an alleged breach of the CBA would confuse the issues, mislead the jury, and be unfairly prejudicial to American. The system board of adjustment provides the mandatory and exclusive forum for any claim that involves interpretation or application of the CBA, and Plaintiff has a grievance pending before the system board regarding this separate claim. But, such a grievance proceeding has not yet occurred. And it is not within the jurisdiction of this Court—and certainly not within the purview of a jury—to speculate as to the evidence that will be put before the system board concerning the CBA or to the likely result in that proceeding. *See Pyles*, 79 F.3d at 1050 ("Congress intended that these 'minor disputes' be resolved through the grievance procedures of the RLA rather than in federal court.")

Accordingly, any assertion that American breached, misinterpreted, or misapplied the CBA would confuse the issues and mislead the jury concerning the present litigation. And because American could not respond by presenting a system board ruling regarding the alleged breach— given that the proceeding has not yet occurred—or by identifying the evidence that American intends to present to rebut the assertion that the CBA was breached—American would be subject to undue prejudice.

## II. If Plaintiff Intends to Assert that American Breached, Misinterpreted, or Misapplied the CBA, This Case Must be Stayed So a System Board Can Resolve this "Minor Dispute".

If the parties have a dispute regarding the interpretation or application of Section 20 of the CBA (or any other provision of the CBA), this matter would have to be stayed to permit the parties' time to obtain a decision from the applicable board of adjustment. *See, e.g., Tice v. Am. Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir. 2002) ("[The] suit must be stayed until the dispute over the agreement is resolved by the only body authorized to resolve such disputes, namely an arbitral panel."); *Air Line Pilots Ass'n v. Northwest Airlines, Inc.*, 627 F.2d 272, 278 (D.C. Cir. 1980)

("[T]he appropriate procedure is for the court to suspend its own proceedings until the end of the arbitral process or until it is clear that arbitration cannot be obtained."); *Miller v. Am. Airlines, Inc.*, 03 C 7756, 2004 WL 2203425, at *4 (N.D. Ill. Sept. 29, 2004) ("[M]andatory arbitration provision of the RLA strips this Court of subject matter jurisdiction and 'precludes' plaintiffs from proceeding" in federal court until after resolution of the arbitration.").

Therefore, if Plaintiff intends to assert that American breached, misinterpreted, or misapplied the CBA, the interests of judicial economy and economy of the parties dictate that Plaintiff should so state at this time, before trial has commenced, in order to permit the American/APA system board of adjustment to resolve any such "minor dispute" regarding the CBA.[2]

## CONCLUSION

For these reasons, American respectfully requests that this Court enter an order prohibiting Plaintiff from offering any evidence or making any reference to any alleged breach, misinterpretation, or misapplication by American of the CBA at trial or during voir dire. If Plaintiff intends to assert any breach, misinterpretation, or misapplication of the CBA, the Court should stay these proceedings pending the result of the resolution of that dispute by a system board of adjustment.

---

[2] The rationale for this rule can also be explained by analogy to the doctrine of primary jurisdiction. *See Tice*, 288 F.3d at 318 ("When, in a suit based on a federal statute, a potentially dispositive issue arises that is within the exclusive jurisdiction of an administrative agency, the suit must be stayed while the parties resort to the agency for that resolution. . . . [Similarly, this case must be stayed because] only the arbitral boards convened under the aegis of the Railway Labor Act have the authority to determine the rights conferred by a collective bargaining agreement in the airline industry.")

## **COMPLIANCE WITH LOCAL RULE 7.1**

Pursuant to Local Rule 7.1(a)(3), Counsel for American has conferred with counsel for Plaintiff in a good faith effort to resolve the matters raised in this motion, but the parties have not been able to reach a resolution.

Respectfully submitted,

By: /s/ Michael A. Holt

Michael A. Holt
mholt@shb.com
Florida Bar No.: 91156
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq. (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July, 2018, the foregoing document was filed with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on the counsel or parties of record listed below.

By: /s/ Michael A. Holt
MICHAEL A. HOLT

## SERVICE LIST

William R. Amlong, Esq.
WRAmlong@TheAmlongFirm.com
Karen Coolman Amlong, Esq.
KAmlong@TheAmlongFirm.com
**AMLONG & AMLONG, P.A.**
500 Northeast Fourth Street
Fort Lauderdale, FL 33301
Telephone: (954) 462-1983
Facsimile: (954) 523-3192

Noel C. Pace, Esq.
(*Pro Hac Vice*)
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
Telephone: (305) 710-3713

(Service via CM/ECF)

*Counsel for Plaintiff*

Michael A. Holt, Esq.
mholt@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Mark W. Robertson, Esq.
mrobertson@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Times Square Tower 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq.
tmorales@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

(Service via CM/ECF)

*Counsel for American Airlines, Inc.*