UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 1:17-cv-60533-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,
    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation,

    Defendant.

_____/

**AMERICAN AIRLINES, INC.'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF PLAINTIFF'S ALLEGED
EMOTIONAL DAMAGES OR OF AMERICAN'S FINANCIAL RESOURCES**

Defendant American Airlines, Inc. ("American") respectfully requests that the Court enter an order pursuant to Federal Rules of Evidence 103(d), 402, and 403 precluding Plaintiff from making any references, allusions, suggestions, inquiries, introducing any evidence (for impeachment or otherwise), and from making any argument at trial or during voir dire regarding (1) any alleged emotional damages and (2) American's revenues, profits, or financial resources in any form. In support of this motion, American states:

**BACKGROUND**

In this USERRA action, Plaintiff claims that American withheld him from duty as a First Officer of a 767 aircraft because Plaintiff took time off to serve in the military. As set forth in American's Motion for Summary Judgment, those allegations are demonstrably false. (*See* ECF Nos. 59 & 87.) As American has demonstrated in its summary judgment motion, American withheld Plaintiff from duty on September 24, 2015 because another long-time pilot filed a formal

workplace harassment complaint on that day that raised serious issues and concerns regarding Plaintiff. *See id.* Even Plaintiff concedes that American withholding him from duty "would not have arisen but for" the complaint by the other pilot. (*See* ECF No. 57-28 at 30.)

During American's investigation of the pilot's complaint regarding Plaintiff, "the majority of the employees interviewed described [Plaintiff] as a habitual liar/story teller" whose conduct led "multiple employees . . . to question his ability to operate the aircraft safely; it left them with an impression that 'he's not quite all there.'" (ECF No. 57-26.) Based on this information, American referred Plaintiff for evaluation by an independent neuropsychologist, who determined that Plaintiff was "NOT FIT FOR DUTY as a [pilot] on the basis of impaired performances on cognitive assessment." (ECF No. 57-6 at 13.)

American reasonably believes Plaintiff will attempt to confuse the issues by interjecting irrelevant, misleading evidence about his purported emotional damages. Indeed, Plaintiff has stated that he intends to offer the testimony of Dr. Abi-Rafeh about the alleged "psychological injuries suffered by plaintiff because of treatment while employed and thereafter removed from duty." (*See* Pl.'s Notice of Expert Disclosure, attached as Exhibit 1.) American further believes that Plaintiff may attempt to introduce evidence or argument regarding American's revenues, profits, or financial resources. American thus seeks an order *in limine* preventing Plaintiff from introducing this improper evidence or making similar arguments or suggestions in the presence of the jury.

## LEGAL STANDARD

Federal Rule of Evidence 103(d) specifically requires that, "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." "The purpose of a motion in limine is to permit the pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury." *United States*

*v. Jim*, No. 14-cv-22441, 2016 WL 7538942, at *1 (S.D. Fla. May 5, 2016) (Altonaga, J.) (citations omitted). Resolving these types of evidentiary issues before trial makes it possible to "avoid the need to 'unring the bell' once inadmissible evidence has been presented to the jury." *Id.*

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if evidence is relevant, it may be inadmissible for other reasons. Fed. R. Evid. 402. For example, relevant evidence is not admissible if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT

"USERRA does not allow damages for mental anguish or emotional distress, nor does it allow recovery of punitive damages." Pattern Civ. Jury Instr. 11th Cir. 4.18 annot. & cmt. (citing *Dees v. Hyundai Motor Mfg. Ala., LLC* 605 F. Supp. 2d 1220, 1229 (M.D. Ala. 2009), *aff'd*, 368 F. App'x 49 (11th Cir. 2010) (per curiam)); *see also Carter v. United Parcel Serv., Inc.*, No. 3:13-cv-2802-B, 2014 WL 1386351, at *2 (N.D. Tex. Apr. 8, 2014); *Dorris v. TXD Servs., LP*, No. 1:10-cv-93-KGB, 2012 WL 3149106, at *3 (E.D. Ark. Aug. 1, 2012); *Sutherland v. SOSi Int'l, Ltd.*, No. 1:07–CV–557, 2007 WL 2332412, at *2 (E.D.Va. Aug. 10, 2007); *Vander Wal v. Sykes Enters.*, 377 F. Supp. 2d 738, 745 (D.N.D. 2005). Thus, evidence of Plaintiff's alleged "psychological injury" is irrelevant and inadmissible. *See* Fed. R. Evid. 401 & 402. Having no probative value, allowing this evidence would unduly prejudice American by suggesting an improper basis for the jury's determination of liability or damages in violation of Federal Rule of Evidence 403.

Similarly, evidence of American's revenue, profit, and financial resources is irrelevant because it does not have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Nor is American's financial information of any consequence to the questions the jury must answer in this case.

