UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

   Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

   Defendant.

_____/

### Plaintiff's Motion in Limine re: Testimony That
### Corporate Security's Only Investigated Gun Running Allegations

Plaintiff, Rodney Scott Patterson, pursuant to Federal Rules of

Evidence 602, 701 and 802, moves in limine to exclude from evidence any

testimony by either Brian Beach or Michelle Montgomery that the Corporate

Security investigation of Lt. Col. Patterson in March and April 2015 was

limited to allegations that he was involved in gun running.

### Statement of Facts

Brian Beach, one of American's chief pilots at Miami International

Airport, in March 2015 forwarded to Corporate Security a lengthy e-mail

from Glenn Whitehouse, containing essentially the same factual allegations

that Whitehouse later repackaged September 24, 2015, and which provided

James Bonds, another chief pilot, a basis to ground Patterson two days after Patterson disobeyed Bonds's request and went on duty as a lieutenant colonel in the Army Reserve.  Ricardo Garcia e-mailed Beach back, stating that "[p]leased by advised that today Fred Ronda and I discussed the below case with Larry McLaughlin, director of AA global investigations.  I was decided the corporate security would look into this matter."  Deposition of Brian Beach,[1] at 48:24-48:4.

The March e-mail is appended as Attachment 2  An April e-mail forwarding those same allegations to Michelle Montgomery, a senior manager in Labor Relations, and to Rhonda Theuer in Human Resources is appended as Attachment 3.  Whitehouse's repackaged allegations are appended as Attachment 4.

Although Beach testified that he believed that he thought that "what [the two Corporate Security investigators] wanted was the whole picture of the situation with Scott Patterson," Beach Depo, at 49:9-10, and that Corporate Security verbally reported to him that "'[t]here's nothing here," id. at 78:4-10, the attempted to describe the scope of the investigation as involving only "gun running to Bolivia."  Id. at 49:5.

Michelle Montgomery, as American's Rule 30(b)(6) designee, testified that she did not remember specifics about the investigation, "recall[ed] it

---

[1]The cover page and relevant testimonial pages of the Deposition of Brian Beach is appended as Attachment 1.

had something to do with taking guns into South America," Deposition of Michelle Montgomery,[2] at 15:2-6, but did not now what Garcia did to conduct his investigation.  Id. at 16:5-7.  The director of corporate security told her, as part of her Rule 30(b)(6) preparation, that Garcia had died and that there were no records of the investigation.  Id. at 18:14-19-1.

Montgomery testified that Beach had wanted back in April for Labor Relations and Human Resources to look into Whitehouse's allegations, which she characterized as "very concerning."  Montgomery Deposition, at 21:22-22-3.

### Governing Legal Principles

Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action."

Federal Rule of Evidence 401.  "Relevant evidence is admissible…. Irrelevant evidence is not admissible."  Rule 402.

A witness may only testify from his own personal knowledge.

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

> (a) rationally based on the witness's perception;

---

[2]The cover page and relevant testimonial pages of the Deposition of Michelle Montgomer is appended as Attachment 5.

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Rule 701.

"Hearsay" means a statement that:

(1) the declarant does not make while testifying at the current trial or hearing; and

(2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Rule 801(c).  "Statement" includes "a person's oral assertion."  Rule 801(a).

"Hearsay is not admissible" unless is admissibility is authorized by a federal statute, the Rules of Evidence or other rules prescribed by the Supreme Court.  Rule 802.

## Applying the Law to the Facts in the Case at Bar

Beach's statement of the scope of Corporate Security's interest in Lt. Col. Patterson was based on his perception of its investigator's reaction to the materials that he was furnishing it, as well as furnishing Labor Relations and Human Resources.  His testimony that the investigators wanted "the whole picture of the situation with Scott Patterson" is admissible as lay opinion.

However, what the investigator told Beach about the scope of the investigation, i.e., that it involved only the gun-running allegations, and not the rest of Whitehouse's allegations—the same allegations repackaged and

sent to Beach again in September—is inadmissible hearsay.  Beach has no personal knowledge of the scope of the investigation, as required by Rule 602.

The only admissible testimony about the scope of the investigation is that of Montgomery, who does not know.

That evidence is relevant because the fact that Corporate Security, along with Human Resources and Labor Management, had all of Whitehouse's allegations in March and April, but did nothing about those "very concerning allegations," makes it more probable than not that the allegations appeared then to be baseless.

## Certificate of Conferral

Pursuant to Local Rule 7.1(a)(3), plaintiff's undersigned counsel certifies that he sought to confer with opposing counsel by sending an e-mail to all counsel of record at 10:19 a.m. Monday, July 23 (three hours and 54 minutes earlier than defendant sought to confer with plaintiff on its proposed motions in limine).  Defendant's counsel responded at 2:52 p.m., but the parties were unable to agree.

## Conclusion

Based on the facts marshaled, the authorities cited and the arguments presented, plaintiff, Lt. Col. Patterson, respectfully requests the Court to exclude from evidence any testimony by Brian Beach about the scope the March-April investigation into Whitehouse's March complaints.

Respectfully Submitted,

/s/    William R. Amlong
WILLIAM R. AMLONG
Florida Bar No.: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No.: 275565
KAmlong@TheAmlongFirm.com

NOEL C. PACE
noel.c.pace.esq@gmail.com
*Admitted Pro Hac Vice*
206 NW 91st Street
El Portal, FL
(305) 710-3713

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Facsimile: (954) 463-5008

**Attorneys for Plaintiff,**
**Rodney Scott Patterson**

### Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has

been furnished by electronic delivery of the Southern District of Florida this

23rd  day of Julyl , 2018 on all counsel or parties of record.

/s/    William R. Amlong
WILLIAM R. AMLONG