```
                                                                    1

          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF FLORIDA
                  (Fort Lauderdale Division)

   RODNEY SCOTT PATTERSON,    )
      Plaintiff,              )
                              )
   vs.                        ) Case No.
                              ) 17-cv-60533-JEM
   AMERICAN AIRLINES, a       )
   Delaware corporation,      )
      Defendant.              )


   ***********************************************

          ORAL AND VIDEOTAPED DEPOSITION OF

     THE CORPORATE REPRESENTATIVE OF AMERICAN AIRLINES

                  MICHELLE A. MONTGOMERY

                      JUNE 6, 2018

   ***********************************************

       ORAL AND VIDEOTAPED DEPOSITION OF MICHELLE A.
   MONTGOMERY, produced as a witness at the instance of the
   Plaintiff, and duly sworn, was taken in the above-styled
   and numbered cause on the 6th day of June, 2018, from
   10:30 a.m. to 4:43 p.m., via telephone, before Julie C.
   Brandt, RMR, CRR, and CSR in and for the State of Texas,
   reported by machine shorthand, at Veritext Legal
   Solutions, 300 Throckmorton Street, Suite 1600, Fort
   Worth, Texas, pursuant to the Federal Rules of Civil
   Procedure and the provisions stated on the record or
   attached hereto.
```

**ATTACHMENT 5**

|    |                                                            |          |
|----|------------------------------------------------------------|----------|
|    |                                                         15 |          |
| 1  | A.   I don't know anyone else.                             | 10:45:06 |
| 2  | Q.   With whom, if anyone, did Mr. Garcia -- well,         | 10:45:10 |
| 3  | what was the matter that he was investigating?             | 10:45:15 |
| 4  | A.   I don't remember specifics.  But I recall it          | 10:45:16 |
| 5  | had something to do with possibly taking guns into South   | 10:45:19 |
| 6  | America.                                                   | 10:45:25 |
| 7  | Q.   What else, if anything, did Mr. Garcia                | 10:45:25 |
| 8  | investigate about Mr. Patterson?                           | 10:45:54 |
| 9  |          MR. HOLT:  Do you have a document you             | 10:46:09 |
| 10 | want to show the witness on this, Counsel?                 | 10:46:10 |
| 11 |          MR. AMLONG:  Well, right now I'm                  | 10:46:15 |
| 12 | presuming that she prepared herself as a corporate         | 10:46:18 |
| 13 | representative.  I want to know what she knows.            | 10:46:20 |
| 14 |          MR. HOLT:  Well, she did prepare herself          | 10:46:22 |
| 15 | as a corporate representative.  The issue is if you're     | 10:46:24 |
| 16 | asking specifics from some document, then I think you      | 10:46:27 |
| 17 | need to show the witness the document.  It's               | 10:46:29 |
| 18 | unreasonable to --                                         | 10:46:31 |
| 19 |          MR. AMLONG:  I'm not asking specifics             | 10:46:33 |
| 20 | from some document right now.  I just want to know         | 10:46:34 |
| 21 | whether or not she knows --                                | 10:46:36 |
| 22 |          (Cell phone rings.)                               | 10:46:41 |
| 23 |          MR. AMLONG:  Ms. Brandt, please read my           | 10:47:01 |
| 24 | question back.                                             | 10:47:04 |
| 25 |          THE REPORTER:  Okay.  Hold on.                    | 10:47:05 |

[6/6/2018 10:00 AM] Montgomery - 180606

16

| | | |
|---|---|---|
| 1 | (Requested testimony read.) | 10:47:07 |
| 2 | THE WITNESS: Go ahead and answer? | 10:47:32 |
| 3 | A. Okay. I'm sorry. I thought I was waiting on | 10:47:33 |
| 4 | you. I don't recall anything else. | 10:47:35 |
| 5 | Q. (BY MR. AMLONG) What did Mr. Garcia do to | 10:47:44 |
| 6 | conduct his investigation? | 10:47:54 |
| 7 | A. I don't know. | 10:47:56 |
| 8 | Q. To whom, if anyone, did Mr. Patterson speak to | 10:48:01 |
| 9 | conduct the investigation? | 10:48:06 |
| 10 | MR. HOLT: Objection to form. You can | 10:48:07 |
| 11 | answer if you know. | 10:48:14 |
| 12 | A. I don't know. | 10:48:14 |
| 13 | Q. (BY MR. AMLONG) What, if any, documents did | 10:48:15 |
| 14 | Mr. Patterson -- I'm sorry. | 10:48:25 |
| 15 | To what, if any -- | 10:48:28 |
| 16 | What, if any, documents did Mr. Garcia review, | 10:48:33 |
| 17 | as far as his investigation? | 10:48:39 |
| 18 | A. I don't know. | 10:48:41 |
| 19 | Q. What, if any, conclusions did Mr. Garcia reach | 10:48:53 |
| 20 | concerning the investigation? | 10:48:57 |
| 21 | A. The allegations were unsubstantiated. | 10:49:00 |
| 22 | Q. And how do you know that the allegations were | 10:49:08 |
| 23 | unsubstantiated? | 10:49:20 |
| 24 | A. I was told that. | 10:49:23 |
| 25 | Q. By whom? | 10:49:24 |

