UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

   Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

   Defendant.
_____/

**Plaintiff's Motion in Limine re: Reports of Knippa, Bercaw/Fonseca**

Plaintiff, Rodney Scott Patterson, pursuant to Federal Rule of Evidence 401, 402, 702 and 802, moves in limine to exclude from evidence the written reports and correspondence of John Knippa, Ph.D., Edwin Bercaw, Ph.D. and Francy Natalie Fonseca, Psy.D.

**Statement of Facts**

American Airlines has proposed the introduction of the cover letter, summary report and full report of John Knippa, Ph.D., on the basis of which American grounded Patterson in March 2016 as not-fit-for duty, copies of which are appended as Attachments 1, 2 and 3 respectively.

It also has proposed the introduction of the April 2016 report signed by Edwin Bercaw, Ph.D., and his resident, Francy Nathaly Fonseca, Ph.D., a copy of which is appended as attachment 4.

Jeral Ahtone, M.D., American's Corporate Medical Director, has acknowledged that Dr. Knippa's report contains no objective findings of neuropsychological deficits, psychopathology or serious personality disorders.  See Deposition of Jeral Ahtone, M.D., at 55:5-61:5.[1]

> That indicates that he doesn't have a complete answer at this time.  There are suggestions that that may be the—maybe what's going on, but that in a short evaluation like this, it—he did not come to—down to that conclusively.
>
> In his next paragraph he says that, you know, personal counseling may help further clarify that issue.  That's his recommendation, and that's—that was the end of it.  I mean, that's where it ended—that's where it, yeah, ended his report.

Id. at 54:15-55:1.

The Bercaw/Fonseca report, filed by American, is likewise inconclusive. See Attachment 4, at 6-7 (Interpretation & Recommendations).

## Governing Legal Principles

Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action."

---

[1] The cover page and relevant testimonial pages of Dr. Athone's deposition are appended as Attachment 5.

Federal Rule of Evidence 401. "Relevant evidence is admissible.... Irrelevant evidence is not admissible." Rule 402. Even relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>>
>> (b) the testimony is based on sufficient facts or data;
>>
>> (c) the testimony is the product of reliable principles and methods; and
>>
>> (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702.

> "Hearsay" means a statement that:
>
>> (1) the declarant does not make while testifying at the current trial or hearing; and
>>
>> (2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Rule 801(c). "Statement" includes "a person's ... written assertion." Rule 801(a). Expert reports are hearsay. See Richardson v. Perales, 402 U.S.

389, 402 (1971) (holding hearsay reports admissible in Social Security disability hearings).[2]

"Hearsay is not admissible" unless is admissibility is authorized by a federal statute, the Rules of Evidence or other rules prescribed by the Supreme Court. Rule 802.

### Applying the Law to the Facts in the Case at Bar

The simplest basis for excluding the written reports of Drs. Knippa, as well as that of Drs. Bercaw and Fonseca, is that they are classic hearsay.

Because, as acknowledged by Dr. Ahtone, Dr. Knippa's report says nothing definite, and as Drs. Bercaw and Fonseca wrote, more testing is needed before they could come to any firm conclusion:

***One***, the reports do not tend to make any material fact more or less probable, as required by Rules 401 and 402;

---

[2]The Richardson court stated:

> We conclude that a written report by a licensed physician who has examined the claimant and who sets forth in his report his medical findings in his area of competence may be received as evidence in a disability hearing and, despite its hearsay character and an absence of cross-examination, and despite the presence of opposing direct medical testimony and testimony by the claimant himself, may constitute substantial evidence supportive of a finding by the hearing examiner adverse to the claimant, when the claimant has not exercised his right to subpoena the reporting physician and thereby provide himself with the opportunity for cross-examination of the physician.

Id.

*Two*, because the reports would come to the jury on the stationary of "doctors," regardless of the fact that they really say nothing, there is a danger that the written reports would confuse the issues or mislead the jury, as proscribed by Rule 403;

*Three*, since Drs. Knippa, Bercaw and Fonseca can testify to their findings under oath (assuming the Court finds that the experts otherwise satisfy Rule 702), the reports would be cumulative, as also proscribed by Rule 403;

*Four*, since the opinions are not clear—other than Dr. Knippa's conclusory statement that Lt. Col. Patterson was "NOT-FIT-FOR-DUTY"—the reports are unlikely to "help the trier of fact to understand the evidence or to determine a fact in issue," as required by Rule 702.

### Certificate of Conferral

Pursuant to Local Rule 7.1(a)(3), plaintiff's undersigned counsel certifies that he sought to confer with opposing counsel by sending an e-mail to all counsel of record at 10:19 a.m. Monday, July 23 (three hours and 54 minutes earlier than defendant sought to confer with plaintiff on its proposed motions in limine).  Defendant's counsel responded at 2:52 p.m., but the parties were unable to agree.

### Conclusion

Based on the facts marshaled, the authorities cited and the arguments presented, plaintiff, Lt. Col. Patterson, respectfully requests the Court to exclude the written materials from Drs. Knippa, Bercaw and Fonseca.

    Respectfully Submitted,

/s/   William R. Amlong
WILLIAM R. AMLONG
Florida Bar No.: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No.: 275565
KAmlong@TheAmlongFirm.com

NOEL C. PACE
noel.c.pace.esq@gmail.com
*Admitted Pro Hac Vice*
206 NW 91st Street
El Portal, FL
(305) 710-3713

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Facsimile: (954) 463-5008

**Attorneys for Plaintiff,
Rodney Scott Patterson**

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic delivery this 23rd day of July, 2018 on all counsel or parties of record on the Service List below.

/s/   William R. Amlong
WILLIAM R. AMLONG

## Service List

WILLIAM R. AMLONG
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
KAmlong@TheAmlongfirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Facsimile: (954) 463-5008


NOEL C. PACE
noel.c.pace.esq@gmail.com
*Admitted Pro Hac Vice*
206 NW 91st Street
El Portal, FL
(305) 710-3713


***Attorneys for Plaintiff,
     Rodney Scott Patterson***

MICHAEL A. HOLT
mholt@shb.com
SHOOK, HARDY & BACON LLP
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

MARK W. ROBERTSON
mrobertson@omm.com
*(Pro hac vice)*
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

TRISTAN MORALES
tmorales@omm.com
*(Pro hac vice)*
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, District of Columbia 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

***Attorneys for Defendant,
     American Airlines, Inc.***

C:\Users\yharris\Desktop\__Client Folders\Patterson\__Limine Motions\180723 MIL re expert reports\180723 MIL re expert reports.wpd