UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

   Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

   Defendant.

_____/

**Plaintiff's Motion in Limine re: Human Resources Close-out Memo**

Plaintiff, Rodney Scott Patterson, pursuant to Federal Rule of Evidence 402, 403, 602, 702 and 802, moves in limine to exclude from evidence the Human Resources close-out memo concerning the Section 21 investigation of him, a copy of which is appended as Attachment 1.

**Statement of Facts**

Although the Human Resources investigation of Lt. Col. Patterson found nothing for which he could be disciplined, it issued a close-out memo that quoted virtually making accusation about Patterson that are not germane to this case.

**Governing Legal Principles**

Evidence is relevant if:



**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL  33301 • 954.462.1983

>(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
>(b) the fact is of consequence in determining the action."

Federal Rule of Evidence 401. "Relevant evidence is admissible.... Irrelevant evidence is not admissible." Rule 402. Even relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403.

>If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
>(a) rationally based on the witness's perception;
>
>(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
>(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Rule 701.

>"Hearsay" means a statement that:
>
>(1) the declarant does not make while testifying at the current trial or hearing; and
>
>(2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Rule 801(c). "Statement" includes "a person's oral assertion or written assertion." Rule 801(a).

"Hearsay is not admissible" unless is admissibility is authorized by a federal statute, the Rules of Evidence or other rules prescribed by the Supreme Court.  Rule 802.  To be admitted under the "business record" exception to the hearsay rule, a document must have been "made at or near the time by—or from information transmitted by—someone with knowledge," Rule 803(6)(A), and neither "the source of information" nor the "method or circumstances of preparation [may] indicate a lack of trustworthiness."

### Applying the Law to the Facts in the Case at Bar

The close-out memo is a scurrilous collection of insults that is probative of little, if anything.  It is hearsay within hearsay, that is intended to inflame the jurors in an unfairly prejudicial way.

Much of it s content is lay opinion, concerning which no predicate has been laid as to personal knowledge, as required by Rule 602, or personal perception, as required by Rule 701.

### Certificate of Conferral

Pursuant to Local Rule 7.1(a)(3), plaintiff's undersigned counsel certifies that he sought to confer with opposing counsel by sending an e-mail to all counsel of record at 10:19 a.m. Monday, July 23 (three hours and 54 minutes earlier than defendant sought to confer with plaintiff on its proposed motions in limine).  Defendant's counsel responded at 2:52 p.m., but the parties were unable to agree.

## Conclusion

Based on the facts marshaled, the authorities cited and the arguments presented, plaintiff, Lt. Col. Patterson, respectfully requests the Court to exclude from evidence Human Resources close-out memo.

Respectfully Submitted,

/s/   William R. Amlong
WILLIAM R. AMLONG
Florida Bar No.: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No.: 275565
KAmlong@TheAmlongFirm.com

NOEL C. PACE
noel.c.pace.esq@gmail.com
*Admitted Pro Hac Vice*
206 NW 91st Street
El Portal, FL
(305) 710-3713

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Facsimile: (954) 463-5008

***Attorneys for Plaintiff,
    Rodney Scott Patterson***

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed through the Southern District of Florida's ECF system and thereby served on all counsel of record.

/s/   William R. Amlong
WILLIAM R. AMLONG