**Unsworn Declaration of Guy Dalton (Danny) Shellhouse,
Under Penalty of Perjury, Pursuant to 28 U.S.C. § 1746**

Guy Dalton (Danny) Shellhouse deposes and says:

1.    I make this declaration of my own personal knowledge, as well as based on documents I have reviewed that are appended as attachments.

2.    I am a captain for American Airlines, Inc., and a member of the Allied Pilots Association, the union that represents American's pilots.

3.    I have been identified by First Officer Rodney Scott Patterson as a witness in Patterson vs. American Airlines, Inc., Case No. 17-60533-cv-Martinez/Otazo-Reyes, a case brought pursuant to USERRA:

   a.    in his July 5, 2017 interrogatory answers[1] as having "[k]nowledge as to underlying allegations of the instant Complaint";

   b.    on Plaintiff Rodney Scott Patterson's Trial Witness List, a copy of which was served March 21, 2018,[2] and

   c.    I was identified in FO Patterson's deposition as having listened on a phone call during which an American employee, Cindy Contreras, told FO Patterson that if he wished to be reinstated to flying, Jeral Ahtone, M.D., wanted him to see three physicians or psychologists.[3]

---

[1]The cover page, relevant question, signature page and relevant chart are appended to this Declaration as Attachment A.

[2]The cover page and page listing me are appended as Attachment B.

[3]See Deposition of Rodney Scott Patterson, DE 57-1, at 352:9-353:12. (For the Court's convenience, the cover page and relevant testimonial pages are appended as Attachment C.)

 **The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL  33301 • 954.462.1983

# ATTACHMENT 5

4.     As the APA's Miami Chariman of Contract Compliance, I was requested by First Officer Rodney Scott Patterson to assist him subsequent to his being placed on "Paid Withheld" status following Capt. Glenn Whitehouse's September 24 allegations against him.

5.     Growing out of that, I also have been involved in assisting with both the union grievance concerning FO Patterson's being grounded following a neuropsychological examination mandated by management under § 20 of the Joint Collective Bargaining Agreement and with a so-called Article VII proceeding under the APA's by-laws in which Whitehouse's allegations against FO Patterson were determined to be both false and malicious.

6.     In an effort to explore the breadth of the falsity of Whitehouse's allegations against FO Patterson, as well as to explore Capt. Whitehouse's efforts to recruit witnesses against FO Patterson, I used the APA computer to access the crew schedules for flights on which Capt. Whitehouse was the captain.

7.     During his March 6 deposition, FO Patterson stated that he has used the APA access to the crew schedules, and had asked me to do so as well, to determine when Captain Whitehouse would be flying so that a process server could serve him at Miami International Airport, since FO Patterson believed that Captain Whitehouse was avoiding service.  Patterson Deposition.[4] at 327:18-328:1.  He further testified that "I think I asked Captain Shellhouse to verify that Whitehouse would be in the Miami airport

---

[4]Attachment C, at 327:18-328:1.

because it appeared that Whitehouse was dodging service of a subpoena."
Id. at 328:2-5.

8.     I do not recall whether I used the APA computer to determine
Captain Whitehouse' schedule the night that he was served with a subpoena.
If I did, I would have done so assuming that American would know that I
had done so—based on my having been told at orientation June 4, 1986,
that American keeps track of every keystroke that is entered into the
computer.  I know of no American work rule, or union rule, that would have
prohibited me from doing so.

9.     I recall that FO Patterson did call me that night from Miami
International Airport when he and a process server could not immediately
find Capt. Whitehouse.  Although I do not recall whether I accessed the crew
schedules either before, during or after that call to assist FO Patterson in
finding Capt. Whitehouse that night, I recall that I did remind FO Patterson
that other pilots had told us that, in an apparent effort to avoid service in FO
Patterson's lawsuit against American, Capt. Whitehouse had started
engaging in such behaviors as changing into civilian clothes before exiting
Customs upon his return from international flights and, on the way out of
the country, going into restaurants on the concourse until his first officer
could confirm that an American gate agent was at the jet bridge so that
Captain Whitehouse could leave the restaurant and immediately board the
plane.

