UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case Number: 17-60533-CIV-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,
	Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware Corporation,
	Defendant.
_____/

## ORDER REVISING SCHEDULING ORDER

THIS CAUSE came before the Court on Defendant's Motion for Extension of Time to Take Depositions and File *Daubert* Motion and to Continue Trial [ECF No. 91]. Defendant's motion is premised on Plaintiff's violation of Federal Rule of Civil Procedure 26. Specifically, Defendant accuses Plaintiff of failing to disclose that his expert witness, Dr. Caddy, considered the findings of Dr. Edwin Bercaw when rendering his expert report, delaying the production of discoverable documents and necessitating the need for the requested extensions. The Court has considered Defendant's Motion, the record in this action and is otherwise fully advised in the premises.

### I.    Background

On April 30, 2018, this Court entered a revised scheduling order, requiring discovery to be completed by June 6, 2018 and all *Daubert* motions to be filed by June 11, 2018 [ECF No. 49]. On June 27, 2018, Magistrate Judge Otazo-Reyes held a discovery hearing in this action premised on Plaintiff's violation of Federal Rule of Civil Procedure 26(a)(2)(B)(ii). Rule 26 requires parties that have retained expert witnesses to disclose these witnesses to opposing counsel and requires that the parties simultaneously provide detailed reports setting forth the

opinions and the bases for the opinions. Fed. R. Civ. P. 26(a). Specifically, Rule 26 mandates the disclosure in the expert report of "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(ii). After the discovery hearing, Magistrate Judge Otazo-Reyes entered an order finding that Plaintiff violated Rule 26 (a)(2)(B)(ii) in that Dr. Caddy considered, for the purposes of his expert report and opinions, the testing of Plaintiff by Dr. Bercaw and that he should have disclosed that in his expert report and failed to do so [ECF No. 80]. Plaintiff was ordered to produce certain documents, including Dr. Bercaw's report and any communications between Dr. Bercaw and Dr. Caddy, within ten days of Magistrate Judge Otazo-Reyes' Order. *Id.* Plaintiff did not object to Magistrate Judge Otazo-Reyes' findings, and the time to do so has passed. On June 29, 2018, Dr. Bercaw's office provided Defendant with his report. On July 9, 2018, more than a month after the close of discovery, Plaintiff produced additional documents reflecting that Dr. Caddy received Dr. Bercaw's report and discussed the report and findings with Dr. Bercaw before providing his own expert report. Because of the untimely production, Defendant requests leave to take follow-up depositions outside of the discovery deadline to explore Dr. Bercaw's report and Dr. Caddy's methodology. Defendant further requests an extension of time to file a *Daubert* motion in light of the newly-discovered evidence related to Dr. Caddy's methodology.

## II.     Legal Standard

When a party files a motion to extend a deadline set in a scheduling order that has already been expired, Federal Rule of Civil Procedure 16(b) is the proper guide for determining whether to modify the scheduling order. *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). In such cases, the moving party is required to show good cause. *Id.* (quoting Fed. R. Civ. P. 16(b)(4)). The good cause standard required to modify a scheduling

- 3 -

order precludes modification unless the schedule "cannot be met despite the diligence of the party seeking an extension." *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998).

### III. Analysis

As noted above, Magistrate Judge Otazo-Reyes found that Plaintiff violated Fed. R. Civ. P. 26(a)(2)(B)(ii) when Dr. Caddy failed to include in his expert report all facts or data he considered in rendering his opinion – Dr. Bercaw's report [ECF No. 80]. While Plaintiff attacks said finding in his response, Plaintiff failed to object to Magistrate Judge Otazo-Reyes' findings and the time to do so has passed. As such, the only remaining question before this Court is whether Defendant has demonstrated good cause to extend the discovery and *Daubert* motion deadlines[1] in this action. After careful consideration, the Court finds that Defendant has established good cause for the requested extensions and that Plaintiff will not be prejudiced by the relief granted. Plaintiff's failure to timely comply with Fed. R. Civ. P. 26(a)(2)(B)(ii) is the basis for Defendant's request for extensions. Moreover, the information relied on by Defendant to support the request for extensions was not produced by Plaintiff until well after the discovery deadline and cannot be attributed to Defendant's lack of diligence. Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Extension of Time to Take Depositions and File *Daubert* Motion and to Continue Trial [ECF No. 91] is **GRANTED, as set forth herein.**

2. The previous calendar call and trial date are hereby **CANCELLED.**

3. The discovery deadline in this action is extended for **21-days from the date of this Order** to allow Defendant to take follow-up depositions regarding Dr. Bercaw's newly

---

[1] While Defendant has requested leave to file a *Daubert* motion, Defendant has yet to file any such motion. A large portion of Plaintiff's response is devoted to arguing the merits of a *Daubert* motion and is, accordingly, premature at this time.

disclosed report.

4.      Defendant shall be permitted to file a *Daubert* motion within **10-days** after the deadline for additional discovery has passed.

5.      After the Court has ruled on Defendant's Motion for Summary Judgment [ECF No. 59] and Plaintiff's Corrected Motion for Partial Summary Judgment [ECF No. 68], the Court, if necessary, will reset the calendar call and trial date in this action by separate order. If Defendant files a *Daubert* motion, trial in this action will not be scheduled until such time as the *Daubert* motion has been resolved.

6.      **No further extensions or trial continuances, if trial is reset, will be granted in this action**.

DONE AND ORDERED in Chambers at Miami, Florida, this 30TH day of July, 2018.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record