# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 1:17-cv-60533-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,
        Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware Corporation,

        Defendant.
_____/

# DECLARATION OF TODD F. JEWETT IN SUPPORT OF AMERICAN AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION

## DECLARATION OF TODD F. JEWETT

I, Todd F. Jewett, declare and state as follows:

1.  The facts set forth below are known to me personally. If I were called as a witness in this matter, I could and would testify competently to each fact so set forth.

2.  I am presently employed by American Airlines, Inc. ("American"), as Managing Director of Labor Relations, Flight. I have held this position since September of 2017. Prior to that time, I held the position of Senior Manager of Labor Relations, Flight. In both positions, my primary job responsibilities have included negotiation and administration of the collective bargaining agreement applicable to pilots.

3.  American maintains policies and procedures to safeguard its confidential information, including information concerning American's customers, employees, and operations. All pilots employed by American are required to complete "distance learning" exercises on a regular basis to verify that they are familiar with various policies and procedures at American. Information security, including confidential information, is regularly a subject of these mandatory exercises.

4.  In Section 21 of the CBA, American and the pilots' union agreed on a framework for American to investigate potential violations of American's rules of conduct by a pilot. Under the CBA, notice of a Section 21 hearing is not a disciplinary action and a Section 21 hearing does not necessarily result in disciplinary action against a pilot. Rather, under the CBA, one of the only ways that the Company can speak to a pilot about a matter that could lead to discipline is to convene a Section 21 proceeding.

5.  On February 17, 2018, Captain Whitehouse reported to American that, on February 16, 2018, while approaching a gate at Miami International Airport to board an international flight that he was scheduled to operate for American, a process server served him with a subpoena to appear for a deposition in this matter. Captain Whitehouse asked American who looked up his information, how Patterson's process server was allowed into the secure side of the terminal, and what action American intended to take as a result.

1

6.  Flight schedule information is available to American's pilots exclusively to allow pilots to review information relevant to their own flight schedules and to American's flying operations. American's pilots are not authorized to access the flight schedule information of other pilots, or to distribute such information, without express approval from American or in some circumstances the pilots' union.

7.  American's policies and procedures concerning confidential information do not include any exception that permits American's pilots to disregard their terms at the pilot's discretion for another pilot's purposes.

8.  On June 14, 2018, Captain Whitehouse again contacted the Company inquiring how a process server got through to the secure side of the Miami airport to serve a subpoena on him. American determined that additional fact-finding was necessary in order to determine whether, in connection with this apparent unauthorized access, Captain Shellhouse violated American's policies and procedures concerning confidential information. Thus, pursuant to American's contractual authority under Section 21 of the CBA, Captain Jeff Price, the Director of Flight at American's Miami hub, issued a "Section 21 Notice of Hearing" to Captain Shellhouse. American emailed this Notice to APA and sent the Notice to Captain Shellhouse via FedEx on July 12, 2018.

9.  On July 25, 2018, Captain Shellhouse responded to Captain Price by email, "requesting that this hearing be moved to not earlier [than] August 1, 2018' and seeking "in accordance with [Section] 21.B.4, all relevant documentation including the specific charges." That same day, Captain Price responded by email as follows: "We will take the hearing for tomorrow off of the calendar for now and consider your request. Please know that the focus of the Section 21 is the integrity of AA's confidential information, including information regarding crew schedules."

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this __th day of July, 2018, at Fort Worth, Texas.

_____
Todd F. Jewett