**Morales, Tristan**

| | |
|---|---|
| **From:** | wramlong@theamlongfirm.com on behalf of William Amlong <wramlong@theamlongfirm.com> |
| **Sent:** | Friday, July 27, 2018 12:38 PM |
| **To:** | MHOLT@shb.com; Robertson, Mark; Morales, Tristan; Cameron.cloar@aa.com |
| **Cc:** | kamlong@theamlongfirm.com; noel.c.pace.esq@gmail.com; ypharris@theamlongfirm.com |
| **Subject:** | Registered: RE: Conferral on emergency motion to stop Section 21 procedings against Capt. Shellhouse |

 

This is a Registered Email™ message from **William Amlong**.

All –

Thank you for your prompt response. However, it is inadequate, since the Section 21 Hearing Notice retains its *in terrorem* effect by hanging over Capt. Shellhouse's head until after the trial. It also permits Michelle Montgomery to let all of the other witnesses know about what has been threatened against Capt. Shellhouse. Therefore, the emergency remains with trial looming on August 20.

I will extend the deadline for my filing the motion until 4 p.m. for you to confer with your client and let me know that American agrees to completely withdraw any Section 21 proceeding against Capt. Whitehouse concerning his possibly having supplied Lt. Col. Patterson with information about Capt. Whtehouse's schedule so that Lt. Col. Patterson could effect service on Capt. Whitehouse in a USERRA action.

If we do resolve this by 4 p.m., I intend to file the motion and to do so as an emergency matter.

Regards,

Bill

William R. Amlong, Esquire



500 Northeast Fourth Street, Fort Lauderdale, Fl 33301

Confidentiality Notice:  This e-mail and/or any attachment to it contains, or may contain, privileged and confidential information intended only for the use of the individual(s) named in the e-mail.  If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, please permanently delete it from your computer system and promptly notify me.

---

**From:** Holt, Michael (SHB) [mailto:MHOLT@shb.com]
**Sent:** Friday, July 27, 2018 12:01 PM
**To:** William Amlong; mrobertson@omm.com; 'Morales, Tristan'; Cameron.cloar@aa.com
**Cc:** 'Karen Coolman Amlong'; noel.c.pace.esq@gmail.com; 'Yasmin Harris'; 'Scott'; Danny Shellhouse
**Subject:** RE: Conferral on emergency motion to stop Section 21 procedings against Capt. Shellhouse

Counsel,

There is nothing improper about the Section 21 notice sent to Captain Shellhouse. American is committed to maintaining the integrity of its confidential and proprietary business information. This includes protecting against the type of unauthorized use of American's data you describe in your email. ("Capt. Shellhouse provided to Lt. Col. Patterson information obtained through APA's computer access to American Airlines's crew schedules.") Your suggestion that American is attempting to "intimidate Plaintiff's witnesses" is incorrect—American is following its established procedures including those agreed to in the JCBA. American does not and is not engaging in any improper litigation conduct. Therefore we view this motion as unnecessary and a waste of time and resources.

To avoid needless litigation, however, we can agree that if Captain Shellhouse will commit that he will not use American's confidential information that is provided to him by the APA for the limited purpose of his APA responsibilities (i.e., serving on a committee to negotiate a union contract) for any other purpose during the pendency of the Section 21 investigation, American will agree to your request to postpone the Section 21 hearing until after the trial of the *Patterson* case.

We believe this proposal addresses all of your concerns and therefore no order of the Court is necessary or appropriate.

Regards,

Mike


**Michael A. Holt**
*Attorney*
Shook, Hardy & Bacon L.L.P.

305.755.8927 | mholt@shb.com



**From:** William Amlong <wramlong@theamlongfirm.com>
**Sent:** Friday, July 27, 2018 9:39 AM
**To:** Holt, Michael (SHB) <MHOLT@shb.com>; mrobertson@omm.com; 'Morales, Tristan' <tmorales@omm.com>; Cameron.cloar@aa.com
**Cc:** 'Karen Coolman Amlong' <kamlong@theamlongfirm.com>; noel.c.pace.esq@gmail.com; 'Yasmin Harris' <ypharris@theamlongfirm.com>; 'Scott' <aa737drvr@aol.com>; Danny Shellhouse <gdshellhouse@gmail.com>
**Subject:** Conferral on emergency motion to stop Section 21 procedings against Capt. Shellhouse

Gentlemen –

I am going to file at noon today Plaintiff's Emergency Motion Pursuant to 18 USC 4311(b)(3) and the Court's Inherent Powers to Restrain Defendant, American Airlines From Intimidating Plaintiff's Witnesses or Retaliating Against its Employees who Have Assisted Him in Preparing for Trial, directed at the Section 21 notice that was given to Capt. Guy Dalton (Danny) Shellhouse this week, specifically directed towards "a report that you allegedly obtained the work schedule of Captain Glenn Whitehouse and provided the schedule to another individual."

The reference is obviously to Capt. Shellhouse's assistance to Lt. Col. Patterson in obtaining service of a deposition subpoena on Capt. Glenn Whitehouse, who had been avoiding service in this case.  The actions of Capt. Shellhouse, assuming that he actually did retrieve Capt. Whitehouse's flight schedule through the Allied Pilots Association's access to crew schedules, clearly would have been an "an action to enforce a protection afforded any person under this chapter," i.e., assistance to Lt. Col. Patterson, a USERRA plaintiff, in obtaining the testimony of a recalcitrant witness, which is protected by the anti-retaliation provisions of USERRA. See 38 U.S.C. § 4311(b)(1).   Additionally, Capt. Shellhouse has been identified in Lt. Col. Patterson's interrogatory responses, on his witness list and in his deposition testimony as a witness in this case.

Given that American has known about the possibility that Capt. Shellhouse provided to Lt. Col. Patterson information obtained through APA's computer access to American Airlines's crew schedules since March 6, 2018, but waited

until less than a month before the start of trial to issue (at the orders of Michelle Montgomery, its Senior Manager Labor Relations—Flight) a Section 21 notice, this seems to be not only a separate violation of USERRA's anti-retaliation provisions, but also an attempt to intimidate not only Capt. Shellhouse but, by making an example of him, the other American Airlines employees who are on Lt. Col. Patterson's witness list.

So, in compliance with Local Rule 7.1(a)(3) and (d), I am asking whether you would agree to an order instructing American Airlines to cease and desist from any pursuit of Section 21 proceedings against Capt. Shellhouse concerning anything to do with Lt. Col. Patterson's USERRA case or, as it relates to the emergency issue, whether you would agree to an order temporarily restraining any such behavior by American Airlines until this matter could be processed within the normal time limits envisioned by Local Rule 7.1.

I await your response.

Regards,

Bill Amlong

William R. Amlong, Esquire



500 Northeast Fourth Street, Fort Lauderdale, Fl 33301

Confidentiality Notice:  This e-mail and/or any attachment to it contains, or may contain, privileged and confidential information intended only for the use of the individual(s) named in the e-mail.  If you are not the intended recipient, or the

person responsible for delivering it to the intended recipient, please permanently delete it from your computer system and promptly notify me.

Mail Gate made the following annotations on Fri Jul 27 2018 11:00:45

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

