UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

   Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

   Defendant.
_____/

**Plaintiff's Response to American Airlines, Inc.'s
Motion in Limine To Exclude Evidence of Plaintiff's Alleged
Emotional Damages or of American's Financial Resources**

Plaintiff, Rodney Scott Patterson, pursuant to Local Rule 7.1(c), responds as follows to American Airlines, Inc.'s Motion in Limine To Exclude Evidence of Plaintiff's Alleged Emotional Damages or of American's Financial Resources (DE 97):

This is a silly, time-wasting motion that:

**One**, was uploaded to the Southern District of Florida's ECF system at 5:14 p.m. Friday, July 13, an hour and 43 minutes after plaintiff's counsel

advised American's counsel via e-mail that it was "unnecessary" because "I am not going to ask for emotional distress or punitive damages...,"[1] and

**Two**, the primary thrust of which appears to be to regurgitate American's argument in favor of granting its motion for summary judgment, as opposed to granting that of Lt. Col. Patterson, the plaintiff.  See id. at 1-2 ("Background").

## Conclusion

Plaintiff respectfully requests the Court to strike or deny defendant's motion as Violative of Local Rule 7.1(a)(3), and to grant such other and further relief as is just.

> Respectfully Submitted,
>
> /s/    William R. Amlong
> WILLIAM R. AMLONG
> Florida Bar No.: 470228
> WRAmlong@TheAmlongFirm.com
> KAREN COOLMAN AMLONG
> Florida Bar No.: 275565
> KAmlong@TheAmlongFirm.com
>
> NOEL C. PACE
> noel.c.pace.esq@gmail.com
> *Admitted Pro Hac Vice*
> 206 NW 91st Street
> El Portal, FL
> (305) 710-3713
>
> AMLONG & AMLONG, P.A.
> 500 Northeast Fourth Street

---

[1]A copy of the meet-and-confer e-mail string is appended.

        Second Floor
        Fort Lauderdale, Florida 33301
        Telephone: (954) 462-1983
        Facsimile: (954) 463-5008

***Attorneys for Plaintiff,***
***Rodney Scott Patterson***

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using the Southern District of Florida's ECF system and thereby has been served on on all counsel or parties of record.

        /s/   William R. Amlong
        WILLIAM R. AMLONG

\\amlong3\cpshare\CPWin\HISTORY\180724_0001\1538.1c9

| | |
|---|---|
| From: | William Amlong |
| To: | "Holt, Michael (SHB)"; "Karen Coolman Amlong"; "noel.c.pace.esq@gmail.com"; "Yasmin Harris"; "jdaley@theamlongfirm.com" |
| Cc: | "mrobertson@omm.com"; "Morales, Tristan" |
| Subject: | RE: Meet and Confer - Motions in Limine & Exhibit List |
| Date: | Monday, July 23, 2018 3:30:00 PM |

Micahel –

I am not going to ask for emotional distress or punitive damages, so No. 3 is unnecessary

As to any violation of the CBA, your No. 1, I am not going to try this case as a breach of contract case, but American's failure to follow its CBA may be evidence or its taking an irregular approach to Patterson, which would be evidence of pretext.

We think the subsequent medical reports, your No. 2, are highly relevant, so we will not agree with that.

I am moving in limine in support of getting in the discussions between Lucretia Guia and Trish Kennedy and the e-mails, which I believe are not covered by Rule 408.

I do not understand your objection No. 5. Dr. Caddy testifies a lot, and he knows about what he can, cannot testify. I do not intend to channel hearsay in through him, but I do not want to limit what he can legitimately testify to as an expert.

On my conferral certification, I will state that I sent you all an e-mail, and you responded, but that we were unable to agree – but we will continue to discuss.


William R. Amlong, Esquire



500 Northeast Fourth Street, Fort Lauderdale, Fl 33301
Confidentiality Notice: This e-mail and/or any attachment to it contains, or may contain, privileged and confidential information intended only for the use of the individual(s) named in the e-mail. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, please permanently delete it from your computer system and promptly notify me.

---

**From:** Holt, Michael (SHB) [mailto:MHOLT@shb.com]
**Sent:** Monday, July 23, 2018 2:16 PM
**To:** wramlong@theamlongfirm.com; 'Karen Coolman Amlong'; noel.c.pace.esq@gmail.com; 'Yasmin Harris'; jdaley@theamlongfirm.com
**Cc:** 'mrobertson@omm.com'; Morales, Tristan
**Subject:** Meet and Confer - Motions in Limine & Exhibit List

Counsel,

American intends to file the following motions in limine today along with a brief description of each. Please let us know your position as to each as soon as possible.

1) Motion in limine to exclude evidence regarding any alleged breach, misinterpretation, or misapplication of American's pilot collective bargaining agreement. Under the RLA, any disputes regarding the interpretation of the CBA must be resolved by the system board of adjustment.
2) Motion in limine to exclude evidence of subsequent medical reports. Medical evaluations conducted after Dr. Knippa's report are not relevant to any issue in the case.
3) Motion in limine to exclude evidence of alleged emotional damages or of American's financial resources. Damages are limited to lost wages and liquidated damages if a violation is willful. Thus, any psychological harm allegedly suffered by Plaintiff is irrelevant. American's financial resources are not relevant because punitive damages are not available.
4) Motion in limine to exclude evidence or references to confidential settlement negotiations and communications. Settlement communications are inadmissible under Rules 408 and 403.
5) Motion in limine to exclude undisclosed opinions and impermissible hearsay from Dr. Caddy. Dr. Caddy testified that he has new opinions that were not disclosed in his report—and which are still not finalized. American seeks to exclude these opinions. Additionally, Dr.

Caddy should not be permitted to repeat the out of court statements of fact witnesses as a conduit for inadmissible hearsay.

Additionally, the deadline under Rule 26(a)(3) to provide your exhibit list has passed. Please confirm that you will be sending your exhibit list today. Otherwise, we will need to seek relief from the Court about that as well.

**Michael A. Holt**
*Attorney*
Shook, Hardy & Bacon L.L.P.

305.755.8927 | mholt@shb.com



Mail Gate made the following annotations on Mon Jul 23 2018 13:15:59

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.