UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 17-cv-60533-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,
    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation,

    Defendant.
_____/

**AMERICAN AIRLINES, INC.'S REPLY IN SUPPORT OF
AMERICAN'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
OR REFERENCES TO CONFIDENTIAL SETTLEMENT NEGOTIATIONS**

American Airlines, Inc. ("American") respectfully submits this reply in support of its motion in limine seeking to prohibit Plaintiff from offering any evidence or making any reference to confidential settlement negotiations between American and Plaintiff or his union representatives, including the December 2016 settlement negotiations between American and APA.  (ECF No. 98.)

Rule 408 prohibiting the introduction of confidential settlement negotiations is based on the following rationale: "If a party had to worry that its settlement statements could be used against it in an opponent's trial case, parties could be expected to refrain from partaking in full and frank discussions of the issues relating to settlement, and settlement would occur less frequently, thus, unnecessarily expending parties' and courts' resources."  In accordance with Rule 408, courts have "uniformly exclude[d] evidence created for the purpose of facilitating settlement negotiations."

*See Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc.*, No. 8:06-cv-421-T-33EAJ, 2008 WL 4080205, at *1–2 (M.D. Fla. Aug. 28, 2008).

Allowing Plaintiff to introduce the "Confidential AA Settlement Offer" that was provided by American to Plaintiff's union, the APA, in December 2016 would thwart "full and frank discussions" and would greatly reduce the frequency of settlement. Plaintiff does not make any meaningful effort to rebut this obvious conclusion. He concedes that he is relying on "American's settlement offer to Patterson's union" in an effort to prove the validity of his USERRA claim. (ECF No. 89 at 9); *see* Fed. R. Evid. 408 (prohibiting the use of settlement negotiations "to prove or disprove the validity or amount of a disputed claim.") And he concedes that, by labeling the settlement proposal at issue as a "Confidential AA Settlement Offer," American explicitly confirmed that the document was "intended to be part of the negotiations toward compromise." *See Hernandez-Sabillon v. Naturally Delicious, Inc.,* No. 15-cv-80812, 2015 WL 10550934, at *2 (S.D. Fla. Dec. 23, 2015).

Plaintiff's only argument for introducing this "Confidential AA Settlement Offer" is that it is "evidence of retaliation" because it would have required Plaintiff to "drop all claims" against American "including his USERRA claim for backpay and benefits." (ECF No. 123 at 13.) It is, of course, entirely standard that American's settlement offer would have required Plaintiff to "drop all claims" against American. This is particularly true here, where all of Plaintiff's claims (including this USERRA action and the grievance submitted by his union) arise from the same operative event: Plaintiff being withheld from duty by American. It would be *remarkable* to allow evidence that directly contravenes Rule 408 simply because that evidence reflects an entirely *unremarkable* proposal that Plaintiff drop all claims against American as a condition of settlement as is standard in any settlement.

2

Plaintiff's theory that the settlement proposal is admissible as "documentary evidence of retaliation" is also repudiated by the timing of the settlement offer. (ECF No. 123 at 13.) The settlement proposal at issue was proposed *more than one year after* American withheld Plaintiff from duty on September 24, 2015 and well after an independent neuropsychologist reported to American in March 2016 that Plaintiff was "NOT FIT FOR DUTY" following a fitness-for-duty examination. Thus, while Plaintiff again cites the same two out-of-circuit cases for the proposition that settlement proposals can be admitted "to vindicate wrongs committed during settlement discussions," he cannot allege any such wrongs here. *Cf. Uforma/Shelby Bus. Forms v. NLRB*, 111 F.3d 1284, 1294 (6th Cir. 1997) (emphasis added); ECF No. 89 at 9–10, ECF No. 123 at 3. Indeed, when Plaintiff declined American's December 2016 settlement offer, he simply remained withheld from duty, in the *same manner* he had been for the 15 months prior to that. This timeline confirms that American did not withhold Plaintiff from duty *because* of anything that occurred during the December 2016 settlement negotiations.[1]

Plaintiff's citation to *United States v. Nevada* fails for the same reason—namely that the December 2016 settlement offer to Plaintiff could not plausibly provide evidence of retaliation. 817 F. Supp. 2d 1230, 1248–49 (D. Nev. 2011). The *Nevada* case, which is a summary judgment decision rather than an evidentiary judgment, also addressed the entirely distinct circumstance where an employer allowed a service member to return to employment but then withdrew the offer

---

[1] Once American determined on March 24, 2016 that Plaintiff was "NOT FIT FOR DUTY" on the basis of the independent neuropsychologist's report, Plaintiff could return to duty only if he returned to the same independent neuropsychologist (or a comparable examiner approved by American to re-evaluate Plaintiff) in accordance with Section 20 of the CBA—which he has refused to do. (ECF No. 96 at 5–7.)

3

from the employee *after* his employer returned him to work because the employee said he was going to continue pursuing his USERRA claim. *Id*. In light of "this sequence of events" and surrounding evidence, the court held that there were questions of fact surrounding the employer's motivation for its offer of reemployment. *Id*. The court was not making an *evidentiary* determination regarding a written confidential settlement offer—the parties disputed whether the offer of reemployment even was a "settlement offer" and there is no mention of Rule 408. *Id*. Here, Rule 408 plainly bars introduction of the "Confidential AA Settlement Proposal" at trial.

In any event, the fact that American made the "Confidential AA Settlement Proposal" in December 2016 also demonstrates that it is irrelevant evidence under Rules 401 and 402. A December 2016 settlement offer cannot possibly show American's motivations in September 2015 (when it withheld Plaintiff from duty) or March 2016 (when it determined that Plaintiff was "NOT FIT FOR DUTY" on the basis of the independent neuropsychologist's report). *See, e.g., Lehman Bros. Holdings, Inc. v. Hirota*, No. 8:06-cv-2030-T-24-MSS, 2007 WL 6881841, at *1–2 (M.D. Fla. Nov. 28, 2007) (excluding evidence of settlement agreements with former parties as inadmissible under Rule 408, as well as Rules 402 and 403).

## CONCLUSION

For these reasons, American respectfully requests that this Court grant American's motion (ECF No. 98).

Respectfully submitted,

By: /s/ Michael A. Holt

Michael A. Holt
mholt@shb.com
Florida Bar No.: 91156
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200

4

201 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq. (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August, 2018, the foregoing document was filed with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on the counsel or parties of record listed below.

By: /s/ Michael A. Holt
      MICHAEL A. HOLT

## SERVICE LIST

William R. Amlong, Esq.
WRAmlong@TheAmlongFirm.com
Karen Coolman Amlong, Esq.
KAmlong@TheAmlongFirm.com
**AMLONG & AMLONG, P.A.**
500 Northeast Fourth Street
Fort Lauderdale, FL 33301
Telephone: (954) 462-1983
Facsimile: (954) 523-3192

Noel C. Pace, Esq.
(*Pro Hac Vice*)
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
Telephone: (305) 710-3713

(Service via CM/ECF)

*Counsel for Plaintiff*

Michael A. Holt, Esq.
mholt@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Mark W. Robertson, Esq.
mrobertson@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Times Square Tower 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq.
tmorales@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

(Service via CM/ECF)

*Counsel for American Airlines, Inc.*