UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

   Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

   Defendant.

_____/

**Plaintiff's Reply re: Motion in Limine re: Testimony That
Corporate Security's Only Investigated Gun Running Allegations**

    Plaintiff, Rodney Scott Patterson, replies as follows to that part of American Airlines, Inc.'s Omnibus Opposition to Plaintiff's Motions in Limine (DE 113) that addresses Plaintiff's Motion in Limine re: Testimony That Corporate Security's (sic) Only Investigated Gun Running Allegations (DE 100):

    American argues that "if Plaintiff opens the door on the corporate security investigation of Plaintiff by American in 2015 he cannot prevent the jury from learning what American understood the scope of that investigation to entail." DE 113, at 5-6.

Although Lt. Col. Patterson has been unable to locate the source of the quoted principle that a court may deny a motion in limine because "it lacks the necessary specificity with respect to the information to be exclude," he does not dispute the truism:  he questions its application to this particular motion, however, since it is quite specific in what it seeks to keep out—i.e., hearsay testimony about how a Corporate Security investigation into Capt. Glenn Whitehouse's voluminous allegations of bizarre behavior on the part of Lt. Col. Patterson was limited to unfound allegations of gun running.

American cannot lay a non-hearsay foundation for any testimony that the March-April 2015 investigation into Lt. Col. Rodney Scott Patterson was limited to allegations that he was smuggling guns into Bolivia:

**One**, while Brian Beach, a former American Chief Pilot in Miami, has the requisite personal knowledge to testify about what materials he turned over to Corporate Security, his only possible source of knowledge about what Corporate Security actually investigated would be what someone within Corporate Security had told him at the time.

**Two**, while Michelle Montgomery *could* have testified as a Rule 30(b)(6) designee about what she learned from someone within corporate security in preparation for her deposition, she testified instead that:

- although she knew that the allegations against Lt. Col. Patterson were "unsubstantiated," she only reviewed a single e-mail about those allegations, which was  sent to Rick Garcia in Corporate Security, but she

recalled neither the date of the e-mail, who sent it nor whether it concerned anything other than possible gun smuggling, Deposition of Michelle Montgomery,[1] at 13:12-16:4, 16:19-23;

- she did not know what, if any, documents that Mr. Garcia reviewed, id. at 16:16-18;

- her knowledge of the investigation came from what "one of the chief pilots, but [she didn't] recall which one," told her "at the time of the investigation," id. at 16:25-17:1, 17:10-11, 17:18-23, and

- Fred Bates, a manager in Corporate Security, told her in preparation for the deposition that he had no information, and referred her to Larry McLaughlin, American's Director of Global Investigations, who told her that Mr. Garcia had died and that there were no records of the investigation. Id. at 18:17-19:1.

Therefore, the only admissible evidence concerning the scope of the investigation is that then-Capt. Beach forwarded Capt. Whitehouse's e-mails to Corporate Security, Human Resources and Labor Relations in March and April 2015, see Montgomery Deposition, at 20:2-14, 20:23-24:11 and

---

[1] The cover page and relevant testimonial pages of Ms. Montgomery's deposition are appended as Attachment 1.

Exhibit 74;[2] Deposition of Brian Beach,[3] at 45:21-46:8 and Exhibit 2C, none of which did anything in response. Montgomery Deposition, at 30:5-14.

American's attempt to rely on the miscited Order on the Parties' Motions in Limine in Rakip v. Paradise Awnings Corp., Case No. 10-20004-cv-Cooke (Nov. 7, 2010),[4] for the proposition that Ms. Montgomery or Mr. Beach should be able to testify that the scope of the corporate security investigation was limited to allegations of gun-smuggling because that testimony would only "concern American's knowledge and motivation in light of the corporate security investigation," DE 113, is misplaced. In Rakip, the defendant's attorney's advice to the business was relevant to a good-faith defense in a wage-and-hour case.

In the case at bar, the no-foundation testimony that the only alleged misconduct that Corporate Security investigated in March and April was the gun-smuggling allegations obscures the inference to be drawn from the testimony of both Ms. Montgomery and Mr. Beach that all of the allegations that were used as a basis for suspending Lt. Col. Patterson in September, two days after he had gone on duty with the Army Reserve September 22,

---

[2]Montgomery Deposition Exhibit 74 is appended as Attachment 2.

[3]The cover page and the relevant testimonial pages of Capt. Beach's deposition are appended as Attachment 3.

[4]American pin-cited a Westlaw version of the case at *2, when the passage to which it refers appears on the slip opinion at *3.

which produced no evidence of any behavior for which he faced discipline, see Montgomery Deposition, at 46:1-4, were the same exact allegations that had been looked at by Corporate Security, Human Resources and Labor Relations in March and April.

Ms. Montgomery testified that Beach had wanted back in April for Labor Relations and Human Resources to look into Whitehouse's allegations, which she characterized as "very concerning." Montgomery Deposition, at 21:22-22-3.

The March 24 e-mail by which Mr. Garcia informed then-Capt. Beach that "Fred Ronda and I discussed the below case with Larry McLaughlin, Director of AA Global investigations," and that "[i]t was decided that Corporate security would look into *this* matter," (emphasis supplied) was at the end of an e-mail string that began with Capt. Whitehouse's allegations about Lt. Col. Patterson's behavior on an October 2014 trip to Asuncion, Paraguay. Mr. Beach nevertheless sought during his deposition—and would again at trial without this Court's intercession—to characterize "this matter" as limited only to "the gun issue to Bolivia." Beach Deposition at 48:24-49:5 and Exhibit 2C. In the next question-and-answer, however, he acknowledged a broader focus:

> Q. Where in—perhaps I'm missing it, but where in the March 19 e-mail does Mr. Beach mention anything about gun smuggling?
>
> A. I think this was what Fred and Ricardo wanted was the whole picture of the situation with Scott Patterson.

Id. at 49:6-10.

Permitting American to introduce the no-foundation testimony about how limited was the March-April Corporate Security investigation—an investigation of which American claims to have no records—under the guise of illumining "American's knowledge and motivation in light of the corporate security investigation," DE 113, at 17, n. 4, not only would permit hearsay testimony into evidence for the truth of that assertion, but would be unfairly prejudicial to Lt. Col. Patterson, would confuse the issues and would mislead the jury, all as forbidden by Rule 403.

Respectfully Submitted,

*/s/    William R. Amlong*
WILLIAM R. AMLONG
Florida Bar No.: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No.: 275565
KAmlong@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Facsimile: (954) 463-5008

NOEL C. PACE
noel.c.pace.esq@gmail.com
*Admitted Pro Hac Vice*
206 NW 91st Street
El Portal, FL
(305) 710-3713

**Attorneys for Plaintiff,
Rodney Scott Patterson**

**Certificate of Service**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using the ECF function of United States District Court for the Southern District of Florida and thereby has been distributed to all of the parties and counsel of record in this matter.

*/s/    William R. Amlong*
WILLIAM R. AMLONG