UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

   Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

   Defendant.
_____/

**Plaintiff's Reply Concerning Motion in Limine re:**
**§ 20 Letters from Beach, Bond**

Plaintiff, Rodney Scott Patterson, replies as follows to that part of American Airlines, Inc.'s Omnibus Opposition to Plaintiff's Motions in Limine (DE 113) that addresses Plaintiff's Motion in Limine re: the § 20 Letters from Beach, Bonds (DE 101), pursuant to Federal Rules of Evidence 402, 403, 602, 702 and 802.

American first argues that it is "plainly false" that neither Capt. James Bonds nor then-Capt. Brian Beach had any personal knowledge of "concerns regarding your ability to safely operate an aircraft." DE 113, at 9. It bases the assertion on testimony by Michelle Montgomery, American's 30(b)(6) designee, id., that "[f]ollowing the HR department's investigation, the Miami

flight office had concerns about whether Plaintiff 'was, in fact, fit for duty as an American Airlines pilot,'" DE 113, at 9, notwithstanding that both Capt. Bonds and Mr. Beach testified in their depositions that they had no such concerns.

American relies on Moore v. Sears, Roebuck and Co., 683 F.2d 1321, 1322 (11th Cir. 1982), which affirmed a trial court that had admitted in the trial of an age-discrimination case a series of "memos, most of which are designated 'for the file,' contain[ing] observations pertaining to Moore's performance, summaries of reports on his performance made by other Sears employees, and chronological accounts of events such as personnel investigations and meetings," id. at 1322, that were "not tendered to prove the particulars of their contents, but to help establish that Sears was motivated, in good faith, to discharge Moore for reasons other than age." Id. at 1322-23.

In the case at bar, however, the letters are intended to—and do—give the false impression that the push for a Section 20 examination originated routinely with one or both of the two chief pilots, Capt. Bonds and then-Capt. Beach, which simply as not true. "I recognize my signature, but this is a form letter right from labor, Michelle Montgomery's office, to us to fill in the blanks. So I signed it." Bonds Deposition,[1] at 103:23-25. Said Mr.

---

[1]The cover page and relevant testimonial page of the Deposition of
(continued...)

Beach:  "I was told [by management and the Legal Department] to, you know, this is what we're going to do and here's the letter."  Deposition of Brian Beach, at 15:9-12.

Additionally, the letters constitute expression of lay opinion, i.e., about the two chief pilots' concerns as to whether Lt. Col. Patterson could neuropsychologically "safely operate an aircraft," which neither Capt. Bonds nor Mr. Beach had rationally formed based on anything he had personally perceived.  Bonds Deposition, at 105:17-106:9; Beach Deposition, at 35:12-15.   Admitting such opinion testimony would violate Rule 701.

Further, the § 20 letters cannot come in as business records. American cannot lay a Rule 803(6) foundation that anyone involved in the creation of the two letters created them at or near the time that he or she witnessed Lt. Col. Patterson engage in any behavior giving rise to such concerns, that anyone actually had such concerns, or that the creation of such a document was a regular practice of American or that the letters (which both Capt. Bonds and Mr. Beach said were simply given them to sign, even though they had no personal knowledge of the underlying facts) were trustworthy.

Unlike the routine observation and recording of the plaintiff's behavior in <u>Moore</u>, which were admissible to show that the defendant had a reason

---

[1](…continued)
James Bonds is appended as Attachment 1.

other than age to terminate the plaintiff, the two § 20 letters in the case at bar were created for the purpose of creating the appearance of a rationale for mandating a neuropsychological and psychological examination for Lt. Col. Patterson.

For that reason, they have no tendency to make any material fact in this case more or less probable than it would be with their being excluded. Because of the convoluted way the two letters were created—for the purpose of making it appear as if the two chief pilots, not upper management and legal, were the instigators of the § 20 examination—they are more prejudicial than probative.

Respectfully Submitted,

*/s/     William R. Amlong*
WILLIAM R. AMLONG
Florida Bar No.: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No.: 275565
KAmlong@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Facsimile: (954) 463-5008

NOEL C. PACE
noel.c.pace.esq@gmail.com
*Admitted Pro Hac Vice*
206 NW 91st Street
El Portal, FL
(305) 710-3713

**Attorneys for Plaintiff,
Rodney Scott Patterson**

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using the ECF function of United States District Court for the Southern District of Florida and thereby has been distributed to all of the parties and counsel of record in this matter.

*/s/     William R. Amlong*
WILLIAM R. AMLONG

K:\CLIENT DOCUMENTS\Patterson\180814 __Replies re Motion in Limine\180814 DRAFT Plaintiff's Reply re  MIL re Bonds and Beach's Section 20 letters\180814 DRAFT Plaintiff's Reply re  MIL re Bonds and Beach's Section 20 letters (Patterson v. AA).wpd