UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

   Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

   Defendant.

_____/

**Plaintiff's Reply re: Motion in Limine re:
American Airlines, Inc.'s Requirement That Patterson
Abandon his USERRA Claim to Return to Flying**

Plaintiff, Rodney Scott Patterson, replies as follows to that part of American Airlines, Inc.'s Omnibus Opposition to Plaintiff's Motions in Limine (DE 113) that addresses, pursuant to Federal Rule of Evidence 408 and 38 U.S.C. § 4311(b), Plaintiff's Motion in Limine re: American Airlines, Inc.'s Requirement That Patterson Abandon his USERRA Claim to Return to Flying (DE 103):

This will be brief (albeit not as brief as American's response, which blows of this motion as "frivolous" in two paragraphs) since Lt. Col. Patterson has briefed the issue in his original motion, DE 103, as well as in his response to American's cross motion (Plaintiff's Response to American

Airlines, Inc.'s Motion in Limine to Exclude Evidence of or References to Confidential Settlement Negotiations, DE 123):

American demanded that Lt. Col. Patterson, as a condition of settling a union grievance about his having been wrongfully grounded in March 2016, drop any claims, including under USERRA,[1] about the grounding.

Lt. Col. Patterson's USERRA claim was palpably meritorious.[2] He had been put on no-fly status two days after he went on duty at the Pentagon September 22, 2015. He had done so against the express wishes of then-Chief Pilot James Bonds. The no-fly status was based on the no-evidence reopening of misconduct charges that American's chief pilots, Corporate Security, Human Resources and Labor Relations had all known about since March and April 2015, but concerning which none had done anything. The allegations led to no discipline. American sought a psychological exam as an alternate route to punish Lt. Col. Patterson. The neuropsychologist who told American that Lt. Col. Patterson was unfit for duty did so without documenting any neuropsychological deficit, serious psychopathology or personality disorder. Lt. Col. Patterson had, by the time the "offer" was

---

[1]The Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, <u>et seq</u>.

[2]The facts recited in this reply memorandum have been footnoted repeatedly in the summary-judgment and <u>in limine</u> moving papers. Lt. Col. Patterson abstains from re-footnoting and attaching the previously cited documents to spare the Court unnecessary redundancy.

made, supplied American with fit-for-duty reports from a neurologist, a clinical psychologist and the neuropsychologist (a consultant for American) who had designed the testing instrument, CogScreen AeroMedical Edition, that was used by American's Long Beach, California, neuropsychologist to declare Lt. Col. Patterson "NOT FIT FOR DUTY" following an irregular administration of the instrument.

Federal Rule of Evidence 408 provides that one cannot use a settlement offer as evidence "to prove or disprove the validity or amount of a disputed claim," Rule 408(a), but that one may do so "for another purpose…." Rule 408(b).

USERRA provides at 4311(b) that "[a]n employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter…," which has been held to mean that a take-it-or-leave-it offer is a separate violation of USERRA "where an employer has made an offer of reemployment not solely as an offer of compromise but at least in part because the employer believes the person is entitled to at least some … benefits under USERRA…." United States v. Nevada, 817 F. Supp. 2d 1230, 1249 (D. Nev. 2011).

Additionally, if the "confidential settlement offer" is, essentially, a new threat to a USERRA plaintiff to settle for less than all to which he or she is entitled, or to get nothing until the litigation is concluded, that is evidence of

a new violation and is not protected by Rule 408.  See, e.g., Uforma/Shelby Bus. Forms v. NLRB, 111 F.3d 1284, 1294 (6th Cir. 1997); Vulcan Hart Corp. (St. Louis Div.) v. NLRB, 718 F.2d 269, 277 (8th Cir. 1983).

    Respectfully Submitted,

/s/    William R. Amlong
WILLIAM R. AMLONG
Florida Bar No.: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No.: 275565
KAmlong@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Facsimile: (954) 463-5008

NOEL C. PACE
noel.c.pace.esq@gmail.com
*Admitted Pro Hac Vice*
206 NW 91st Street
El Portal, FL
(305) 710-3713

**Attorneys for Plaintiff,
     Rodney Scott Patterson**

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using the ECF function of United States District Court for the Southern District of Florida and thereby has been distributed to all of the parties and counsel of record in this matter.

/s/   William R. Amlong
WILLIAM R. AMLONG

K:\CLIENT DOCUMENTS\Patterson\180814 __Replies re Motion in Limine\180814 DRAFT Plaintiff's reply re MIL re Requiring Plaintiff to Abandon USERRA claim\180814 DRAFT Plaintiff's reply re MIL re Requiring Plaintiff to Abandon USERRA claim (Patterson v. AA).wpd