UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

   Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

   Defendant.

_____/

**Plaintiff's Reply re: Motion in Limine re:
Human Resources Close-out Memo**

Plaintiff, Rodney Scott Patterson, replies as follows to that part of American Airlines, Inc.'s Omnibus Opposition to Plaintiff's Motions in Limine (DE 113) that addresses Plaintiff's Motion in Limine, pursuant to Federal Rule of Evidence 402, 403, 602, 702 and 802, to exclude from evidence the Human Resources close-out memo concerning the Section 21 investigation of him.

In its response to plaintiff's motion to exclude the Human Resources close-out memorandum on Lt. Col. Patterson's § 21 investigation, American focused on only two arguments:

***First***, it is not being offered for the truth of the matters being asserted, but only to show why American wanted to send Lt. Col. Patterson for a neuropsychological and psychological examination, or, as American phrased it, "the precise basis for American's decision to send Plaintiff to a fitness-for-duty evaluation," DE 113, at 6-8, and

***Second***, it is a "business record" within the contemplation of Rule 803(6).  Id. at 8.

American's Response does not even attempt to deal with such objections as how the memo is not only hearsay within hearsay that does not satisfy Rule 805, how it is also inappropriate Rule 701 lay opinion, and how it is so much more prejudicial than probative to quote unnamed declarants as follows:

- "The majority of the employees interviewed described Patterson as a habitual liar/story teller,"

- "During our interviews multiple employees expressed their concern with Patterson's behavior," and

- "Based on their interaction they believed that Patterson's misrepresentations not only caused negativity amongst the crew but also led them to question his ability to operate the aircraft safely; it left them with an impression that 'he's not quite all there.'"

Michelle Montgomery, a Labor Relations manager who was American's 30(b)(6) designee, testified that none of these fellow employees of Lt. Col.

Patterson, other than Capt. Glenn Whitehouse, was willing to speak about his alleged behavior and statements other than anonymously.  Deposition of Michelle Montgomery,[1] at 76:11-19, and Montgomery Deposition Exhibit 41.[2]  None of Lt. Col. Patterson's other accusers are on the defendant's trial witness list.  <u>Compare</u> Defendant American Airline's Trial Witness List, to Attachment 2's list of interviewees.

Although American seeks to argue that "[h]ere, the written report was prepared by American's HR department at the conclusion of its investigation, in accordance with the regular practice of the department, and American relied on that report in referring Plaintiff to a fitness-for-duty examination," it offers no foundation evidence that the compilation of such anonymous attacks on a pilot's character are "a regular practice" of its Human Resources department.  <u>See</u> Rule 803(6)(C).  Further, the insistence of the declarants on anonymity supports Lt. Col. Patterson's challenge to the credibility of such statements.

The close-out memo also chronicles several allegations that Lt. Col. Patterson denied, and that American was unable to corroborate, e.g., that he:

---

[1] The cover page and relevant testimonial pages of Ms. Montgomery's deposition are appended as Attachment 1.

[2] Montgomery Deposition Exhibit No. 41 is appended as Attachment 2.

- told a flight attendant that he "[had] friends in management and you and the flight attendants will lose your job" because of their behavior on 2014 trip to Asuncion, Paraguay;

- told two captains during that trip to Asuncion that he had arranged through Corporate Security to place a "ghost rider" on the incoming captain's plane and that the two of them needed to "be on notice," and

- "pointed his finger at [Capt. Glenn] Whitehouse like it was a gun and looked as if he was (sic) saying 'I'm going to get you," as he stood on a curb in Santa Cruz, Bolivia.

Worse yet, the memo states that "[d]espite his denial, given the numerous accounts from multiple employees, it is believed that Patterson did in fact make these statements." Attachment 2, at 2.

Although American argues that it "relied on that report in referring Plaintiff to a fitness-for-duty examination," DE 113, at 8, e-mails document that the plan to use § 20 against Lt. Col. Patterson was in place prior to the December 15, 2015 memo being written:

**One**, in an October 30 e-mail string amongst Miami International Airport's Director of Flight, its two chief pilots and Mark Cronin, the Managing Director Line Operations—East,[3] demonstrates that American's

---

[3]The e-mail, Exhibit 9 to the Deposition of James Bonds, is appended
(continued...)

management was considering a § 20 examination as a last resort for getting rid of Lt. Col. Patterson if he did not "hang[] himself" through falsely reporting his military income to American, and

*Two*, in a 6:28 p.m. November 5-1:41 p.m. November 6 e-mail string, Captains Beach and Cronin discussed how they had no evidence against Lt. Col. Patterson other than the statements of Capt. Whitehouse, since other statements they had obtained "were on strict confidentiality," but Ms. Montgomery opined that while "[w]ithout those other statements, we really don't have much of a case," but "[t]hose statements also may better support a section 20, too."[4]

---

[3](…continued)
as Attachment 3.

[4]The e-mail string, Bates Nos. AA-Patterson—0000638-639, is appended as Attachment 4.

Respectfully Submitted,

*/s/ William R. Amlong*
WILLIAM R. AMLONG
Florida Bar No.: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No.: 275565
KAmlong@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Facsimile: (954) 463-5008

NOEL C. PACE
noel.c.pace.esq@gmail.com
*Admitted Pro Hac Vice*
206 NW 91st Street
El Portal, FL
(305) 710-3713

**Attorneys for Plaintiff,
Rodney Scott Patterson**

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using the ECF function of United States District Court for the Southern District of Florida and thereby has been distributed to all of the parties and counsel of record in this matter.

*/s/ William R. Amlong*
WILLIAM R. AMLONG

K:\CLIENT DOCUMENTS\Patterson\180814 __Replies re Motion in Limine\180814 DRAFT Plaintiff's Reply re MIL re Human Resources Close-Out Memo\180814 DRAFT Plaintiff's Reply re MIL re Human Resources Close-Out Memo (Patterson v. AA).wpd