

**Fort Lauderdale**
450 East Las Olas Boulevard
Suite 800
Ft. Lauderdale, FL 33301

(954) 525-4800 Tel
(954) 525-8739 Fax

**Writer's Direct Dial:**
(954) 847-4709

**Writer's E-mail:**
mholt@fisherphillips.com

September 26, 2018

***VIA EMAIL***

William R. Amlong, Esq.
Amlong & Amlong, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
wramlong@theamlongfirm.com

    Re:    *Patterson v. American Airlines, Inc.*, No. 17-cv-60533 (S.D. Fla.)

Dear Mr. Amlong:

    We write to address serious concerns that have become known based on "Plaintiff's Sixth Supplemental Rule 26 Disclosure," which your office sent on September 18, 2018 and the additional documents produced on September 20, 2018 (collectively, the "Sixth Supplemental Production").

    These materials reveal that Mr. Patterson has provided false testimony and concealed documents in what appears to be an ongoing and pervasive attempt to hide material information regarding his medical fitness from American, the Federal Aviation Administration ("FAA"), and the Court. It also appears that you have actively participated. Because these issues all relate to the issues scheduled for hearing before Magistrate Judge Otazo-Reyes on September 28, 2018, your prompt attention to this matter is required.

    The Sixth Supplemental Production suggests that Plaintiff perjured himself at his deposition. Dr. Bercaw's April 22, 2016, email states:

> We did get the medical records this week and wrapped up the report just today. A PDF is attached. . . . Ultimately, the recommendation is that this should go to review by the FAA, who has a few "in house" neuropsychologist consultants who render an opinion. They will have the data they need from us, but we are willing to do any follow-up or additional testing that may be required later, which is sometimes the case.

(Patterson Dep. Ex. 21.) At his deposition, Plaintiff not only denied receiving Dr. Bercaw's report; he specifically testified that he never responded to Dr. Bercaw's email. (Patterson Dep. 347:16-18.) ("Q: Did you respond to this email from Dr. Bercaw? A: I did not respond to it."). The newly

**Fisher & Phillips LLP**
Atlanta • Baltimore • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Portland • Sacramento • San Diego • San Francisco • Seattle • Tampa • Washington, DC

FPDOCS 34526074.2

produced document Bates numbered Patterson00664 establishes that Plaintiff almost immediately responded to Dr. Bercaw's email (and copied you on his response).

While Plaintiff may argue this was just a mistake on his part, the substance of his reply belies any such claim. Indeed, Plaintiff's response itself is deeply disturbing because it unambiguously shows that Plaintiff was attempting to hide critical information regarding his fitness for duty from the FAA. Although Plaintiff apparently had previously given consent for Dr. Bercaw to discuss the results of his evaluation with the FAA, once Plaintiff learned of the results, he immediately withdrew his consent. In that email, Plaintiff states: "At the moment I am rescinding any authorization for you to send my records anywhere other than to Dr. Caddy, specifically those authorizations entitled Federal Aviation Administration or Aviation Medical Examiner are at this time rescinded." (*See* Patterson00664.)

Plaintiff continued to hide information about Dr. Bercaw's report from the FAA by falsifying his FAA Form 8500s. Plaintiff admitted at his deposition that he did not disclose Dr. Bercaw on his FAA Form 8500 in response to "Item 19. Visits to Health Professional Within Last 3 Years." (Patterson Dep. 342:2–343:12.) Plaintiff conceded that Dr. Bercaw is a "Health Professional," but he testified that he had not visited Dr. Bercaw in the last three years. (Patterson Dep. 343:10–12) (Q: "Have you visited him in the last three years. A: Not in the last three years. I've spoken with him.") That statement is also a bald lie. Indeed, Plaintiff now admits that he visited Dr. Bercaw on March 21, 2016, at Dr. Bercaw's office in Sarasota, Florida. (*See* Opp'n Br. at 8, ECF No. 136) ("On the same day as Dr. Knippa issued his fitness-for-duty report, March 21, 2016, Lt. Col. Patterson visited Edwin Bercaw, Ph.D. . ."). Spending a day at a doctor's office in another city is not something that Plaintiff would simply forget or that he can explain away as a mistake in his testimony.

