**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
FORT LAUDERDALE DIVISION

CASE NO.: 1:17-cv-60533-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,

       Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation,

       Defendant.

_____/

**AMERICAN AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE OTAZO-REYES'S REPORT AND RECOMMENDATION**

       In March 2016, Dr. John Knippa—an independent neuropsychologist—concluded that

Plaintiff Rodney Scott Patterson was unfit for duty as an American Airlines pilot.  Dr. Knippa

based his conclusion on cognitive testing and a neuropsychological fitness-for-duty examination.

(*See* Neuropsychological Aeromedical Assessment 13, ECF No. 57-6) ("Mr. Patterson is opined

to be identified by the current assessment as <u>NOT FIT FOR DUTY</u> as a [pilot], on the basis of

impaired performances on cognitive assessment.")

       Plaintiff initially proffered Dr. Glenn Caddy as an expert to opine that Dr. Knippa's

conclusion was flawed.  At the evidentiary hearing before Magistrate Judge Otazo-Reyes on

American's Motion to Exclude Opinion Testimony by Dr. Glenn Caddy (the "*Daubert* Motion"),

however, Dr. Caddy conceded that he had no expertise in, and thus could not competently testify

about, the neuropsychological testing that is the basis for Dr. Knippa's March 2016 findings.  Dr.

Caddy testified that his expertise solely concerns Plaintiff's psychological health—and that he had

no opinions to offer regarding neuropsychology but would testify only on Plaintiff's psychological

health and only in *rebuttal* to the separate statements regarding Plaintiff's *psychological* health in Dr. Knippa's report.  Dr. Caddy also admitted that he has no expertise in bias.  Having considered these admissions, Judge Otazo-Reyes then correctly determined that Dr. Caddy could properly testify at trial only if American first presents the issue of Plaintiff's *psychological* health to the jury through testimony from Dr. Knippa, and cannot testify regarding alleged bias.  *See* Report & Recommendation (the "R&R").  (ECF No. 149.)

In his objections, Plaintiff in no way challenges the fact that Dr. Caddy is prohibited from testifying regarding Plaintiff's neuropsychological health or Plaintiff's fitness for duty based on cognitive assessment—and is limited to testifying regarding Plaintiff's psychological health. Rather, Plaintiff now objects to the R&R on two limited grounds.  First, Plaintiff argues that Dr. Caddy should be permitted to offer opinions about Plaintiff's psychological health even if Dr. Knippa testifies solely about Plaintiff's neuropsychological health.  Second, Plaintiff objects to the R&R, arguing that he should be permitted to offer opinion testimony to show Dr. Knippa had a pro-American bias during his examination.  As detailed below, this Court should reject both of Plaintiff's objections based on Dr. Caddy's admissions and Plaintiff's representations to the Court, and should adopt the R&R in its entirety.

## BACKGROUND

In this USERRA action, Plaintiff claims that a "motivating factor" in American withholding him from duty as a First Officer of a 767 aircraft in September 2015, and continuing to withhold him from duty since that time, was a request by Plaintiff for time off to serve in the military.  (Compl. ¶ 29, ECF No. 1.)  Plaintiff has yet to demonstrate that he requested time off for military service and, instead, has conceded that he used the time off to attend the Pope's ceremonial visit to the White House with his wife and that he in fact was not on active duty during this

visit.  (ECF No. 59-1 at ¶¶ 17–18.)  As demonstrated in American's summary judgment motion, American withheld Plaintiff from duty on September 24, 2015 after a long-time pilot filed a formal workplace harassment complaint on that day that raised serious concerns regarding Plaintiff.  (*See* ECF No. 59.)  Any reasonable employer would withhold an employee from duty (especially a pilot) and investigate after receiving a similar complaint.  Indeed, Plaintiff himself conceded that a reasonable person would expect a similar workplace harassment complaint to result in the employer terminating the employee.  (ECF No. 59-1 at ¶ 27.)

Following an investigation of the complaint against Plaintiff, American's HR Department in Miami prepared a written report in December 2015.  In that report, American's HR Department observed that, "the majority of the employees interviewed described [Plaintiff] as a habitual liar/story teller" whose conduct led "multiple employees . . . to question his ability to operate the aircraft safely; it left them with an impression that 'he's not quite all there.'"  (ECF No. 57-26.) Following receipt of the report, the Miami flight office initiated a "Fitness for Duty Medical Examination, pursuant to Section 20 of the [American/Allied Pilots Association Collective Bargaining Agreement (the "CBA")] . . . based upon this office's concerns about FO Patterson's judgment and specifically, his mental and/or emotional stability."  (ECF No. 59-1 at ¶ 35.)  The Miami flight office thus sent notice to Plaintiff that, pursuant to Section 20 of the CBA, American was referring him to a fitness-for-duty examination by an independent neuropsychologist, Dr. John Knippa.  (*Id.* at ¶¶ 36–37; ECF No. 76-1 at ¶¶ 13–14.)

