UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

   Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

   Defendant.

_____/

**Plaintiff's Reply re:  Objection to Magistrate Judge's Report and
Recommendation on American Airlines, Inc.'s
Motion to Exclude Opinion Testimony by Dr. Caddy**

Plaintiff, Rodney Scott Patterson, replies as follows to American Airlines, Inc.'s Opposition to Plaintiff's Objections to Magistrate Judge Otazo-Reyes's Report and Recommendation, DE 152:

As has been its wont throughout this litigation, American Airlines has used its response to Lt. Col. Patterson's objections to the Report and Recommendation ("R&R") to reargue its motion for summary judgment, id. at 1-3, and to generally disparage plaintiff, giving scant focus to the two narrow issues, i.e.:

**One**, if Dr. Knippa testifies, or if his report should somehow otherwise come into evidence, should Glenn R. Caddy, Ph.D., a board-certified clinical



**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL  33301 • 954.462.1983

psychologist and a former Professor of Psychology who taught, inter alia, psychological testing, be allowed to point out to the jury the Dr. Knippa's highly irregular method of suggesting, even when not quite being able to diagnose, that Lt. Col. Patterson suffers, e.g., a personality order with narcissistic features, borders on autism, has interpersonal limitations and needs counseling.

Even were there a clear-error standard at play,[1] and there is not, it would be a clearly erroneous factual finding to determine that Dr. Caddy planned to testify that Dr. Knippa was "biased." The testimony at the hearing clearly showed otherwise.

While having no intention of telling jurors that he thinks that Dr. Knippa is biased towards American, or is engaging in "hired-gun" behavior, Dr. Caddy would simply set forth his assessment of how irregular Dr. Knippa's report was on clinical psychology issues and allow jurors to draw their own conclusions about Dr. Knippa's credibility.

**Two**, although Dr. Caddy has been retained as an expert primarily to counter testimony by any American expert, and would not be used to criticize Dr. Knippa's report unless Dr. Knippa testified or the report (or its

---

[1] American's argument that one cannot make to the district court an argument that one made to a magistrate judge below is ludicrous, since once cannot necessarily argue an issue on appeal to a district court that one did not raise below. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

substance) somehow found its way into evidence without his testimony, see Plaintiff's Motion in Limine re: Reports of Knippa, Bercaw/ Fonseca, DE 102, Lt. Col. Patterson should not be precluded from using Dr. Caddy to counter any of the lay testimony that American seeks to introduce to suggest that Lt. Col. Patterson appeared to be mentally ill. See, e.g., Defendant's Response, at 2, offering its rationale for admitting such testimony:

> Following an investigation of the complaint against Plaintiff, American's HR Department in Miami prepared a written report in December 2015. In that report, American's HR Department observed that, "the majority of the employees interviewed described [Plaintiff] as a habitual liar/story teller" whose conduct led "multiple employees . . . to question his ability to operate the aircraft safely; it left them with an impression that 'he's not quite all there.'"

See also Plaintiff's Motion in Limine re: § 20 Letters from Beach, Bond, DE 101, and Plaintiff's Motion in Limine re: Human Resources Close-out Memo, DE 104.

While Lt. Col. Patterson does not plan to use Dr. Caddy as anything but an rebuttal expert, he should not be prohibit him from being used to rebut any insinuation of mental illness on the part of Lt. Col. Patterson.

## Conclusion

Plaintiff, Rodney Scott Patterson, respectfully requests this Court, based on the authorities cited and the arguments presented, to overrule the magistrate judge's report and recommendation.

Respectfully Submitted,

/s/    William R. Amlong
WILLIAM R. AMLONG
Florida Bar No.: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No.: 275565
KAmlong@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Facsimile: (954) 463-5008

NOEL C. PACE
noel.c.pace.esq@gmail.com
Confidential Communiqué to
William Amlong, Esquire

*Admitted Pro Hac Vice*
206 NW 91st Street
El Portal, FL
(305) 710-3713

**Attorneys for Plaintiff,
    Rodney Scott Patterson**

### Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using the ECF function of United States District Court for the Southern District of Florida and thereby has been distributed to all of the parties and counsel of record in this matter.

/s/    William R. Amlong
WILLIAM R. AMLONG

\\amlong3\cpshare\CPWin\HISTORY\181105_0001\1538.249