UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 1:17-cv-60533-JEM

RODNEY SCOTT PATTERSON,

    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a
Delaware Corporation,

    Defendant.
_____/

**Plaintiff's Motion to Enlarge Time for Response to Sanctions Motion
And to Continue the Evidentiary Hearing on that Motion**

Plaintiff, Rodney Scott Patterson, moves pursuant to Federal Rules of Civil Procedure 6 and Local Rules 7.1(a)(G) and (J) and 7.6, to enlarge for 30 days the time within which to respond to the motion and to continue the evidentiary hearing currently set for March 6 for the same amount of time, and grounds shows:

    1.    Defendant filed its motion Monday, DE 154, February 11, throughout which day and evening plaintiff's lead counsel was preparing an the initial brief in <u>Victor Igwe v. City of Miami</u>, Case No. 18-2147 (Fla. 3rd DCA), which was filed at 11:50 p.m.

2.The Court, Hon. Alicia Ortazo-Reyes, U.S. Magistrate Judge, on Tuesday set an evidentiary hearing for March 6. DE 156.

3.Although Lt. Col. Patterson telephoned William R. Amlong, Esq., at 2:42 p.m. February 11 (approximately an hour and a half after the motion was filed), stating that he was the time hospitalized in San Diego, California, plaintiff's counsel was unable to speak to him for longer than five minutes because of a need to concentrate on the Igwe brief.

4.Plaintiff's counsel spoke to plaintiff for 12 minutes at 6:01 p.m. the following day, but the call focused primarily on the health of the plaintiff, who stated that he was still hospitalized.

5.Plaintiff telephoned his counsel at 10:59 a.m. Friday, February 15, for a two-minute call that plaintiff's counsel recollects about being about plaintiff's either being discharged from the hospital in California or having arrived home from California and being at a doctor's office.

6.Although plaintiff's counsel attempted to discuss the motion with plaintiff during a 15 minute call at 6 p.m. Monday, February 18, plaintiff's affect during the conversation was different than that which plaintiff's counsel has observed during numerous telephone conversations over the nearly three years that he has represented plaintiff.  Plaintiff's counsel concluded from that affect that plaintiff was feeling ill and not completely focused (or possibly not able to focus) on the conversation; plaintiff and his counsel agreed to speak later.

7.The "speak later" never happened.

8.     Plaintiff telephoned his counsel at 12:17 p.m. Wednesday, February 20, for a 19-second conversation during which plaintiff said he had mistakenly dialed the number; when plaintiff's counsel telephoned back at 7:23 p.m., the call went to voice mail, which announced itself as being full, and an ensuing text message at 8:11 p.m. got no response.

9.     When plaintiff's counsel called plaintiff at 2:00 p.m. Thursday, February 21, someone who identified himself as plaintiff's son answered and said that his father was inside a physician's office; counsel requested a call-back, but never got one.

10.    A 2:43 p.m. telephone call Friday, February 22, went to voice mail, and an ensuing text message went unanswered.  Co-counsel, Noel Pace, Esq., a personal friend of plaintiff's, responded to a text message by stating that he had spoken to plaintiff that morning, that "he is under the weather and undergoing treatment," that plaintiff had told Mr. Pace that his undersigned counsel had been trying to contact him, and that plaintiff would contact his counsel "Monday after he gets some rest over the weekend."

11.    Plaintiff's counsel cannot respond to this motion, or prepare for the scheduled hearing, without having substantive, cogent discussions with the plaintiff about:

     a.     the underlying facts and

     b.     the potential conflict of interest that defendant, American Airlines, Inc., has created by stating that it was seeking sanctions against

both plaintiff and his counsel, and whether plaintiff needs to secure separate counsel.

12. Until the undersigned has spoken with plaintiff, he is unable to represent to the court how long a continuance of the hearing plaintiff would need and has requested a 30-day extension to respond to the motion to allow plaintiff to secure substitute counsel, and for substitute counsel to prepare plaintiff's response if the conflict caused by the motion requires the undersigned to withdraw.

### Verification Pursuant to Local Rule 7.6

I, William R. Amlong, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements in paragraphs 1 through 12 above, showing the good cause for the enlargement of time sought in this motion, are true and correct.

/s/ William R. Amlong
WILLIAM R. AMLONG

### Certificate of Conferral

I, Karen Coolman Amlong, Attorney at Law, conferred on Thursday and Friday, February 21 and 22, with Michael Holt, Esquire, and Mr. Holt said that American Airlines could not agree to the request for a 30-day extension without more information. I told him we hoped to talk to plaintiff on Monday and, if I did, would update him and, if his position changed, notify the court.

/s/ Karen Coolman Amlong
KAREN COOLMAN AMLONG

Respectfully Submitted,

*/s/ William R. Amlong*
WILLIAM R. AMLONG
Florida Bar No: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No: 275565
KAmlong@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
Phone:  (954) 462-1983
Fax: (954) 523-3102

**Attorneys for Plaintiff,
           Rodney Scott Patterson**

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF on this  24th  day of February, 2019, on all counsel or parties of record.

*/s/ William R. Amlong*
WILLIAM R. AMLONG

\\amlong3\cpshare\CPWin\HISTORY\190107_0001\1538.251