UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 1:17-cv-60533-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,
    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation,

    Defendant.
_____/

**AMERICAN AIRLINES, INC.'S RESPONSE TO PLAINTIFF'S
WITHDRAWAL NOTICE REGARDING DR. KAY'S REPORT**

Plaintiff's recent filing withdrawing Dr. Kay's Neuropsychological Assessment (ECF No. 160 (the "Withdrawal Notice")) is at best misleading and is at worst a purposeful misrepresentation to this Court. Either way, it further confirms that American is entitled to summary judgment.

In March 2016, independent neuropsychologist Dr. Knippa found Plaintiff not fit for duty as a pilot. (*See* ECF No. 57-6.) Four days after Dr. Knippa's evaluation, Plaintiff visited his own hand-selected neuropsychologist, Dr. Bercaw, who came to similar conclusions as Dr. Knippa. (*See* ECF No. 87-1.) Later, Plaintiff went to a third neuropsychologist, Dr. Kay, who issued a report stating that as of June 2016 Plaintiff was fit for duty—which Plaintiff relied on in his summary judgment briefing. (*See, e.g.*, ECF No. 61-20 at 12–17; ECF No. 74 at 4–5.) Plaintiff has now withdrawn Dr. Kay's report and misleadingly suggests an innocent explanation for doing so, citing purported "irregularities" in Dr. Kay's evaluation. That is not the reason.

Instead, more than three months ago, Dr. Kay disavowed his own report after learning that Plaintiff hid critical information—specifically Dr. Bercaw's examination and conclusion—from

Dr. Kay and the Federal Aviation Administration, which would have led Dr. Kay to different conclusions. (Kay Dep. 139:17–140:16, ECF No. 154-4; *see also* American's Motion for Sanctions, ECF No. 154.) That is not an irregularity in the testing procedure as Plaintiff represents to this Court—that is a failed attempt by Plaintiff to hide harmful information coming home to roost.

Plaintiff's withdrawal of Dr. Kay's report further confirms that American is entitled to summary judgment because in its motion, American established that one of its legitimate, non-discriminatory reasons for withholding Plaintiff from duty is that Dr. Knippa determined that Mr. Patterson was not fit for duty as of March 2016. (*See* American's Mot. for Summ. J. at 16–17, ECF No. 59.) Plaintiff's response has been to challenge Dr. Knippa's March 2016 conclusions by relying on Dr. Kay's June 2016 report. (*See* Pl.'s Resp. to Def.'s Mot. for Summ. J. at 4–5, ECF No. 74.) Now that Plaintiff has withdrawn that report, he has no basis even to challenge this legitimate, non-discriminatory reason for withholding him from duty.[1]

Plaintiff could have simply withdrawn Dr. Kay's report without specifying a reason—and should have done so months ago following Dr. Kay's deposition. Instead, he has again opted to mislead. American respectfully requests that this Court put an end to Plaintiff and his counsel's games, and grant American summary judgment.

---

[1] Plaintiff's argument has always been a red herring in any event because Dr. Kay's June 2016 assessment is not probative of Plaintiff's fitness for duty three months earlier. The only two doctors to evaluate Plaintiff's fitness for duty in March of 2016 were Drs. Knippa and Bercaw. Both came to similar conclusions. Further, the governing collective bargaining agreement sets forth the fitness for duty and return to work process for pilots. (*See* ECF No. 59 at 9.) Under that process, a pilot can only be returned to work if the same doctor who found him unfit clears him in a subsequent evaluation or the pilot is cleared by a comparable doctor approved by American. (*See id.*) The purpose of this process is to prevent "doctor-shopping" whereby a pilots visits multiple doctors until he finds one willing to state he is fit for duty. (*See id.*)

Dated: March 6, 2019                                     Respectfully submitted,

By: /s/ Michael A. Holt

Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida  33301
Telephone: (954) 847-4709

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Tristan Morales (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March, 2018, the foregoing document was filed with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on the counsel or parties of record listed below.

By: /s/ Michael A. Holt
     MICHAEL A. HOLT

## SERVICE LIST

William R. Amlong, Esq.
WRAmlong@TheAmlongFirm.com
Karen Coolman Amlong, Esq.
KAmlong@TheAmlongFirm.com
**AMLONG & AMLONG, P.A.**
500 Northeast Fourth Street
Fort Lauderdale, FL 33301
Telephone: (954) 462-1983

Noel C. Pace, Esq.
(*Pro Hac Vice)*
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
Telephone: (305) 710-3713

(Service via CM/ECF)

*Counsel for Plaintiff*

Michael A. Holt, Esq.
mholt@fisherphillips.com
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709

Mark W. Robertson, Esq.
mrobertson@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Times Square Tower 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Tristan Morales, Esq.
tmorales@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300

(Service via CM/ECF)

*Counsel for American Airlines, Inc.*