UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case Number: CASE NO.: 1:17-cv-60533-JEM

RODNEY SCOTT PATTERSON,

   Plaintiff,

vs.

AMERICAN AIRLINES, INC., a
Delaware Corporation,

   Defendant.

_____/

**Plaintiff's Motion to Enlarge Time to Respond to Sanctions Motion
And to Provide Court with Suggested Dates for Hearings on
Defendant's Sanctions Motion**

Plaintiff, Rodney Scott Patterson, moves pursuant to Federal Rules of Civil Procedure 6 and Local Rules 7.1(a)(G) and (J) and 7.6, to enlarge for an additional 60 days the time within which to respond to defendant's sanction's motion and to provide dates for an evidentiary hearing into that motion.

### Introduction and Summary

Defendant, American Airlines, Inc., filed a motion for sanctions (DE 154), concerning which an evidentiary hearing was originally set for March 6, 2019.  See DE 155.

Plaintiff moved March 26 to enlarge by 30 days the time for any response to that motion, and to continue the hearing based on plaintiff's health and the possibility of a conflict between plaintiff and his counsel, which defendant also named as a respondent in the motion.

The Court, Hon. Alicia M. Otazo-Reyes, U.S.M.J., granted the motion February 28, ordering that plaintiff respond to the motion by March 25 and that by March 27 the parties file a status report and provide dates for an evidentiary hearing.

Plaintiff today moves for another enlargement of time to respond to the motion and to provide suggested dates because:

**One**, plaintiff's urologist has suggested he not participate in any court proceedings for six to eight weeks, and

**Two**, notwithstanding the plaintiff's lead counsel told Lt. Col. Patterson soon after receiving the motion for sanctions, and e-mailed him March 14 re: "Need for update–and separate counsel" that he could not represent him in this matter, Lt. Col. Patterson as of today has not engaged counsel to represent him—in part, he stated, because he tires so quickly that it would be difficult to converse with a prospective lawyer.

Plaintiff seeks to be relieved of having to suggests hearing dates now because of uncertainty about Lt. Col. Patterson's medical condition in six to eight weeks.

## Grounds for a Continuance

1.  Lt. Col. Patterson's treating urologist, Maury Jason, M.D., has stated in a letter that was telecopied to plaintiff's counsel from the doctor's office and a copy of which is appended as Attachment 1, that:

> Mr. Rodney Patterson has been under my urological care since discharged from a two-week hospital stay, on or about February 20, 2019. He was hospitalized for sudden onset acute hematuria which required surgery. Upon continuation of medical care at my office, patient presented with severe anemia, experiencing severe pain. Mr. Patterson was provided with an order script for home health care services as well as physical therapy.
>
> Due to patient's medical conditions, I am ordering the following:
>
> • It is not recommended to resume work at this time.
>
> • No standing or sitting for long periods of time.
>
> • Must have the opportunity for frequent rest periods.
>
> • Must not walk long distances (Running is NOT permitted).
>
> • Light duty such as; sitting at a desk, is not recommended at this time.
>
> In addition, the patient has been prescribed medication for strong narcotic; therefore, the patient should NOT operate heavy machinery or vehicles during the course of this drug. It is recommend that he not participates in any depositions or court appearances for 6-8 weeks, due to prescribed medication and personal/medical care requirements.

2.  Additionally, in a telephone conversation today, in which plaintiff's counsel recognized Lt. Col. Patterson voice, he told his undersigned counsel that his weight has dropped from about 225 pounds to 175, he is anemic and he suffers fatigue.

3. He stated that has made him incapable of engaging in any focused conversations with prospective attorney's for more than about 15 minutes.

4. He stated that he had spoken to two lawyers concerning representing him, at least on the sanctions motion, but that neither has committed to doing so.

### Verification Pursuant to Local Rule 7.6

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements in paragraphs 1 through 4 above, showing the good cause for the enlargement of time sought in this motion, are true and correct.

/s/ William R. Amlong
WILLIAM R. AMLONG

### Certificate of Conferral

I hereby certify that I conferred on Wednesday, March 27, with Michael Holt, Esquire, and that Mr. Holt said that he could take no position on a 60-day enlargement without conferring with his client, American Airlines. Inc., but that he would do so and would advise the Court of its position.

Respectfully Submitted,

/s/ William R. Amlong
WILLIAM R. AMLONG
Florida Bar No: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No: 275565

KAmlong@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
Phone:  (954) 462-1983
Fax: (954) 523-3102

*Attorneys for Plaintiff,*
  *Rodney Scott Patterson*

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF on this  27th  day of March, 2019, on all counsel or parties of record.

  */s/ William R. Amlong*
  WILLIAM R. AMLONG

\\amlong3\cpshare\CPWin\HISTORY\190306_0001\1538.265

**Maury A. Jayson, M.D., FACS, CPI**
South Florida Urology Center, Inc.
Adult & Pediatric Urology

601 N. Flamingo Road                               Tel: 954-392-7770
Suite 308                                          Fax: 954-392-7577
Pembroke Pines, FL  33028                          info@sfurology.com


Monday, March 25, 2019


William Amlong, Esq
500 Northeast Fourth Street,
Suite 200.
Fort Lauderdale, FL  33301


**Patient Care Verification**

Dear Mr. Amlong,

Mr. Rodney Patterson has been under my urological care since discharged from a two-week hospital stay, on or about February 20, 2019.  He was hospitalized for sudden onset acute hematuria which required surgery.  Upon continuation of medical care at my office, patient presented with severe anemia, experiencing severe pain. Mr. Patterson was provided with an order script for home health care services as well as physical therapy.

Due to patient's medical conditions, I am ordering the following:
- It is not recommended to resume work at this time.
- No standing or sitting for long periods of time.
- Must have the opportunity for frequent rest periods.
- Must not walk long distances (Running is <u>NOT</u> permitted).
- Light duty such as; sitting at a desk, is not recommended at this time.

In addition, the patient has been prescribed medication for strong narcotic; therefore, the patient should NOT operate heavy machinery or vehicles during the course of this drug. It is recommend that he not participates in any depositions or court appearances for 6-8 weeks, due to prescribed medication and personal/medical care requirements.

Please feel free to contact me should you have any additional questions or concerns.


Sincerely,

*[signature]*

Maury A. Jayson, M.D.

# ATTACHMENT 1
