UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 1:17-cv-60533-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,
    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation,

    Defendant.
_____/

**AMERICAN AIRLINES, INC.'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTIONS TO AMEND JUDGMENT UNDER RULE 59(e).**

American Airlines, Inc. ("American") respectfully submits this response in opposition to Plaintiff's Motion to Amend Judgment Under Rule 59(e), ECF No. 182, and Plaintiff's Amended Motion to Amend Judgment Under Rule 59(e), ECF No. 185 (collectively, the "Motions") and states:

**INTRODUCTION**

In this lawsuit, Plaintiff alleges that American violated the Uniform Services Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* ("USERRA") by withholding him from duty as a First Officer of a 767 aircraft in September 2015. *See* ECF No. 1. In June 2018, after discovery was completed, both parties moved for summary judgment. *See* ECF Nos. 59, 68. The parties completed summary judgment briefing in July 2018, and in March 2019, the Court heard oral argument on the summary judgment motions. *See* ECF Nos. 59, 68, 74, 76, 85, 86, 87, 89, 159, 163.

On March 29, 2019, the Court entered a detailed, 18-page order granting American's motion for summary judgment and denying Plaintiff's motion. Order on Mots. for Summ. J., ECF No. 169 (the "Order"). In granting summary judgment, the Court explained that American had a legitimate, nondiscriminatory reason for placing Plaintiff on paid leave on September 24, 2015 when American received a workplace harassment complaint from another long-time pilot, which the parties all agreed warranted investigation. *See id*. at 12–13. As the Order explained, "[o]nce it is accepted that Capt. Whitehouse's complaint warranted investigation, it is difficult to conclude anything other than that AA's subsequent actions were motivated by legitimate safety concerns." *Id.* at 13. During the investigation, interviews with other pilots "yielded worrying results" including Plaintiff's "tendency to fabricate stories and the sense that he was 'not quite all there.'" *Id.* at 14. Therefore, the Court held, American had a legitimate, nondiscriminatory reason to refer Plaintiff to Dr. Knippa for a fitness for duty examination. *Id.*

While Plaintiff argued that American and Dr. Knippa somehow inexplicably conspired to ensure that Plaintiff would fail his fitness-for-duty examination, the Order explained that there is "not a single piece of evidence in the record . . . to support such a conspiracy." *Id.* Indeed, the Court found that, "there is nothing to support the claim that the investigation, referral, exam scheduling or exam results were motivated by anti-military animus." *Id.* at 15. Thus, placing Plaintiff on leave with pay and referring him for a fitness examination did not violate USERRA. *Id.* at 15. Accordingly, the Court granted American's motion and denied Plaintiff's motion. *Id.* at 18.

In his Motions, Plaintiff seeks to rehash the identical issues already fully addressed in the parties' summary judgment briefing and in the Order. Plaintiff's Motions are frivolous.

## **ARGUMENT**

Rule 59 motions are disfavored and may only be granted for "limited and rare reasons." *Tharpe v. Nationstar Mortg., LLC*, No. 13-14379-CIV, 2017 WL 10753458, at *1 (S.D. Fla. Jan. 24, 2017); *Krstic v. Princess Cruise Lines, Ltd. (Corp)*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (it is well-settled that "motions for reconsideration are disfavored"). The only bases for granting a Rule 59 motion in the Eleventh Circuit are "newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Plaintiff does not even attempt to satisfy this standard.[1] Indeed, Plaintiff not only fails to cite any new evidence or identify any manifest errors of law or fact, he simply rehashes the same arguments made earlier, albeit in a more disorganized format. These arguments have already been addressed in detail by the parties in their summary judgment briefing (which American incorporates by reference, *see* ECF Nos. 59, 76, 87) and, more importantly, by the Court in its detailed Order. *See*, *e.g.*, *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005) (it is improper to rely on Rule 59(e) in an attempt "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of the judgment"); *Hoban v. Sovereign Republic of Peru*, 204 F. Supp. 3d 1368, 1372 (S.D. Fla. 2016) (Rule 59 "does not provide a Plaintiff with another bite at the apple—another chance to rehash arguments made and issues decided").

