UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-60533-CIV-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.

_____/

FILED BY _____ D.C.
MAY 2 2 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**Plaintiff's Reply re: American Airlines, INC.'s Response in Opposition to Plaintiff's Motions to Amend Judgment Under Rule 59 (e).**

Lt. Col Rodney S. Patterson, replies as follows to American Airlines, Inc Response in Opposition to Plaintiff's Motions to Amend Judgment Under Rule 59(e), ECF 186.

**Introduction**

The Defendant has demonstrated throughout the course of this lawsuit that it does not fundamentally understand or in the alternative wish to strictly comply with the Uniformed Services Employment Reemployment Rights Act, 38 U.S.C. § 4301, et seq. (USERRA). The law is more like a set of guidelines to follow, according to Captain Mark Cronin a senior management pilot. [ECF 106-6] This attitude echoes the evidence and testimony in another complaint (see Harwood V. American Airlines, Inc E.D. Va.) where management wrote [Harwood must meet Section 4312 "USERRA guidelines" and "company policy" if he expected to be reemployed.

Captain Brian Vitale, an experienced American Captain and military officer warned American's management on September 28, 2015, that AA had in fact violated USERRA by placing Lt. Col Patterson on paid administrative leave, while he was absent for service in the Uniformed Services [ECF 73-3]. At the time Captain Beach raised several unfounded excuses as a pretext for the USERRA violation which had occurred and is ongoing to this day. Vitale immediately

dismissed both unfounded fantasies (which likely originated with Whitehouse) with facts. This left management speechless according to Vitale. In accordance with USERRA, it doesn't matter the exact date the Defendant placed Lt. Col Patterson on admin leave. American did so while Lt. Col Patterson was absent for uniformed service (22 Sept.-25 Sept. 2015). This reduction in status violated his rights and denied him benefits of employment guaranteed by the statute. An unlawful reemployment into a position of reduced "status" violates the strict liability provisions of USERRA pursuant to Section 4312. (See also Petty V Metro (6th Circuit, No. 07-5649), (see *Reed v. City of Charleston*, D.S.C. 2012). More importantly, this USERRA violation is not subject to the Court's discretion, nor does it depend on the intent of the employer to establish a violation. (Stevens v. Tennessee Valley Authority, 6th Circuit, No. 80-3763), noting veterans leave civilian employment with certain statutory guarantees, including but not limited to reemployment in the correct position, and these guarantees "are not subject to a court's discretion nor do they depend on the intent of the employer."). American and this court have both stated Patterson's status was changed to administrative leave while he was absent for service.

Congress enacted USERRA to protect the rights of Veterans, who volunteer to serve our nation in its greatest time of need. Veteran's rights are crucial to the success of an all-volunteer military. So, unless we want to return to 1973 and the draft, each USERRA case is critical and important to the defense of the nation. This law is not just another employment mandate from Congress. That is why employers are solely responsible and strictly liable for compliance with reemployment rights of eligible [undisputed here] veterans. Asserting each and every of a veterans' rights is not a trivial or frivolous matter as Defendant American would lead this court to believe. At stake is the defense of American's ability to conduct business and the defense of the ability of this Court to dispense justice.

Given American's blatant USERRA violation on or about September 24, 2015, the subsequent actions, should be seen in the light of the "Fruit of a Poison Tree" and inadmissible. The Court should note the Department of Labor is tasked with implementing USERRA and other Veteran's rights law. A Veteran is not required to complain to the DoL to assert his or her rights. However, plaintiff here did so. In response, American's Corporate General Counsel, Lucretia Guia, Esq provided a federal investigator from the DOL with a signed letter containing false and misleading statements [fabricated a conversation between plaintiff and management] and her

statements have not been corrected to this date. Plaintiff respectfully requests the court compel American to immediately correct this false statement to a federal investigator.

