UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-60533-CIV-MARTINEZ-OTAZO-REYES

Lt. Col. RODNEY SCOTT PATTERSON,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.

_____/

**Attorney Noel C. Pace, Esq., Pro Hac Vice, Response
to American Airlines, Inc. Motion for Sanctions**

    Attorney Noel C. Pace, Esq, responds as follows to American Airlines, Inc. Motion for Sanctions.

**Introduction**

    The Plaintiff, Lt. Col Rodney S. Patterson, U.S. Army Reserve, filed this action against his civilian employer, American Airlines, Inc. for alleged unlawful acts committed in direct violation of his rights granted him by Congress under the Uniformed Services Employment Re-Employment Rights Act, 38 U.S.C. § 4301, et seq.

    The facts presented in the case detailed that Lt. Col. Patterson's rights as an Army Reservist were likely violated by the defendant American Airlines, Inc.  However, the Defendant asserts that it has in no way violated the rights of Lt. Col Patterson and is now seeking sanctions against the Plaintiff and his counsels of record.

This particular counsel is a U.S. Senate confirmed-Colonel in the U.S. Army Reserve. He has commanded the only Combat Support Hospital stationed in the State of Florida and has served in the Republic of Korea, Iraq, and Colombia. Counsel attended the University of Miami Law School on the Post 9-11 Montgomery GI Bill and has helped many Veterans assert their lawful rights to obtain benefits from the Social Security and Veteran's Administration and other government agencies. Counsel is the current Chair of the American Bar Association Military & Veterans Health Law Interest Group and is currently on Army Reserve Annual Training in Pinellas Park, Florida. As per his mandatory obligation to serve, he currently does not have access to the record in order to adequately respond given the short enlargement of time to respond requested by William Amlong, Esq., nor per the local rule, can he file this response using this Courts electronic filing system. The Plaintiff, also a Lt. Col. in the United States Army Reserve, was aware of this counsel's attendance at Miami Law and his work advocating for Veteran's rights, and requested his help late in the case.

The Plaintiff contacted counsel and requested assistance with his rights under USERRA which had apparently been violated by the Defendant. However, this counsel was not admitted to the case Pro Hac Vice until well after the case was underway on March 6, 2018. Counsel's participation in the case was limited to attending depositions and hearings, and counsel was not granted access to the electronic files or case files held by the Amlong Firm as a pro hac vice attorney.

In fact, this counsel not having been admitted to the case did not attend the deposition of the Plaintiff nor was he provided a copy of his deposition for review. Notably, counsel attended the deposition of James Bonds, the supervisor of Lt. Col Patterson, who stated during the deposition, that "he didn't like how Patterson was performing his military service." These very

words are likely evidence that Captain Bonds was acting outside the scope of his official role at American Airlines, contributing to the "Hostile Work Environment" in American Airlines that the Plaintiff was subjected to while asserting his Reservist's rights.

Subsequently, in the week prior to oral arguments for Summary Judgment, this counsel proffered the suggestion to the Plaintiff, that he and his counsel, William Amlong, Esq. should prepare for the oral arguments and go over the facts of the case. William Amlong, Esq. advised on the eve of the Court-date for oral arguments that he would prefer to read and not discuss the following day's hearing.

After Summary Judgment, Plaintiff advised this counsel that he intended to terminate William Amlong, Esq. for ineffective assistance and the direct conflict which was created by American's Motions for Sanctions. Plaintiff also terminated this counsel for that same direct conflict. Plaintiff advised he wished to represent himself due to the voluminous filings in the case and felt that the Court's Summary Judgment ruling contained substantive judicial errors.

## **ARGUMENT**

This counsel, Noel Christian Pace, Esq., advised American Airline's lead Counsel Michael Holt, Esq. that he intended to withdraw from the case on April 23, 2019, due to the direct conflict. Attorney Holt responded by email on April 24, 2019, that he would agree to this counsel's withdrawal with no sanctions or opposition if William Amlong, Esq. would not attempt to lay blame or attribute costs to this counsel for any of the alleged sanction-able conduct that American alleges was perpetrated by the Plaintiff and his counsel. Unfortunately, this was not addressed in subsequent filings by the sponsor local attorney: William Amlong, Esq. nor the Plaintiff. However, in essence, American nor Attorney William Amlong nor the Plaintiff cannot lay any blame on this counsel for the alleged sanction-able conduct. First, American sought to

deny this counsel's entry into the case, which Judge Martinez later admitted him Pro Hac Vice. Second, this counsel was not even admitted to the case during the Plaintiff's consultation with Dr. Bercaw, which was to his later knowledge conducted in anticipation of litigation. And, then this counsel was not even admitted to the case during the alleged issues with the Plaintiff's deposition that the Defendant is also basing its sanction motions on.  In fact, this counsel had no knowledge of the Plaintiff's or William Amlong's contact with Dr. Bercaw or with Dr. Kay until after he was admitted to the case on March 6, 2018.  Lastly, this counsel has filed nothing substantive and his only active role in the litigation, other than attending subsequent case hearings, was to participate in the summary judgment argument presenting an Army Reservist's perspective to Judge Jordan.

## **CONCLUSION**

This counsel had no knowledge of or any participation in the alleged actions that American is seeking sanctions on from the Plaintiff or his counsel and kindly requests relief from this Court in releasing him from his representation of the Plaintiff in the case, and relief from any/all further proceedings in this case involving motions for sanctions or otherwise.


Signed and dated this 29th day of May, 2019



_/S/ Noel C. Pace, Esq._____
Noel Christian Pace, Esq.
206 NW 91ST STREET
EL PORTAL, FL 33150-2259
noel.c.pace.esq@gmail.com
(305) 219-1191

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 29th day of May, 2019, I requested William Amlong, Esq., my pro hac vice sponsor attorney in this case to file the foregoing with the Clerk of the Court in the CM/ECF system. I also certify that the foregoing document is being served this day on counsel of record for Defendant, American Airlines by William Amlong, Esq. listed below.

## SERVICE LIST

*Via* US Mail

Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Tristan Morales (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300