UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

   Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

   Defendant.
_____/

**Plaintiff's Renewed Motion Pursuant to Florida Bar Rules of Professional Conduct 4-17(a)(2) and 4-1.16(a)(1) and (3) to Permit Discharged Counsel to Withdraw From Representing Plaintiff who Wishes to Proceed *pro se* and With Whom Counsel has a Conflict of Interest That Would Prevent Effective, Ethical Representation**

William R. Amlong, Esquire, moves on behalf of himself; Karen Coolman Amlong, Attorney at Law; Jennifer Daley, Esquire; Isha Kochhar, Esquire,[1] and Amlong & Amlong, P.A., d/b/a The Amlong Firm to withdraw from the representation of Plaintiff, Rodney Scott Patterson, who:

---

[1] Ms. Kochhar is a former associate of The Amlong Firm who had no independent attorney-client relationship with Lt. Col. Patterson, but who never formally withdrew from his representation when she left the firm. She has explicitly authorized the undersigned to include her in this motion.



**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL 33301 • 954.462.1983

***One***, wishes to proceed pro se and, therefore, has discharged his counsel, on which ground the Court has already denied a motion to withdraw, ***but also***

***Two***, was uncooperative Wednesday, May 29, as The Amlong Firm and defendant's counsel sought to comply with Magistrate Judge Alicia Ortazo-Reyes's order that they provide the Court with universally acceptable hearing dates, refusing to give dates and failing to provide information from his physicians about his current medical condition, which he said on Thursday, May 22 might keep him unavailable for up to three to four months;

***Three***, reiterated in an e-mail in response to a request for information with which to respond to the Court's request that "I terminated you for direct Conflict of Interest and Ineffective Assistance" and that he had filed "my own response [to defendant's motion for sanctions] with the court," and

***Four***, does indeed have an irremediable conflict of interest with The Amlong Firm because defendant is seeking monetary sanctions against both the plaintiff and his counsel, thereby creating a conflict, which conflict should be obvious to Court upon its reading The Amlong Firm's Response to American Airlines, Inc.'s Motion for Sanctions, DE 197.  See Fla. Bar v. Kelsay Dayon Patterson, 257 So. 3d 56, 61 (Fla. 2018):

> Broadly speaking, Bar Rule 4-1.7 prohibits a lawyer from representing a client if the representation creates a conflict of interest. The rule specifically prohibits a lawyer from representing a client if

there is a substantial risk that the representation will be materially limited by the lawyer's own personal interests.  See R. Regulating Fla. Bar 4-1.7(a)(2).  The comment to the rule explains that "[l]oyalty and independent judgment are essential elements in the lawyer's relationship to a client."  Id. cmt.  Such loyalty may be "impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action on behalf of his or her client because of the lawyer's other interests."  Fla. Bar v. Roberto, 59 So. 3d 1101, 1104 (Fla. 2011).

Rule 4-1.16(a)(1), meanwhile, provides that "a lawyer … shall withdraw from the representation of a client if … the representation will result in violation of the Rules of Professional Conduct or law."

The Patterson court addressed the frivolous appeal of a $160,000 attorney's fee award against a lawyer and his client, half against each, for having brought a sexual-harassment complaint based upon testimony by the client that she had contradicted in a deposition in an earlier case—at which deposition the lawyer had been present and was therefore aware of her self-contradiction prior to filling the subsequent action.  Id. at 58.  The lawyer then unsuccessfully attempted to piggy-back his half of the sanctions award on an appeal in which his client was the only named appellant.  Id. at 59. After the Third District Court of Appeal ordered both the client and the attorney to show cause why they should not be sanctioned for a frivolous appeal, the appeals court observed that "[c]uriously, Patterson's response to our order to show cause makes no argument on behalf of his client. . . ."  Id. at 59, quoting Faddis v. City of Homestead, 157 So. 3d 447, 453 (Fla. 3d DCA 2015), review dismissed, 163 So. 3d 508 (Fla. 2015).   Although a

Florida Bar referee "rejected the Bar's contention that Patterson advanced his own interests instead of his client's interests in the appeal of the circuit court's December 18, 2013, order, creating a conflict of interest in violation of Bar Rule 4-1.7 (Conflict of Interest; Current Clients)," id. at 60, the Supreme Court found that the trial court's imposition of the sanction against him as well as the client, "g[ave] Patterson a significant financial interest in the outcome of any subsequent appeals of the order," id. at 62, which "interest created a clear and substantial risk of materially limiting Patterson's independent judgment and loyalty to Faddis, who had an interest in reducing or eliminating her liability under the December 18, 2013, order, even if it was not to the benefit of Patterson." Id. at 61.

