UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60533-CIV-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,

    Plaintiffs,

v.

AMERICAN AIRLINES, INC,

    Defendants.

_____/

FILED BY _____ D.C.

JUN 06 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PLAINTIFF'S MOTION FOR JUDICIAL DISQUALIFICATION AND/OR RECUSAL, AND MOTION FOR STAY THESE PROCEEDINGS PENDING RESOLUTION OF DISQUALIFICATION/RECUSAL**

Lt. Col Rodney S. Patterson, ("Patterson"), Pro Se Plaintiff, in the above styled cause, hereby timely files this combined motion pursuant to the Federal Rules of Civil Procedure, Local Rules for the Southern District of Florida, and 28 U.S.C. § 144 Bias or Prejudice of Judge and 28 U.S.C. § 455 Disqualification of justice, judge, or magistrate judge, requests the entry of an Order disqualifying and/or recusing the magistrate judge assigned to this case, the Honorable Alicia Otazo-Reyes. Plaintiff also requests that the case and matters relating thereto, be stayed pending resolution of this Motion, to the extent the Court has jurisdiction in the matter. In support of the Motion, Plaintiff states:

## INTRODUCTION

This is an action for military service member rights and retaliation brought pursuant to the Uniformed Services Employment Re-Employment Rights Act, 38 USC 4301, et seq. ("USERRA"). [D.E. 1]. The unlawful acts alleged in this instant case continue to this date. This Court has exhibited a prejudicial bias against the Plaintiff vis-a-vis the Plaintiff's former attorney.

The Plaintiff's former attorney, deliberately concealed sanctions, which were levied on him and his firm by this Court, in which this magistrate judge conducted an evidentiary hearing and filed a report and recommendation and sanctions from a separate matter (Eldredge V. ED Care Management, Inc, 13-61373, SD FL) [ECF-128].

1
Verified Motion to Recuse/Affidavit

Plaintiff was advised by former counsel William R. Amlong, Esq. that he could no longer represent the Plaintiff in the matter due to being named a respondent in the Defendant's Motion for Sanctions, which Judge Otazo-Reyes invited the Defendant to file in open court. Plaintiff terminated Amlong for this direct conflict and ineffective assistance of counsel and as such found it necessary to represent himself due to the voluminous filings in the Court Record

Plaintiff respectfully requests that the magistrate judge assigned to this case, the Honorable Alicia M. Otazo-Reyes, disqualify and/or recuse herself pursuant to 28 U.S.C. § 455(a) or 28 U.S.C. § 144 based upon the personal bias and prejudice demonstrated against Plaintiffs' counsel and the Plaintiff. Therefore, disqualification and/or recusal pursuant to 28 U.S.C. § 144 is mandatory.

## STATEMENT OF FACTS

1. In 2000, Patterson landed his dream job and was hired by American Airlines ("AA'). In September, 2015, Patterson was employed as a Boeing 757/767, International First Officer.

2. Plaintiff served AA for well over 15 years while not on Active duty with the Army as he was furloughed for economic reasons following the 9-11 attacks.

3. Plaintiff served the United States for well over 28 years of commissioned service in the U.S. Army as a Field Artillery Officer and various Joint Commands as well as the Army HQ at the Pentagon, all the while holding a high level, Top-Secret Clearance which further demonstrates the special trust and confidence in Patterson's abilities as a military officer.

4. While an Active duty officer following 9-11, the Plaintiff managed Counter Drug and Counter Narco-Terrorism projects for the Department of Defense worth hundreds of millions of dollars for a Joint Combatant Command. AA's unfounded allegations of smuggling guns and ammunition to Bolivia are offensive and not well taken.

5. On September 21, 2015 the Plaintiff provided verbal notice to his employer that he intended to perform military service from September 22-25, 2015. [20 CFR § 1002.85]

6. On September 24, 2015, while the Plaintiff was absent for military service, the Defendant committed a series of unlawful acts violating Patterson's rights under the Uniformed Services Employment Re-Employment Rights Act, which continue to this day. [38 USC § 4312, § 4313]. Subsequently § 4311.

