# U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE NO.: 17-60533- JEM



Lt. Col. RODNEY SCOTT PATTERSON,

     Plaintiff,

vs.

AMERICAN AIRLINES, INC

     Defendant.

_____/

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
## IN SUPPORT OF ITS MOTION FOR RECUSAL

Plaintiff Lt. Col Rodney S. Patterson, pursuant to Rule 201 of the Federal Rules of Evidence, respectfully requests leave of this Court to file and that the Court take judicial notice of the following adjudicative facts and/or public records in support of Lt. Col Rodney S. Patterson's Motion for Recusal. As grounds therefore, Patterson states as follows:

    1.     Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence. *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004); Fed. R. Evid. 201(a) and (b); *see also* Fed. R. Evid. 201(a). Adjudicative facts are facts that are relevant to a determination of the claims presented in a case. *Id.* One category of adjudicative facts subject to judicial notice includes facts that are "generally known within the territorial jurisdiction of the trial court." *Id.* (quoting Fed. R. Evid. 201(b)(1)). Such judicially-noticed facts have been described as being "of breathtaking variety." *Id.* (collecting cases). Another category includes

facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1) A court also may take judicial notice of public records. *Universal Express, Inc. v. U.S. Securities and Exchange Commission*, 177 Fed. Appx. 52, 53 (11th Cir. 2006). Judicial notice of appropriate adjudicative facts may be taken at any stage in a proceeding, including at the summary judgment stage. *Dippin' Dots, Inc.*, 369 F.3d at 1204; Fed. R. Evid. 201(f). Courts have wide discretion to take judicial notice of facts. *Id.*; Fed. R. Evid. 201(c).

2.      Because the following adjudicative facts and/or public records relevant to a determination of the claims presented in this case are generally known within the territorial jurisdiction of this Court and are not subject to reasonable dispute, judicial notice should be taken of them:

•       On March 19, 2019, the United States Court of Appeals for the Eleventh Circuit issued its affirmation, attached hereto as Exhibit 1.

Dated:  June 20, 2019                              Respectfully submitted,


                                        *Rodney S. Patt*
                                        Rodney S. Patterson, Lt. Col., Pro Se
                                        E-mail:  scottpatterson247@gmail.com
                                        1092 NW 139th Terrace
                                        Pembroke Pines, FL  33028
                                        (704) 231-0909 (phone)

*Page 5*

## <u>CERTIFICATE OF SERVICE</u>

I Lt. Col Rodney S. Patterson, Pro Se Appellant hereby certify, that a true and correct copy of the foregoing was served by U.S. Mail on June 20, 2019 on all counsel or parties of record on the Service List Below.

Signature of Filer

### <u>Service List</u>

### <u>Via U.S. Mail</u>

Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Tristan Morales (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for American Airlines, Inc.*

Karen Coolman Amlong
Florida Bar No: 275565
kamlong@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
Phone: (954) 462-1983
Fax: (954) 523-3102


William R. Amlong
WRamlong@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
Phone: (954) 462-1983
Fax: (954) 523-3102

Counsel for Amlong & Amlong, P.A.

Noel Christian Pace, Esq.
206 NW 91ST STREET
EL PORTAL, FL 33150-2259
Noel.c.pace.esq@gmail.com
(305) 219-1191

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY ____ AP ____ D.C.

**May 8, 2019**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 08, 2019

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 17-14821-FF
Case Style: Amlong & Amlong, P.A., et al v. Edcare Management, Inc., et al
District Court Docket No: 0:13-cv-61373-RNS

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

———————————

No. 17-14821

———————————

District Court Docket No.
0:13-cv-61373-RNS

DEBORAH ELDREDGE,

> Plaintiff - Counter Defendant,

AMLONG & AMLONG, P.A.,
d.b.a. The Amlong Firm,
WILLIAM ROBERT AMLONG,
JENNIFER DALY,

> Interested Parties - Appellants,

versus

EDCARE MANAGEMENT, INC.,
a Delaware corporation,
HOSPITAL PHYSICIAN PARTNERS, INC.,
a Delaware corporation,

> Defendants - Counter Claimants - Appellees.

