## U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CASE NO.: 17-60533- JEM

Lt. Col. RODNEY SCOTT PATTERSON,

     Plaintiff,

vs.

AMERICAN AIRLINES, INC

     Defendant.

_____/

FILED BY _____ D.C.

JUN 20 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
## IN SUPPORT OF ITS MOTION FOR RECUSAL

Plaintiff Lt. Col Rodney S. Patterson, pursuant to Rule 201 of the Federal Rules of Evidence, respectfully requests leave of this Court to file and that the Court take judicial notice of the following adjudicative facts and/or public records in support of Lt. Col Rodney S. Patterson's Motion for Recusal. As grounds therefore, Patterson states as follows:

1. Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence. *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004); Fed. R. Evid. 201(a) and (b); *see also* Fed. R. Evid. 201(a). Adjudicative facts are facts that are relevant to a determination of the claims presented in a case. *Id.* One category of adjudicative facts subject to judicial notice includes facts that are "generally known within the territorial jurisdiction of the trial court." *Id.* (quoting Fed. R. Evid. 201(b)(1)). Such judicially-noticed facts have been described as being "of breathtaking variety." *Id.* (collecting cases). Another category includes

facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1) A court also may take judicial notice of public records. *Universal Express, Inc. v. U.S. Securities and Exchange Commission*, 177 Fed. Appx. 52, 53 (11th Cir. 2006). Judicial notice of appropriate adjudicative facts may be taken at any stage in a proceeding, including at the summary judgment stage. *Dippin' Dots, Inc.*, 369 F.3d at 1204; Fed. R. Evid. 201(f). Courts have wide discretion to take judicial notice of facts. *Id.*; Fed. R. Evid. 201(c).

2.      Because the following adjudicative facts and/or public records relevant to a determination of the claims presented in this case are generally known within the territorial jurisdiction of this Court and are not subject to reasonable dispute, judicial notice should be taken of them:

• On January 31, 2017, the Florida Bar filed its disciplinary complaint against Mr. William R. Amlong, the Plaintiff's former attorney with the Florida Supreme Court, SC-17-142 attached hereto as Exhibit 1.

Dated:  June 20, 2019                              Respectfully submitted,


Rodney S. Patterson, Lt. Col., Pro Se
E-mail:  scottpatterson247@gmail.com
1092 NW 139th Terrace
Pembroke Pines, FL  33028
(704) 231-0909 (phone)

*Page 5*

## CERTIFICATE OF SERVICE

I Lt. Col Rodney S. Patterson, Pro Se Appellant hereby certify, that a true and correct copy of the foregoing was served by U.S. Mail on June 20, 2019 on all counsel or parties of record on the Service List Below.

*Signature of Filer*

### Service List

### Via U.S. Mail

Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Tristan Morales (*Pro Hac Vice*)

tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for American Airlines, Inc.*

Karen Coolman Amlong
Florida Bar No: 275565
kamlong@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
Phone: (954) 462-1983
Fax: (954) 523-3102


William R. Amlong
WRamlong@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
Phone: (954) 462-1983
Fax: (954) 523-3102

Counsel for Amlong & Amlong, P.A.

Noel Christian Pace, Esq.
206 NW 91ST STREET
EL PORTAL, FL 33150-2259
Noel.c.pace.esq@gmail.com
(305) 219-1191

# EXHIBIT 1

Filing # 51852766 E-Filed 01/31/2017 12:09:23 PM

IN THE SUPREME COURT OF FLORIDA

THE FLORIDA BAR,

     Complainant,

v.

WILLIAM ROBERT AMLONG,

     Respondent.

_____/

Supreme Court Case
No. SC-

The Florida Bar File
No. 2015-51,074(17H)

RECEIVED, 01/31/2017 12:13:29 PM, Clerk, Supreme Court

## **COMPLAINT**

The Florida Bar, Complainant, files this Complaint against William Robert Amlong, Respondent, pursuant to the Rules Regulating The Florida Bar and alleges:

1.    Respondent is, and at all times mentioned in the Complaint was, a member of The Florida Bar, admitted on May 20, 1985 and is subject to the jurisdiction of the Supreme Court of Florida.

2.    Respondent resided and practiced law in Broward County, Florida, at all times material.

3.    The Seventeenth Judicial Circuit Grievance Committee "H" found probable cause to file this Complaint pursuant to Rule 3-7.4, of the Rules Regulating The Florida Bar, and this Complaint has been approved by the presiding member of that committee.

4.      Respondent, owns and operates the Amlong & Amlong, P.A. law firm (hereinafter referred to as "the Amlong firm").

5.      Jennifer E. Daley (hereinafter referred to as "Daley"), and at all times mentioned in the Complaint, was a member of The Florida Bar and a senior associate at the Amlong firm.

6.      Respondent, as Managing Partner at the Amlong firm, at all times mentioned in the Complaint, had managerial authority over Daley and he was responsible for overseeing Daley's work product.

7.      Deborah Eldredge (hereinafter referred to as "Eldredge") had sought legal advice from the Amlong firm after her employment with EDCare Management, Inc. (hereinafter referred to as "EDCare") was terminated.

8.      At the initial consultation, Respondent and Daley discussed with Eldredge her legal remedies.  Thereafter the Amlong firm agreed to represent Eldredge and the Respondent assigned Daley as the principal attorney to handle the matter.

9.      The Amlong firm filed on Eldredge's behalf two federal lawsuits against EDCare and its parent company Hospital Physicians Partners, Inc. (hereinafter referred to as "Hospital").

10.     The first lawsuit the Amlong firm filed, *Eldredge v. EDCare Management, Inc. et al.*, Case No. 12-CV-61984-RNS, alleged unpaid wages under

2

the Fair Labor Standards Act (hereinafter referred to as "FLSA") and the second

lawsuit filed, *Eldredge v. EDCare Management, Inc. et al.,* Case No. 13-CV-

61373-RNS, alleged wrongful termination/employment discrimination.

