**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 17-civ-60533- Martinez-Otazo-Reyes

Lt. Col. RODNEY SCOTT PATTERSON,

Plaintiff,

vs.

AMERICAN AIRLINES, INC

Defendant.

_____/



FILED BY _____ D.C.
JUN 25 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**Plaintiff Lt. Col Rodney S. Patterson's Notice of Supplemental Authority Regarding The Uniformed Services Employment Re-Employment Rights Act 38. U.S.C §§ 4301, et Seq**

Plaintiff, Lt. Col Rodney S. Patterson, respectfully requests leave of this Court to submit authorities that supports the inclusion in his Amended Motion to Amend Judgment Under Rule 59 (e) [ECF 185]. Plaintiff asserts that the following cases support he was subjected to a hostile work environment/retaliation, (unlawful acts under USERRA), that the Defendant, American Airlines has admitted that it improperly re-employed Lt. Col. Patterson in September, 2015 to an inferior position for the purposes of investigation, while Patterson was absent for military service, that the Defendant was notified by Captain Brian Vitale [ECF 73-3], that it had probably violated USERRA, the Defendant acted with reckless disregard for the rights and provisions afforded to Lt. Col Patterson under USERRA, that such violations fall under a Strict Liability Provision of USERRA [20 CFR 1002.33] [1] and that actions undertaken by the Defendant following these violations are pretextual. The following cases are submitted with copies appended.

1. Hickle v. American Multi-Cinema, Inc. (6th Circuit, June 20, 2019), (18-4131) (reversing

---

[1] 38 USC § 4302 (a) & (b), 38 USC § 4312, 38 USC § 4313

1. Hickle v. American Multi-Cinema, Inc. (6th Circuit, June 20, 2019), (18-4131) (reversing the district court's judgment and REMANDED in a USERRA matter. The district court granted AMC's motion for summary judgment on Hickle's wrongful termination claims and later entered judgement in AMC's favor. This was an error. Hickle gathered evidence during discovery that would allow a reasonable jury to find that his military service was a motivating factor in AMC's termination decision. Although AMC never prevented Hickle from fulfilling his military obligations or denied him time off, one Senior Manager … expressed disapproval when Hickle had to take leave for military duty. He no longer met the … minimum qualifications for being employed at AMC. Kalman, (Hickle's supervisor) never attended any AMC training on USERRA compliance or asked for information on USERRA compliance. Adler as a senior manager, was plotting, according to Jones, to get Hickle fired by having employees write complaints about Hickle that would be sent to AMC headquarters, eventually causing Hickle's termination. We review de novo a district court's grant of summary judgment. Savage v. Fed. Express Corp., 856 f.3d 440,446 (6th Cir. 2017). In deciding a motion for summary judgment, we do not engage in "jury functions" such as making credibility determinations and weighing the evidence. *Id.* [2] (Quoting Anderson, 477 U.S. at 255). If there remains any material factual disagreement as to a particular legal claim, that claim must be submitted to a jury. *Id.* We found direct evidence of a USERRA violation in Bobo, and we do so here too. The district court ignored its mandate to construe the evidence in the light most favorable to Hickle… Having shown that the evidence exists that Adler intended to cause Hickle's termination, we must address whether Adler's act was the proximate cause of Hickle's termination. The record shows that this is a question for a jury to decide. Nevertheless, the defendant insists that it broke the

---

[2] Bobo v United Parcel Serv., Inc, 655 f.3d 741, 748 (6th Cir. 2012).

chain of causation by conducting a thorough and independent investigation.   We disagree, First as best as we can tell, the investigation consisted mostly of gathering statements from a few employees, was not necessarily thorough. [3]  Second the investigation was not necessarily independent. AMC points to its own extremely stratified termination procedure in an attempt to insulate itself from liability, when in fact its procedure demonstrates circumstances in which a biased direct supervisor can make a "cat's paw" of upper management.  The district court thought it strong evidence in AMC's favor that AMC had never denied Hickle's requests to take time off for military obligations.  We do not find this fact determinative, as there could be numerous situations in which an employer would grant requests for military leave (albeit grudgingly) for years and nevertheless finally wrongfully terminate an employee for taking such leave. Certainly, granting Hickle's leave requests helps AMC's case, but it does not insulate AMC from charges of retaliation. The "particularized facts that were before [the employer] at the time the decision was made, "Escher, 627 F.3d at 1030 (quoting Wright v. Murray Guard, Inc., 455 F.3d 702, 708 (6th Cir, 2006), included Adler's anti-military comments… This was not a case in which the decisionmaker was acting on a clean record and in ignorance of lurking discriminatory motives. The decisionmaker was fully aware of the facts suggesting that the "impeding the investigation" charge was pretextual.  In sum, a jury could conclude based on this set of facts, that taking military leave, a protected act under federal and Ohio law, was a motivating factor in AMC's decision to terminate his employment.

