UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:17-cv-60533-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,
    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation,

    Defendant.
_____/

## AMERICAN AIRLINES, INC.'S MOTION TO STRIKE
## AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

More than three months ago, this Court granted Defendant American Airlines, Inc.'s ("American") motion for summary judgment on all of Plaintiff's claims. This Court's order granting that motion ended these proceedings—except for American's pending motion for sanctions, which it filed several months earlier in February 2019. Since this Court granted American's summary judgment motion, however, Plaintiff has filed more than a dozen supposed "pro se" motions and papers. But Plaintiff is currently represented by counsel. Thus, all of his filings violate the Local Rules prohibiting represented parties from filing pro se motions. His filings are also all untimely. Plaintiff's Motion for Sanctions, ECF No. 211—a motion his counsel expressly admonished him not to file—is the most recent example. In that motion, Plaintiff raises irrelevant discovery issues that the parties fully addressed more than a year ago.

For these reasons, and as detailed below, Plaintiff's motion is improper and frivolous and should be stricken or summarily denied. American also respectfully requests that this Court

prohibit Plaintiff from continuing his abusive practice of making meritless pro se filings in blatant violation of the applicable rules.

## FACTUAL BACKGROUND

Plaintiff filed his complaint in this case in March 2017. Discovery closed more than a year ago in June 2018.[1] During discovery, Plaintiff deposed American's corporate representative regarding an investigation performed by American's corporate security team. In that deposition, American's corporate representative testified that there was a request made to investigate allegations regarding Plaintiff taking guns into South America and that the investigator, Rick Garcia, determined that the allegations were unfounded. AA Dep. at 14:4–16:21, June 6, 2018, ECF No. 57-25. American's corporate representative further testified that Mr. Garcia had since passed away and thus American did not have records of the details of that investigation. *Id.* at 18:14–19:8.

Following that and the numerous other depositions taken in this matter, the parties filed cross-motions for summary judgment, which were fully briefed approximately one year ago. This Court held oral argument on those summary judgment motions more than four months ago, and more than three months ago, this Court entered a detailed, 18-page order granting American's motion for summary judgment on all of Plaintiff's claims. This Court concluded that, "[o]n this record, there is nothing to support the claim that the investigation, referral, exam, scheduling, or exam results were motivated by anti-military animus." *See* Order on Mots. for Summ. J. at 15, ECF No. 169. In light of that order, the Court denied as moot all pending motions—except

---

[1] The Court briefly extended the time for follow-up depositions limited to issues regarding Dr. Bercaw's evaluation and report, which Plaintiff improperly attempted to hide during discovery. *See* ECF No. 108.

American's motion for sanctions against Plaintiff and his lawyers, which had been pending since February 11, 2019. *See* ECF Nos. 154, 170 & 171.[2]

Shortly after the Court entered summary judgment (and before Plaintiff responded to American's motion for sanctions), Plaintiff's attorneys filed motions seeking to withdraw. ECF Nos. 174 & 175. The Court denied those motions finding that there was "a high risk of prejudice to both Defendant and Plaintiff given the pending motion for sanctions . . . and the close proximity of disposition of said motion." ECF No. 178.

Thus, Plaintiff has always been, and continues to be, represented in this case by at least three attorneys of record. *Id.* Despite the fact that Plaintiff remains (and has at all relevant times been) represented by multiple attorneys, Plaintiff has impermissibly filed more than a dozen "pro se" motions or other papers since April, 2019:

- A motion (and amended motion) seeking to alter or amend the judgment and a reply in support of these motions, ECF Nos. 182, 185, & 190;
- His own notice of appearance, ECF No. 183;
- A motion seeking exemption from fees and court costs, ECF Nos. 187 & 188;
- A response in opposition to American's motion for sanctions; ECF No. 194;
- A response to one of his attorney's renewed motions to withdraw; ECF No. 199;

---

[2] One of the motions mooted by the summary judgment was Plaintiff's Motion in Limine Regarding Testimony that Corporate Security Only Investigated Gun Running Allegations, ECF No. 100; *see also* ECF No. 113 (American Airlines, Inc.'s Omnibus Opposition to Plaintiff's Motions in Limine).

