**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-60533-CIV-MARTINEZ/AOR**

RODNEY SCOTT PATTERSON,

Plaintiff,

v.

AMERICAN AIRLINES,
a Delaware corporation,

Defendant.
_______________________________________/

**ORDER**

THIS CAUSE came before the Court upon Plaintiff Rodney Scott Patterson's ("Plaintiff" or "Patterson") Motion for Judicial Disqualification and/or Recusal and Motion for Stay These Proceedings Pending Resolution of Disqualification/Recusal ("Motion to Disqualify or Recuse" and "Motion to Stay") [D.E. 205]; and Plaintiff's several related Motions for Judicial Notice [D.E. 207, 208, 209]. Plaintiff seeks the undersigned's disqualification or recusal pursuant to 28 U.S.C. § 455 and 28 U.S.C. § 144. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 206]. For the reasons set forth below, the Motions for Judicial Notice are GRANTED; the Motion to Disqualify or Recuse is DENIED; and the Motion to Stay is DENIED as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a Lieutenant Colonel in the United States Army Reserve, worked as a First Officer Pilot for Defendant American Airlines ("Defendant" or "American"). See Compl. [D.E. 1]. He brought this action against American pursuant to the Uniform Services Employment and Reemployment Rights Act ("USERRA"). Id. Patterson asserted two claims against American:

one for substantive violation of the law; and one for retaliation. Id. On March 29, 2019, the Court granted summary judgment in favor of American [D.E. 169]. On April 29, 2019, Plaintiff filed a Notice of Appeal [D.E. 180].

On February 11, 2019, Defendant filed a Motion for Sanctions seeking attorneys' fees and costs to be imposed upon Plaintiff and his counsel [D.E. 154]. The matter has been referred to the undersigned [D.E. 155] and is pending hearing [D.E. 196, 204].

On April 24, 2019, Plaintiff's counsel filed a motion to withdraw from further representation due to Plaintiff's desire to proceed *pro se* and file a Rule 59 motion directed at the order granting summary judgment in favor of American [D.E. 174]. On April 26, 2019, the motion to withdraw was denied [D.E. 178]. On June 6, 2019, Plaintiff's counsel filed a renewed motion to withdraw, arguing conflict as additional grounds, due to the pendency of the Motion for Sanctions against both Plaintiff and his counsel [D.E. 202]. The renewed motion to withdraw is pending ruling.

Notwithstanding the fact that he is still represented by counsel in this action, Plaintiff filed the motions addressed in this Order as a *Pro se* Plaintiff [D.E. 205 at 9; D.E. 207 at 2; D.E. 208 at 2; D.E. 209 at 2]. On July 9, 2019, Plaintiff also filed a *pro se* Motion for Sanctions against Defendant [D.E. 211 at 19]. In arguing that this and other *pro se* motions have been impermissibly filed, Defendant cites to Rule 11.1 of the Local Rules for the Southern District of Florida. See Defendant's Motion to Strike and Response in Opposition to Plaintiff's Motion for Sanctions [D.E. 212 at 3-5]. The Rule provides, in pertinent part:

> Whenever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any step therein, unless an order of substitution shall first have been made by the Court, after notice to the attorney of such party, and to the opposite party; provided, that the Court may in its discretion hear a party in open court, notwithstanding the fact that the party has appeared or is represented by an attorney.

See S.D. Fla. L.R. 11.1(d)(4). Based on this Local Rule, Plaintiff's *Pro se* Motion to Disqualify or Recuse and Motion to Stay and Plaintiff's *Pro se* Motions for Judicial Notice were improperly filed. In addition, as discussed below, there is no basis for the undersigned's disqualification or recusal.

## APPLICABLE LAW

Title 28, United States Code, Section 455 ("Section 455") provides that recusal of a judge is required "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1329 (11th Cir. 2002). Section 455 also requires judges to disqualify themselves where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The standard under Section 455 is "whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Thomas, 293 F.3d at 1329. Generally, bias sufficient to disqualify a judge must stem from extrajudicial sources. Liteky v. United States, 510 U.S. 540, 553-54 (1994). As the Supreme Court explained:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

Id. at 555 (citation omitted). "Consequently, adverse rulings alone, either in the same or a related case, are insufficient to demonstrate a court's impartiality absent a showing of pervasive bias." Johnson v. Monaco, 350 F. App'x 324, 327 (11th Cir. 2009). See also United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004) ("To disqualify a judge under § 455(a), the bias must stem

from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." (citation omitted)).

