## U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-civ-60533- Martinez-Otazo-Reyes

Lt. Col. RODNEY SCOTT PATTERSON,

Plaintiff,

vs.

AMERICAN AIRLINES, INC

Defendant.
_____/

**Plaintiff Lt. Col Rodney S. Patterson's Reply to American's Response and Motion to Strike**

## Introduction

A total of 1.1 million Reserve Component personnel makes up about 45% of the total strength of the U.S. Military and not even one percent of the total population of the United States. Over the past eighteen years our nation's Reserve Components have become essential to the capability of America's total force. The U.S. cannot defend itself without the Reserves. American Airlines cannot conduct business without the Reserves. This Court's ability to function and administer justice is derived from the protections offered by the military. Given the importance of the Reserve Components, Congress enacted USERRA to protect this small subset of the population and even smaller subset who are employed by private employers like American Airlines. This small subset falls within a protected class and is granted certain employment and re-employment protections. Congress, after careful consideration in 1994, made employers solely responsible and strictly liable if an employee meets four criteria outlined in Section 4312 (undisputed in this case). Congress has strengthened the language several times since 1994 to protect the employment of reservists and fully vindicate their rights if an employer doesn't not fully comply.

American Airlines has repeatedly and on multiple occasions invited this Court to commit judicial error. As previously stated, and affirmed by the Sixth Circuit Court of Appeals, the amount of leaves granted by an employer in no way insulates the employer from a USERRA violation. In fact, the more leave an employer grants, it becomes more likely an employer will eventually one day get tired of complying with USERRA and test the waters as American did in this case. (See Hickle v American Multi-Cinema, No 18-4131, 6th Circuit (2019)). When absent for military service, American is *obligated* to treat the individual as on a leave of absence. American has no discretion within the law. It is unlawful for American to do otherwise or to add prerequisites to the exercise of this employee right.

Given the small percentage of Reservists, and the dearth of case law involving USERRA, it is vitally important for this Court to weigh USERRA matters in light of

other court's decision's and opinions. The matter before this Court is not just about Lt. Col Patterson, it is about veteran's rights which will be impacted and ultimately impact the national defense of the United States, as Veterans will refuse to volunteer and serve without protections afforded by USERRA. The Nation will be defended just not with volunteers.

*Bagnall v Sunrise, S.D. FL 2011*, is a landmark case involving status violations. Reservists simply cannot wait for a USERRA violation to appear in their district court or appellate court to establish case law in that Court. The national defense cannot wait. Employers can never be granted veto authority or purview over a member's military service in the pursuit of profitability. Employers can never be allowed to demand orders or establish unlawful prerequisites to a service member's military service or return from service. The Plaintiff seeks to bring fidelity and focus to this matter before the Court, by presenting the facts in a simple manner, providing supplemental authorities for this Court's consideration and pointing out possible judicial error so that justice and the law may be served the way Congress has intended. Denying Lt. Col Patterson this ability and privilege will not serve justice and could inadvertently re-write USERRA absent Congressional authority. The Plaintiff requests this court to exercise its discretion and to hear the issues raised by the Plaintiff in the interest of judicial efficiency, fairness and Veteran's rights. The plaintiff would like to inform the Court that an exhibit for Captain Danny Shellhouse was disclosed to the defense and the Court. That document was not attached to the record shown by the Court and is attached hereto as Exhibit 1.

## **Background**

The corporate security report/investigation was hatched by the machinations and lies of Captain Glenn Whitehouse who expressed an irrational dislike for Lt. Col Patterson. Whitehouse lied to American Airlines investigators and stated that Pepe, the Bolivian mechanic was the source of his information. Pepe has since denied the allegations and informed that he had been warned by his senior manager in Miami not to get involved in the matter. Another pilot who was present during the alleged

conversation between Whitehouse and the mechanic does not corroborate Whitehouse's story. Brian Beach forwarded Corporate Security a copy of Whitehouse's complaint. American states that Corporate Security only investigated the allegations of gun running which were false. How does American know this for fact unless they have the information? Yet, American has deceived this court into believing the investigator died, and along with his death, the information was forever buried. However, this Court has already established, if Corporate Security saw the Whitehouse Complaint then they (Corporate Security) considered it, they couldn't just ignore it. Ricardo Garcia the now deceased manager sent an email to Beach saying Corporate Security would look into the matter with the Whitehouse complaint copied in the text.

