UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

    Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

    Defendant.

_____/

**The Amlong Firm's Request for Hearing on Plaintiff's Renewed Motion Pursuant to Florida Bar Rules of Professional Conduct 4-17(a)(2) and 4-1.16(a)(1) and (3) to Permit Discharged Counsel to Withdraw From Representing Plaintiff who Wishes to Proceed *pro se* and With Whom Counsel has a Conflict of Interest That Would <u>Prevent Effective, Ethical Representation</u>**

William R. Amlong, Esquire, on behalf of himself; Karen Coolman Amlong, Attorney at Law; Jennifer Daley, Esquire; Isha Kochhar, Esquire,[1] and Amlong & Amlong, P.A., d/b/a The Amlong Firm, request that:

**One**, they be given a hearing on Plaintiff's Renewed Motion Pursuant to Florida Bar Rules of Professional Conduct 4-17(a)(2) and 4-1.16(a)(1) and (3) to Permit Discharged Counsel to Withdraw From Representing

---

[1] Ms. Kochhar is a former associate of The Amlong Firm who had no independent attorney-client relationship with Lt. Col. Patterson, but is currently of counsel to The Amlong Firm.



**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL  33301 • 954.462.1983

Plaintiff who Wishes to Proceed pro se and With Whom Counsel has a Conflict of Interest That Would Prevent Effective, Ethical Representation, DE 202.  The renewed motion was filed June 4, 2019.  It previously had been sent to plaintiff and all counsel May 30 for conferral purposes; that generated no responses other than a voice-mail message from the plaintiff that was followed up by attempts to contact him to which plaintiff did not respond.

**Two**, no response nor opposing memoranda were filed by the deadline, which was June 18, and

**Three**, Hon. Alicia Otazo-Reyes, U.S.M.J., has set an evidentiary hearing for Monday, August 26, which hearing—without the Court's granting of The Amlong Firm's motion—would be complicated by, e.g.:

- The Amlong Firm's conflict of interest in representing a client, some of whose conduct The Amlong Firm (but not the plaintiff) concedes was problematic (e.g., not as a betrayal of attorney-client communications, but simply in reliance on already produced e-mails from the client, the client's having initially denied in deposition that he had ever seen Edwin Bercaw, Ph.D., although eventually admitting during that same deposition having done so when presented with documents that had been produced by The Amlong Firm);

- The client's insistence on absolutely denying of any wrongdoing involving Dr. Bercaw, which is contradicted by The Amlong Firm's having

withdrawn a neurospychological examination by Gary Kay, Ph.D., as an exhibit in opposition to summary judgment because Dr. Kay testified at a deposition (after The Amlong Firm supplied Dr. Kay with a copy of Dr. Bercaw's report) that Dr. Kay's initial testing was invalid because of the plaintiff's failure to disclose to Dr. Kay prior to the initial examination that he had been given the same test by Dr. Bercaw, and

- The undersigned's:
  - dearth of recent communication with the plaintiff, arising from the undersigned's consciousness of a conflict of interest between The Amlong Firm and the plaintiff, and
  - unwillingness to sponsor any testimony by the plaintiff unless the Court orders him, pursuant to Florida Bar Rule of Professional Conduct 4-3.3, to simply elicit a narrative from the plaintiff.

*Four*, this court's self-contradictory actions in:

- denying The Amlong Firm's motion to deny withdraw April 26, 2019, DE 178, but
- permitting plaintiff to file (and to subsequently rule on, rather than strike as being unauthorized papers) pro se moving papers that the undersigned declined to file on behalf of the plaintiff (or was never asked to to file), e.g., Consent by Pro Se Litigant (Non-prisoner) to Receive

