UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

Lt. Col. RODNEY SCOTT PATTERSON

     Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

     Defendant.

_____/

**<u>Plaintiff Lt. Col. Rodney Scott Patterson's Expedited Motion to Strike Fee Demand in Defendant's Motion for Sanctions</u>**

Pursuant to Federal rule of Civil Procedure 12(f), Plaintiff Lt. Col Rodney S. Patterson, moves this Court to strike the demand stated in Defendants' Motion for Sanctions Against the Plaintiff and his attorneys [DE 154]. "American further requests that this Court award monetary relief jointly against Plaintiff and his counsel to reimburse American for the needless attorneys' fees and costs it incurred because of Plaintiff's prevarications and discovery abuses."

The grounds for this motion are that said demand is without basis in the law, is thus immaterial and impertinent, and, in conjunction with Defendants' policy of repeatedly intimidating the Plaintiff and his attorneys is employed for the unlawful purpose of dissuading the Plaintiff, his attorney or any other service members who would dare challenge their unlawful activity. USERAA is a National Defense Law and the preamble to the law states it is to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment.  It is to minimize disruption to the lives of those members by providing for prompt re-employment and to prohibit discrimination against persons because of their service in the uniformed services.

In support, Plaintiff submits Plaintiff's Brief in Support of Motion to Strike Fee Demand filed herewith.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order striking Defendant's demand for attorney fees.

### ***PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO STRIKE FEE DEMAND***

Pursuant to SDFL-LR 7.1, plaintiff Lt. Col Rodney S. Patterson ("Plaintiff") submits this brief in support of his Motion to Strike Fee Demand being filed simultaneous herewith pursuant to Federal Rule of Civil Procedure 12(f).

On February 11, 2019, Defendants filed American Airlines Motion for Sanctions [DE-154]. Defendants ask for "an award of fees and costs taxed jointly against Plaintiff and his counsel to reimburse American for the needless attorneys' fees and costs it incurred. Because that prayer is a transparent attempt to further intimidate the Plaintiff and others who might challenge Defendants' unlawful activity, and because it is without basis in the law, Plaintiff asks that it be stricken.

Defendants are not allowed attorney fees, even if they ultimately prevail in a (USERRA) lawsuit (which Defendants may not due to the strict liability and responsibility provisions of USERRAP). See Alyeska Pipeline Serv. Co. V. Wilderness Society, 421 U.S. 240 (1975), In Alyeska, the Supreme Court held that federal courts may not deviate from the American Rule without legislative direction, because only Congress can authorize exceptions to the American Rule. See 421 U.S. at 247-50, 254-55, 260-62, 269-71.

In USERRA, Congress not only failed to give defendants a right to recover fees, it forbade such recovery by explicitly stating, "No fees or court costs may be charged or taxed against any person claiming rights under this chapter." §4323(h).

Defendants apparently believe this prohibition may be side-stepped by seeking to impose fees on the claimant's counsel, instead of against the claimant directly. Or in the alternative American seeks to by-pass the provisions of USERRA completely and seek fees from the Plaintiff and his counsel. However, USERRA's prohibitions against retaliation (§§ 43111(h) and 4311(c)(2)) are not limited to retaliation against the service-man, and the Department of Labor (which is empowered to promulgate regulations under § 4331(a)) has issued a regulation that employers are "prohibited from taking actions against an individual for any of the activities protected by the Act , whether or not her or she has performed service in the uniformed services".

20 C.F.R. § 1002.5(c), Because the Department did not limit this protection to "employees" as defined in 20 C.F.R. § 1002.5(c) the regulation plainly serves to protect servicemen from retaliation against non-employee individuals who are assisting the serviceman in bringing a claim. Compare 20 C.F.R. § 1002.310 ("No fees or court costs may be charged or taxed against an individual if he or she is claiming rights under the Act") (emphasis added).

Moreover, under the conventional rule that a client is obligated not only to pay the attorney the agreed-upon fee but also to reimburse the attorney for out-of-pocket expenses sustained in the representation, a prayer of fess against the servicemember's counsel is functionally indistinguishable from a claim against the serviceman himself.

Furthermore, the instant demand must be viewed in context, Defendants admit that numerous other employees belong to the Guard and Reserve Forces and are ordered for drill on days that are not their scheduled days off. (ECF 57-29) Each of these 122 Miami pilot/ employees and approximately 1,500 systemwide pilot/employees represent prospective plaintiffs because of the Defendants' strategic policy decisions with respect to USERRA. (See Scanlan v American Airlines, E.D. Penn, 2:18-cv-04040) Scanlan is in fact a class action suit and will involve potentially every servicemember pilot, the Plaintiff included. Note employers do not grant what they are statutorily obligated to provide, and providing leave does not insulate an employer from claims of retaliation or failure to properly re-employ claims. (Hickle v. American Multi Cinema, 6th Circuit, 2019)

What publicly is occurring here is a campaign to intimidate others who might seek relief against Defendant's violations of the law. This violated the intent of USERRA and is an improper use of court process in any event.

