

FILED BY _____ D.C.

AUG 23 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-60533-CIV-MARTINEZ-OTAZO-REYES

Lt. Col. RODNEY SCOTT PATTERSON,

      Plaintiff,

v.

AMERICAN AIRLINES, INC.,

      Defendant.

_____/

### Attorney Noel C. Pace, Esq., *Pro Hac Vice*, Memorandum in Opposition to American Airlines, Inc. Motion for Sanctions due to Impossibility

Attorney Noel C. Pace, Esq, files this Memorandum in Opposition to American Airlines, Inc. Motion for Sanctions due to Temporal Impossibility. This counsel was not admitted to this case, and was not a counsel of record, when any/all of the alleged fraud or alleged bad-faith litigation conduct, as articulated by American Airlines in its Motion for Sanctions, may have been practiced, nor did he have access to any of William Amlong, Esq.'s or the Amlong Firm's case files, and as such, this counsel involvement in any alleged malfeasance is an impossibility.

### INTRODUCTION

The Plaintiff, Lt. Col Rodney S. Patterson, U.S. Army Reserve, filed this action against his civilian employer, American Airlines, Inc. for alleged unlawful acts committed in direct violation of the Uniformed Services Employment Re-Employment Rights Act, 38 U.S.C. § 4301, et. seq. The facts presented in the case detailed that Lt. Col. Patterson's rights as a U.S. Army Reservist were likely violated by the Defendant American Airlines, Inc. to include—to this day—not properly re-employing him after his military service per 38 U.S.C. § 4312. However, the

1

Defendant asserts that it has in no way violated the rights of Lt. Col Patterson and is now seeking sanctions against the Plaintiff, his counsel of record: William Amlong, Esq. and the Amlong Firm, and correspondingly, *pro hac vice* counsel: Noel C. Pace, Esq. where Mr. William Amlong, Esq. was his Court electronic-filing designee. This *pro hac vice* counsel's only role was to provide the Plaintiff and his Counsel guidance on U.S. Army Reserve policies because this counsel is a U.S. Senate confirmed-Colonel in the U.S. Army Reserve and was awarded the Bronze Star Medal and Combat Medical Badge for his service in the invasion of Iraq. This counsel has helped some Veterans *pro bono* assert their lawful rights to obtain benefits.

The Plaintiff contacted this counsel and requested assistance with his rights under USERRA late in the case—and he was admitted after any/all misconduct, as alleged by American Airlines in its Motion for Sanctions, may have taken place. This counsel was not even admitted to the case *Pro Hac Vice* until the Judge Martinez signed the order on March 6, 2018, enabling him to assist a client in a Federal District Court case for the first time. But the Court did not electronically file the order until 5:03 p.m. that day, which was after Lt. Col. Patterson's deposition had commenced, and he did not attend. As such, he did not have knowledge of what the Plaintiff said, or of his visit to Dr. Bercaw back in March 2016, which appears now to be in anticipation of litigation, or knowledge of any subsequent emails going to his counsel William Amlong, Esq. in April 2016, or what Dr. Kay's conclusions were in June 2016 (without knowledge of Dr. Bercaw's report), which were all cited in American Airlines' Motion for Sanctions as alleged misconduct. Therefore, it is impossible for this counsel to have participated in any alleged misconduct as he was not admitted to the case back in 2016 and did not attend the Plaintiff's deposition on March 6, 2018. Lastly, any/all actions by American Airlines to posit its allegations of bad-faith conduct by the Plaintiff and its Counsel to this Court after this counsel was admitted to this case through

2

*Daubert* motions, hearings, etc. is based off of times, dates, and alleged activities and documents/reports/emails that were generated or took place before this counsel was admitted.