> Do you find from a preponderance of the evidence:
>
> 1. That [name of plaintiff] [was a member of/applied to be a member of/performed service in/applied to perform service in/had an obligation to perform service in] a uniformed service? . . .
>
> 2. That [name of defendant] [discharged [name of plaintiff] from employment/denied [name of plaintiff] a promotion]? . . .
>
> 3. That [name of plaintiff]'s [membership/application for membership/service/application for service/obligation for service] in a uniformed service was a motivating factor that prompted [name of defendant] to take that action? . . .
>
> 4. That [name of defendant] would have [discharged [name of plaintiff] from employment/denied [name of plaintiff] a promotion] even if [name of defendant] had not taken [name of plaintiff]'s [membership/application for membership/service/application for service/obligation for service] in a uniformed service into account? . . .
>
> 5. That [name of plaintiff] should be awarded <u>damages to compensate for a net loss of wages and benefits to the date of your verdict?</u> . . .
>
> 6. That [name of defendant] willfully violated the law?

Pattern Civ. Jury Instr. 11th Cir. 4.18 at Special Interrogs. (emphasis altered).

Even in cases where punitive damages are permissible, evidence of a defendant's finances is inadmissible before a jury because such evidence is both irrelevant and highly prejudicial to the defendant. *See State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 418, 427 (2003). In *State Farm*, the Court held that the conduct for which a defendant is punished "must have a nexus to the specific harm suffered by the plaintiff." *Id*. at 410–11. Stressing that a defendant's assets

4

"have little to do with the actual harm sustained," the Court ruled that "[t]he wealth of the defendant cannot justify an otherwise unconstitutional punitive damages award." *Id.* at 428; *see also BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 591 (1996) (Breyer, J., concurring) (wealth is "not necessarily [relevant] to [the state's] interest in deterrence, given the more distant relation between a defendant's wealth and its responses to economic incentives").

In addition to the absence of probative value, American would suffer undue prejudice from irrelevant and unnecessary evidence of its financial information or resources. *See State Farm*, 538 U.S. at ("the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big business, particularly those without strong local presences"); *see also TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 464 (1993) ("the emphasis on the wealth of the wrongdoer increased the risk that the award may have been influenced by prejudice against large corporations").

American is the largest passenger airline in the world. Evidence, testimony, or argument regarding its financial resources would be highly prejudicial because it diverts the jury form a fair assessment of liability and damages (if any). Evidence of American's financial resources may improperly encourage the jury to find liability or to increase the size of any compensatory damage award based on a perception of American's wealth and "deep pocket" ability to pay. *See, e.g.*, *Sossa v. Newman*, 647 So. 2d 1018, 1019–20 (Fla. 4th DCA 1994) ("[J]urors have a tendency to favor the poor as against the rich and, if provoked by such inflammatory evidence, the jury is likely to apply the deep pocket theory of liability."); *see also Reyes v. Aqua Life Corp.*, No. 10-cv-23548, 2012 WL 12892213, at *2 (S.D. Fla. July 9, 2012) (granting motion in limine to exclude net-worth evidence as irrelevant and unduly prejudicial); *accord Washington Gas-Light Co. v. Lansden*, 172

U.S. 534, 555 (1899) (verdict must be reversed because "it was given under such circumstances that we might well fear the amount was enlarged by evidence as to the wealth of the corporation").

## CONCLUSION

For these reasons, American respectfully requests that this Court enter an order prohibiting Plaintiff from offering any evidence or making any reference to any purported "psychological injury" or other forms of emotional or mental pain and suffering and any reference to American's financial resources, profits, or revenues at trial or during voir dire.

## COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(3), Counsel for American has conferred with counsel for Plaintiff in a good faith effort to resolve the matters raised in this motion, but the parties have not been able to reach a resolution.

Respectfully submitted,

By: /s/ Michael A. Holt

Michael A. Holt
mholt@shb.com
Florida Bar No.: 91156
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq. (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**

6

1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July, 2018, the foregoing document was filed with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on the counsel or parties of record listed below.

By: /s/ Michael A. Holt
    MICHAEL A. HOLT

## SERVICE LIST

William R. Amlong, Esq.
WRAmlong@TheAmlongFirm.com
Karen Coolman Amlong, Esq.
KAmlong@TheAmlongFirm.com
**AMLONG & AMLONG, P.A.**
500 Northeast Fourth Street
Fort Lauderdale, FL 33301
Telephone: (954) 462-1983
Facsimile: (954) 523-3192

Noel C. Pace, Esq.
(*Pro Hac Vice*)
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
Telephone: (305) 710-3713

(Service via CM/ECF)

*Counsel for Plaintiff*

Michael A. Holt, Esq.
mholt@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Mark W. Robertson, Esq.
mrobertson@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Times Square Tower 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq.
tmorales@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

(Service via CM/ECF)

*Counsel for American Airlines, Inc.*