                                                                            18

1        A.    To the best of my recollection, yes.                10:51:24
2        Q.    Did you at the time of the investigation have       10:51:25
3   any communication with anyone from corporate security?         10:51:40
4              MR. HOLT:  Objection.  That exceeds the             10:51:45
5   scope of the 30(b)(6) notice.  You can answer.                 10:51:47
6        Q.    (BY MR. AMLONG)  And unless he instructs you        10:51:57
7   not to answer, please answer.                                  10:51:59
8        A.    Okay.  Sorry.  Did I --                             10:52:00
9        Q.    Do you want her to read the question back?          10:52:06
10       A.    No.  You were asking me if I communicated with      10:52:09
11  corporate security.  Right?                                    10:52:11
12       Q.    Yes.                                                10:52:13
13       A.    And the answer is no.                               10:52:14
14       Q.    Did you communicate with corporate security in      10:52:16
15  preparation for today's deposition?                            10:52:19
16       A.    Yes.                                                10:52:21
17       Q.    With whom in corporate security did you             10:52:26
18  communicate in connection with today's deposition?             10:52:30
19       A.    With Larry McLaughlin, the director of global       10:52:32
20  investigations.                                                10:52:39
21       Q.    And what, if anything, did Mr. McLaughlin tell      10:52:40
22  you about the investigation?                                   10:52:50
23       A.    He told me that because Mr. Garcia has passed       10:52:51
24  away, we don't have any records of that investigation in       10:52:59
25  detail.  And he had no knowledge of anything more than         10:53:05

|    |    | 19 |
|---|---|---|
| 1 | what I already knew. | 10:53:08 |
| 2 | Q. Do you know if it is the routine practice of | 10:53:19 |
| 3 | global investigations to keep written reports on their | 10:53:38 |
| 4 | investigations? | 10:53:43 |
| 5 | MR. HOLT: Objection, exceeds the scope | 10:53:43 |
| 6 | of the 30(b)(6) and it violates the Court's order. You | 10:53:45 |
| 7 | can answer. | 10:53:48 |
| 8 | A. I don't know. | 10:53:49 |
| 9 | MR. AMLONG: Ms. Brandt, my office sent | 10:54:52 |
| 10 | out a four-page email shortly before this deposition | 10:54:55 |
| 11 | from Brian Beach dated April 9, 2015. Do you have a | 10:55:04 |
| 12 | copy of that? | 10:55:11 |
| 13 | THE REPORTER: Yes. | 10:55:12 |
| 14 | MR. AMLONG: Let's make the -- make the | 10:55:19 |
| 15 | deposition notice Plaintiff's Exhibit No. 1. And let's | 10:55:21 |
| 16 | make this email Plaintiff's Exhibit No. 2. | 10:55:26 |
| 17 | THE REPORTER: I need to speak off the | 10:55:39 |
| 18 | record, if we can go off. | 10:55:40 |
| 19 | MR. HOLT: Sure. | 10:55:41 |
| 20 | THE VIDEOGRAPHER: We're off the record | 10:55:44 |
| 21 | at 10:56. | 10:55:46 |
| 22 | (Break from 10:56 a.m. to 10:56 a.m.) | 10:55:48 |
| 23 | THE VIDEOGRAPHER: We're back on the | 10:56:40 |
| 24 | record at 10:56. | 10:56:41 |
| 25 | (Exhibit 73 marked.) | 10:56:46 |

```
                                                                    21
 1       A.   Rhonda Theuer is retired.  She used to work in    11:04:02
 2   human resources.                                            11:04:06
 3       Q.   Do you know what she did in HR?                    11:04:09
 4       A.   I think she was a human resources business         11:04:12
 5   partner, if I remember correctly.                           11:04:18
 6       Q.   What was your position at the time of this         11:04:19
 7   email?                                                      11:04:31
 8       A.   I was the labor relations manager for flight.      11:04:31
 9       Q.   Doing the same thing you're doing now?             11:04:33
10       A.   Yes.                                               11:04:38
11       Q.   What, if any, discussion did you have with         11:04:38
12   Captain Beach about this email at the time you got it?      11:04:56
13            MR. HOLT:  Objection.  That exceeds the            11:04:59
14   scope of the 30(b)(6) notice.                               11:05:02
15       A.   I don't recall the specific discussions we had    11:05:03
16   back in April 2015.                                         11:05:09
17       Q.   (BY MR. AMLONG)  Do you recall any discussions    11:05:10
18   about this letter or about this email?                      11:05:14
19            MR. HOLT:  Same objection.                         11:05:17
20       A.   I recall that we had discussions, but I don't     11:05:20
21   recall what they specifically involved.                     11:05:22
22       Q.   (BY MR. AMLONG)  Do you recall if Captain         11:05:26
23   Beach was suggesting any kind of investigation of           11:06:05
24   Mr. Patterson at this time?                                 11:06:14
25            MR. HOLT:  Same objection.                         11:06:16
```