10.    As a captain with 32 years at American and 53 months to go
before retirement, I would lose $1,809,328.63 in salary if American were to
fire me concerning this incident.  American has already approached the APA

Page 3 of 5

concerning this inquiry, which it must do.  Because of my seniority and the relatively high profile that I enjoy because of my work with the union, any discipline of me would be "big news" that would spread throughout American and the APA.

11.    I believe this is an attempt to not only intimidate me, but also other of FO Patterson's witnesses on the eve of a trial that I have been told is scheduled for August 20.  This is based on, **One**, American's having known about FO Patterson's testimony since his March 6 deposition, which was attended by Cameron Cloar-Zavaleta, Esquire, an in-house American lawyer,[5] but, **Two**, there being no notice to me or my union that my behavior was in any way under scrutiny by management until a July 9 e-mail from Ms. Montgomery, the Senior Manager Labor Relations—Flight, to Jeff Price, the Director or Flight for Miami.[6]

12.    Although a Section 21 hearing is not considered a formal "step" in the disciplinary process, I have perceived through years of representing fellow pilots in such hearings, that it is the contractual equivalent to a grand jury—with the major difference being that American does not bother with a subsequent trial phase, but just moves directly into punishment (up to and including termination) based on what it "learns" during the Section 21 hearing.

FURTHER AFFIANT SAYETH NAUGHT.

---

[5]Attachment C, at 2:12-15 and 4:16-17.

[6]The portion of the e-mail string from Montgomery to Price and from Price to an APA official in Miami, has been cut from the sting and pasted into a PDF which, along with the two attachments to it, a draft letter and the two relevant pages of FO Patterson's deposition testimony, are appended as Composite Attachment D.

Executed under penalty of perjury in Dallas, Texas, this 26th day of July, 2018.

GUY DALTON (DANNY) SHELLHOUSE



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 17-60533-CIV-Martinez-Otazo-Reyes

RODNEY SCOTT PATTERSON,

      Plaintiff,

vs.

AMERICAN AIRLINES, INC., a
Delaware corporation,

      Defendant.

_____/

**Notice of Service of Plaintiff's
Answers and Objections to
Defendant's First Set of
Interrogatories to Plaintiff**

      Plaintiff, Rodney Scott Patterson, hereby serves his answers and objections to defendant, American Airlines, Inc.'s First Set of Interrogatories to Plaintiff dated July 5, 2017.

Respectfully Submitted,

/s/ Isha Kochhar
WILLIAM R. AMLONG
Florida Bar No.: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No.: 275565
KAmlong@TheAmlongFirm.com
ISHA KOCHHAR
Florida Bar No.: 105294
IKochhar@TheAmlongFirm.com
**AMLONG & AMLONG**, **P.A.**
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Facsimile: (954) 463-5008
***Attorneys for Plaintiff,***
    ***Rodney Scott Patterson***

Attachment

A
_____

Page 1 of  7

**Plaintiff, Rodney Scott Patterson's Objections and Answers to
Defendant, American Airlines, Inc.'s First Set of Interrogatories**

Plaintiff, Rodney Scott Patterson, hereby submits his answers and

objections to Defendant, American Airlines, Inc.'s First Set of Interrogatories

dated July 5, 2017 as follows:

1.     Identify the name and address of each person who you believe

as knowledge of the facts alleged in the Complaint.

**ANSWER**: Please see Attachment 1 appended to this response.

2.     Identify (in accordance with the Definitions and Instructions

below) each person likely to have discoverable information that you may use

to support your claims as asserted in the Complaint, including each person

you intend to call as a fact witness at any trial, along with the subject matter

of the information you expect each person to have.