The Sixth Supplemental Production also confirms that Plaintiff's repeated arguments to the Court that Dr. Caddy did not know the results of Dr. Bercaw's evaluation are also demonstrably false. The newly produced April 22, 2016 email from Plaintiff to Dr. Bercaw states: "I have authorized Dr. Caddy to both speak with you and obtain a copy of your report together with a copy of your entire file in this matter." (Patterson00664.) And a newly produced April 26, 2016 email from Plaintiff to Dr. Caddy describes Dr. Bercaw's report as "lacking and very weak." (*See* Patterson00666.)

Plainly, for Plaintiff and Dr. Caddy to be discussing the strength of Dr. Bercaw's report, both of them must have reviewed it. Despite this obvious fact, Plaintiff continues to claim that, "Dr. Caddy never received it." (Opp'n Br. at 13; *but see id.* at 13–14 (admitting that Dr. Caddy's office manager did, in fact, receive the report in a fax transmission from Dr. Bercaw's office)).

Then, Plaintiff lied in an interrogatory response when he claimed that, "Dr. Bercaw did not administer tests himself." (*See* ECF No. 54-1.) Dr. Bercaw, however, testified (and Plaintiff now apparently concedes) that Dr. Bercaw performed many of the tests, including the CogScreen test. (*See* Bercaw Dep. 20:18–26:1 ECF No. 132-1.) Dr. Bercaw's handwriting on the scoring sheets confirms this fact. (*See id.* at 89:11–91:1.)

Additionally, we have recently learned that Plaintiff potentially authored portions or all of Dr. Caddy's report. In Patterson00666, Plaintiff wrote to Dr. Caddy: "I have asked a couple times when the report was going to be complete and a couple more days was the answer. I feel I have provided adequate information to complete an evaluation even putting it into copy so you could copy and paste." It is a fraud on the Court for you to seek the admission of Dr. Caddy's opinions

September 26, 2018
Page 3

if Plaintiff drafted any of them as the newly produced emails suggest on their face.

Plaintiff's "story" changes with every filing in this case, and as soon as one misrepresentation is revealed, he attempts to cover it up with another. When Plaintiff's false testimony is considered in conjunction with his failure timely to produce documents (and the contents of them when finally disclosed), it is obvious that Plaintiff has been engaged in an intentional scheme to mislead American and the Court and to hide unfavorable evidence. It is also clear that, at best, he has used your services to effect his deceitful ploy, and at worst, you have actively participated in it. Unfortunately, it appears to be the latter because many of the emails that Plaintiff recently produced include you as a recipient. Regardless of whether you were an active participant or bystander, however, terminating sanctions are now appropriate. American should not have to bear the cost of defending itself against sham allegations.

You have an obligation to correct Plaintiff's prior false testimony. *See* Fla. Bar Ethics Op. 75-19, Mar. 15, 1977 (lawyer has duty to correct perjury from client and, if client fails to rectify perjury, to withdraw from representation); *see also Edlredge v. EDCare Mgmt. Inc.*, No. 13-cv-61373, 2015 WL 13666059, at *1 (S.D. Fla. July 30, 2015) (Scola, J.) ("Daley and Amlong engaged in knowing and reckless conduct . . . which infected the entire Eldredge litigation. To make matters worse, rather than acknowledge the impropriety of such conduct and rectify it, they used smoke and mirrors each time they were called to account . . . .") Please confirm that Plaintiff falsely testified and correct his prior false testimony.

Please also immediately produce all previously unproduced communications between Plaintiff and Dr. Bercaw.

Please also immediately provide the "copy" that Plaintiff provided to Dr. Caddy "so [he] could copy and paste." If any of the "copy" that Plaintiff provided to Dr. Caddy was included in Plaintiff's prior document productions, please provide Bates-number identification for these materials.

Finally, please immediately provide an un-redacted copy of Patterson00666, and a privilege log describing any documents that Plaintiff is withholding from this Sixth Supplemental Production based on an asserted privilege.

Sincerely,

Michael A. Holt
Of Counsel

MAH:mah

cc:   Counsel of Record (via email)