On March 21, 2016, following a two-day examination, Dr. Knippa reported to American that Plaintiff is "NOT FIT FOR DUTY as a [pilot] on the basis of impaired performances on cognitive assessment."  (ECF No. 57-6 at 13.)  Since that time, American has withheld Plaintiff from duty and informed him that it will continue to withhold him until he returns to Dr. Knippa

(or a comparable examiner approved by American) for reevaluation in accordance with Section 20 of the CBA—the same process/protocol required and established in the CBA for any pilot found unfit for duty.  (ECF No. 59-1 at ¶¶ 38–39; ECF No. 76-1 at ¶¶ 13–14.)

On August 30, 2018, American filed its *Daubert* Motion to exclude testimony by Dr. Caddy, a psychologist who prepared a vitriolic 96-page report for Plaintiff as expert testimony in this case.  (ECF No. 132; *see also* ECF No. 57-28.)  As detailed in American's *Daubert* Motion, Dr. Caddy did not perform any neuropsychological testing on Plaintiff and his lengthy report cherry-picked only the data that supported his pre-ordained conclusion while entirely disregarding contrary data—thus rendering his methodology and opinion inherently unreliable.  (ECF No. 132 at 11–14.)  For example, at Plaintiff's request Dr. Edwin Bercaw, Ph.D. conducted an extensive examination of Plaintiff four days after Dr. Knippa's evaluation.  (ECF No. 132 at 5–7.)  Dr. Bercaw reached a conclusion very similar to Dr. Knippa.  Specifically, Dr. Bercaw concluded that Plaintiff's cognitive test results "raise concern" regarding performance that is "potentially critical to flight performance, particularly in non-routine situations, and recommended "further review of these data by an FAA neuropsychologist." (*Id.*)  Dr. Bercaw then provided his report to Dr. Caddy in advance of Dr. Caddy's examination of Plaintiff.  (*Id.*)  Dr. Caddy not only failed to mention Dr. Bercaw's findings in his own report, but he attempted to hide the report altogether.[1]  Indeed,

---

[1] In a troubling revelation, Plaintiff attached never-before-disclosed documents to his opposition to American's *Daubert* Motion, which confirm one of American's concerns—that Plaintiff is attempting to hide unfavorable information from American, this Court, and the Federal Aviation Administration ("FAA").  Specifically, when Plaintiff learned that Dr. Bercaw's assessment matched that of Dr. Knippa, Plaintiff immediately withdrew his consent to share the report with the FAA and instructed Dr. Bercaw to send it only to Dr. Caddy.  The collective lack of candor and failure to comply with the basic discovery rules by Plaintiff and his counsel—with misrepresentations and disclosure shortfalls surrounding Dr. Bercaw as just one example—have infected the entire proceedings in this case.  (ECF No. 139 at 7–10.)  At the evidentiary hearing, Judge Otazo-Reyes addressed these allegations, stating that, "I would suggest that you gather all

American only obtained a copy after motion practice when it learned Dr. Bercaw had conducted

an eight-hour examination—contrary to Plaintiff's deposition testimony that he had never even

visited Dr. Bercaw.  (ECF No. 139 at 2.)[2]

 After this Court referred the *Daubert* Motion to Magistrate Judge Otazo-Reyes, she

conducted an evidentiary hearing on September 28, 2018.  In the November 5, 2018 R&R, Judge

Otazo-Reyes summarized Dr. Caddy's testimony at the evidentiary hearing as follows:

> Dr. Caddy confirmed that his expert testimony would be limited to:
> Patterson's psychological health; alleged irregularities in Dr. Knippa's
> testing methods, and Dr. Knippa's purported pro-American bias.  He
> stated that he had no opinions to offer regarding neuropsychology and that
> he had no experience in conducting fitness-for-duty evaluations for
> airplane pilots.  He also acknowledged that he had no expertise in bias
> and does not conduct research in that field.  Dr. Caddy also stated that, in
> the course of his evaluation of Patterson, he did not interview any persons
> other than those identified to him by Patterson.  Thus, persons who had
> negative comments regarding Patterson were not part of Dr. Caddy's
> report.