---

[1] Ironically, the only new information discovered after American filed its motion for summary judgment is evidence that Plaintiff lied at his deposition and provided false and misleading information about Dr. Bercaw's evaluation to American, the Federal Aviation Administration, and this Court. *See* American's Mot. for Sanctions, ECF No. 154. Plaintiff cannot claim that evidence of his own misconduct is "newly discovered evidence" for purposes of Rule 59. *Cf. Jenkins v. Anton*, No. 17-13073, 2019 WL 1894415, at *6 (11th Cir. Apr. 29, 2019) (explaining that a party cannot rely on evidence the party was aware of to obtain a second bite at the apple under Rule 59).

Because Plaintiff simply rehashes prior arguments in a stream of consciousness manner, his Motions are frivolous and this Court should summarily deny them for the same reasons the Court previously granted American's motion for summary judgment. *See* Order on Mots. for Summ. J., ECF No. 169. [2]

## CONCLUSION

As this Court found, there is "nothing to support" Plaintiff's allegations seeking to undermine American's legitimate, nondiscriminatory reasons for withholding him from duty as a pilot. Rather, the undisputed evidence demonstrates that American's decisions would have been the same regardless of Plaintiff's military service. The Court was thus correct to grant American's motion for summary judgment, and Rule 59 does not provide a vehicle for Plaintiff to rehash his prior arguments. Accordingly, American respectfully requests that this Court summarily deny Plaintiff's Motions.

---

[2] Plaintiff's Motions are also not properly before the Court. A represented party may not file motions on his own behalf. S.D. Fla. Local R. 11.1(d)(4) ("Whenever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any steps therein . . ."). This rule protects against represented parties filing frivolous motions. *See id.*; *see also* Fed. R. Civ. P. 11 (requiring attorneys to sign filings certifying that the attorney has made a reasonable inquiry and that the filing is not legally or factually frivolous). Multiple attorneys currently represent Plaintiff. Although Plaintiff's attorneys have requested leave to withdraw, the Court has specifically denied that request. *See* ECF No. 178. It is therefore improper for Plaintiff to file his Motions "pro se" and this provides an independent reason to strike the Motions in their entirety. *See United States v. Dale*, 618 F. App'x 494, 497–98 (11th Cir. 2015) (affirming denial of litigant's pro se motion for new trial where litigant was represented by counsel who refused to file the motion on litigant's behalf).

Respectfully submitted,

By: /s/ Michael A. Holt

Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709
Facsimile: (954) 525-8739

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for American Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of May, 2019, the foregoing document was filed with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on the counsel or parties of record listed below.

By: /s/ Michael A. Holt
    MICHAEL A. HOLT

**SERVICE LIST**

| | |
|---|---|
| William R. Amlong, Esq.<br>WRAmlong@TheAmlongFirm.com<br>Karen Coolman Amlong, Esq.<br>KAmlong@TheAmlongFirm.com<br>**AMLONG & AMLONG, P.A.**<br>500 Northeast Fourth Street<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 462-1983<br>Facsimile: (954) 523-3192<br><br>Noel C. Pace, Esq.<br>(*Pro Hac Vice)*<br>noel.c.pace.esq@gmail.com<br>206 N.W. 91 Street<br>El Portal, Florida 33150<br>Telephone: (305) 710-3713<br><br>(Service via CM/ECF)<br><br>*Counsel for Plaintiff* | Michael A. Holt, Esq.<br>mholt@fisherphillips.com<br>**FISHER & PHILLIPS LLP**<br>450 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 847-4709<br>Facsimile: (954) 525-8739<br><br>Mark W. Robertson, Esq.<br>mrobertson@omm.com<br>(*Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>Times Square Tower 7 Times Square<br>New York, New York 10036<br>Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061<br><br>Tristan Morales, Esq.<br>tmorales@omm.com<br>(*Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, Northwest<br>Washington, DC 20006<br>Telephone: (202) 383-5300<br>Facsimile: (202) 383-5414<br><br>(Service via CM/ECF)<br><br>*Counsel for American Airlines, Inc.* |