In March 2015, Captain Whitehouse's complaint was submitted to the American Airline's Corporate Security Department for investigation. Captain Whitehouse (WH) submitted hearsay testimony that Lt. Col Patterson was "running guns and ammunition" to the Bolivian Counter Narcotics Police. The unfounded allegations and Corporate Security Report were likely spoiled by the Defendant as it exonerated him. WH preposterous allegations were unfounded and the APA Appeals board found that his allegations were malicious, ill-willed and with no just cause. There was simply no reason other than a pretext for the USERRA violation, which was on brilliant display on Sept. 24, 2015 to revive the unfounded workplace harassment complaint. Whitehouse was useful and although Captain Bonds denies involvement with the WH matter, he was fully aware of WH as early as Oct 2014. AA attempts to blame the APA Professional Standards Committee for its own abject failures. However, the APA Appeals Board addressed the issues and clearly supports the fact that WH complaint was based on hearsay and was patently false. No reasonable person would agree, that such false accusations would give anyone grounds for proceeding with an investigation. American's assertions that unnamed witnesses have expressed concerns that "he's not all there" or "fabricates stories" is not supported by any fact or testimony (it is all inadmissible hearsay, rumor, innuendo and character assassination). It appears the Court may have relied on that hearsay. American's stated reasoning for placing Plaintiff on Administrative Leave was the WH complaint, which was proven unfounded by Corporate Security, the APA Appeals Board and Captain Pat Mc Ginn who emailed WH and told him to "grow up and act like an adult".

American's reasoning for the USERRA violations have also shifted during the case, providing inconsistent reasons for its behavior. Together with proximity in time, management emails full of anger and desire for retribution, there is more than enough for a jury to weigh in this action under Section 4311.

AA now falls back on the "Not all there basis" when it has already admitted to this Court, that the Plaintiff's removal was not for a psychological reason, and only whether there was a neurological problem.

Plaintiff is a Boeing 767 Captain for a Part 121 Air Carrier, flying the same aircraft that he flew for American as a co-pilot (first officer). Plaintiff held an Airman Medical Certificate First

Class and satisfactorily completed numerous evaluations of his ability to safely act as Captain. Plaintiff underwent numerous evaluations including a Neurological evaluation by Dr. John Hastings (FAA Neurological Expert). None of the testing identified any cognitive deficits or medical condition which prohibited the Plaintiff from holding an FAA Airman Medical Certificate or safely performing his duties as a pilot, which he continued to do without interruption since his removal from service. No matter what American's original motive was, the WH complaint and the "Not all there" pretext were investigated prior to the removal from service and don't hold water. American simply cannot justify its unlawful acts under USERRA, which are on brilliant display and instead chooses to disparage the plaintiff who is a senior field grade officer in the Army and volunteered to serve for well over two decades. Veteran's rights are not negotiable and Congress intent to protect those rights, is supported by the U.S. Supreme Court and numerous Court decisions upholding the strict letter of the USERRA laws. Lt. Col Patterson met all of the benchmarks established by Congress under USERRA and is entitled to protection of his rights by virtue of his service.[1] Simply ignoring these rights promotes future unlawful behavior from employers against veterans.

## ARGUMENT

The United States Constitution guarantees the right of self-representation, this is affirmed by 28 U.S. Code § 1654. American Airlines created a direct conflict between Lt. Col. Patterson and his counsel. Lt. Col. Patterson terminated his counsel for this direct conflict and ineffective assistance of counsel. Due to the voluminous filings in the case, it would have been cost prohibitive to retain counsel to review the entire case and essentially start over. Throughout this litigation, the Defendant has sought to deny the Plaintiff's rights under USERRA and has proceeded so far as to accuse the Plaintiff of fraudulently performing service in the Uniformed Services, while apparently destroying records which would again exonerate the Plaintiff. Even going so far as disparaging the Plaintiff's military service by asserting it was "vacation" with his spouse and not military service. These comments are offensive, not well taken and set a dangerous precedent for Veteran's Rights and military members asserting those rights. American even attempted to separate Lt. Col Patterson from his union representative by initiating a Section 21

---

[1] Section 4312 (a) (1) / 20 CFR 1002.85, Section 4312 (c) / 20 CFR 1002.99 - .103, Section 4304 / 20 CFR 1002.134 - .135, Section 4312 (f) / 20 CFR 1002.121 & Section 4313 (a) (1) (A) & (B) / 20 CFR 1002.196

investigation against Captain Danny Shellhouse, who was also protected under the same provisions of USERRA. American through its counsel, Michael Holt, withdrew the threat in open court with Judge Otazo Reyes when it was apparent, they were about be enjoined for such behavior.