While it is plaintiff's counsel's position that no sanctionable conduct occurred in the case at bar, it is also plaintiff's counsel's position that if any were to have occurred, it would be attributable solely to plaintiff, and not to his counsel. That position is, at best, uncomfortably close to the position taken in the Florida Bar's Patterson case.

Likewise, in the instant case, any delay in Lt. Col. Patterson's engaging alternative counsel does not arise from his current counsel's having neglected to advise him early on of the potential conflict and the need for him to secure alternate counsel. **First**, Lt. Col. Patterson was informed by, at the latest, February 18, 2019 that he needed to retain separate counsel because of the conflict, a message that his counsel attempted three times to

repeat telephonically.[2] **Second**, in the initial Plaintiff's Motion to Enlarge Time for Response to Sanctions Motion And to Continue the Evidentiary Hearing on that Motion (DE 157), filed February 24, plaintiff's counsel stated that an enlargement of time was necessary, in part, because plaintiff was unfocused because of an illness:

> Plaintiff's counsel cannot respond to this motion, or prepare for the scheduled hearing, without having substantive, cogent discussions with the plaintiff about . . .the potential conflict of interest that defendant, American Airlines, Inc., has created by stating that it was seeking sanctions against both plaintiff and his counsel, and whether plaintiff needs to secure separate counsel.

Id. at 3-5, ¶ 11(b). **Third**, in a March 14 e-mail, a redacted copy of which is appended as Attachment 3, the undersigned wrote to plaintiff that "as I told you early on, since AA is naming us, as well as you, as a respondent in this motion, I cannot represent you. Karen [Coolman Amlong] is going to represent the firm and me. You need to have your own lawyer."

Rather than, as required by Rule 4-1.4(b)(4), "giv[ing] informed consent, confirmed in writing" to the undersigned's continuing to represent him, even with the likelihood that the undersigned (or his law partner) would

---

[2]See Composite Attachment 1, printouts of contemporaneous digital time-slips for February 18 ("Phone conference with client re: he needs separate counsel:); February 20 ("Attempted phone conference with client re: withdrawal, enlargement of time so he can acquire counsel; voicemail is full"); February 21 ("Phone conference with client [spoke with client's son; client in with physician]"); February 22 (Phone conferences (attempted) with client, co-counsel re: motion for sanctions; review text message from co0counsel (sic) re: client's being 'under the weather' and intending to call on Monday").

be eliciting evidence adverse to Lt. Col. Patterson in the event that the Court were to determine that any sanctionable conduct had occurred, see Rule 4.1.7(b) (permitting joint representation of clients only when "the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal"), Lt. Col. Patterson fired both the undersigned and Noel Pace, Esquire, who is co-counsel via e-mail Wednesday, April 24, stating that he wished to represent himself.

### Certificate of Conferral

Pursuant to Local Rule 7.1(a)(3), the undersigned e-mailed opposing counsel at a draft of this motion to opposing counsel, co-counsel and plaintiff at 4:22 p.m., Thursday, May 30, 2019, requesting their responses by noon of the following day.  Neither has communicated a position.  Although Lt. Col. Patterson telephoned Friday while the undersigned was in an all-day deposition, subsequent attempts to contact him have been unsuccessful, notwithstanding that he has e-mailed the undersigned about other matters.

### Conclusion

Based on the facts recited, the authority cited and the arguments presented, William R. Amlong, Karen Coolman Amlong, Jennifer Daley, Isha Kochhar and Amlong & Amlong, P.A., d/b/a The Amlong Firm, request this Court to grant this motion and permit them to escape from a conflicted representation of plaintiff concerning American Airlines's motion for

sanctions that would be contrary to the Florida Bar's Rule of Professional Conduct governing conflict of interest and mandatory withdrawals.

                Respectfully Submitted,

                */s/ William R. Amlong*
                WILLIAM R. AMLONG
                Florida Bar No.: 470228
                WRAmlong@TheAmlongFirm.com
                KAREN COOLMAN AMLONG
                Florida Bar No.: 275565
                KAmlong@TheAmlongFirm.com
                JENNIFER DALEY
                Florida Bar No. 856436
                JDaley@TheAmlongFirm.com

                AMLONG & AMLONG, P.A.
                500 Northeast Fourth Street
                Second Floor
                Fort Lauderdale, Florida 33301
                Telephone: (954) 462-1983
                Facsimile: (954) 463-5008

**Certificate of Service**

**I HEREBY CERTIFY** that this motion has been filed using the ECF system of the Southern District of Florida this and thereby served on all counsel or parties of record and by electronic mail upon the plaintiff, Rodney Scott Patterson, 1092 NW 39th Terrace, Pembroke Pines, FL 33028, 702-231-0909, aa737drvr@aol.com.

                */s/    William R. Amlong*
                WILLIAM R. AMLONG

\\amlong3\cpshare\CPWin\HISTORY\190508_0001\1538.297