7. AA has admitted, that it re-employed Patterson to an inferior status, than one which he was entitled to by the statute (B767, FO, INTL). This violation is not subject to the employer's

intentions nor the Courts discretion.

8. AA Captain Danny Shellhouse, A Boeing 767 Captain, who has flown with Patterson on several occasions was appointed as his personal representative from the Allied Pilots Association.

9. Plaintiff through former counsel filed the instant action with the Court in March, 2017 asserting his rights under USERRA. [ECF 1]

10. On May 9, 2017, Judge Martinez issued an order referring the case to Magistrate Judge Alicia M. Otazo-Reyes for Discovery Matters.

MEMORANDUM OF LAW

### I. GENERAL PRONOUNCEMENTS REGARDING RECUSAL AND/OR DISQUALIFICATION OF A JUDGE

"Canon 2 [of the Code of Conduct for United States Judges] tells judges to 'avoid impropriety and the appearance of impropriety in all activities,' on the bench and off." *Dinkins v. Leavitt*, 2008 U.S. App. Lexis 22847, *14 (11th Cir. 2008) (citations omitted). The Code of Conduct for United States Judges and case law make clear that judges should avoid even the appearance of impropriety. *United States v. South Florida Water Management Dist.*, 290 F. Supp. 2d 1356, 1358 (S.D.Fla. 2003). "The guarantee to the [parties and counsel] of a totally fair and impartial tribunal, and the protection of the integrity and dignity of the judicial process from any hint of appearance of bias is the palladium of our judicial system." *United States v. Alabama*, 828 F.2d 1532, 1539 (11th Cir. 1987). To ensure that the courts remain above reproach, the Congress passed statutory provisions governing the disqualification of federal judges. The relevant statutes are 28 U.S.C. §§ 144 and 455.

### II. LEGAL PRINCIPLES GOVERNING RECUSAL AND/OR DISQUALIFICATION OF A JUDGE, AND THE STATUTES THAT PROVIDE FOR SAME

#### A. 28 U.S.C. § 455

Title 28 U.S.C. § 455 provides, in pertinent part:
Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
   (a) He shall also disqualify himself in the following circumstances:
      (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

3
Verified Motion to Recuse/Affidavit

Regarding subsection (a) of § 455, the Eleventh Circuit repeatedly has stated:

> The test for determining whether a judge's impartiality might reasonably be questioned is an objective one, and requires asking whether a disinterested observer fully informed of the facts would entertain a significant doubt as to the judge's impartiality.

*Biven Gardens Office v. Barnett Banks of Florida*, 140 F.32d 898, 912 (11th Cir. 1998) (citing *Diversified Numismatics, Inc. v. City of Orlando*, 949 F.2d 382, 385 (11th Cir. 1991) and *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). The intent underlying § 455(a) is "to promote public confidence in the integrity of the judicial process" and "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Services Corp.*, 488 U.S. 847, 860 (1988); *see also Parker*, 855 F.2d at 1523 (quoting *Liljeberg*, 486 U.S. at 860, 865)).

Moreover, in light of the intent of the statute, disqualification should be granted under § 455(a) where a judge would harbor any doubt concerning whether disqualification is appropriate. *Parker*, 855 F.2d at 1524 (citing *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987)). Neither actual partially, nor knowledge of the disqualifying circumstances on the part of the judge during the affected proceeding, are prerequisites to disqualification under § 455(a). *Id.* (citing *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988), *cert. denied*, 490 U.S. 1066 (1989)).