————————————————

Appeal from the United States District Court for the
Southern District of Florida

————————————————

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: March 19, 2019
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT

_____

No. 17-14821

_____

D.C. Docket No. 0:13-cv-61373-RNS

DEBORAH ELDREDGE,

                              Plaintiff - Counter Defendant,

AMLONG & AMLONG, P.A.,
d.b.a. The Amlong Firm,
WILLIAM ROBERT AMLONG,
JENNIFER DALY,

                              Interested Parties - Appellants,

                    versus

EDCARE MANAGEMENT, INC.,
a Delaware corporation,
HOSPITAL PHYSICIAN PARTNERS, INC.,
a Delaware corporation,

                              Defendants - Counter Claimants -
                              Appellees.

---------

Appeal from the United States District Court
for the Southern District of Florida

---------

(March 19, 2019)

Before WILSON, JILL PRYOR and SUTTON,[*] Circuit Judges.

PER CURIAM:

Amlong & Amlong, P.A., a law firm, appeals the district court's imposition of sanctions against it totaling $422,433.30 in attorney's fees and costs in favor of defendants EDCare Management, Inc. and Hospital Physician Partners, Inc. ("HPP"). No reversible error has been shown; we affirm the district court's award of attorney's fees and costs.

## I.   BACKGROUND[1]

Plaintiff Deborah Eldredge, represented by the Amlong firm, filed two civil actions against her former employer, EDCare, and a related entity, HPP. In the first suit, Eldredge alleged that EDCare and HPP violated the Fair Labor Standards Act by failing to pay her overtime while she was employed by them and failing to pay her for accrued leave time when she was terminated (the "FLSA case"). In

---

[*] Honorable Jeffrey S. Sutton, United States Circuit Judge for the Sixth Circuit, sitting by designation.

[1] Because we write for the parties, we set out only the facts necessary to explain our decision.

2

Case 0:17-cv-60533-JEM   Document 207   Entered on FLSD Docket 06/21/2019   Page 9 of 27
Case 0:13-cv-61373-RNS   Document 277   Entered on FLSD Docket 05/08/2019   Page 5 of 23
Case: 17-14821   Date Filed: 03/19/2019   Page: 3 of 20

response, the defendants asserted various defenses, including that they were
entitled to a set-off based on the value of property Eldredge converted upon her
termination.  In the second suit, Eldredge alleged that EDCare and HPP terminated
her because of her age and sex in violation of the Age Discrimination in
Employment Act, Title VII of the Civil Rights Act of 1964, and the Florida Civil
Rights Act (the "discrimination case").  In the discrimination case, the defendants
asserted counterclaims alleging Eldredge had misappropriated company property.
The FLSA and discrimination cases were eventually consolidated.

Meanwhile, the defendants had filed a motion for sanctions in the FLSA
case, alleging that Eldredge had stolen confidential business records from EDCare.
Although the defendants had sent Eldredge a written request for the return of
company property and the Amlong firm a civil-theft demand letter, Eldredge and
her lawyer failed to disclose the EDCare documents in their possession and then
used some of these confidential records during a deposition.

The magistrate judge denied without prejudice the defendants' motion for
sanctions.  The magistrate judge, however, ordered Eldredge to conduct a diligent
search, to return to the defendants all company property in her possession, and to
provide an affirmative statement that she has turned over all company property in
her possession.  In response to the magistrate judge's order, Eldredge produced

three boxes of documents, two thumb drives, and a disk, almost all of which contained confidential EDCare information.