11.    During the course of the litigation, it was discovered that prior to

being terminated from employment, Eldredge had retained a company laptop and

confidential documents from EDCare and concealed them during the discovery

process of the pending lawsuits.

12.    Specifically, Eldredge had taken three boxes, two thumb drives, and a

disc full of confidential business records including client lists, financial statements,

employment agreements, and emails from various mailboxes.

13.    On November 7, 2013, Judge Snow, the trial judge in the litigation,

issued a ruling on Defendant's Motion for Sanctions ordering Eldredge to conduct

a diligent search and turn over all of EDCare's documents in Eldredge's

possession.

14.    On November 20, 2013, the two lawsuits referred to in paragraph 10

were consolidated into *Eldredge v. EDCare Management, Inc., et al.*, Consolidated

Case No. 13-61373-CIV-SCOLA (hereinafter referred to as the "litigation").  The

trial judge stated: "Consolidation will allow Defendant to take the necessary

discovery in light of the last-minute production of documents that were taken from

the Defendants by the Plaintiff during her employment. Consolidation will also

3

allow sufficient time for the Defendants to renew their request for sanctions regarding the previously-withheld materials."

15.     During Eldredge's deposition on November 21, 2013, it was discovered that despite Judge Snow's order requiring Eldredge to "conduct a diligent search of her emails," Eldredge had performed only a cursory review of her AOL email account.

16.     Thereafter, the trial court ordered the Amlong firm to search Eldredge's email account using specific terms and imposed a deadline of July 3, 2014 to disclose the search performed and a deadline of July 14, 2014 for the additional production. The date range of the search was January 1, 2011 to November 8, 2013.

17.     In addition, the trial court ruled that the attorney-client communications did not need to be produced or placed in a privilege log but a log needed to be produced for other withheld documents.

18.     Based on the foregoing, the trial court, in an order dated November 21, 2013, allowed EDCare to file a Renewed Motion for Sanctions against Eldredge.

19.     On February 14, 2014, triggered by the amount of production turned over by Eldredge, EDCare filed a motion titled *Defendants' Renewed Motion for a Sanctions Hearing, Based on Plaintiff's Massive Theft Of Confidential Information*

4

*From Defendants, Her Plan To Blackmail Their Executives, And Her Concealment*

*Of These Materials During Discovery* (hereinafter referred to as "Defendants'

Renewed Motion for Sanctions").

20.     In Defendants' Renewed Motion for Sanctions, referring to the

discovery that had been concealed during discovery, EDCare stated in part:

> Her counsel suggested there were a handful. Then her
> counsel suggested there was a box. Then they produced
> three boxes, two thumb drives, and a disc of stolen materials
> with no legitimate explanation at the time and no legitimate
> explanation at Plaintiff's subsequent deposition.... Yet
> neither Plaintiff nor her counsel has performed such a search
> to this day. Neither of them has supplemented their
> production since her deposition based on such a search.

21.     Thereafter Daley, on behalf of the Amlong firm, filed a Motion to

Withdraw and asked that such be granted on an expedited basis stating they were

unable to agree with Eldredge on how best to proceed on significant aspects of the

litigation.

22.     In an August 12, 2014 Order, the trial court allowed EDCare to

supplement Defendants' Renewed Motion for Sanctions to include the Amlong

firm and stated:

> To address Defendants' concerns that counsel's withdrawal
> could provide a means for counsel to avoid compliance with
> prior Court orders without repercussions, the undersigned
> grants Defendants leave to supplement their Renewed Motion
> for Sanctions within two weeks from August 12, 2014 for the
> purpose of explicitly including Amlong & Amlong, P.A. as
> an additional subject of the motion.

5

23.     On August 26, 2014, EDCare filed a motion titled *Supplement to Renewed Motion For Sanctions To Include Former Counsel Of Record For Plaintiff As Additional Subjects Of The Motion* (hereinafter referred to as "Supplement to Renewed Motion for Sanctions") and therein alleged that the Amlong firm had acted in bad faith in pursuing frivolous claims and in covering up evidence. EDCare sought an order requiring the Amlong firm to pay reasonable attorney's fees and costs in the litigation.

24.     In its Supplement to Renewed Motion for Sanctions, EDCare pointed out that the Amlong firm did not deny "extensive perjury, obstruction of discovery, and misappropriation of company property by Eldredge" and that the key factual issue was whether the Amlong firm knew about Eldredge's "perjury and obstruction, or at least recklessly enabled them."

25.     In December 2014, Eldredge and the defendants in the litigation settled all claims "without limiting Defendants' rights against" the Amlong firm and its attorneys. In addition, Eldredge waived attorney-client privilege.

26.     Thereafter in the litigation, a *Subpoena Duces Tecum* was issued requiring the Amlong firm to produce documents. The Amlong firm was to produce the documents by February 23, 2015.

27.     The trial court held an evidentiary hearing on March 2, 2015 on the Supplement to Renewed Motion for Sanctions.

6

28.   At the March 2, 2015 hearing, Eldredge testified that Daley told her to return the laptop and any original documents but did not instruct Eldredge regarding the computer disc or copies of other documents in her possession.

29.   Eldredge further testified at the March 2, 2015 hearing that on July 17, 2012, she had delivered a computer disk labeled "Jeffery's My Documents" containing files from J. Schillinger's computer and a large bin and a box full of documents to the Amlong firm.

30.   At the March 2, 2015 hearing, Eldredge testified that she took the documents referred to in paragraph 30 back from the Amlong firm and had them scanned and saved on a flash drive.  She testified that she provided the flash drive to the Amlong firm and that on August 16, 2012, at the request of the Amlong firm, she returned the bin and box full of documents back to the Amlong firm.