2.   *Petty v. Metro, 538 F.3d,* (6th Cir. 2008) [noting an employer may not reemploy an employee in a position inferior to that required by USERRA for the purpose of conducting an

---

[3] The Melton-Miller deposition is opaque and so confusing as to verge on nonsensical, Page 12, footnote 5, the Whitehouse complaint was confusing and nonsensical and found to be malicious, ill-willed and not just cause by an independent administrative review.

investigation on the employee; it did not matter what the employer's motives were in the investigation].

3. *Staub v. Proctor Hospital*, 562 U.S. 411 (2011). [deals with the realities of highly stratified workplaces. In Staub, the Court held that "if a supervisor performs and act motivated by antimilitary animus that is intended by the supervisor to cause and adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable under USERRA.

4. *Stevens v Tenn. Valley Authority* (6th Cir. 1983) [noting veteran leaves employment with certain statutory guarantees, including reinstatement to the proper position, and these guarantees are not subject to a court's discretion nor dependent upon the intent of the employer. Allowing employers to force a veteran to accept anything less thwarts the literal terms of the statute and demeans the veteran's service to the country]

5. *Hanna v. American Motors* (7th Cir. 1984) [echoing Stevens, noting employers are solely responsible and strictly liable for proper reemployment of eligible veterans. Allowing employers to assert shared liability both demeans the veterans service and promotes unlawful activity.]

6. *Bagnall v. City of Sunrise, Fla.* (S.D. Fla. Aug 24, 2011) [post service position was of lesser status than preservice position due to less responsibility and absence of authority, finding this violates USERRA]. [Grounding a pilot who continuously holds an FAA Medical is demeaning and involves less responsibility].

6. *Fannin v. United Space Alliance, L.L.C.* (11th Cir. 2010) [employee's post-service position was of lesser status in view of diminished rank and responsibilities even though his pay and benefits were the same, affirming a violation of reemployment rights under USERRA].

7. *Fryer v. ASAP Fire and Safety Corp, Inc* (1st Cir. 2011) [reemployment in an inferior

position violated the status protections of USERRA].

8. *Duarte v. Agilent Technologies, Inc.* (D. Colo. 2005) [noting that even though employee's pre-service and post-service title, pay, and benefits were the same, employee's post-service responsibilities were of lesser status and violated his reemployment rights].

9. *Mace v Willis; Kickbox Dakota* (8th Cir. 2018) [affirming jury award of liquidated damages based on "reckless disregard" where the employer had knowledge of USERRA and was warned that their actions were probably violating the statute]

Dated June 25, 2019                                             Respectfully Submitted,

/s/ Rodney S. Patterson
Rodney S. Patterson, Lt. Col, Pro Se
ScottPatterson247@gmail.com
1092 NW 139th Terrace
Pembroke Pines, FL  33028-2340
704-231-0909

## CERTIFICATE OF SERVICE

I Lt. Col Rodney S. Patterson, Pro Se Appellant hereby certify, that a true and correct copy of the foregoing was served by U.S. Mail on June 20, 2019 on all counsel or parties of record on the Service List Below.

*[signature: Rodney S. Patterson]*

Signature of Filer

### Service List

### Via U.S. Mail

Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Tristan Morales (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for American Airlines, Inc.*

Karen Coolman Amlong
Florida Bar No: 275565
kamlong@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
Phone: (954) 462-1983
Fax: (954) 523-3102


William R. Amlong
WRamlong@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
Phone: (954) 462-1983
Fax: (954) 523-3102

Counsel for Amlong & Amlong, P.A.

Noel Christian Pace, Esq.
206 NW 91ST STREET
EL PORTAL, FL 33150-2259
Noel.c.pace.esq@gmail.com
(305) 219-1191