- A motion seeking recusal of the magistrate judge that appears to be based on nothing more than Plaintiff's disagreement with the magistrate judge's rulings, ECF No. 205;

- Three requests for judicial notice of cases involving bar proceedings or sanctions being imposed against his attorneys; ECF Nos. 207, 208, & 209;

- A notice of supplemental authority (including improper argument), ECF No. 210; and

- Plaintiff's current motion for sanctions based on alleged discovery deficiencies.

Plaintiff should be prohibited from continuing his improper and frivolous motion practice.

## **ARGUMENT**

Plaintiff's motion for sanctions is improper, untimely, and frivolous. It should be stricken or summarily denied and the Court should direct the Clerk not to accept further pro se filings from Plaintiff in this case.

**A.     Plaintiff Is Represented By Counsel, and Thus He May Not File Materials Pro Se.**

Plaintiff's motion for sanctions should be stricken because a represented party may not file motions on his own behalf.  The Local Rules explicitly provide that, "[w]henever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any steps therein . . . ."  S.D. Fla. Local R. 11.1(d)(4).  Among other things, this rule protects against represented parties filing frivolous motions. *See id.*; *see also* Fed. R. Civ. P. 11 (requiring attorneys to sign filings certifying that the attorney has made a reasonable inquiry and that the filing is not legally or factually frivolous).

Multiple attorneys currently represent Plaintiff in this case.³ Accordingly, the Local Rules prohibit Plaintiff from filing a "pro se" motion. S.D. Fla. Local R. 11.1(d)(4). By filing the motion on his own behalf, Plaintiff has violated the applicable rules and on that basis alone the motion should be rejected. *See United States v. Dale*, 618 F. App'x 494, 497–98 (11th Cir. 2015) (affirming denial of litigant's pro se motion for new trial where litigant was represented by counsel who refused to file the motion on litigant's behalf). These types of impermissible filings by Plaintiff have needlessly multiplied the proceedings in this case and have caused American to incur substantial unnecessary expense. Plaintiff's tactics are particularly specious in light of his other misconduct that has permeated this entire case and is the subject of American's motion for sanctions against Plaintiff and his attorneys. *See* ECF No. 154. Accordingly, Plaintiff's motion should be stricken and Plaintiff should not be permitted to continue forcing American to incur time and expense in responding to such frivolous motions, nor should the Court have to waste its resources.⁴

---

³ As noted above, although Plaintiff's attorneys in this case requested leave to withdraw, the Court has issued an order denying that request. *See* ECF No. 178. In addition, separate counsel is representing Plaintiff in his appeal to the Eleventh Circuit of this Court's summary judgment decision. *See Patterson v. American Airlines, Inc.*, No. 19-11686 (11th Cir.) (Filed Apr. 30, 2019) (Adam Augustine Carter of The Employment Law Group, PC identified as counsel for Plaintiff–Appellant Patterson). The fact that Plaintiff is currently pursuing an appeal to the Eleventh Circuit further exemplifies just how untimely Plaintiff's sanctions motion for an alleged discovery violation is.

⁴ Plaintiff's Motion for Judicial Disqualification and/or Recusal, and Motion for State of These Proceedings Pending Resolution of Disqualification/Recusal, ECF No. 205, suffers the same procedural defects as his motion for sanctions and should be stricken or summarily denied for the same reasons.

**B.      Plaintiff's Motion Should Also Be Stricken or Denied as Untimely.**

Plaintiff's motion should also be stricken or summarily denied because it is untimely. This Court's Local Rules specify that "disputes related to discovery shall be presented to the Court . . . within (30) days" from the time the dispute arose or the relief requested may be deemed waived. S.D. Fla. Local R. 26.1(g)(1). On its face, Plaintiff's motion relates to disputes that would have arisen during discovery, which closed a year ago. *See* ECF Nos. 49 & 108. In fact, Plaintiff was present by telephone at the deposition of American's corporate representative in June 2018 when the same issues regarding the corporate security report that forms the basis for his motion were addressed. *See* ECF No. 57-25 at 2.