Title 28, United States Code, Section 144 ("Section 144") provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

For a Section 144 affidavit to be sufficient, the facts averred therein must meet the following requirements:

> 1. The facts are material and stated with particularity.
> 2. The facts are such that, if true they would convince a reasonable person that a bias exists.
> 3. The facts show the bias is personal, as opposed to judicial, in nature.

United States v. Serrano, 607 F.2d 1145, 1150 (5th Cir. 1979) (citing Parrish v. Board of Comm'rs of Ala. State Bar, 524 F.2d 98, 100 (5th Cir. 1975) (en banc), *cert. denied*, 425 U.S. 944 (1976).

**DISCUSSION**

Rather than filing a separate Section 144 affidavit, Plaintiff executed a verification of the Motion to Disqualify or Recuse [D.E. 205 at 10]. The Statement of Facts set out in the Motion to Disqualify or Recuse simply recites the procedural history of the case [D.E. 205 at 2-3]. As best can be determined, the Motion to Disqualify or Recuse is partially based on the undersigned's handling of "Plaintiff's Emergency Motion Pursuant to 18 USC 4311(b)(3) and the Court's

Inherent Powers to Restrain Defendant, American Airlines From Intimidating a Plaintiff's Witness or Retaliating Against an Employee who has Assisted Plaintiff in Preparing for Trial" (hereafter, "Emergency Motion") [D.E. 105]. See Motion to Disqualify or Recuse [D.E. 205 at 5-7]. At a hearing held on the Emergency Motion, at which Captain Shellhouse (the referenced Plaintiff's witness) testified, Defendant agreed not to pursue a contemplated Collective Bargaining Agreement hearing pertaining to Captain Shellhouse until after the completion of this case, including through all appeals. See Order [D.E. 110]. Plaintiff argues that the undersigned "improperly presided over the hearing," "interrupt[ed] Plaintiff's counsel," and showed "preferential treatment to the Defendant." See Motion to Disqualify or Recuse [D.E. 205 at 6].

Plaintiff also references the undersigned's involvement in Case No. 13-61373, Eldredge v. EDCare Management, Inc., where Plaintiff's counsel was counsel of record. In that case, the undersigned issued a Report and Recommendation that sanctions be imposed on Plaintiff's counsel, which was ultimately affirmed by the Eleventh Circuit. See Motion for Judicial Notice [D.E. 207].[1] According to Plaintiff, Plaintiff's counsel told him at the hearing on the Emergency Motion that the undersigned doesn't like him. See Motion to Disqualify or Recuse [D.E. 205 at 6].

Having considered Plaintiff's submissions, the undersigned concludes that his verified Motion to Disqualify or Recuse does not meet the requirements of a Section 144 affidavit since it is wholly based on purported judicial actions. Serrano, 607 F.2d at 1150. Given the insufficiency of the affidavit, Section 144 does not compel recusal or disqualification. Because the same

---

[1] Plaintiff also submitted records from another case involving the imposition of sanctions on Plaintiff's counsel, see Motion for Judicial Notice [D.E. 208]; and Florida Bar proceedings against Plaintiff's counsel, arising from the Eldredge case. See Motion for Judicial Notice [D.E. 209].

extrajudicial requirement applies to Section 455, there is no basis for recusal or disqualification under that provision either. Monaco, 350 F. App'x at 327; Berger, 375 F.3d at 1227.

Plaintiff acknowledges this requirement but argues that the "pervasive bias" exception to the extrajudicial source doctrine applies here. See Motion to Disqualify or Recuse [D.E. 205 at 6 n.1] (citing Liteky, 510 U.S. at 551, 554-55). However, as noted by the Supreme Court in Liteky:

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

510 U.S. at 555. Thus, neither what Plaintiff characterizes as the undersigned's purportedly "inappropriate" handling of the hearing on the Emergency Motion, nor Plaintiff's counsel's purported statement that the undersigned "doesn't like him" because of the prior imposition of sanctions in the Eldredge case, rises to the level of "pervasive bias." Accordingly, there is no basis for disqualification or recusal under either Section 144 or Section 455.

## CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED as follows:

(1) Plaintiff's Motions for Judicial Notice [D.E. 207, 208, 209] are GRANTED.

(2) Plaintiff's Motion to Disqualify or Recuse [D.E. 205] is DENIED.

(3) Plaintiff's Motion to Stay [D.E. 205] is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this 24th day of July, 2019.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

United States District Judge Jose E. Martinez
Counsel of Record

Copies furnished by mail to:

Rodney Scott Patterson
1092 N.W. 139th Terrace
Pembroke Pines, Fla. 33028