As children, we learned the excuse, "the dog ate my homework". That excuse would often fail and only worked one time in history. The dog wouldn't have eaten the homework had you protected it either. The entire corporate security report/investigation and American's excuses reek of a cover-up and conspiracy. American advises it doesn't have the Corporate Security Report or any associated documents which is simply unbelievable in the digital 21st Century. So, Garcia never emailed anyone, never took written notes, never sent a text from his company cell phone, never travelled to Bolivia to speak to anyone which would generate a travel record, never spoke to the TSA in Miami.

American's excuses might be able to pass scrutiny once, but on the eve of oral arguments for summary judgment, American stated emphatically that it had no records of Lt. Col Patterson or his wife travelling on an American Airlines flight or US Airways flight to perform his military service. American didn't have the travel records because like the Corporate Security report, it destroyed them in an attempt to besmirch Lt. Col Patterson and demean his military service. American, in a longshot, hoped that Lt. Col Patterson hadn't actually performed military service. American even went so far as to send Patterson a letter from his chief pilot in Miami accusing Patterson of defrauding American. Absurdly false Allegations such as these have no

place in a USERRA proceeding and Lt. Col Patterson will gladly resolve any doubt this Court might have in this regard. American destroyed the travel records of Patterson and his wife, however AA couldn't destroy the transactions of multiple merchants, one of which was in the secure area of the Washington Reagan airport on the AA terminal. It couldn't destroy the records of its vendor Go-Go inflight which Patterson could only use on an American Airlines aircraft flying above 10,000 feet. Since the corporate security report exonerated Lt. Col Patterson, it is certainly not flattering to American Airlines nor Glenn Whitehouse's false allegations. Producing the Corporate Security Report would further illuminate American's unlawful bad faith actions and excuses for violating USERRA on brilliant display. Indeed if there are no records of the Corporate Security Investigation or Lt. Col Patterson's travel records, this should give the court great pause. Allowing a USERRA defendant to destroy evidence which was required to be retained in anticipation of litigation does not serve justice and will only promote this behavior in the future. This conduct is sanctionable under Rule 37 and abuses already overloaded court dockets.

## Argument

### 1. Due Process

American seeks to deny the Plaintiff's rights guaranteed under the U.S. Constitution as it has done with those granted by Congress under the law with USERRA. One element of due process is the right to represent oneself and to fire one's attorney. It was by American's own doing, that a conflict arose between the Plaintiff and his Counsel. Plaintiff terminated his counsel for reasons previously disclosed to the Court. The Plaintiff further submitted Judicial Notice to the Court regarding matters which the Plaintiff's former and albeit discredited attorney, William Amlong, was involved, including a current action by the Florida Bar investigating the *Eldredge v ED. Care* matter, which was dismissed by Pro-Se Eldredge following her termination of the Amlong firm and retention in the case for the purposes of sanctions. The Plaintiff submitted these relevant Notices separately for the Court's ease of reference.

The Plaintiff's former discredited attorney hid these sanctionable actions, even going so far as to lie to the Plaintiff about the true nature of a discovery hearing where American attempted to breech the attorney client privilege between Patterson's union attorneys and Patterson (which would have also impacted 15,000 other union members and possibly those of every pilot in the U.S. working in a union shop). Patterson's union dispatched three lawyers to claw back records from American, which in the words of the Union President was "sloppy legal work", (on the part of the Amlong Firm). Isha Kochar, Amlong's staff attorney, violated attorney client privilege by presenting information to American which was in anticipation of litigation. Kochar is no longer an attorney with the Amlong Firm, and Amlong proudly announced her termination from the firm.