Notices of Electronic Filing, DE 181; Plaintiff's Motion to Amend Judgment under Rule 59(e) and Incorporated Memorandum of Law, DE 182; Notice of Appearance, DE 183; Plaintiff's Amended Motion to Amend Judgment Under Rule 59(e) and Incorporated Memorandum of Law, DE 185; Motion for Exemption from Fees and Court Costs under 38 U.S.C. 14323(h) & 20 C.F.R 1002.310, DE 187, ***granted, DE 188***; Plaintiff's Reply re: American Airlines. INC.'s (sic) Response in Opposition to Plaintiff's Motions (sic) to Amend Judgment Under Rule 59 (e), DE 190; Plaintiff's Response to Defendant's Motion for Sanctions and Request for Other Relief, DE 194; Notice of Plaintiff's Withdrawal of Consent to Receive Notices of Electronic Filing, DE 198; Plaintiff's Motion for Judicial Disqualification And/or Recusal, and Motion for Stay (sic) These Proceedings Pending Resolution of Disqualification/ Recusal, DE 205 ***(denied, DE 213, at 6, ¶ 2)***; Plaintiff's Request[s] for Judicial Notice in Support of Its (sic) Motion for Recusal, DEs 207, 208 and 209 ***(each granted, DE 213, at 6, ¶ 1)***; Plaintiff Lt. Col. Rodney S. Patterson's Notice of Supplemental Authority Regarding The (sic) Uniformed Services Employment Re-Employment Rights Act 38. (sic) U.S.C §§ 4301, et Seq (sic), DE 210; Lt. Col. Rodney S. Patterson's Motion for Sanctions Against American Airlines and its Attorneys, Stay of the Case Pending Resolution of the Motion and Request for Oral Argument/Hearing, DE 211; Plaintiff Lt. Col. Rodney S. Patterson's Reply to American's Response and Motion to Strike, DE 215.

Plaintiff and his former counsel have very different views of plaintiff's behavior during the litigation and how plaintiff should present at the hearing.  While plaintiff's counsel does not believe that plaintiff's behavior rose to the level of being sanctionable (because plaintiff's counsel counteracted it before it could become so), plaintiff and plaintiff's counsel have such fundamental disagreements about how to present plaintiff's version at trial that unless, pursuant to Florida Bar Rule of Professional Responsibility 4-3.3, the Court instructs plaintiff's counsel to elicit from the plaintiff a general narrative, plaintiff's counsel has no intention of inquiring of plaintiff concerning "his side of the story."

Plaintiff's counsel therefore requests that this Court specify:

**First**, whether the undersigned, or any attorney from his law firm, is going to have any responsibility for representing plaintiff during the August 26, 2019 hearing, or whether Lt. Col. Patterson is going to be either:

- truly pro se during the hearing, or

- represented by someone other than the undersigned, e.g., Noel Pace, Esquire, and

**Second**, if the Court wishes the undersigned to represent the Lt. Col. Patterson at the August 26 hearing, would the Court:

- permit the undersigned to do so without calling Lt. Col. Patterson as a witness on his own behalf, or

- alternatively, order the undersigned (or one of his colleagues from The Amlong Firm) to elicit from Lt. Col. Patterson a narrative, pursuant to Florida Bar Rule of Professional Conduct 4-3.3.

Respectfully Submitted,

/s/ William R. Amlong
WILLIAM R. AMLONG
Florida Bar No.: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No.: 275565
KAmlong@TheAmlongFirm.com
JENNIFER DALEY
Florida Bar No. 856436
JDaley@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Facsimile: (954) 463-5008

**Certificate of Service**

**I HEREBY CERTIFY** that this motion has been filed using the ECF system of the Southern District of Florida this and thereby served on all counsel or parties of record and by electronic mail the same day upon the plaintiff, Rodney Scott Patterson, 1092 NW 39th Terrace, Pembroke Pines, FL 33028, 702-231-0909, aa737drvr@aol.com and Noel Christian Pace, Esquire, 206 NW 91st Street, El Portal, Florida 33150-2259, Noel.c.pace.esq@gmail.com.

/s/ *William R. Amlong*
WILLIAM R. AMLONG

\\amlong3\cpshare\CPWin\HISTORY\190708_0001\1538.2BA