American sought to intimidate Plaintiff's witness Danny Shellhouse by alleging violations of company policies, which one do not exist and two which are superseded by 38 U.S.C. § 4302 (a)(b) and the Defendants sought to thwart the participation of Shellhouse in locating a witness whom the Plaintiff sought to depose and the witness was unnecessarily delaying the Court by avoiding service of process.   Defendant intimidated the Plaintiff by threatening the Plaintiff with termination even if this court ordered his reinstatement,  Defendant further intimidated the Plaintiff by destroying corporate travel records and then accused the Plaintiff of not having performed military service and massive fraud upon the Court,  a fact which the defendant has acknowledged that the Plaintiff did perform military service during the time period 22 Sept. through 25 Sept., 2015 and was afforded the protections of 38 U.S.C. §§ 4301, et seq (USERRA).  The defendant could not however destroy the numerous records of businesses which Lt. Col Patterson used while performing his military service, to include Go-Go Inflight, which can only be used in An American Airlines aircraft flying above 10,000 feet and places Lt. Col Patterson on an American Airlines Aircraft during the time in question.

While in terrorem tactics will have no effect on counsel in this case, the approach of countersuing USERRA claimants counsel, if allowed to stand, certainly could have a chilling effect in the future, when other USERRA claimants try to find representation for their cases.  Servicemen often are not wealthy.  If, by bringing USERRA cases, the lawyer exposes himself to personal liability, lawyers will hesitate (or demand large retainers) before taking on cases with such ruinous potential. The result sought by Defendants is directly contrary to the policies underlying both USERRA and the American legal system.

Finally, it must be noted that because there is no statutory basis for a fee award here, Defendants' fee demand is improper on its face and asks this Court for relief which is not available.

American repeatedly invites this Court to commit judicial error as in this instance and such actions are specious when viewed in the context of American's thuggish behavior to intimidate and threaten any employee who dares assert their rights or raise safety concerns (if this seems unbelievable see the DOT IG Report, July 2018).   This overreaching demand and American's host of discovery violations to wit, destruction of evidence which exonerated the plaintiff, intimidation, fabricated statements to federal investigators and retaliation tactics are sound basis for striking the fee demand.

### *CONCLUSION*

Defendants fee demand is made in direct violation of the American Rule against fee-shifting, as interpreted by the Supreme Court in Alyeska Pipeline Serv. Co. v Wilderness Society, 421 U.S. 240 (1975).  Further the demand is directly contrary to the stated policies and intent in the USERRA legislation.  The demand also is a transparent attempt at retaliation and intimidation and is wholly improper for this Courts consideration.  Given the preeminence of Americans unlawful act of improperly re-employment of the plaintiff, actions taken by the Defendant following the unlawful act are pre-textual and fruit of a poisonous tree.  Veteran's leave civilian employment with specific statutory guarantees.  There are at least 4 USERRA lawsuits against American in the federal court system today. American's actions are clearly intended to intimidate and dissuade other attorneys from pursuing USERRA matters against American Airlines.  Plaintiff respectfully requests the Court enter an order striking Defendants' unwarranted demand for attorney fees and costs.

August 25, 2019                           Respectfully Submitted,


Rodney Scott Patterson, Lt. Col Pro Se
1092 NW 139th Terrace
Pembroke Pines, FL  33028-2340
704-231-0909
ScottPatterson247@gmail.com


### _Certificate of Conferral_


The Plaintiff in this matter is familiar with the aforementioned learned treatise on USERRA.  The plaintiff in good faith attempted to meet and confer with the Defendant's Lead counsel Micheal Holt and his former Counsel William R. Amlong.  As of the writing, neither the Defense Counsel nor Plaintiff Former Counsel responded to the Plaintiff.


Rodney S. Patterson, Lt. Col


### **Certificate of Service**


**I HEREBY CERTIFY** that this notice has been/or will be filed conventionally with the Southern District of Florida and is served on all counsel or parties of record and by email and U.S. Mail.

Rodney Scott Patterson, Lt. Col

## Service List

WILLIAM R. AMLONG

WRAmlong@TheAmlongFirm.com
Florida Bar Number 470228 KAREN
COOLMAN AMLONG
KAmlong@TheAmlongFirm.com
Florida Bar Number 275565
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street, Fort
Lauderdale, Florida 33301 (954) 462-
1983

NOEL C. PACE
noel.c.pace.esq@gmail.com 206
N.W. 91 Street
El Portal, Florida 33150
(305) 710-3713

MICHAEL A. HOLT

HOLTmholt@fisherphillips.com
Florida Bar Number 91156 FISHER
& PHILLIPS LLP
450 E. Las Olas Blvd., Suite 800 Fort
Lauderdale, Florida 33301 Telephone:
954.525.4800

MARK W. ROBERTSON
mrobertson@omm.com
O'MELVENY & MYERS LLP
Times Square Tower 7
Times Square
New York, New York 10036
(212) 326-2000

TRISTAN MORALES
tmorales@omm.com O'MELVENY
& MYERS LLP
1625 Eye Street, Northwest
Washington, DC 20006
(202) 383-5300 / 383-5414 Fax

CAMERON CLOAR-ZAVALETA (*Pro
hac vice*)
Cameron.R.Cloar@aa.com
AMERICAN AIRLINES, INC.
4333 Amon Carter Boulevard Ft.
Worth, Texas 76155 Telephone:
(817) 963-1234