"A federal district court possesses the inherent authority to regulate the progress of actions before it. Within this authority is the power to sanction litigants for bad-faith litigation conduct." *Sprint Solutions, Inc. v. Fils-Amie, 83 F. Supp. 3d 1290 (S.D. Fla. 2015)* (citations omitted). But, it is temporally impossible for this counsel to be held personally responsible for any bad-faith litigation conduct as alleged by American Airlines. "Bad faith exists when the court finds that a fraud has been practiced upon it," *Id.* but this counsel was not admitted to this case when any/all of the alleged fraud or bad-faith litigation conduct may have been practiced, nor did he have access to any of the Amlong Firm's case files, and as such, this counsel could not have practiced it.

Then, after Summary Judgment was found for American Airlines, which is now on appeal to the 11th Circuit Court of Appeals, Plaintiff advised this counsel that he intended to terminate William Amlong, Esq. As such, this counsel was in-effect terminated as well, because per the local rules, a *pro hac vice* attorney is required to have a fully-admitted designee, and after William Amlong, Esq.'s termination, this counsel would have no access to the electronic court filing system and could not effectively represent the Plaintiff.

## ARGUMENT

On April 23, 2019, Noel C. Pace, Esq., advised American Airline's lead Counsel Michael Holt, Esq. that he was forced to withdraw from the case on April 23, 2019, due to the Amlong Firm (his filing designee) being fired by the Plaintiff. Even Attorney Michael Holt recognized this counsel was not involved during the time/date of the alleged bad-faith conduct due to temporal impossibility and responded by email that "he would agree to (Noel C. Pace, Esq.'s) withdrawal with no sanctions or opposition if William Amlong, Esq. would not attempt to lay blame or

attribute costs to this counsel for any of the alleged sanction-able conduct that American alleges was perpetrated by the Plaintiff and his Counsel."

Unfortunately, to this date, which is now four-months later, and on the work-day "eve" before the Judge Ortazo-Reyes' hearing on American's Motion for Sanctions, William Amlong, Esq. is still not willing to state to American or this Court that he will not attempt to lay blame or attribute costs to this counsel, even in the face of the impossibility of his involvement, and his knowing that this counsel was not be involved in any alleged bad-faith conduct, because William Amlong, Esq. states in an email to this counsel on August 20, 2019, that "to do so would be tacit admission that we had done something wrong."

However, no party to this case can lay any blame on this counsel. This counsel was not admitted to the case during the alleged sanction-able conduct in 2016 and did not attend the Plaintiff's deposition on March 6, 2018. This counsel's only active role in the case, other than attending and viewing subsequent case hearings, was to participate in the summary judgment hearing on March 8, 2019, orally presenting a Reservist's perspective of the Plaintiff's plight.

## **CONCLUSION**

This counsel had no knowledge of or any participation in the alleged actions that American Airlines is attempting to seek sanctions on from the Plaintiff or his Counsel, and kindly requests relief from this Court in releasing him from his representation of the Plaintiff in the case, and kindly requests relief from any/all further proceedings in this case involving motions for sanctions.

Signed and dated this 23rd day of August, 2019,

/S/ Noel C. Pace, Esq.

Noel Christian Pace, Esq.
206 NW 91ST STREET
EL PORTAL, FL 33150-2259
noel.c.pace.esq@gmail.com, (305) 219-1191

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 23, 2019, this memorandum has been manually filed with the Clerk of the Court of the Southern District of Florida. I also certify that the foregoing document is being served this day on counsel of record for Defendant, American Airlines and to William Amlong, Esq. by email.

## SERVICE LIST

### *Via* Email

Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Tristan Morales (*Pro Hac Vice*)
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300

WILLIAM AMLONG
WRAmlong@TheAmlongFirm.com
Florida Bar Number 470228
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street, Fort

5

Lauderdale, Florida 33301 (954) 462-1983

KAREN COOLMAN AMLONG
KAAmlong@TheAmlongFirm.com
Florida Bar Number 275565
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street, Fort
Lauderdale, Florida 33301 (954) 462-1983

Rodney Scott Patterson
Scottpatterson247@gmail.com
1092 NW 139th Terrace
Pembroke Pines, FL 33028

6