[6/6/2018 10:00 AM] Montgomery - 180606

22

| | | |
|---|---|---|
| 1 | A.    I believe he did want us to look into the | 11:06:17 |
| 2 | allegations, as, you know, on paper they're very | 11:06:23 |
| 3 | concerning. | 11:06:30 |
| 4 | Q.    (BY MR. AMLONG)  What was concerning -- what | 11:06:30 |
| 5 | allegations are you classifying as very concerning? | 11:06:50 |
| 6 | MR. HOLT:  Objection, exceeds the scope | 11:06:54 |
| 7 | of the 30(b)(6) notice. | 11:06:55 |
| 8 | A.    You want me to go through the whole document | 11:06:56 |
| 9 | and tell you what's concerning? | 11:07:02 |
| 10 | Q.    (BY MR. AMLONG)  Yes. | 11:07:04 |
| 11 | A.    Okay.  So it starts out with his concern about | 11:07:05 |
| 12 | going through VVI Customs and feels like he was | 11:07:16 |
| 13 | targeted, you know, in relationship to Mr. Patterson | 11:07:21 |
| 14 | allegedly smuggling firearms. | 11:07:29 |
| 15 | Then he goes on to talk about the behavior in | 11:07:33 |
| 16 | ASU from Mr. Patterson.  Some of it was behavior in | 11:07:38 |
| 17 | regards to being a nonrev and whether the behavior is | 11:07:50 |
| 18 | appropriate, such as taking pillows from First Class for | 11:07:55 |
| 19 | his family. | 11:07:58 |
| 20 | Certainly sitting in the jump seat and prior | 11:07:59 |
| 21 | to taxi moving switches, since he was not the pilot | 11:08:02 |
| 22 | flying or pilot monitoring, for that matter.  So moving | 11:08:06 |
| 23 | the switches and flaps from a jump seat. | 11:08:11 |
| 24 | Then going on, some nonrev behavior from his | 11:08:24 |
| 25 | family members, which we will at times investigate, | 11:08:28 |

```
 1                    REPORTER'S CERTIFICATE

 2          The undersigned Certified Shorthand Reporter

 3    licensed in the State of Texas does hereby certify:

 4          I am authorized to administer oaths or

 5    affirmations, and prior to being examined, the witness

 6    was duly administered an oath by me.

 7          I am not a relative or employee or attorney or

 8    counsel of any of the parties, nor am I a relative or

 9    employee of such attorney or counsel, nor am I

10    financially interested in the outcome of this action.

11          I am the deposition officer who

12    stenographically recorded the testimony in the foregoing

13    deposition, and the foregoing transcript is a true

14    record of the testimony given by the witness.

15          Before completion of the deposition, review of

16    the transcript [X] was [ ] was not requested.  If

17    requested, any changes made by the deponent (and

18    provided to the reporter) during the period allowed are

19    appended hereto.

20          In witness whereof, I have subscribed my name

21    this 8th day of June, 2018.

22

23

24                   <%Signature%>
                     Julie C. Brandt, CSR, RMR, CRR
25                   TX CSR No. 4018, Exp. 12/31/18
```