**ANSWER**: Plaintiff has not yet determined which fact witnesses he

intends to call at trial.  Persons who may have discoverable information that

plaintiff pay use to support his claims are identified in Attachment 1,

appended to this response.

3.     Identify (in accordance with the Definitions and Instructions

below) each person with whom you have discussed, or from whom you have

taken a statement concerning, the allegations in the Complaint, other than

your attorneys in this litigation.

**ANSWER**: Plaintiff objects to the this interrogatory on the basis of

overbreadth.  Over the course of the events that formed the basis of this

Page 3 of  7

## Declaration of Rodney Scott Patterson, Under Penalty of Perjury, Pursuant to 28 U.S.C. § 1746

Under penalties of perjury, I declare that I have read the foregoing Plaintiff's Answers to Defendant's First Set of Interrogatories and that the facts stated in it are true and to the best of my knowledge.

_____          _____
Rodney Scott Patterson                                Date

Plaintiff's Answers to Defendant's First Set of Interrogatories, Patterson vs. American Airlines, Inc., Case No. 17-60533-CIV-Martinez-Otazo-Reyes

Patterson vs. American Airlines, Inc.
Plaintiff's Responses to Defendant's First Set of Interrogatories Dated July 5, 2017

| Full Name | Role In Case | Knowledge |
|---|---|---|
| | | Paraguay incident |
| Glenn R. Caddy, Ph.D. | Psychologist, Examined Rodney Scott Patterson | Knowledge as to his evaluation of Plaintiff |
| Graeham White | Pilot, American Airlines, Former LAX Base Chairman, Allied Pilots Association | Knowledge as to underlying allegations of the instant Complaint |
| Guy "Danny" Shellhouse | Captain, American Airlines | Knowledge as to underlying allegations of the instant Complaint |
| Ibrahim Abi-Rafeh | Plaintiff's physician as to Fitness for Duty evaluations | Received and evaluated Knippa's report |
| James Bonds | Former Chief Pilot, American Airlines - Miami | Knowledge as to American Airlines' disciplinary action against plaintiff on or about September 22, 2015 |
| Timothy Campbell | Captain, American Airlines | Knowledge as to Plaintiff's USERRA and Section 21 complaints |
| Jeral Ahtone, M.D. | Former American Airlines's Regional Medical Director | Knowledge as to Plaiintiff's American Airlines Fitness for Duty Evaluations |
| John D. Hastings, M.D. | Aeromedical Neurologist | Knowledge as to his examinination of |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

(Fort Lauderdale Division)

Case Number: CASE NO.: 1:17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a
Delaware Corporation,

    Defendant.

_____/

### Plaintiff Rodney Scott Patterson's Trial Witness List

Plaintiff Rodney Scott Patterson ("Patterson"), pursuant to the Court's

January 17, 2018 Order Revising Scheduling Order [DE 25], identifies the

following witnesses whom Patterson may call at trial:

Ibrahim Abi-Rafeh, M.D., 3501 Johnson St, Hollywood, FL 33021

Jeral Ahtone, M.D.*

Allied Pilots Association corporate representative(s), 14600 Trinity
Blvd., Suite 500, Fort Worth, TX 76155-2512

American Airlines, Inc. corporate representatives*

David Atwater, 3232 Canal Drive, Unit 15, Pompano Beach, FL 33062

Brian Beach, 2624 Northeast 35th Drive, Fort Lauderdale, FL 33308

James Bonds*



Attachment

B



**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL  33301 • 954.462.1983

Mark Modrich, 17351 Southwest 52nd Court, Southwest Ranches, FL 33331

Michelle Montgomery*

Sammy Odeh, 14416 Southwest 23rd Terrace, Miami, FL 33175

Brian Ostrom, 1482 Elysian Pass, Santan Valley, AZ 85140

Rodney Scott Patterson, c/o The Amlong Firm, 500 NE 4th Street, Ft. Lauderdale, FL 33301