---

that up and file it as a motion for sanctions."  (ECF No. 148 at 54.)  *See Edlredge v. EDCare Mgmt. Inc.*, No. 13-cv-61373, 2015 WL 13666059, at *1 (S.D. Fla. July 30, 2015) (Scola, J.) (affirming sanctions against the Amlong firm based on similar misconduct).  American intends to file a separate motion for sanctions addressing these issues.

[2] Plaintiff also withheld information about Dr. Bercaw's report on FAA Form 8500, which is mandatory for applicants for an airman medical certificate.  Item 19 of the Form 8500 requires applicants to disclose, "Visits to Health Professional Within Last 3 Years."  (Patterson Dep. 46:12–83:8, ECF No. 57-1.)  Plaintiff admitted at his deposition that he did not disclose Dr. Bercaw to the FAA in response to Item 19.  (*Id.* at 342:2–343:12.)  Plaintiff conceded that Dr. Bercaw is a "Health Professional," but he testified that he had not visited Dr. Bercaw in the last three years. (*Id.* at 343:10–12) (Q: "Have you visited him in the last three years. A: Not in the last three years. I've spoken with him.")  That testimony was a bald lie.  Plaintiff now admits that he visited Dr. Bercaw on March 21, 2016, at Dr. Bercaw's office in Sarasota, Florida. (*See* ECF No. 136 at 8.) ("On the same day as Dr. Knippa issued his fitness-for-duty report, March 21, 2016, Lt. Col. Patterson visited Edwin Bercaw, Ph.D. . .").  Spending a day at a doctor's office in another city is not something that Plaintiff would simply forget or that he can explain away as a mistake in his testimony.

4

(ECF No. 149 at 3–4.)

In summarizing the issues remaining before her at the end of the hearing based on the

representations and concessions made at the hearing, Judge Otazo-Reyes explained that:

> THE COURT: . . . So we are down then in terms of *Daubert* to his
> qualifications and his methodology for the opinion about the bias.
> [American's counsel is] saying [Dr. Caddy's] not qualified to opine on
> bias.  [Dr. Caddy] explained to me how he came up with the idea of the
> challenging irregularity and testing methods limited to psychological
> testing, and the limitation of his psychological health, not for damages,
> but as a rebuttal to Dr. Knippa's -- the portion of Dr. Knippa's report that
> addresses psychological issues, even though the bottom line conclusion
> of Dr. Knippa is wholly based, from what you read, on his cognitive --
>
> MR. AMLONG: That's correct.
>
> THE COURT: -- status.  So with that in mind, I will evaluate whether Dr.
> Caddy should not testify as to any of these things at trial in compliance
> with Daubert.

(ECF No. 148 at 55.)

Judge Otazo-Reyes concluded that Dr. Caddy could only testify regarding Plaintiff's

psychological health and "may not express any opinions regarding neuropsychology or Patterson's

fitness for duty based on cognitive assessment"—a conclusion that Plaintiff does not challenge in

his objections.  Judge Otazo-Reyes also concluded that Dr. Caddy may offer his opinion regarding

Plaintiff's psychological health only if this issue is presented to the jury by Dr. Knippa.  (*Id.*)

Regarding Dr. Caddy's proposed testimony on bias, Judge Otazo-Reyes concluded that:

"As to Dr. Caddy's finding irregularities in Dr. Knippa's psychological testing methods reflecting

a pro-American bias, Dr. Caddy admitted that he has no expertise in the field of bias.  Therefore, Dr. Caddy is not qualified to render these conflated opinions."  (*Id.* at 5.)[3]

On November 17, 2018, Plaintiff filed his objections to the R&R.  (ECF Nos. 150 & 151.)[4]

## LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Estrada v. FTS USA, LLC*, No. 14-cv-23388, 2018 WL 1811907, at *1 (S.D. Fla. Mar. 16, 2018) (Moore, C.J.); 28 U.S.C. § 636(b)(1).  "Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  *Id.*  "However, if the objections are improper, in that they are 'conclusory or general' or 'simply rehash or reiterate the original briefs to the magistrate judge, that will not suffice to invoke a district court's *de novo* review of the magistrate judge's recommendations [and] a court need only review the magistrate judge's report for clear error."  *Id.* (citations omitted); *see also Marlite, Inc. v. Eckenrod*, No. 10-cv-23641, 2012 WL 3614212, at *5 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to submit papers to a district court which are nothing more than rehashing the same arguments and positions taken in the original papers submitted to the Magistrate Judge.")  (internal punctuation omitted). Because Plaintiff merely makes the same arguments that he made to the Magistrate Judge, the Court need only review the R&R for clear error.  Regardless of whether this Court conducts a clear

---

[3] Judge Otazo-Reyes separately concluded that, "as to Dr. Caddy not having considered negative comments regarding Patterson . . . it will be up to the jury to weigh Dr. Caddy's opinion, taking the lack of negative comments in his report into account."  (ECF No. 149 at 5.)