This honorable Court identified a gross violation of USERRA in its 18-page order granting American's motion for summary judgment. American was warned by Captain Vitale that it had violated USERRA, while Lt. Col Patterson was performing military service. The strict liability provisions of USERRA do not require the showing of intent by American and are not subject to judicial discretion. Given American's cavalier approach to the law and blatant disregard for the Veteran's rights in this matter and in others before the Courts, it should be apparent to this Court that Veteran's rights do matter and violations of those rights, uncorrected, perpetuate unlawful behavior against all Veterans and the US Armed Forces.

After the events of 9-11, which American lost two aircraft and thousands of lives were changed forever, the US Military placed heavy reliance on the Reserve Forces to answer the terror threat from Al-Qaeda. A veteran such as Lt. Col Patterson asserting his rights under USERRA and seeking USERRA compliance from his employer is in no way a frivolous matter. Ethical employers comply, while others choose to litigate and proceed based on Strategic Policy decisions and not the law.

Captain Michael Dale submitted a declaration which calls into question Dr. Knippa's objectiveness in evaluating both men. Dr. Knippa refused to re-evaluate Dale. Knippa's objectiveness was also questioned by a Montana judge. Dr. Gary Kay stated he had received numerous complaints from AA pilots about Knippa's performance. Dale, who had not sued American Airlines was later returned to service after undergoing dangerous radiologic studies of the brain, to indicate there was nothing wrong with him. Dale had no condition which prohibited him from being issued a First Class Medical and returned to the Airbus where he retired. Dr. Karlene Petitt, PhD. authored a work on the Weaponization of Mental Health and the use of Doctors such as Knippa to bypass the normal provisions of union contracts and USERRA to retaliate against pilots who were disfavored. Knippa was also made aware of the USERRA issue in Mar. 2016. The facts are, Lt. Col Patterson did not then and does not now have psychological or neurological condition which would prevent him from holding an Airman Medical Certificate First Class.

American was well aware on September 21, 2015 that it had a USERRA violation to deal with. American has presented a number of excuses which simply don't justify its unlawful actions. American's management was caught red handed discussing how best to harm Lt. Col Patterson. The WH complaint, Section 21 and Section 20 issues were pretexts to cover up American's unlawful acts.

After summary judgment was fully briefed in July, 2018, new information surfaced which called into question American's inconsistent approach to safety and disparate treatment. A DOT IG Inspector report identified that American, instead of addressing safety issues identified by its pilot's union, sought to discredit those pilots by providing "dirt" to the investigator charged with identifying and correcting those violations which placed the flying public in danger. In February, 2019 AA mechanics identified unsafe conditions which again placed the flying public in danger. American's response to these reports was to retaliate against the mechanics. American went so far as promoting an offender, who admitted that she lied on FAA reports about work she had not completed and endangered the hundreds of passengers and persons on the ground every time an aircraft with defective work was flown. American's conduct is relevant to this case and gives a clear indication of reckless disregard for safety while arguing that the Plaintiff posed a risk to safety although it hasn't provided one scintilla of evidence to support its claims.

## **CONCLUSION**

The Plaintiff has clearly addressed manifest errors of law and American's disparate treatment of safety, which amount to newly discovered evidence. These errors harm Lt. Col Patterson and the entire US Military who rely on strict compliance with USERRA. Based on the evidence presented and the citations mentioned, Since there is no dispute of material fact and law is plain and settled, plaintiff asks the court to proceed with a compliance order to compel American to reinstate plaintiff to the correct position retroactive to September 26, 2015, with all lost wages and benefits to the date of compliance with the order. This will bring American back inside the law and the action can continue on the issue of discriminatory or retaliatory intent under Section 4311 and reckless disregard for the strict liability provisions of USERRA under Section 4312.

Signed and dated this 22nd day of May, 2019

_____
Rodney S. Patterson, Lt. Col, Pro Se
1092 NW 139th Terrace
Pembroke Pines, Florida 33028
(704) 231-0909

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 22nd day of May, 2019, I filed the foregoing with the Clerk of the Court. I also certify that the foregoing document is being served this day on counsel of record for Defendant, American Airlines listed below.

_____
Rodney S. Patterson, Lt. Col, Pro Se
1092 NW 139th Terrace
Pembroke Pines, Florida 33028
(704) 231-0909

## SERVICE LIST

*Via* US Mail

Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000


Tristan Morales (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for American Airlines, Inc.*