Because § 455(a) focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, the statute *does not give a judge discretion as to whether to recuse himself*. *United States v. Garruda*, 869 F.2d 1574, 1581 (11th Cir. 1994) (citing 28 U.S.C. § 455(a)). Rather, the statute instructs the judge to disqualify herself if the public may perceive her, or her rulings, as being affected. *United States v. Kelly*, 888 F.2d at 744-45. Thus, "a judge faced with a potential ground for disqualification ought to consider how h[er] participation in a given case looks to the average person on the street." *Garruda*, 869 F.2d at 1581 (citations omitted). Section 455(a) requires judges to resolve any doubts they may have as to whether they should hear a case in favor of disqualification. *Id.* Disqualification/recusal under § 455(b) is mandatory because "the potential for conflicts of interest are readily apparent." *Brown v. Brock*, 169 Fed. Appx. 579, 583 (11th Cir. 2006) (citations omitted).

**B.** **28 U.S.C. § 144**

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144

Where a litigant submits a sufficient affidavit and certificate, recusal is *mandatory*: the presiding judge may take no further action in the litigant's case. *United States v. Alabama*, 828 F.2d at 1540. Moreover, the district court must take as true all of the facts stated in the affidavit. *Id.*; *Berger v. United States*, 255 U.S. 22, 36 (1921) ("The section withdraws from the presiding judge a decision upon the truth of the matters alleged"). *Id.* To warrant disqualification the affidavit "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger*, 255 U.S. at 33-34.

### III. DISQUALIFICATION/RECUSAL IS MANDATORY IN THE INSTANT CASE

#### A. Disqualification/Recusal Is Mandatory Under § 455(a) and (b)(1) & § 144

On July 27, 2018 the Plaintiff filed an emergency motion with certification of emergency attached pursuant to 18 USC 4311 (b)(3) and the Court's inherent powers to Restrain the Defendant from Intimidating a Plaintiff's Witness or Retaliating Against an Employee who has Assisted the Plaintiff in Preparing for Trial. [ECF 105] 28 U.S.C. § 636 (b)(1)(A) states in part:

> **(A)** a judge may designate a <u>magistrate judge</u> to hear and determine any pretrial matter pending before the <u>court,</u> except a motion for injunctive relief,

The Defendant unlawfully threatened the Plaintiff's witness and personal representative, Captain Shellhouse, with a Section 21 hearing, which is a precursor to termination for American pilots. It is apparent that American sought to intimidate Captain Shellhouse into withdrawing from

his representation of Patterson and obtain further discovery outside of the period permitted by the Court. Clearly Judge Otazo-Reyes improperly presided over the hearing for injunctive relief which the Plaintiff sought to prohibit the Defendant from firing his appointed representative. During the trial, the Plaintiff observed Judge Otazo-Reyes interrupt Plaintiff's counsel on a number of occasions and scold the Plaintiff's attorney showing deferential treatment to the Defendant. The judge advised she was not familiar with the statute. The Plaintiff provided his former attorney a hard copy of the statute (§ 4311). Showing further preferential treatment to the Defendant and bias to the Plaintiff and his attorney, Judge Otazo-Reyes permitted the defense lead attorney, Micheal Holt to withdraw its unlawful threat of termination in court thus promoting future unlawful behavior on the part of the Defendant.[1] Plaintiff affirms:

> There were legal arguments during the trial and evidentiary challenges, and I observed Judge Otazo-Reyes act in a hostile and dismissive manner toward Mr. Amlong that demonstrated a personal dislike for him. It was clear to me that I was not receiving a fair trial and that Captain Shellhouse's employment was in jeopardy. I have never met or spoken to Judge Otazo-Reyes, however the animus between her and my former attorney is palpable. Plaintiff does not believe any litigant represented by Mr. Amlong could ever receive a fair trial before Judge Otazo-Reyes. When questioned by the Plaintiff, his former attorney dismissed it as "She doesn't like me".

> At one point following the hearing the Plaintiff remarked to his former attorney, how are we supposed to get a fair say if the Judge doesn't like you. The Defendant knew of Judge Otazo Reyes prior involvement with Mr. Amlong, and it is apparent they spun this animus and bias to their advantage.