The defendants then filed a renewed motion for sanctions. Among other things, the defendants contended that—as part of a plan to blackmail the defendants and their executives—Eldredge had refused to disclose the EDCare documents in her possession. The defendants later supplemented their renewed motion for sanctions, seeking sanctions expressly against the Amlong firm, pursuant to 28 U.S.C. § 1927 and the district court's inherent powers. According to the defendants, the Amlong firm "acted in bad faith to pursue frivolous claims and covered up evidence in a manner that multiplied the proceedings." Doc. 138 at 1.[2]

Around this time, the Amlong firm withdrew as Eldredge's counsel, after which she proceeded *pro se*. Eldredge then filed a motion to voluntarily dismiss with prejudice all her claims against EDCare. A few months later, Eldredge and the defendants reached a settlement agreement in which Eldredge agreed to dismiss with prejudice her pending claims and the defendants agreed to dismiss with prejudice their counterclaims. The agreement permitted the defendants to proceed with their sanctions motion against the Amlong firm. In addition, Eldredge agreed

_____

[2] Citations in the form "Doc. #" refer to numbered entries on the district court's docket in the discrimination case.

4

Case 0:17-cv-60533-JEM   Document 207   Entered on FLSD Docket 06/21/2019   Page 11 of 27
Case 0:13-cv-61373-RNS   Document 277   Entered on FLSD Docket 05/08/2019   Page 7 of 23
Case: 17-14821   Date Filed: 03/19/2019   Page: 5 of 20

to waive any attorney-client privilege over communications between her and the

Amlong firm and to cooperate with the defendants' efforts to obtain documents

concerning such communications.  As part of the agreement, Eldredge also agreed

to return all property that originated with the defendants.  Based on the parties'

settlement agreement, the district court dismissed Eldredge's claims against the

defendants with prejudice and the defendants' counterclaims against Eldredge with

prejudice.  In the dismissal order, the district court retained jurisdiction over the

pending motion for sanctions against the Amlong firm.

Following an evidentiary hearing, the magistrate judge concluded that

sanctions were warranted under the circumstances of this case.  In a detailed 44-

page order, the magistrate judge summarized the procedural history of the

litigation and made 93 factual findings based on the testimony and documents

presented at the hearing.

In pertinent part, the magistrate judge determined that Eldredge's lawyers

who testified at the evidentiary hearing (William Amlong and Jennifer Daley)

lacked credibility.  The magistrate judge found "Amlong's testimony to be

contrived and, in some ways, an effort to rewrite history" and found "Daley's

testimony . . . to be convoluted, evasive and non-responsive." Doc. 188 at 31-32.

The magistrate judge determined that Eldredge sought legal advice from the

Amlong firm about the termination of her employment with EDCare and the

Case 0:17-cv-60533-JEM   Document 207   Entered on FLSD Docket 06/21/2019   Page 12 of 27
Case 0:13-cv-61373-RNS   Document 277   Entered on FLSD Docket 05/08/2019   Page 8 of 23
Case: 17-14821   Date Filed: 03/19/2019   Page: 6 of 20

possibility of filing a wrongful termination action.  Amlong and Daley then

"transformed this request into the filing of the FLSA case and the [d]iscrimination

case, without informing Eldredge that they had no intention of filing a *qui tam*

action." *Id.* at 37.

The magistrate judge found that Daley and Amlong engaged in "knowing

and reckless conduct throughout the FLSA case and the [d]iscrimination case." *Id.*

at 42.  After retaining the Amlong firm, Eldredge delivered to the Amlong firm the

following materials:  the contents of EDCare's CEO's "personal corporate laptop

downloaded to a disk (his 'My documents' folder), his own handwritten notes,

financial documents, contact lists, client lists, employee data, and copies of pages

from one of his yearly personal journals where he kept notes from meetings he

attended during the year." *Id.* at 39.  The magistrate judge concluded that "Daley

and Amlong knowingly and recklessly held back and did not produce the bulk of

these documents in the face of demands for the return of EDCare property and

discovery requests until compelled to do so by court orders, thereby creating an

unfair advantage for themselves and vitiating the entire Eldredge litigation." *Id.* at

38.  The magistrate judge further found that Daley and Amlong "used smoke and

mirrors each time they were called to account, even to the point of failing to render

credible testimony at the final evidentiary hearing." *Id.* at 42.  The magistrate

judge also concluded that both the FLSA and discrimination cases were "frivolous

*ab initio*" and were "knowingly and recklessly pursued by Amlong and Daley." *Id.*

at 38.