31.   During the sanction proceeding, EDCare indicated it had incurred litigation expenses of approximately $525,000.00 and $530,000.00 in connection with the two cases.

32.   On March 31, 2015, the trial court issued an order granting the Supplement to Renewed Motion for Sanctions (hereinafter referred to as the "Order") and sanctioned the Amlong firm pursuant to Title 28, United States Code, Section 1927.

33.     The instant grievance was brought about by the Order wherein the

Court found:

>     a.      Eldredge sought the Respondent's and Daley's legal services
>
>     regarding wrongful termination and illegal activities of EDCare, and
>
>     they transformed it into a FLSA case and Discrimination case
>
>     without informing Eldredge they had no intention of filing a *qui tam*
>
>     *action* (whistleblower type of case).
>
>     b.      The Respondent and Daley held back and did not produce the
>
>     bulk of the documents requested in discovery until compelled to do
>
>     so by court orders. Despite having the bulk of the requested
>
>     documents since July 17, 2012, obtaining them again on a flash drive
>
>     shortly thereafter, and retaking possession of the large bin and box
>
>     full of documents on August 16, 2012, Daley failed to deliver these
>
>     documents in *Plaintiff's Response to Defendant's First Request for*
>
>     *Production* served on February 13, 2013.  In the Response, Daley
>
>     stated that Plaintiff would "produce any letters, memos, notes, policy
>
>     statements, disciplinary forms, personnel documents, and/or
>
>     handbooks that she obtained, created or acquired during the three-
>
>     year period covered by this action related to her claim for overtime
>
>     pay and the defenses asserted in this action."

8

c.     The FLSA case was frivolous *ab initio* and Respondent and

Daley knowingly and recklessly pursued the FLSA case because it

could bring about a large payout.

d.     The Discrimination case was frivolous *ab initio* which the

Respondent and Daley recklessly and knowingly pursued.

e.     There was no basis for the Amlong firm to characterize

EDCare's reduction in force as a "so-called reduction in force" in the

Complaint or in the argument in opposition to the Motion to Dismiss,

and state there was "not really a reduction-in-force," when the firm

knew a Separation Agreement in which Eldredge sought legal advice

was in connection to the reduction in force.

f.     Daley, whose conduct was supported by the Respondent,

obstructed EDCare's set-off defense and theft/misappropriation

counterclaim. When Daley received the civil theft demand letter from

EDCare's counsel on July 2, 2013, Daley knew Eldredge had

provided the firm property in the form of, at least, a box of

documents, a thumb drive, and a CD, but Daley only instructed

Eldredge to return a laptop and an "original" three-inch black binder

from an operational meeting.

g.    Despite EDCare's employee handbook making no distinction between originals and copies when requiring employees to return the company's property upon termination, Daley failed to respond to Eldredge's email requesting clarification about the documents Eldredge needed to turn over.

h.    Daley's representation that Eldredge was returning "original" documents in response to the demand for the return of EDCare's property was sheer and unadulterated obfuscation on her part.

i.    Daley, whose conduct was supported by the Respondent, obstructed the discovery process and the litigation of the original Motion for Sanctions.  Daley failed to disclose that the Amlong firm was sitting on EDCare's property whose return had been demanded and which had not produced in discovery for either case.

j.    In moving to compel access to materials that had been turned over to EDCare for purposes of making copies of said documents, Daley made it seem as though only Eldredge had retained the documents and not provided them to the Amlong firm.

k.    Daley, whose conduct was supported by the Respondent, obstructed EDCare's effort to gain full compliance of the trial court's order when they pursued the AOL subpoena.  Daley only instructed

10

Eldredge to search for all the records in her possession and Daley provided no guidance to Eldredge on what to search for.

l.     Daley, whose conduct was supported by the Respondent, obstructed the litigation of EDCare's *Renewed Motion for Sanctions* directed at the Amlong firm by filing a Motion for Protective Order in response to EDCare's *Subpoena Duces Tecum* and failing to comply with the subpoena by providing the documents requested after the February 23, 2015 deadline. Some documents were produced on February 27, 2015.

m.     The Respondent and Daley were less than candid in their testimony before the court and Daley required admonishment due to her evasiveness and non-responsiveness.

n.     The Respondent and Daley engaged in knowing and reckless conduct throughout the litigation, which infected the entire Eldredge litigation.  To make matters worse, rather than acknowledge the impropriety of such conduct and rectify it, they used smoke and mirrors each time they were called to account, even to the point of failing to render credible testimony at the final evidentiary hearing to which they were entitled.

34.    The Amlong firm was sanctioned and ordered to pay reasonable fees and costs incurred by Defendants in the litigation.

35.    Wherefore, by reason of the foregoing, Respondent has violated the following Rules Regulating The Florida Bar: 3-4.3  [The standards of professional conduct to be observed by members of the Bar are not limited to the observance of rules and avoidance of prohibited acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof.  The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline.]; 4-3.1 [A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law.  A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.]; 4-3.2 [A lawyer shall make reasonable efforts to expedite litigation consistent with the

12

interests of the client.]; 4-3.3(a)(1) [A lawyer shall not knowingly make a false

statement of fact or law to a tribunal or fail to correct a false statement of material

fact or law previously made to the tribunal by the lawyer.]; 4-3.4(a) [A lawyer

must not unlawfully obstruct another party's access to evidence or otherwise

unlawfully alter, destroy, or conceal a document or other material that the lawyer

knows or reasonably should know is relevant to a pending or a reasonably

foreseeable proceeding; nor counsel or assist another person to do any such act.];