Further, Plaintiff undeniably was aware of his own arguments for several months (however baseless those arguments may be) but did not act. Specifically, on April 29, 2019, Plaintiff sent an email stating that if American did not produce the Corporate Security Report (which American's corporate representative already testified American does not have), Plaintiff intended to file a motion seeking sanctions under Federal Rule of Civil Procedure 37 and asking for American's position on that motion (as well as a motion to recuse Magistrate Judge Otazo-Reyes). *See* Exhibit 1. That same day, American advised Plaintiff of its position that both motions would be frivolous. *Id.*[5] Plaintiff then waited until July 9, 2019 to file his present motion—well beyond the 30-day limitations period set forth by this Court's Local Rules. *See* S.D. Local R. 26.1(g)(1).

---

[5] Plaintiff's lead attorney, Mr. Amlong, agreed with American's assessment, stating to Plaintiff by email: "I think that you should not be filing either of those motions. If I were your counsel, which I still am until the court allows us out, I would not file either of them." Ex. 1. The fact that Plaintiff filed both motions anyhow, on a "pro se" basis, underscores the important role that Local Rule 11.1(d)(4) serves in protecting against frivolous filings.

Plaintiff's motion is therefore time barred and should be summarily rejected for this reason as well.[6]

**C.     Plaintiff's Motion Has No Legal or Factual Basis.**

"[T]he Court cannot compel production of documents that do not exist." *Vital Pharm., Inc. v. Am. Body Bldg. Prod., LLC*, 2006 WL 8432462, at *2 (S.D. Fla. Nov. 2, 2006). American has already fully explained in the deposition of its corporate representative that it does not have specific records of the corporate security investigation and that the investigator passed away. *See* ECF No. 57-25 at 14:4–19:8. Indeed, the Court adopted this factual finding in its summary judgment order, stating, "[t]here are no records of the Corporate Security investigation." ECF No. 169 at 3. The Court's summary judgment order addressed the corporate security investigation in detail, noting that, while American and Plaintiff disagree regarding the scope of the corporate security investigation (as reflected in the parties' prior motion in limine briefs regarding that investigation, ECF Nos. 100, 113, 126), the allegations that corporate security did investigate regarding Plaintiff were found to be "unsubstantiated"—a fact that American did not dispute. ECF No. 169 at 3. Plaintiff's assertion that a non-existent corporate security "report" is necessary to support this fact (or is, in any manner, material to this case) fails on its face.

---

[6] Plaintiff's attempts to act "pro se" even though multiple attorneys represent him in no way excuses his violation of the rules. *See, e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that pro se litigants are nonetheless "subject to the relevant law and rules of court" and that "no one should be permitted to misuse courts with impunity"); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the courts have "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

Accordingly, even assuming for the sake of argument that Plaintiff's motion was both proper and timely, there is absolutely no basis for the imposition of sanctions against American under Rule 37—or any other rule.

## CONCLUSION

Plaintiff's pattern and practice of filing frivolous materials in this case in blatant violation of the rules must come to an end. He cannot stand behind his purported role as a "pro se" litigant (which he is not) in an attempt to avoid the consequences of his actions. "[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). American should not be required to continue enduring the expense of responding to Plaintiff's improper filings. They should be stricken or summarily denied, and American respectfully requests that this Court further direct the Clerk of Court to not accept any further filings by Mr. Patterson unless signed by an attorney of record in this case.

Respectfully submitted,
By: /s/ Michael A. Holt

Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Tristan Morales (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of July, 2019, the foregoing document was filed with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on the counsel or parties of record listed below.

By: /s/ Michael A. Holt
MICHAEL A. HOLT

## SERVICE LIST

William R. Amlong, Esq.
WRAmlong@TheAmlongFirm.com
Karen Coolman Amlong, Esq.
KAmlong@TheAmlongFirm.com
**AMLONG & AMLONG, P.A.**
500 Northeast Fourth Street
Fort Lauderdale, FL 33301
Telephone: (954) 462-1983
Facsimile: (954) 523-3192

Noel C. Pace, Esq.
(*Pro Hac Vice)*
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
Telephone: (305) 710-3713

(Service via CM/ECF)

*Counsel for Plaintiff*

Michael A. Holt, Esq.
mholt@fisherphillips.com
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709
Facsimile: (954) 525-8739

Mark W. Robertson, Esq.
mrobertson@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Times Square Tower 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq.
tmorales@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

(Service via CM/ECF)

*Counsel for American Airlines, Inc.*