The plaintiff's former attorney even intonated to Pro Hac Vice attorney, Noel Pace, Esq that Amlong's wife Karen (a member of the Florida Bar Examiners) might negatively influence his appointment to the Florida Bar as an attorney if he stepped out of line (or disagreed with Amlong). The Plaintiff is appalled at even the hint of such conduct by his former attorneys. American and the Amlong Firm appear to have opposed the admittance of Pace into the case which caused him not to be present for Plaintiff's deposition. Amlong has advised he uses another attorney to take notes at depositions and the sudden termination of Kochar necessitated Pace at depositions. Jennifer Daley, another staff attorney for Amlong, is also a respondent to a Florida Bar action seeking to discipline her for her role in the *ED Care matter*. Pace, a pro hac vice attorney doesn't have access to Pacer for electronic filings, and as such filed no actions with the Court except his motion to withdraw. By American's own actions Pace is a conflicted counsel for being merely mentioned in the motion for sanctions. American wants conflicted attorneys to represent Patterson in his matter before the Court. It serves their purpose. However, forcing a discredited fired attorney with a direct conflict with respect to representation of Patterson does not serve due process. If the Court and American are interested in misconduct on the part of Amlong, perhaps these issues could be resolved in a separate contempt proceeding or referral to the Florida Bar.

**2. Equal Treatment Under the Law**

The right to have one's case treated the same way as similar cases is codified into federal law and the U.S. Constitution. American certainly does not want the *Bagnall, Duarte, Fannin,*

*Fryer, Hanna, Harwood, Hickle, Hoefert, Mace, Petty, Scanlan, Staub, and Stevens* issues brought into this matter before the Court. Each of these supplemental authorities thoroughly undermines every argument that American has presented to the Court and affirm the intentions of Congress with USERRA. *Fannin* an Eleventh circuit decision and *Bagnall* a decision of this Court both address unlawful employment status changes while performing military service prior. A status change which American has admitted to and one which was found in violation of USERRA in the Bagnall case. Lt. Col Patterson respectfully requests this Court to treat his case as it did with Sergeant Bagnall and with reference to the host of other cases brought before this Court and others.

### 3. Eleventh Circuit Suspension

June 20, 2019 the Eleventh Circuit stated, the district court docket sheet indicates that the notice of appeal was filed before the disposition of a timely tolling motion, (Document 185 Amended Motion to Amend Judgment Under Rule 59(e)0. Therefore, the effectiveness of the notice is suspended until the motion is disposed of See Fed R. App P. 4(a)(4). All pending deadlines are suspended and will be restarted upon entry of an order by the district court disposing of the timely tolling motion. The Rule 59(e) motion is before this Court for disposition.

### 4. American's Legal Expenses

American now raises the issue of frivolous filings and mounting legal expenses. It was through American's own doing that it unlawfully changed Lt. Col Patterson's status while absent for military service, then sought to have that unlawful act justified by this Court Ironically at the same time, Maj Gen Thomas Harwood was raising similar re-employment status issues with American's management, who was likely coordinating with AA legal counsel in anticipation of litigation, further substantiating the requirement to preserve data such as the Corporate Security Report. Lt. Col Patterson's union representatives addressed the re-employment status change issues with both Bonds and Beach, who were also in contact with AA legal (Lucretia Guia) Mark Cronin plainly reveals that American was attempting to circumvent the provisions of USERRA. Neither American nor its attorneys can plead ignorance of the blatant USERRA status violations nor would it matter what if they could. The defendant again raises the term specious motives and misconduct on the part of the Plaintiff which has permeated the case (a reference to Patterson's

former discredited attorney). The Court should take judicial notice that while Lucretia Guia was lying to federal investigators, she also used the same language. American again invites the Court to commit judicial error. The unlawful status change of September 24, 2015 is a violation of USERRA, which American is solely responsible and strictly liable for compliance. An employer has three defenses in status cases, each of which will fail on its face in the Patterson case, none rely on employee actions or employer intention to establish a violation. American has not yet properly re-employed Lt. Col Patterson and will not until this Court issues a competent order to do so.