Roxana Patterson, 1050 NE 91st Street, Miami, FL 33138

Sean Scialfa*

Guy Dalton "Danny" Shellhouse, 18788 Southwest 344th Terrace, No. 143, Homestead, FL 33034

Samuel Shmays, 5970 Standing Oaks Lane, Naples, FL 34119

Kimball Stone*

David Tatum*

Joseph R. Tordella, D.O., 1100 Lee Wagener Boulevard, Suite 346, Fort Lauderdale, FL 33315

Brian Vitale, 1749 Dockway, North Fort Meyers, FL 33903

Glenn Whitehouse,* or c/o Scott Wagner & Associates, P.A., 250 South Centra Boulevard, No. 104A, Jupiter, FL 33458

Impeachment Witnesses

All witnesses disclosed and/or called by the defendant

* Denotes an American employee that may be contacted at the address of American's counsel.

### Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by  Electronic Mail   this  21st  day of March, 2018 to Michael

A. Holt, Esq. mholt@shb.com, SHOOK, HARDY & BACON L.L.P. Miami Center,

Suite 3200, 201 South Biscayne Boulevard, Miami, Florida 33131 ;  Mark W.

Robertson, Esq. mrobertson@omm.com, O'MELVENY & MYERS LLP, Times

Square Tower, 7 Times Square, New York, New York 10036; Tristan Morales,

Esquire, tmorales@omm.com, O'MELVENY & MYERS LLP, 1625 I Street,

Northwest, Washington, DC 20006, and Cameron Cloar-Zavaleta,

Esquire, American Airlines, Inc., 4333 Amon Carter Boulevard, Fort Worth,

Texas, Cameron.R.Cloar@aa.com.

AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301-1154
(954) 462-1983


*/s/ William R. Amlong*
WILLIAM R. AMLONG
Florida Bar No:  470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No:  275565
KAmlong@TheAmlongFirm.com

**Attorneys for the Plaintiff,**
**Rodney Scott Patterson**

\\amlong3\cpshare\CPWin\HISTORY\180129_0001\1538.E5

1

1        UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF FLORIDA
2            FORT LAUDERDALE DIVISION

3        CASE NO:  1:17-cv-60533-MARTINEZ/OTAZO-REYES

4


5   RODNEY SCOTT PATTERSON,

6            Plaintiff,

7   vs.

8   AMERICAN AIRLINES, INC., a
    Delaware  Corporation,
9
             Defendant.
10  _____/

11

12                          SHOOK, HARDY & BACON, L.L.P.
                            201 S. BISCAYNE BOULEVARD
13                          SUITE 3200
                            MIAMI, FL 33131
14                          Tuesday, March 6, 2018
                            10:09 a.m. - 7:42 p.m.
15

16

17        VIDEOTAPED DEPOSITION OF RODNEY SCOTT PATTERSON

18

19

20            Taken on behalf of the Defendant before

21        Elizabeth Cordoba, RMR, CRR, FPR, Notary Public in

22        and for the State of Florida at Large, pursuant to

23        Defendant's Notice of Taking Deposition in the above

24        cause.

**Attachment**

**C**

25

2

```
 1    APPEARANCES:

 2    ATTORNEYS FOR PLAINTIFFS

 3         WILLIAM R. AMLONG, ESQ.
           KAREN COOLMAN AMLONG, ESQ.
 4         AMLONG & AMLONG, P.A.
           500 NORTHEAST 4TH STREET
 5         FORT LAUDERDALE FL 33301
           954-462-1983
 6         Wramlong@theamlongfirm.com


 7
      ATTORNEYS FOR DEFENDANTS:
 8
           TRISTAN MORALES, ESQ.
 9         O'MELVENY & MYERS, LLP
           1625 EYE STREET, NORTHWEST
10         WASHINGTON DC 20006
            202-383-5300
11         Tmorales@omm.com

12         CAMERON CLOAR-ZAVALETA, ESQ.
           AMERICAN AIRLINES
13         4333 AMON CARTER BLVD.
           MD 5675
14         FORT WORTH TX 76155
           817-963-5213
15         Cameron.cloar@aa.com

16

17    ALSO PRESENT
           ALEJANDRO MONTALVO, VIDEOGRAPHER
18

19

20

21

22

23

24

25
```