[4] Plaintiff filed the same objections to the R&R twice.  The Court should overrule both sets of identical objections for the same reasons.

error review or a de novo review, however, Magistrate Judge Otazo-Reyes reached the correct

conclusions and Plaintiff's objections to the R&R should be overruled.

## <u>ARGUMENT</u>

**I.    Magistrate Judge Otazo-Reyes Correctly Recommended that Dr. Caddy Be Permitted to Provide Expert Testimony about Plaintiff's Psychological Health Only if Dr. Knippa First Testifies About Plaintiff's Psychological Health.**

Magistrate Judge Otazo-Reyes correctly recommended that Dr. Caddy be permitted to

provide expert testimony about Plaintiff's psychological health only if American first provides

expert testimony regarding Plaintiff's psychological health.  Plaintiff's assertion that Dr. Caddy

should be permitted to testify "in rebuttal to any assertion (and not merely one by Dr. Knippa) that

[Plaintiff] is not mentally well" should be rejected.

First, this portion of the R&R simply confirms the express representations that Plaintiff

made to the Magistrate Judge about the circumstances under which Dr. Caddy would testify about

Plaintiff's psychological health.  Plaintiff specifically represented that he would present Dr. Caddy

*only in rebuttal* to testimony from Dr. Knippa regarding Plaintiff's psychological health.

> THE COURT: Are you offering this opinion, namely the psychological health of the plaintiff, in support of a claim of mental or emotional damages?
>
> MR. AMLONG: No.
>
> THE COURT: What are you offering this opinion for.
>
> MR. AMLONG: I'm offering it to show the invalidity of the portion of Dr. Knippa's report that goes on at length about the clinical psychological infirmities of Mr. Patterson.
>
> THE COURT: Okay. So you're saying that Dr. Knippa's report was not a -- what I thought had been given as a neuropsychological report?
>
> MR. AMLONG: He starts -- it's divided into two parts. He does neuropsychological testing and has opinions about that.  Dr. Kay will deal

with that at trial. He then goes off into a substantial portion of his report, and we'll go through this with Dr. Kay now and[5]

THE COURT: No, we're not going to spend a lot of time on something that is irrelevant (sic).

MR. AMLONG: It's not irrelevant because his -- Dr. Knippa in his report includes a number of criticisms of Mr. Patterson's mental health suggesting that he has a personality disorder with immature and narcissistic features, suggested that he has interpersonal and communication skills deficits, suggesting that he is on the cusp of the autism spectrum.

THE COURT: Okay. And are any of those things a basis for Dr. Knippa's determination that he was not fit to fly?

MR. AMLONG: Dr. Knippa does not give any grounds for that. He just goes to this report and he suggests that he needs counseling. He suggests that perhaps he has a learning disability. He raises all of these. He raises all of these speculations about his mental health which Dr. Caddy can refute. Dr. Caddy has never -- Dr. Caddy cannot say, other than by channeling Dr. Kay, which he can't do, obviously, that he is neuropsychologically fit for duty. But he can testify that those portions of Dr. Knippa's report dealing with the clinical psychological aspects of Mr. Patterson are ill done and misleading.

THE COURT: **So is Dr. Caddy being a rebuttal expert to Dr. Knippa?**

MR. AMLONG: **Yes.** I mean, you know, he's not going to get up there and say Dr. Knippa -- **unless Dr. Knippa's report comes in, unless Dr. Knippa comes in, then this testimony wouldn't be coming in.**

(ECF No. 148 at 39–41) (emphasis added). Then, when Judge Otazo-Reyes stated at the conclusion of the hearing that Dr. Caddy was seeking to provide "rebuttal to Dr. Knippa's -- the portion of Dr. Knippa's report that addresses psychological issues," Plaintiff's counsel confirmed: "That's correct." (*Id.* at 55.)

---

[5] After obtaining a copy of Dr. Bercaw's report and following Plaintiff counsel's representations at the September 28, 2018 hearing that Dr. Gary Kay would be Plaintiff's sole witness regarding Plaintiff's neuropsychological fitness for duty, American deposed Dr. Kay on November 28, 2018. At that deposition, Dr. Kay testified that he no longer stands by his conclusion in 2016 that Plaintiff was fit for duty at that time.