When it passed the original statute, (USERRA) Congress stated that "[t]he Committee intends that these anti-discrimination provisions be broadly construed and <u>strictly enforced</u> (emphasis added) and the intent has always been to have an expansive interpretation." Congress went on to say, "These rights are broadly defined to include all attributes of the employment relationship which are affected by the absence of a member of the uniformed services because of military service. The list of benefits is illustrative and not intended to be all inclusive."

Judge Otazo-Reyes is potentially a witness against Mr. Amlong and his firm and her participation in any further matters involving Lt. Col Patterson or Mr. Amlong give rise to impropriety and bias. (Florida Supreme Court, Filing #5182766). Comments such as Mr. Amlong

---

[1] Plaintiff recognizes that judicial rulings alone 'almost never constitute a valid basis for a bias or partiality motion," they are a valid basis "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 551, 554-55 (1994). Plaintiff submits that Judge Otazo-Reyes rulings—as well as her comments—demonstrates that her animus toward Mr. Amlong has risen to the level to satisfy the *Liteky* standard and for this additional reason, disqualification/recusal is required under § 455.

lacks credibility and his testimony is contrived, and in some ways, an effort to rewrite history indicate more than a personal dislike. They indicate bias.

Given the fact that Judge Otazo-Reyes presided over the evidentiary hearing to sanction Amlong & Amlong, and her continued involvement in that proceeding, particularly combined with the other evidence concerning her partiality as set forth herein, requires the conclusion that she should recuse herself. She cannot be fair with respect to the Plaintiff who had no involvement in the Eldredge matter.

Based upon these comments, a "disinterested observer fully informed of the facts would entertain a significant doubt as to the judge's impartiality." *See Biven Gardens Office v. Barnett Banks of Florida*, 140 F.32d 898, 912 (11th Cir. 1998). Moreover any doubts concerning whether disqualification is appropriate must be resolved in Plaintiffs' favor. *See Parker, Garruda*. Because Judge Otazo-Reyes comments and actions would cause the "average person on the street" to "entertain a significant doubt" about her impartiality in the instant case, there is no discretion and disqualification/recusal is mandatory. *See, Kelly, Garruda*.

Judge Otazo-Reyes comments and other actions demonstrate that she has pre-judged the case because Plaintiff's counsel was counsel of record and has an actual bias or prejudice against him. Judge Otazo-Reyes' comments and actions demonstrate "fair support to the charge of a 'bent of mind' that may prevent or impede impartially or judgment." *United States v. Townsend*, 478 F.2d 1072 (3d Cir. 1972). Moreover, the Patterson Declaration demonstrates that Judge Otazo-Reyers has an actual bias or prejudice against former counsel and his client, as set forth in more detail above. Based upon these facts, disqualification/recusal is mandatory. For these reasons, Judge Otazo-Reyes disqualification/recusal is mandatory under §144.

## IV. THE PROCEEDINGS IN THIS MATTER SHOULD BE STAYED PENDING RESOLUTION OF THIS MOTION

District courts enjoy broad discretion to stay proceedings. *Bocciolone v. Solowsky*, 2008 U.S. Dist. Lexis 59170 (S.D. Fla. 2008). District "courts have inherent power to manage their dockets and stay proceedings." *Roblor Marketing Group, Inc. v. GPS Industries, Inc.*, 2008 U.S. Dist. Lexis 10359, *14 (S.D. Fla. 2008). Stays are appropriate to promote judicial economy. *Sosa v. Hames*, 2006 U.S. Dist. Lexis 29849, *2 (S.D. Fla. 2006). Stays are warranted until the issue of disqualification is resolved. *See Jones v. United States*, 2008 U.S. Dist. Lexis 49341 (S.D. Fla.

2008); *Hermann v. Gutterguard*, 2008 U.S. Dist. Lexis 22786 (N.D. Ga. 2008).