In the light of these findings, the magistrate judge concluded that sanctions

were warranted pursuant to section 1927 and the court's inherent powers.  The

magistrate judge determined that the defendants were entitled to the reasonable

attorney's fees and costs incurred in litigating the FLSA and discrimination cases.

The magistrate judge explained that an award of the entire fees the defendants

incurred was justified because the FLSA and discrimination cases were "frivolous

*ab initio*" and because the Amlong firm's misconduct "needlessly obstructed" the

litigation of both cases.  *Id.* at 43.  The magistrate judge found that the Amlong

firm's "improper conduct infected the entire Eldredge litigation" and "the entire

underlying proceedings were multiplied as a result of such conduct."  *Id.*  The

magistrate judge directed the defendants to make a submission showing the

reasonable fees and costs they incurred.

On review, the district court affirmed the magistrate judge's award (pursuant

to the court's inherent powers) of sanctions against the Amlong firm, noting that

Article I judges have inherent authority to impose sanctions.  Because whether

Article I judges also have authority to order sanctions pursuant to section 1927 was

unclear, the district court reviewed *de novo* the record and the magistrate judge's

sanctions under section 1927.  The district court adopted the magistrate judge's

Case 0:17-cv-60533-JEM  Document 207  Entered on FLSD Docket 06/21/2019  Page 14 of 27
Case 0:13-cv-61373-RNS  Document 277  Entered on FLSD Docket 05/08/2019  Page 10 of 23
Case: 17-14821  Date Filed: 03/19/2019  Page: 8 of 20

award of sanctions under section 1927 with one modification—that the defendants were entitled to attorney's fees and costs incurred only after the Amlong firm received the civil-theft demand letter.  The district court explained that the civil-theft demand letter notified the Amlong firm that the documents within Eldredge's possession had been "improperly obtained."  Doc. 226 at 4.  The district court also determined that this date "appear[ed] to be where the gamesmanship began, with the Amlong [f]irm agreeing to turn over all *original* EDCare documents, even though the Amlong [f]irm knew that many of the materials that Eldredge illicitly took from EDCare were copies—not originals."  *Id.*

After the district court issued this order, the defendants requested a total of $633,894.41 in fees and costs, which was the amount of the fees and costs that the defendants incurred after the Amlong firm received the civil-theft demand letter.  The defendants submitted detailed time records from their attorneys to support their request for attorney's fees.

The Amlong firm objected to the amount of fees and costs the defendants sought.  The firm argued that the amount of attorney's fees was unreasonable and challenged both the hourly rates charged by the defendants' attorneys and the number of hours they billed.  The firm objected to many of the time entries from the defendants' attorneys, arguing that the work was not compensable because the time entries were too vague, the work performed was clerical in nature, or the work

Case 0:17-cv-60533-JEM   Document 207   Entered on FLSD Docket 06/21/2019   Page 15 of 27
Case 0:13-cv-61373-RNS   Document 277   Entered on FLSD Docket 05/08/2019   Page 11 of 23
Case: 17-14821   Date Filed: 03/19/2019   Page: 9 of 20

was excessive or duplicative. The firm also challenged time entries for approximately $30,000 in fees that were incurred after the Amlong firm withdrew from representing Eldredge. These fees included time spent negotiating the settlement with Eldredge, who was proceeding *pro se*.