4-3.4(c) [A lawyer must not knowingly disobey an obligation under the rules of a

tribunal except for an open refusal based on an assertion that no valid obligation

exists.]; 4-3.4(d) [A lawyer must not in pretrial procedure, make a frivolous

discovery request or intentionally fail to comply with a legally proper discovery

request by an opposing party.]; 4-4.1(a) [In the course of representing a client a

lawyer shall not knowingly make a false statement of material fact or law to a third

person.]; 4-4.1(b) [In the course of representing a client a lawyer shall not

knowingly fail to disclose a material fact to a third person when disclosure is

necessary to avoid assisting a criminal or fraudulent act by a client, unless

disclosure is prohibited by Rule 4-1.6.]; 4-5.1[(a)A partner in a law firm, and a

lawyer who individually or together with other lawyers possesses comparable

managerial authority in a law firm, shall make reasonable efforts to ensure that the

firm has in effect measures giving reasonable assurance that all lawyers therein

conform to the Rules of Professional Conduct. (b) Any lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct. (c) A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if: (1) the lawyer orders the specific conduct or, with knowledge thereof, ratifies the conduct involved; or (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.]; 4-8.4(a) [A lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic.].

WHEREFORE, The Florida Bar prays Respondent will be appropriately disciplined in accordance with the provisions of the Rules Regulating The Florida Bar as amended.

Frances R. Brown-Lewis, Bar Counsel
The Florida Bar
Fort Lauderdale Branch Office
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, Florida 33323
(954) 835-0233
Florida Bar No. 503452
fbrownle@flabar.org

ADRIA E. QUINTELA
Staff Counsel
The Florida Bar
Lakeshore Plaza II, Suite 130
1300 Concord Terrace
Sunrise, Florida 33323
(954) 835-0233
Florida Bar No. 897000
aquintel@flabar.org

## CERTIFICATE OF SERVICE

I certify that this document has been E-filed with The Honorable John A. Tomasino, Clerk of the Supreme Court of Florida with a copy provided via email to Respondent's Counsel, Benedict P. Kuehne, at ben.kuehne@kuehnelaw.com using the E-filing Portal and that a copy has been furnished by United States Mail via certified mail No. 7016 0750 0000 3623 7027, return receipt requested to Respondent's Counsel, Benedict P. Kuehne, whose record bar address is 100 SE 2nd Street, Suite 3550, Miami, FL 33131-2112, and via email to Frances R. Brown-Lewis, Bar Counsel, fbrownle@flabar.org, on this 31st day of January, 2017.

*Adria E. Quintela*

ADRIA E. QUINTELA
Staff Counsel

16

## NOTICE OF TRIAL COUNSEL AND DESIGNATION OF PRIMARY EMAIL ADDRESS

PLEASE TAKE NOTICE that the trial counsel in this matter is Frances R. Brown-Lewis, Bar Counsel, whose address, telephone number and primary email address are The Florida Bar, Fort Lauderdale Branch Office, Lake Shore Plaza II, 1300 Concord Terrace, Suite 130, Sunrise, Florida 33323, (954) 835-0233 and fbrownle@flabar.org. Respondent need not address pleadings, correspondence, etc. in this matter to anyone other than trial counsel and to Staff Counsel, Adria Quintela, The Florida Bar, Lakeshore Plaza II, Suite 130, 1300 Concord Terrace, Sunrise, Florida 33323, aquintel@flabar.org.

## **MANDATORY ANSWER NOTICE**

RULE 3-7.6(h)(2), RULES OF DISCIPLINE, EFFECTIVE MAY 20, 2004,
PROVIDES THAT A RESPONDENT SHALL ANSWER A COMPLAINT.

WHEREFORE, The Florida Bar prays Respondent will be appropriately disciplined in accordance with the provisions of the Rules Regulating The Florida Bar as amended.

Frances R. Brown-Lewis, Bar Counsel
The Florida Bar
Fort Lauderdale Branch Office
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, Florida 33323
(954) 835-0233
Florida Bar No. 503452
fbrownle@flabar.org

ADRIA E. QUINTELA
Staff Counsel
The Florida Bar
Lakeshore Plaza II, Suite 130
1300 Concord Terrace
Sunrise, Florida 33323
(954) 835-0233
Florida Bar No. 897000
aquintel@flabar.org

## CERTIFICATE OF SERVICE

I certify that this document has been E-filed with The Honorable John A. Tomasino, Clerk of the Supreme Court of Florida with a copy provided via email to Respondent's Counsel, Benedict P. Kuehne, at ben.kuehne@kuehnelaw.com using the E-filing Portal and that a copy has been furnished by United States Mail via certified mail No. 7016 0750 0000 3623 7027, return receipt requested to Respondent's Counsel, Benedict P. Kuehne, whose record bar address is 100 SE 2nd Street, Suite 3550, Miami, FL 33131-2112, and via email to Frances R. Brown-Lewis, Bar Counsel, fbrownle@flabar.org, on this 31st day of January, 2017.

*Adria E. Quintela*

ADRIA E. QUINTELA
Staff Counsel

16

## NOTICE OF TRIAL COUNSEL AND DESIGNATION OF PRIMARY EMAIL ADDRESS

PLEASE TAKE NOTICE that the trial counsel in this matter is Frances R. Brown-Lewis, Bar Counsel, whose address, telephone number and primary email address are The Florida Bar, Fort Lauderdale Branch Office, Lake Shore Plaza II, 1300 Concord Terrace, Suite 130, Sunrise, Florida 33323, (954) 835-0233 and fbrownle@flabar.org. Respondent need not address pleadings, correspondence, etc. in this matter to anyone other than trial counsel and to Staff Counsel, Adria Quintela, The Florida Bar, Lakeshore Plaza II, Suite 130, 1300 Concord Terrace, Sunrise, Florida 33323, aquintel@flabar.org.