### 5. Motion for Exemption from Fees and Court Costs

In accordance with 38 U.S.C § 4323 (h)(1), Lt. Col Patterson has requested this Court to honor the provisions of USERRA. Throughout this litigation the Plaintiff has been bombarded with court fees and costs. Court employees have refused to honor the statutory language and have advised the Plaintiff to file a motion and have the judge so order it. Plaintiff respectfully requests this Honorable Court to grant the Plaintiff's motion for exemption from fees and court costs. American has albeit sought once again to deny the Plaintiff's rights and deemed this motion frivolous.

### 6. Timeliness of Motion

Defendant raises the issue of timeliness of the motion for sanctions and points to one of many emails the Plaintiff has sent to the Defendants lead counsel seeking to confer. The Defendants lead counsel has not responded to many emails sent him by the Plaintiff, nor has he properly served the Plaintiff with his responses. The Plaintiff has advised the court under seal of a physical infirmity which has arisen, no doubt in response to the undue stress placed on the Plaintiff and the necessity for him to work for substandard pay. Plaintiff's just like Pro Hac Vice Attorney is limited to paper filing of court documents through the clerk's window which does not accommodate the Plaintiff's infirmity and physical limitations.

## Conclusion

Lt. Col Patterson seeks not to overburden the Court system and has presented the Court with valid information from which the Court can make a just decision on the matter before it. And that decision will be in compliance with USERRA and not negatively impact the rights of millions of veterans. This case isn't just about Lt. Col Patterson. Due to the voluminous filings and vast misinformation introduced into the case, Lt. Col Patterson, (who is not any way affiliated with the Patterson v Aiken, 841 f.2d 386, 387 (11th Cir. 1988) was compelled to represent himself. American improperly re-employed Patterson in September 2015 and Patterson has been harmed by this improper re-employment. Not surprisingly, American Airlines continues to deny its unlawful acts in violation of USERRA beginning on September 21, 2015. unlawful acts which American stipulated in its filings that it committed and acts which this Court stated did not violate USERRA, but are in fact a violation of USERRA. There is an easy path for the court to dispense of this matter and the Plaintiff respectfully requests the Court grant this motion and the Plaintiff deference. This path will bypass the intermediate steps of the Eleventh Circuit and a competent jury should decide liquidated damages for reckless disregard.

The Plaintiff respectfully requests this Court to order American Airlines to properly re=employ him back to September 25, 2015 and further to reinstate back pay, wages and benefits had he continued flying up to the point American properly re-employs him. The Plaintiff further requests the defendant make restitution for reasonable legal expenses and other costs incurred as a result of its unlawful actions. The Plaintiff further requests the Court put the matter of liquidated damages before a competent jury which can weigh the evidence and make credibility determinations with respect to liquidated damages. The Plaintiff offers this as means of jurisprudence and judicial efficiency. Due to the strict liability and responsibility provisions of USERRA, the plaintiff need not establish a motivating factor and the intentions of the employer are not relevant. The Plaintiff's claims of retaliation under USERRA will not provide any more damages to the Plaintiff and the Defendants claims of damages and sanctions would become moot.

Dated July 30, 2019                                    Respectfully Submitted,

*[signature]*

Rodney S. Patterson, Lt. Col, Pro-Se
ScottPatterson247@gmail.com
1092 NW 139th Terrace
Pembroke Pines, FL  33028-2340
704-231-0909


## CERTIFICATE OF SERVICE

I Lt. Col Rodney S. Patterson, Pro Se Appellant hereby certify, that a true and correct copy of the foregoing was served by U.S. Mail on July 30, 2019 on all counsel or parties of record on the Service List Below.

*[signature]*
Signature of Filer

### Service List

### Via U.S. Mail

Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
O'MELVENY & MYERS LLP
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000


Tristan Morales (*Pro Hac Vice*)
tmorales@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for American Airlines, Inc.*


Karen Coolman Amlong
Florida Bar No: 275565
kamlong@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
Phone: (954) 462-1983
Fax: (954) 523-3102


William R. Amlong
WRamlong@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
Phone: (954) 462-1983
Fax: (954) 523-3102

Counsel for Amlong & Amlong, P.A.

Noel Christian Pace, Esq.
206 NW 91ST STREET
EL PORTAL, FL 33150-2259
Noel.c.pace.esq@gmail.com
(305) 219-1191