4

```
 1    Thereupon,

 2              THE VIDEOGRAPHER:  All right.  Good morning.

 3              We are now on the video record for the

 4         videotaped deposition of Rodney Scott Patterson, in

 5         the matter of the case of Rodney Scott Patterson

 6         versus American Airlines, Inc.

 7              Today is Wednesday, March 6th -- it's Tuesday,

 8         March 6th of 2018, and the time is 10:09 a.m.

 9              At this time, counsel please state your

10         appearance for the record, and after this, the court

11         reporter will swear in the witness.

12              MR. AMLONG:  William Amlong and Karen Amlong

13         for Captain Patterson.

14              MR. MORALES:  Tristan Morales, O'Melveny &

15         Myers, for American Airlines.

16              MR. CLOAR:  Cameron Cloar-Zavaleta for American

17         Airlines.

18    Thereupon,

19                   RODNEY SCOTT PATTERSON,

20    having been first duly sworn or affirmed and responded,

21    "I affirm," was examined and testified as follows:

22                   DIRECT EXAMINATION

23    BY MR. MORALES:

24         Q.   Good morning, Mr. Patterson.

25         A.   Good morning.
```

327

1    come back to him and said "Hey, now you really violated

2    USERRA.  And you didn't give me military leave like I

3    requested to.  And also, sir, you know, now you've PW'd me

4    on a -- on a date that I went on military leave.  You've

5    changed my employment status.  And now you want to say oh

6    it's related to something else."

7              You know, it's clear retaliation.  It's clear.

8    And Bonds went in and stripped out the EOs that were

9    applied by Tatum and so there's a clear intent there.

10         Q.    Do you have access to a flight schedule that

11   Captain Whitehouse flies each month for American Airlines?

12         A.    Flight schedule that Captain Whitehouse flies,

13   and every airline pilot, is published on the APA website.

14         Q.    Is it published to public?  Can I look at it?

15         A.    You cannot.

16         Q.    It's publish to members of the APA?

17         A.    To members of the APA.

18         Q.    Okay.  Have you recently attained -- obtained

19   flight schedule information for Captain Whitehouse?

20         A.    I have.  And I've asked other APA members to do

21   it for me.

22         Q.    What other APA members?

23         A.    Captain Shellhouse.

24         Q.    Okay.  Did you ask Captain Shellhouse for the

25   flight schedule information that was used prior to the

328

1    service of a subpoena on Captain Whitehouse recently?

2        A.    I think I asked Captain Shellhouse to verify

3    that Whitehouse would be in the Miami airport because it

4    appeared that Whitehouse was dodging service of a

5    subpoena.

6        Q.    Okay.

7            MR. MORALES:  We could go off for just one

8     second.  I want to do a time check.

9            THE VIDEOGRAPHER:  Off the record.  The time is

10     7:06.

11              (Thereupon, a recess was taken.)

12            THE VIDEOGRAPHER:  Back on the record.  The

13     time is 7:07.

14   BY MR. MORALES:

15       Q.    Colonel Patterson, if I could just have you

16   look quickly back at the complaint, which is Exhibit 18,

17   I'm going to review -- use it to refer to a few items.

18            Let me know when you have that document.

19       A.    I have the document.

20       Q.    Okay.  If you would look to Page 6, there's a

21   paragraph that looks like it's 15B.  Paragraph 15 starts

22   on the -- on Page 5.