Plaintiff now attempts to have this Court ignore the express representations his counsel made during the evidentiary hearing and which form the basis of the R&R at issue.  Specifically, he asserts that this Court should "permit Dr. Caddy to testify in rebuttal to any assertion (and not merely one by Dr. Knippa) that Lt. Col. Patterson is not mentally well."  (ECF No. 150 at 18.)  As illustrated by the above hearing excerpts, this is a direct reversal of the position that Plaintiff expressed to Judge Otazo-Reyes.  He should not be permitted to change course yet again after Judge Otazo-Reyes relied upon counsel's statements in her R&R.  Accordingly, for that reason alone, Plaintiff's objections should be overruled.

Second, allowing Dr. Caddy to testify regarding Plaintiff's psychological health even if Dr. Knippa does not testify about it would needlessly extend or prolong the trial and is likely to confuse the jury.  Liability here turns on whether American was motivated by Plaintiff's military service in withholding him from duty in March 2016.  Indeed, even as to Dr. Knippa's opinions regarding Plaintiff's neuropsychological fitness, American intends to offer such opinions only to show that American's motives in holding Plaintiff out of duty were entirely proper and unrelated to his military status and that American would have taken the same action based on this legitimate, non-discriminatory reason regardless of his military status.  Thus, to allow Plaintiff to offer testify about his psychological health even if Dr. Knippa does not would only serve to spawn an irrelevant trial-within-a-trial about psychological testing that was not the basis for the independent neuropsychologist's fitness-for-duty determination.  *See Horrillo v. Cook Inc.*, No. 08-60931-CIV, 2014 WL 8186705, at *9 (S.D. Fla. June 6, 2014) ("The Court intends to keep this trial focused on the facts involving the decedent and will not allow this trial to be sidetracked into a series of mini-trials on other issues which are simply not relevant to the case.").

**II.    Magistrate Judge Otazo-Reyes Correctly Recommended that Dr. Caddy Not
       Be Permitted to Testify on the Subject of Alleged Bias.**

Plaintiff also asserts that Dr. Caddy should be permitted to testify that Dr. Knippa "was engaging in biased, 'hired-gun' behavior" towards Plaintiff during his examination and testing. (ECF No. 150 at 13.)   Judge Otazo-Reyes correctly rejected this subject of testimony, recommending that, "Dr. Caddy may not opine regarding alleged irregularities in Dr. Knippa's psychological testing methods that reflect a pro-American bias."  (ECF No. 149 at 6.)

Judge Otazo-Reyes correctly found that "Dr. Caddy admitted that he has no expertise in the field of bias." (*Id.* at 5.)  Dr. Caddy cannot offer expert opinions on areas outside his expertise. *See, e.g. Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291–92 (11th Cir. 2005) (setting forth three-part test for expert testimony including requirement that the witness must be "qualified to testify competently regarding the matters he intends to address" and that the testimony will assist the trier of fact "through the application of scientific, technical, or specialized expertise").  Nor is there any basis for allowing an expert to opine on the bias or credibility of another witness, which a jury can determine by itself.  *See DiCarlo v. Keller Ladders, Inc.*, 211 F.3d 465, 468 (8th Cir. 2000) (determining bias and witness credibility "is the jury's province, whether the witness is lay or expert") (cited with approval by *Adams v. Lab. Corp. of Am.*, 760 F.3d 1322, 1332 (11th Cir. 2014)).  Accordingly, "Dr. Caddy is not qualified to render these conflated opinions" concerning any alleged pro-American bias by Dr. Knippa.  (*Id.*)

## CONCLUSION

Plaintiff's objections should be overruled and the Court should adopt the Report and Recommendation in its entirety.

Respectfully submitted,


By: /s/ Michael A. Holt

Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida  33301
Telephone: (954) 847-4709
Facsimile: (954) 525-8739

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for American Airlines, Inc.*

11

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 3rd day of December, 2018, the foregoing document was filed with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on the counsel or parties of record listed below.

By: /s/ Michael A. Holt
MICHAEL A. HOLT

## <u>SERVICE LIST</u>

William R. Amlong, Esq.
WRAmlong@TheAmlongFirm.com
Karen Coolman Amlong, Esq.
KAmlong@TheAmlongFirm.com
**AMLONG & AMLONG, P.A.**
500 Northeast Fourth Street
Fort Lauderdale, FL 33301
Telephone: (954) 462-1983
Facsimile: (954) 523-3192

Noel C. Pace, Esq.
(*Pro Hac Vice*)
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
Telephone: (305) 710-3713

(Service via CM/ECF)

*Counsel for Plaintiff*

Michael A. Holt, Esq.
mholt@fisherphillips.com
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709
Facsimile: (954) 525-8739

Mark W. Robertson, Esq.
mrobertson@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Times Square Tower 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq.
tmorales@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

(Service via CM/ECF)

*Counsel for American Airlines, Inc.*