Plaintiff seeks through his Motion to have this matter re-assigned to a different Judge based both upon the fact that the magistrate Judge's impartiality could reasonably be questioned and based upon the district court's actual personal bias and prejudice against Plaintiff's former counsel. Hence, it would be inappropriate and a waste of judicial resources to proceed in this matter until the present Motion is decided. Furthermore, both basic fairness and judicial economy [2] would be served by staying this action until the resolution of the instant Motion. *See Jones v. United States*, 2008 U.S. Dist. Lexis 49341 (S.D. Fla. 2008); *Hermann v. Gutterguard*, 2008 U.S. Dist. Lexis 22786 (N.D. Ga. 2008).

For these reasons, Plaintiff requests that a stay of proceedings be entered in this matter pending resolution of this Motion. Please accept this Verified Motion as my certificate affidavit as being filed in good faith.

## Meet and Confer Certification

Pro Se, Plaintiff Patterson certifies that on April 29, 2019, he attempted to meet and confer with Defendant's Counsel in writing regarding this instant motion. As of this filing, the Defendant replied, "There would be no basis for either of the motions mentioned below..." (reference this instant motion and a Plaintiff's motion for appropriate sanctions for American's apparent withholding of a Corporate Security Report).

## VI. Conclusion

Based on all the foregoing facts and argument in this sworn motion, and in accordance with 28 U.S.C. § 144 and § 455, I reasonably believe that Judge Otazo-Reyes has shown a personal bias and prejudice against myself and my former counsel, causing her impartiality to be reasonably questioned. Therefore it is inappropriate for Judge Otazo-Reyes to preside any further over these proceedings, and accordingly she must immediately disqualify herself and these proceedings be stayed pending decision of this motion and reassignment of a new magistrate judge.

---

[2] Judicial economy would be served because if disqualification or recusal is granted, prior orders of the recused judge may be subject to review or vacation. *See South Florida Water Management District*, 290 F. Supp. 2d at 1361

8
Verified Motion to Recuse/Affidavit

Signed: June 6, 2019                                   Respectfully Submitted,

*Rodney S. Patt*
Lt. Col Rodney S. Patterson, Pro Se
1092 NW 139th Terrace
Pembroke Pines, FL 33028
(704) 231-0909
ScottPatterson247@gmail.com

## VERIFICATION/AFFIDAVIT

I, Lt. Col Rodney S. Patterson, am over 18 years of age and am domiciled in the State of Florida, I declare and affirm as follows:

I am the Plaintiff in the above-entitled action. I have read the foregoing Motion and know the contents thereof. With respect to the facts and allegations stated by me, the same is true by my own knowledge, exept as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

I declare and affirm under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct. Affiant further sayeth not.

Date: June 6, 2019

_Rodney S. Patterson_
Lt. Col Rodney S. Patterson
1092 NW 139th Terrace
Pembroke Pines, FL  33028

County of )) Broward
State of )) Florida
Notary )) _Yvette Schloss_

Yvette Schloss
Notary Public
State of Florida
My Commission Expires 02/26/2022
Commission No. GG 189808

## CERTIFICATE OF SERVICE

I Lt. Col Rodney S. Patterson, Pro Se Appellant hereby certify, that a true and correct copy of the foregoing was served by U.S. Mail on June 6, 2019 on all counsel or parties of record on the Service List Below.

*Rodney S. Patt*

Signature of Filer

**Service List**

Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Tristan Morales (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for American Airlines, Inc.*

Karen Coolman Amlong
Florida Bar No: 275565
kamlong@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street

Fort Lauderdale, Florida 33301-1154
Phone: (954) 462-1983
Fax: (954) 523-3102


William R. Amlong
WRamlong@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
Phone: (954) 462-1983
Fax: (954) 523-3102

Counsel for Amlong & Amlong, P.A.

Noel Christian Pace, Esq.
206 NW 91ST STREET
EL PORTAL, FL 33150-2259
Noel.c.pace.esq@gmail.com
(305) 219-1191