After a hearing, the magistrate judge issued an order awarding the defendants a total of $422,433.30 in attorney's fees and costs. Regarding attorney's fees, the magistrate judge agreed with the Amlong firm that certain time entries were not compensable because they reflected time spent on clerical tasks or involved duplicative work. Relying on "her own knowledge and experience," the magistrate judge applied a further reduction of 25% to the fee award. Doc. 256 at 7-8. Regarding costs, the magistrate judge agreed with the Amlong firm that many of the costs the defendants sought were not recoverable and dramatically reduced the amount of costs.

The Amlong firm objected to the magistrate judge's order,[3] but the district court judge affirmed and adopted the sanctions award. The district court first affirmed the fee award as an exercise of the magistrate judge's inherent authority. The court also conducted a *de novo* review of the record and adopted the fee award under section 1927. The court explained that the case was "exceptional" and that both the magistrate judge and the district judge were familiar with "all aspects of

---

[3] The Amlong firm objected only to the assessment of attorney's fees, not costs.

Case 0:17-cv-60533-JEM   Document 207   Entered on FLSD Docket 06/21/2019   Page 16 of 27
Case 0:13-cv-61373-RNS   Document 277   Entered on FLSD Docket 05/08/2019   Page 12 of 23
Case: 17-14821   Date Filed: 03/19/2019   Page: 10 of 20

the tortuous path of this litigation" and, thus, "particularly well suited to evaluat[e] the fees here at issue." Doc. 267 at 3. The court expressly found that the hourly rates charged by the defendants' attorneys were reasonable "based on the prevailing market rate for lawyers providing similar services in [s]outh Florida." *Id.* The court also reviewed the number of hours billed by the defendants' attorneys as well as the individual time associated with those hours and agreed with the magistrate judge's determination about the hours to be excluded and that an across-the-board reduction of 25% should be applied. The court thus awarded the defendants $422,433.30 in attorney's fees and costs as a sanction against the Amlong firm.

## II.   STANDARD OF REVIEW

We review the district court's imposition of sanctions under an abuse-of-discretion standard. *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1280 (11th Cir. 2010) (explaining that an abuse-of-discretion standard applies to sanctions imposed under section 1927); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (explaining that an abuse-of-discretion standard applies to sanctions imposed pursuant to the court's inherent authority). We also "review the amount of the sanctions awarded by the district court for an abuse of discretion." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1273 (11th Cir. 2007).

"An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination or bases an award . . . upon findings of fact that are clearly erroneous." *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004) (internal quotation marks omitted). "A finding of fact is clearly erroneous if, upon reviewing the evidence as a whole, we are left with the definite and firm conviction that a mistake has been committed." *U.S. Commodity Futures Trading Comm'n v. Hunter Wise Commodities, LLC*, 749 F.3d 967, 974 (11th Cir. 2014) (internal quotation marks omitted).

### III.   LEGAL ANALYSIS

On appeal, the Amlong firm challenges the district court's decision to impose sanctions as well as the amount of the sanctions awarded. We address these arguments in turn.

### A.   The District Court Did Not Abuse Its Discretion in Imposing Sanctions.

Sanctions under section 1927 may be assessed against a lawyer personally if three elements are satisfied: (1) the lawyer engages in "unreasonable and vexatious conduct," (2) the lawyer's conduct "multiplies the proceedings," and (3) the amount of the sanction "bear[s] a financial nexus to the excess proceedings." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997) (internal quotation marks omitted). "An attorney multiplies court proceedings

Case 0:17-cv-60533-JEM   Document 207   Entered on FLSD Docket 06/21/2019   Page 18 of 27

Case 0:13-cv-61373-RNS   Document 277   Entered on FLSD Docket 05/08/2019   Page 14 of 23
Case: 17-14821     Date Filed: 03/19/2019     Page: 12 of 20

unreasonably and vexatiously, thereby justifying sanctions under 28 U.S.C. § 1927,

only when the attorney's conduct is so egregious that it is tantamount to bad faith."