## **<u>MANDATORY ANSWER NOTICE</u>**

RULE 3-7.6(h)(2), RULES OF DISCIPLINE, EFFECTIVE MAY 20, 2004,
PROVIDES THAT A RESPONDENT SHALL ANSWER A COMPLAINT.

Filing # 51852766 E-Filed 01/31/2017 12:09:23 PM

IN THE SUPREME COURT OF FLORIDA
(Before a Referee)

THE FLORIDA BAR,

      Complainant,

v.

WILLIAM ROBERT AMLONG,

      Respondent.

_____/

Supreme Court Case
No. SC-

The Florida Bar File
No. 2015-51,074(17H)

## <u>NOTICE OF RELATED CASES</u>

COMES NOW The Florida Bar, by and through its undersigned attorney,

and files this Notice of Related Cases and states:

The above captioned case is factually related to the following case(s):

1.    The Florida Bar v. Jennifer E. Daley, The Florida Bar File No.  2015-
51,073(17H).

Respectfully submitted,

Frances R Brown-Lewis, Bar Counsel
The Florida Bar
Ft. Lauderdale Branch Office
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, Florida 33323
(954) 835-0233
Florida Bar No. 503452
fbrownle@flabar.org

RECEIVED, 01/31/2017 12:13:29 PM, Clerk, Supreme Court

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document has been E-filed with The Honorable John A. Tomasino, Clerk of the Supreme Court of Florida with a copy provided via email to Respondent's Counsel, Benedict P. Kuehne, at <u>ben.kuehne@kuehnelaw.com</u>; using the E-filing Portal and that a copy has been furnished by United States Mail via certified mail No. 7016 0750 0000 3623 7027, return receipt requested to Respondent's Counsel, Benedict P. Kuehne, whose record bar address is Law Office of Benedict P. Kuehne, P.A., 100 SE 2nd Street, Ste. 3550, Miami, FL 33131-2112 and via email to Frances R. Brown-Lewis, Bar Counsel, <u>fbrownle@flabar.org</u>, on this 31st day of January, 2017.

*Adria E. Quintela*

ADRIA E. QUINTELA
Staff Counsel
The Florida Bar
Lakeshore Plaza II, Suite 130
1300 Concord Terrace
Sunrise, Florida 33323
(954) 835-0233
Florida Bar No. 897000
<u>aquintel@flabar.org</u>

## <u>MANDATORY ANSWER NOTICE</u>

RULE 3-7.6(h)(2), RULES OF DISCIPLINE, EFFECTIVE MAY 20, 2004,
PROVIDES THAT A RESPONDENT SHALL ANSWER A COMPLAINT.

# 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 𝔒𝔬𝔲𝔯𝔱 𝔬𝔣 𝔉𝔩𝔬𝔯𝔦𝔡𝔞

WHEREAS, it officially has been made known to me that it is necessary to appoint a referee for the Court pursuant to rule 3-7.6(a), Rules Regulating the Florida Bar, to preside in a disciplinary action brought by The Florida Bar pursuant to Chapter 3 of the Rules Regulating the Florida Bar in the matter of:

The Florida Bar vs. William Robert Amlong,
Supreme Court Case No. SC17-150;

NOW, THEREFORE, I, Jorge Labarga, under authority vested in me as Chief Justice of the Supreme Court of Florida, do hereby designate the Honorable Jeffrey Colbath, Chief Judge of the Fifteenth Judicial Circuit Court of Florida, to appoint a referee for the Court in the above matter and, <u>within fourteen days of this order</u>, to notify the Clerk of the Florida Supreme Court and the parties as to the judge appointed as referee.  The referee shall conduct a case management conference, to be held no later than sixty days from the date of appointment, at which the schedule for the proceedings, including the final hearing date, shall be set.  The referee shall have the option of holding the required case management conference either in person or telephonically.  The referee shall thereafter hear, conduct, try, and determine the matters presented at the final hearing, and submit

Case No. SC17-150
Page Two

findings of fact and recommendations to the Supreme Court of Florida as provided in rule 3-7.6(m). Pursuant to rule 3-7.6(n)(3), bar counsel shall assist the referee in the preparation of the index and record in this cause. Pursuant to rule 3-7.6(m)(1), any order by the referee regarding disposition of the case shall be merely a recommendation to this Court. Such an order shall not dispose of the proceedings. This Court shall review and, if appropriate, approve the referee's recommended disposition order.

Except in cases where the ninety (90) day time limit provided by rule 3-5.2(l) applies, the referee's report shall be filed within 180 days of his or her appointment, unless there are substantial reasons requiring delay.

DONE AND ORDERED at Tallahassee, Florida, on January 31, 2017.

_____
CHIEF JUSTICE
SUPREME COURT OF FLORIDA

ATTEST:

_____
John A. Tomasino
Clerk, Supreme Court

Case No. SC17-150
Page Three


Enclosed:  Complaint, Notice of Related Cases, and Possible Venue.

Related to SC17-142, <u>The Florida Bar v. Jennifer E. Daley</u>.  Please appoint to same referee.

Filing # 63515191 E-Filed 10/30/2017 05:48:31 PM

IN THE SUPREME COURT OF FLORIDA
(Before a Referee)

THE FLORIDA BAR,

    Complainant,

v.

JENNIFER E. DALEY,
    Respondent.

SUPREME COURT CASE
No. SC17-142

THE FLORIDA BAR FILE
No. 2015-51,073(17H)

_____/

## MOTION TO JOIN/ADOPT WILLIAM ROBERT AMLONG'S MOTION TO ABATE PROCEEDINGS

The Respondent, JENNIFER E. DALEY, by and through the undersigned counsel, files this Motion to Join/Adopt William Robert Amlong's Motion To Abate Proceedings, and states:

1.    On October 27, 2017, Co-Respondent William Robert Amlong filed a Motion To Abate Proceedings in this case.

2.    On that same date, this Honorable Court held a case management hearing on this case and set a hearing on Co-Respondent's Motion to Abate Proceedings for November 6, 2017, 8:30 a.m.