23       A.    I understand.

24       Q.    Paragraph B, 15B, starts "Chief Pilot Bonds, on

25   January 20th."  Do you see that?

-------- Original message --------
From: "Price, Jeffrey" <**Jeffrey.Price@aa.com**>
Date: 7/9/18 4:22 PM (GMT-05:00)
To: **jpaa757@gmail.com**
Subject: FW: Shellhouse


From: Montgomery, Michelle
Sent: Monday, July 9, 2018 3:49 PM
To: Price, Jeffrey
Subject: Shellhouse

Do you have a date for his hearing set up? Attached is the hearing notice and the document from Patterson's deposition.



Michelle Montgomery
Senior Manager Labor Relations - Flight

817 963 7811 Office | 817 967 2287 Fax



NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient(s). If you are not an intended recipient, please do not read, distribute, or take action in reliance upon this message. If you have received this in error, please notify me immediately by return email and promptly delete this message and its attachments from your computer system.

Attachment

D

Date

Captain Guy "Danny" Shellhouse #40624
133 NE 19th Street
Homestead, FL  33030
(305) 587-4795

Re:     Section 21 Notice of Hearing

Dear Captain Shellhouse,

I received a report that you allegedly obtained the work schedule of Captain Glenn Whitehouse and provided the schedule to another individual.

I am scheduling a hearing on __DATE__, at _____  to investigate the circumstances surrounding the issue described above.   In preparation for that hearing, I recommend that you familiarize yourself with Section 21 of the Collective Bargaining Agreement and contact APA to arrange for representation.

Sincerely,

Captain Jeff Price
Director of Flight, MIA

cc:     APA Legal

Page 327

1   come back to him and said "Hey, now you really violated

2   USERRA.  And you didn't give me military leave like I

3   requested to.  And also, sir, you know, now you've PW'd me

4   on a -- on a date that I went on military leave.  You've

5   changed my employment status.  And now you want to say oh

6   it's related to something else."

7           You know, it's clear retaliation.  It's clear.

8   And Bonds went in and stripped out the EOs that were

9   applied by Tatum and so there's a clear intent there.

10      Q.    Do you have access to a flight schedule that

11  Captain Whitehouse flies each month for American Airlines?

12      A.    Flight schedule that Captain Whitehouse flies,

13  and every airline pilot, is published on the APA website.

14      Q.    Is it published to public?  Can I look at it?

15      A.    You cannot.

16      Q.    It's publish to members of the APA?

17      A.    To members of the APA.

18      Q.    Okay.  Have you recently attained -- obtained

19  flight schedule information for Captain Whitehouse?

20      A.    I have.  And I've asked other APA members to do

21  it for me.

22      Q.    What other APA members?

23      A.    Captain Shellhouse.

24      Q.    Okay.  Did you ask Captain Shellhouse for the

25  flight schedule information that was used prior to the

Page 328

1    service of a subpoena on Captain Whitehouse recently?

2        A.    I think I asked Captain Shellhouse to verify

3    that Whitehouse would be in the Miami airport because it

4    appeared that Whitehouse was dodging service of a

5    subpoena.

6        Q.    Okay.

7            MR. MORALES:  We could go off for just one

8        second.  I want to do a time check.

9            THE VIDEOGRAPHER:  Off the record.  The time is

10        7:06.

11            (Thereupon, a recess was taken.)

12            THE VIDEOGRAPHER:  Back on the record.  The

13        time is 7:07.

14    BY MR. MORALES:

15        Q.    Colonel Patterson, if I could just have you

16    look quickly back at the complaint, which is Exhibit 18,

17    I'm going to review -- use it to refer to a few items.

18            Let me know when you have that document.

19        A.    I have the document.

20        Q.    Okay.  If you would look to Page 6, there's a

21    paragraph that looks like it's 15B.  Paragraph 15 starts

22    on the -- on Page 5.

23        A.    I understand.

24        Q.    Paragraph B, 15B, starts "Chief Pilot Bonds, on

25    January 20th."  Do you see that?