*Norelus*, 628 F.3d at 1282 (internal quotation marks omitted).  Bad faith is an

objective standard that is satisfied when "an attorney knowingly or recklessly

pursues a frivolous claim or engages in litigation tactics that needlessly obstruct

the litigation of non-frivolous claims."  *Amlong & Amlong*, 500 F.3d at 1242

(internal quotation marks omitted).

 The district court did not err in imposing sanctions under section 1927.[4]  On

appeal, the Amlong firm challenges several of the magistrate judge's factual

findings, which the district court adopted, as clearly erroneous.  Many of the

Amlong firm's arguments relate to the district court's credibility determinations.

But such credibility determinations are entitled to substantial deference.  *See* Fed.

R. Civ. P. 52(a)(6) (recognizing that a "reviewing court must give due regard to the

trial court's opportunity to judge the witnesses' credibility"); *see also Anderson v.*

*City of Bessemer City*, 470 U.S. 564, 575 (1985) ("[W]hen a trial judge's finding is

---

[4] We need only address whether the district court properly awarded sanctions under section 1927 to resolve this appeal.  We have observed that the standard for imposing sanctions under section 1927 "is either broader than or equally as broad" as the standard for imposing sanctions pursuant to a district court's inherent authority. *Amlong & Amlong*, 500 F.3d at 1239. If sanctions were permissible under section 1927, then there is no need to examine whether the court erred in imposing sanctions pursuant to its inherent authority. *Id.*  If, however, the sanctions amounted to an abuse of discretion under section 1927, "they necessarily amounted to an abuse of the court's discretion under its inherent powers, because the court's inherent power to issue sanctions for vexatious conduct by attorneys does not reach further than [section] 1927." *Id.*; *see Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1178 n.6 (11th Cir. 2005).

based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error."). And the Amlong firm has failed to demonstrate that the credibility determinations were clearly erroneous.

Nor can we say that the magistrate judge committed clear error in making the other factual findings challenged on appeal. In disputing the individual factual findings, the Amlong firm relies on selective portions of testimony that were either deemed not credible or that are contrary to other evidence in the record. That some evidence may exist to support a factual finding different from the one made by the district court is not enough to show clear error. Having reviewed the record as a whole, we are left with no "definite and firm conviction" that the district court erred in making its factual findings. *See Hunter Wise*, 749 F.3d at 974.

The Amlong firm argues that even accepting the district court's factual findings, the court nonetheless erred in imposing sanctions because the findings are insufficient to support a conclusion that it acted unreasonably and vexatiously. We disagree. The testimony and documents presented at the evidentiary hearing (together with the magistrate judge's adverse credibility determinations) support the district court's determination that the Amlong firm engaged in a pattern of unreasonable and vexatious conduct—including withholding critical discovery

documents—that needlessly obstructed the litigation and multiplied the proceedings and that this conduct was so egregious that it was tantamount to bad faith. The district court thus abused no discretion in concluding that sanctions were warranted under both the court's inherent powers and under section 1927.

**B.     The District Court Did Not Err in Setting the Amount of the Fee Award.**

The Amlong firm also challenges the amount of the sanctions the district court awarded. It argues that the district court erred (1) by awarding the defendants' fees that were not incurred "because of" the Amlong firm's sanctionable conduct and (2) in calculating the lodestar amount. We are unpersuaded.

The Amlong firm challenges the amount of the fee award, arguing that it improperly includes fees that were not incurred "because of" the Amlong firm's alleged sanctionable conduct. Certainly, the dollar amount of a sanctions award must "bear a financial nexus to the excess proceedings." *Peterson*, 124 F.3d at 1396; *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (explaining that a sanctions award must be "calibrated to the damages caused by the bad-faith acts on which it is based" (alterations adopted) (internal quotation marks omitted)). That is, the dollar amount of the sanctions "may not exceed the costs, expenses, and attorneys' fees reasonably incurred because of

14

Case 0:17-cv-60533-JEM   Document 207   Entered on FLSD Docket 06/21/2019   Page 21 of 27
Case 0:13-cv-61373-RNS   Document 277   Entered on FLSD Docket 05/08/2019   Page 17 of 23
Case: 17-14821   Date Filed: 03/19/2019   Page: 15 of 20

[the] conduct" giving rise to the sanctions. *Peterson*, 124 F.3d at 1396 (internal quotation marks omitted).