3.    Respondent Jennifer E. Daley, hereby moves to join Co-Respondent's Motion To Abate Proceedings and hereby asserts her intention to adopt and advance said Motion To Abate Proceedings.

WHEREFORE, the Respondent, JENNIFER E. DALEY, respectfully requests that this Honorable Court takes notice of this motion and allows Respondent JENNIFER E. DALEY to fully prosecute said Motion To Abate Proceedings.

RECEIVED, 10/30/2017 05:53:26 PM, Clerk, Supreme Court

Respectfully Submitted,

VELASQUEZ DOLAN ARIAS, P.A.
Attorneys for Respondent, Jennifer Daley
101 N. Pine Island Road, Suite 201
Plantation, FL 33024
Jarias@VDATrialLawyers.com

By: *s/ Juan Carlos Arias*
      JUAN CARLOS ARIAS, ESQ.
      Florida Bar No.: 0076414

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing has been furnished, via electronic mail, to Frances R. Brown-Lewis, Bar counsel, The Florida Bar, 1300 Concord Terrace, Suite 130, Sunrise, FL 33323 (fbrown-lewis@flabar.org; smiles@flabar.org); and to Adria E. Quintela, Staff Counsel, The Florida Bar, 1300 Concord Terrace, Suite 130, Sunrise, FL 33323 (aquintel@flabar.org), and the original Notice sent to the Referee on this 31st day of October, 2017.

By:   /s/   *Juan C. Arias*
JUAN C. ARIAS, ESQUIRE
Florida Bar No. 0076414

Filing # 63515191 E-Filed 10/30/2017 05:48:31 PM

IN THE SUPREME COURT OF FLORIDA
(Before a Referee)

THE FLORIDA BAR,

    Complainant,

    v.

JENNIFER E. DALEY,
    Respondent.

SUPREME COURT CASE
No. SC17-142

THE FLORIDA BAR FILE
No. 2015-51,073(17H)

_____/

RECEIVED, 10/30/2017 05:53:26 PM, Clerk, Supreme Court

## <u>MOTION TO JOIN/ADOPT WILLIAM ROBERT AMLONG'S<br>MOTION TO ABATE PROCEEDINGS</u>

    The Respondent, JENNIFER E. DALEY, by and through the undersigned counsel, files this Motion to Join/Adopt William Robert Amlong's Motion To Abate Proceedings, and states:

    1.    On October 27, 2017, Co-Respondent William Robert Amlong filed a Motion To Abate Proceedings in this case.

    2.    On that same date, this Honorable Court held a case management hearing on this case and set a hearing on Co-Respondent's Motion to Abate Proceedings for November 6, 2017, 8:30 a.m.

    3.    Respondent Jennifer E. Daley, hereby moves to join Co-Respondent's Motion To Abate Proceedings and hereby asserts her intention to adopt and advance said Motion To Abate Proceedings.

    WHEREFORE, the Respondent, JENNIFER E. DALEY, respectfully requests that this Honorable Court takes notice of this motion and allows Respondent JENNIFER E. DALEY to fully prosecute said Motion To Abate Proceedings.

Respectfully Submitted,

VELASQUEZ DOLAN ARIAS, P.A.
Attorneys for Respondent, Jennifer Daley
101 N. Pine Island Road, Suite 201
Plantation, FL 33024
Jarias@VDATrialLawyers.com

By: _s/ Juan Carlos Arias_
        JUAN CARLOS ARIAS, ESQ.
        Florida Bar No.: 0076414

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing has been furnished, via

electronic mail, to Frances R. Brown-Lewis, Bar counsel, The Florida Bar, 1300 Concord

Terrace, Suite 130, Sunrise, FL 33323 (fbrown-lewis@flabar.org; smiles@flabar.org); and to

Adria E. Quintela, Staff Counsel, The Florida Bar, 1300 Concord Terrace, Suite 130, Sunrise, FL

33323 (aquintel@flabar.org), and the original Notice sent to the Referee on this 31st day of

October, 2017.

By:   /s/   *Juan C. Arias*
      JUAN C. ARIAS, ESQUIRE
      Florida Bar No. 0076414

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

ADMINISTRATIVE ORDER (2017)12.109 – 2/17

IN RE:   THE FLORIDA BAR
        vs. WILLIAM ROBERT AMLONG,

_____:

     **WHEREAS,** the Chief Justice of the Supreme Court of Florida has designated the undersigned Chief Judge of the Fifteenth Judicial Circuit of Florida to appoint a referee for the Court to preside in a disciplinary action by The Florida Bar pursuant to Chapter 3 of the Rules Regulating the Florida Bar,

     **IT IS ORDERED** that the **Honorable Judge Sherri Collins, County Court Judge,** in and for the Fifteenth Judicial Circuit, State of Florida, is hereby designated and appointed as referee for the Florida Supreme Court, in the matter of:

          **The Florida Bar Re: William Robert Amlong**
          **Supreme Court Case No. SC17-150**

     **The Honorable Judge Sherri Collins,** as referee, is hereby vested with all and singular the powers and prerogatives conferred by the Constitution, laws of the State of Florida, and the Rules Regulating the Florida Bar, concerning a referee for the Supreme Court of Florida in this matter.

     Online resources are available for judges serving as referees in proceedings involving disciplinary action against attorneys, and the unlicensed practice of law. The resources offered at http://www.flcourts.org/gen_public/courted/bar-referee.shtml provide detailed information on the role of a Bar Referee in each of these proceedings and should be reviewed prior to handling this case.