In setting the amount of a sanctions award, the district court must decide "whether a given legal fee . . . would or would not have been incurred in the absence of the sanctioned conduct." *Goodyear Tire*, 137 S. Ct. at 1187. But in "exceptional cases" a court is not required to examine whether each individual expense item (such as, a specific deposition or motion) or category of items (say, expert discovery) bore a sufficient nexus because the court may "shift all of a party's fees, from either the start or some midpoint of a suit, in one fell swoop" if it finds that all the fees (whether from the start of the case after some midpoint) "would not have been incurred except for the misconduct." *Id.* at 1187-88.

The Amlong firm argues that the district court erred in calculating the amount of the sanctions awarded because it included fees that the defendants incurred as a result of Eldredge's sanctionable conduct and after the Amlong firm withdrew from representing Eldredge. But we discern no error.

First, the Amlong firm identifies examples of conduct for which Eldredge was responsible. That Eldredge may also have engaged in improper conduct does not excuse the sanctionable conduct attributed to the Amlong firm or otherwise break the causal link between the Amlong firm's conduct and the attorney's fees incurred by the defendants.

Case 0:17-cv-60533-JEM   Document 207   Entered on FLSD Docket 06/21/2019   Page 22 of 27
Case 0:13-cv-61373-RNS   Document 277   Entered on FLSD Docket 05/08/2019   Page 18 of 23
Case: 17-14821   Date Filed: 03/19/2019   Page: 16 of 20

Second, the Amlong firm asserts that the district court abused its discretion in awarding fees that the defendants incurred after the Amlong firm withdrew from representing Eldredge because these fees were not incurred "because of" the Amlong firm's sanctionable conduct. We disagree because there was a sufficient nexus between these fees and the Amlong firm's sanctionable conduct.

To understand why, we need to look to the magistrate judge's initial sanctions determination and how it was modified by the district court. In the initial sanctions decision, the magistrate judge made a blanket determination that all of the defendants' fees were incurred because of the Amlong firm's sanctionable conduct. The magistrate judge found that the Amlong firm "needlessly obstructed" the following stages or aspects of the litigation: the litigation of the set-off defense in the FLSA case, the litigation of the counterclaim in the discrimination case, the discovery process in both cases, the litigation of the original motion for sanctions, the defendants' efforts to ensure full compliance with the original sanctions order, and the litigation of the renewed motion for sanctions. Doc. 188 at 43. After surveying the extent of the Amlong firm's misconduct, the magistrate judge concluded that "the entire underlying proceedings were multiplied as a result of such conduct." *Id.* The magistrate judge further found that awarding the defendants "the entire costs of litigation . . . bears a financial nexus to the excess proceedings, given that the improper conduct infected the entire Eldredge

16

litigation." *Id.* In making this finding, the magistrate judge found the causation

requirement satisfied for all fees that the defendants incurred.

The district court accepted this blanket determination subject to one—and

only one—modification. The district court found that the defendants were entitled

only to fees they incurred after the Amlong firm received the civil-theft demand

letter from the defendants.[5] The district court explained that at that point the

Amlong firm's "gamesmanship began." Doc. 226 at 4. But the district court left

undisturbed the magistrate judge's determination that all fees incurred after this

point bore a financial nexus to the Amlong firm's sanctionable conduct. In making

this determination, the district court implicitly accepted that it was appropriate

based on the extent of the Amlong firm's misconduct to shift the fees that the

defendants incurred after the Amlong firm withdrew.