     **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this ⁹ day of February, 2017.

                        _____
                        Jeffrey Colbath, Chief Judge

FILED
JOHN A. TOMASINO
FEB 13 2017
CLERK, SUPREME COURT
BY_____

cc:

John A. Tomasino
Clerk of the Supreme Court of Florida
500 South Duval Street
Tallahassee, FL 32399-1927

Benedict P. Kuehne, Esquire (via E-mail ben.kuehne@kuehnelaw.com)
100 SE 2nd Street, Suite 3550
Miami,, FL 33131-2112
Counsel for Respondent

Frances R. Brown-Lewis, Esq. ((via E-mail fbrownle@flabar.org and smiles@flabar.org)
Bar Counsel The Florida Bar
Fort Lauderdale Branch Office
Lakeshore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, FL 33323

Adria E. Quintela, Esq. (via E-mail aquintel@flabar.org
Staff Counsel, The Florida Bar
The Florida Bar, Ft. Lauderdale Branch Office
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, FL 33323

- Related to SC17-142– TFB vs. Jennifer E. Daley

# 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔉𝔩𝔬𝔯𝔦𝔡𝔞

### FRIDAY, APRIL 7, 2017

**CASE NO.: SC17-142**
Lower Tribunal No(s).:
2015-51,073(17H)

THE FLORIDA BAR                    vs.    JENNIFER E. DALEY

**CASE NO.: SC17-150**
Lower Tribunal No(s).:
2015-51,074(17H)

THE FLORIDA BAR                    vs.    WILLIAM ROBERT AMLONG

Complainant(s)                            Respondent(s)

The Florida Bar's request for extension of time is granted and the referee is allowed to and including October 9, 2017, in which to file the required referee's report.  ALL OTHER TIMES ARE EXTENDED ACCORDINGLY.

A True Copy
Test:

John A. Tomasino
Clerk, Supreme Court

dd
Served:
JUAN CARLOS ARIAS                         KEVIN P. TYNAN
KAREN COOLMAN AMLONG                       BENEDICT P. KUEHNE
FRANCES R. BROWN-LEWIS                     ADRIA E. QUINTELA
HON. SHERRI LYN COLLINS, JUDGE

Filing # 59922015 E-Filed 08/03/2017 03:42:50 PM

IN THE SUPREME COURT OF FLORIDA
(Before a Referee)

THE FLORIDA BAR,                        Supreme Court Case
                                        No. SC17-142
     Complainant,

v.                                      The Florida Bar File
                                        No. 2015-51,073(17H)
JENNIFER E. DALEY

     Respondent.

_____/


THE FLORIDA BAR,                        Supreme Court Case
                                        No. SC17-150
     Complainant,

v.                                      The Florida Bar File
                                        No. 2015-51,074(17H)
WILLIAM ROBERT AMLONG

     Respondent.

_____/

<div style="writing-mode: vertical-lr">RECEIVED, 08/03/2017 03:43:29 PM, Clerk, Supreme Court</div>

## **MOTION FOR EXTENSION OF TIME TO FILE REPORT OF REFEREE**

COMES NOW, The Florida Bar, on behalf of the Honorable Sherri Lyn Collins, and moves this court for an extension of time for the Referee to file her report and says:

1.    This Court issued its Order directing the Chief Judge to appoint a Referee within 14 days, with the Report of Referee to be filed within 180 days of the Order appointing the Referee, or August 8, 2017.

2.    The Referee was appointed on February 9, 2017.  The final hearing was set for September 5, 2017 through September 8, 2017.

3.      On March 30, 2017, The Florida Bar, on behalf of the Referee herein,

filed a Motion for Extension of Time to File Report of Referee.

4.      By order dated April 7, 2017, the Supreme Court of Florida granted

the Bar's request for extension of time giving the Referee until October 9, 2017 in

which to file the Report of Referee.

5.       A status conference was held on August 1, 2017, at which time a

Motion for Continuance of Final Hearing filed by The Florida Bar was granted

continuing the final hearing in this matter to December 11 through December 15,

2017.  The Referee will need a sufficient period of time to issue her report.

6.      The Bar has conferred with Counsel for the Respondents, who concur.

WHEREFORE, The Florida Bar prays this Honorable Court will issue an

Order granting the Referee an extension of time until January 29, 2018 to file her

report in this matter.

Respectfully submitted,

Frances R. Brown-Lewis, Bar Counsel
The Florida Bar
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, Florida 33323
(954) 835-0233
Attorney No. 503452
fbrownle@flabar.org

2

## <u>CERTIFICATE OF SERVICE</u>

I certify that this Motion has been E-filed with The Honorable John A. Tomasino, Clerk of the Supreme Court of Florida, using the E-filing Portal, with a copy provided via E-Mail to The Honorable Sherri Lyn Collins, Referee, at <u>sbecerra@pbcgov.org</u>; to Kevin P. Tynan, Co-Counsel for Respondent William Robert Amlong, via E-Mail at <u>ktynan@rtlawoffice.com</u> and <u>cbrooks@rtlawoffice.com</u>; to Karen Coolman Amlong, Co-Counsel for Respondent William Robert Amlong, via E-Mail at <u>kamlong@theamlongfirm.com</u>; to Juan Carlos Arias, Co-Counsel for Respondent Jennifer E. Daley, via E-Mail at <u>jarias@vdatriallawyers.com</u> and <u>andrea@vdatriallawyers.com</u>; to Carlos A. Velasquez, Co-Counsel for Respondent Jennifer E. Daley, via E-Mail at <u>cvelasquez@vdatriallawyers.com</u>; and to Staff Counsel, The Florida Bar via E-mail at <u>aquintel@flabar.org</u>, on this 3rd day of August, 2017.

<br>

Frances R. Brown-Lewis, Bar Counsel

3

Filing # 86979984 E-Filed 03/26/2019 02:24:36 PM

## IN THE SUPREME COURT OF FLORIDA

| | |
|---|---|
| THE FLORIDA BAR, | Supreme Court Case Nos. SC17-142 and SC17-150 |
| Complainant, | |
| v. | The Florida Bar File Nos. 2015-51,073 (17H) and 2015-51,074 (17H) |
| JENNIFER E. DALEY and WILLIAM ROBERT AMLONG, | |
| Respondents. | |

_____/

### STATUS REPORT

The Respondent, WILLIAM ROBERT AMLONG, by and through undersigned counsel, files this Status Report with the Florida Supreme Court and states as follows:

1.     The above referenced matters were abated, with the requirement that defense counsel provide periodic reports on the status of the appeal of the district court rulings that form the predicate for the Bar complaints at issue.

2.     On March 19, 2019, the Eleventh Circuit Court of Appeals, affirmed the underlying District Court rulings referenced above.

3.     The Referee is being provided a copy of this Status Report and it is anticipated that a status conference will be conducted in the near future to schedule these two consolidated matters for trial.

RECEIVED, 03/26/2019 02:25:35 PM, Clerk, Supreme Court

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronic mail only mail on this ____ day of March 2019 to Frances R. Brown-Lewis, Bar Counsel, The Florida Bar, 1300 Concord Terrace, Suite 130, Sunrise, FL 33323 (fbrownle@flabar.org; smiles@flabar.org); Adria E. Quintela, Staff Counsel, The Florida Bar, 1300 Concord Terrace, Suite 130, Sunrise, FL 33323 (aquintel@flabar.org) and Juan Carlos Arias, Esq. & Carlos A. Velasquez, Counsel for Jennifer Daley, Velasquez Dolan Arias, P.A., 101 North Pine Island Road, Suite 201, Plantation, Florida 33324 (jarias@vdatriallawyers.com; cvelasquez@vdatriallawyers.com; andrea@vdatriallawyers.com)

Respectfully submitted,

AMLONG & AMLONG, P.A.
Attorneys for Respondent Amlong
500 Northeast 4th Street, 2nd Floor
Fort Lauderdale, FL 33301
(954)462-1983
kamlong@theamlongfirm.com

By: _____
KAREN COOLMAN AMLONG, ESQ.
TFB No. 275565

Respectfully submitted,

RICHARDSON & TYNAN, P.L.C.
Attorneys for Respondent Amlong
8142 North University Drive
Tamarac, FL 33321
954-721-7300
ktynan@rtlawoffice.com

By: _____
KEVIN P. TYNAN, ESQ.
TFB No. 710822

Filing # 64627294 E-Filed 11/27/2017 05:19:31 PM

RECEIVED, 11/27/2017 05:23:26 PM, Clerk, Supreme Court

## IN THE SUPREME COURT OF FLORIDA

THE FLORIDA BAR,

               Complainant,

v.

JENNIFER E. DALEY and
WILLIAM ROBERT AMLONG,

               Respondents.

_____/

Supreme Court Case Nos.
SC17-142 and SC17-150

The Florida Bar File Nos.
2015-51,073 (17H) and
2015-51,074 (17H)

## **MOTION FOR EXTENSION OF TIME**

The Respondent, WILLIAM ROBERT AMLONG, by and through his undersigned attorney, files this Motion for Extension of Time to File a Report of Referee and states:

1.     The Report of Referee for these consolidated cases is currently due to be filed no later than January 29, 2018.

2.     On November 20, 2017, the Referee entered an Order on the Respondent's Motion for Abatement agreeing to abate, subject to this Court's approval, these disciplinary actions as the matters referenced in the Bar's complaint are considered by the Eleventh Circuit Court of Appeals.  A true and correct copy of this order is attached hereto and incorporated herein as Exhibit A.  The referenced abatement period will conclude upon the conclusion of the appellate review by the

Eleventh Circuit.

3.    Further, this motion is filed at the specific direction of the Referee, and is filed in good faith and not for purposes of delay.

4.    Counsel for the Respondent has provided a draft of this motion to all counsel of record and each have approved the form of this motion.

WHEREFORE,   the   Respondent,   WILLIAM   ROBERT   AMLONG, respectfully requests that the deadline for submission of a Report of Referee by ninety days from the rendition of an appellate decision from the Eleventh Circuit Court of Appeals and for such other relief as the Referee deems reasonable and just.

Respectfully submitted,

RICHARDSON & TYNAN, P.L.C.
Co-Counsel for the Respondent Amlong
8142 North University Drive
Tamarac, FL 33321
954-721-7300
ktynan@rtlawoffice.com

By: _____
KEVIN P. TYNAN, ESQ.
TFB No. 710822

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on November 27, 2017, a true copy of the foregoing has been furnished via electronic mail only to:

Frances Brown-Lewis, Bar Counsel, The Florida Bar, 1300 Concord Terrace,

Kevin P. Tynan, Esq., Co-Counsel for the Respondent, William Amlong, Richardson & Tynan, PLC, 8142 N. University Dr., Tamarac, FL 33321 (ktynan @rtlawoffice.com; cbrooks@rtlawoffice.com)

Karen Coolman Amlong, Esq., Co-Counsel for the Respondent, William Amlong, Amlong & Amlong, P.A., 500 Northeast 4th Street, 2nd Floor, Ft. Lauderdale, FL 33301 (kamlong@theamlongfirm.com)

Juan Carlos Arias, Esq. & Carlos A. Velasquez, Counsel for Jennifer Daley, Velasquez Dolan Arias, P.A., 101 North Pine Island Road, Suite 201, Plantation, Florida 33324 (jarias@vdatriallawyers.com;  cvelasquez@vdatriallawyers.com; andrea@vdatriallawyers.com)