We cannot say that the district court abused its considerable discretion in

making this determination. After all, "the abuse of discretion standard allows a

range of choice for the district court, so long as that choice does not constitute a

clear error of judgment." *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994)

(internal quotation marks omitted). Even if another factfinder might have found an

insufficient causal relationship between the fees that the defendants incurred in the

---

[5] Notably, this modification had no meaningful effect on the amount of the fee award because the defendants had not sought the fees they incurred in the period before the Amlong firm received the letter.

Case 0:17-cv-60533-JEM   Document 207   Entered on FLSD Docket 06/21/2019   Page 24 of 27
Case 0:13-cv-61373-RNS   Document 277   Entered on FLSD Docket 05/08/2019   Page 20 of 23
Case: 17-14821      Date Filed: 03/19/2019      Page: 18 of 20

litigating of the FLSA and discrimination cases after the Amlong firm withdrew and the Amlong firm's sanctionable conduct, we cannot say that the district court's determination to award these fees fell outside the range of permissible choices.[6]

The Amlong firm next argues that in calculating reasonable attorney's fees the district court failed to apply properly the lodestar methodology because it gave an insufficient explanation of its fee calculation. In determining a reasonable award of attorney's fees, a district court begins by calculating the number of hours reasonably expended multiplied by a reasonable hourly rate. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The district court is "itself an expert" on the reasonableness of hourly rates and the number of hours billed and "may consider its own knowledge and experience" on these topics. *Id.* at 1303 (internal quotation marks omitted).

We conclude that the district court's explanation was adequate. Here, the district court explained—based on a *de novo* review of the record and on the court's own expertise—that each billing attorney's hourly rate was reasonable and

---

[6] The magistrate judge gave an additional reason for imposing sanctions: because the discrimination and FLSA cases were frivolous *ab initio*. We need not decide whether the court erred as a matter of law in finding the lawsuits frivolous *ab initio* because the court did not abuse its discretion in imposing the sanctions based on the Amlong firm's misconduct in litigating the cases.

consistent with "the prevailing market rate for lawyers providing similar services in South Florida." Doc. 267 at 3. The district court also accepted—after a *de novo* review of the number of hours billed by the defendants' law firms and the individual time entries—the magistrate judge's determination about the reasonable number of hours that the defendants expended on these cases. Like the magistrate judge, the district court excluded 127.62 hours billed for clerical and duplicative work. *See Norman*, 836 F.2d at 1301 (in determining the reasonableness of the hours billed, the district court should exclude hours that are "excessive, redundant or otherwise unnecessary" (internal quotation marks omitted)). And like the magistrate judge, the district court applied a 25% across-the-board reduction to the fees charged based on its conclusion that about one-quarter of the time entries were excessive given the "straight-forward tasks" involved. Doc. 267 at 3. *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) (approving an across-the-board percentage cut to either the total number of hours claimed or to the lodestar amount). The district court's order provided sufficient explanation to allow for meaningful review of the fee calculation.

In a related argument, the Amlong firm argues that the district court erred by failing to give a sufficient explanation for its decision to afford no weight to the expert affidavit submitted by the Amlong firm. To the contrary, the district court explained that it afforded no weight to the affidavit because the affidavit was not

"at all helpful" given that the expert failed to "consider the time, skill, and special effort required to combat an opposing counsel engaging in the kind of sanctionable conduct that defense counsel in this case encountered with the Amlong firm." Doc. 267 at 4. We simply cannot say on the facts here that the district court abused its considerable discretion in rejecting the opinions of the Amlong firm's expert when setting a reasonable hourly rate.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court.

**AFFIRMED.**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 19, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 17-14821-FF
Case Style: Amlong & Amlong, P.A., et al v. Edcare Management, Inc., et al
District Court Docket No: 0:13-cv-61373-RNS

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellants.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Janet K. Mohler, FF at (404) 335-6178.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs