

FILED BY_____ D.C.

AUG 23 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

Lt. Col. RODNEY SCOTT PATTERSON

    Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

**Plaintiff, Lt. Col Rodney S. Patterson Response to ,
William R. Amlong's request for Hearing on Plaintiff's Renewed Motion
Pursuant to Florida Bar Rules of Professional Conduct [DE 219]**

Pro Se Plaintiff, Lt. Col Rodney Scott Patterson, hereby respectfully responds to his former attorney, William R. Amlong's request for Hearing on Plaintiff's Renewed Motion Pursuant to Florida Bar Rules of Professional Conduct. Plaintiff brought this action under 38 U.S.C. §§ 4301, et seq for substantive unlawful violations of his and Veteran's rights under the act (USERRA) The Plaintiff respectfully requests the Court take judicial notice and asserts:

*1.* The plaintiff's former attorney should be permitted to withdraw, as he and his firm were terminated for cause, the reasons having been previously disclosed to the Court and also due to the direct conflict which was created when this Court invited the defendant to file its motion for sanctions. As such it appears to the Plaintiff that he was unfairly prejudiced as the Defendant has repeatedly falsely disparaged and sought to infect this case with the Norelus and Ed Care matters despite the overwhelming evidence to the contrary. The Plaintiff has amended his appeal to the United States Court of Appeals for the 11th Circuit, appealing the Order denying [205] MOTION for Judicial Disqualification entered on July 24, 2019 [DE 213] and Order Denying Plaintiff's Amended Motion to Amend Judgment entered August 1, 2019 [DE 216].

**2.** Attorney Noel Pace was admitted to this case on March 6, 2018 well after the dates of the alleged sanctionable activities by American Airlines occurred. Remarkably the Defendant opposed the entry of Pace, who at the time had passed the Florida Bar Exam and was awaiting admission to the Florida Bar. Pace due to the direct conflict created by the motions for sanctions cannot represent Lt. Col. Patterson unless that direct conflict is resolved.

*3.* The Plaintiff nor his attorneys were engaged in behavior which was in bad faith, vexatious, wanton, or for oppressive reasons. However, the Plaintiff does not agree or

concede that American was acting in good faith; and is not in compliance with USERRA to this date with regard to Patterson. Lt. Col Patterson has pointed out to the Court, a letter to the US Department of Labor, sent by American's counsel which alleged a conversation that never occurred between the Plaintiff and Bonds it also contains a number of misrepresentations. Although it may appear insignificant, it was made to a federal investigator, demonstrates a reckless disregard for USERRA and cannot stand. Lt. Col. Patterson has also advised this honorable court that he believes American acted in bad faith, with reckless disregard for the strict liability sole responsibility provisions of USERRA and to harm him by destroying crucial evidence such as the Corporate Security Report and the Corporate Business Records. In a last-ditch effort on the eve of oral arguments for summary judgment American sought to smear Lt. Col. Patterson and demean his service to the nation, and intimidate him to drop his case by alleging he had defrauded the court by never performing military duty. Lt. Col. Patterson entered a Rule 37 Motion for sanctions which was fully briefed before this Court. This isn't just about Lt. Col Patterson it is about Veteran's. USERRA is not plain vanilla employment, law that the employer always wins.[1]

4. American's actions in 2016 were pretextual to its improper re-employment violation of USERRA as well as violating the substantive rights of Lt. Col Patterson leading up to September 24, 2015. One need look no further than the deposition of James Bonds, who presents himself as a benevolent boss while providing misleading testimony to the Court in a number of issues. If allowed to stand, that testimony will re-write USERRA. American has

---

[1] [B]because USERRA was enacted to protect the rights of veterans and members of the uniformed services, it must be broadly construed in favor of its military beneficiaries." Francis, 452 F.3d at 303; accord Alabama Power Co. v. Davis, 431 U.S. 581, 585, 97 S.Ct. 2002, 52 L.Ed.2d 595 (1977).

taken Bond's testimony and repeatedly invited this Court to commit judicial error by applying a standard that USERRA prohibits. Bonds in fact was an angry supervisor who was trying to teach Lt. Col Patterson a lesson in officership and made a cat's paw of American's management. Bonds unlawful actions were a violation of 38 USC § 4302. Bonds further misleads this Court by stating he had little knowledge of the Whitehouse matter, when in fact he sent an email to Sammy Odeh with more information from Whitehouse previously entered into the Court record.

5. In early 2016, Lt. Col. Patterson contacted Dr. Jeffrey Kanter, Ph.d reference pending litigation for American's unlawful acts in violation of USERRA. During a lengthy phone call, Dr. Kanter conferenced Dr. Gary Kay in on the phone call. Dr. Kay was briefed on the USERRA violation and American's attempt to use a known hired gun to bypass the provisions of USERRA. Dr . Kanter did not disclose to Patterson that he hadn't attended the FAA HIMS Course, Patterson's union caught the lack of qualification. When confronted Dr. Kanter proffered, Dr. Edwin Bercaw as a substitute. Patterson doesn't recall any substantive interaction with Bercaw only noting that he was rapidly substituted at the last minute. Patterson fully intended to be examined by Dr. Kanter under ideal conditions without fatigue, however the lack of candor about his qualification was sufficient to remove Kanter.. In a last minute switch, Bercaw pawned Patterson off on Nathaly Fonseca a newly licensed psychologist who was not qualified in accordance with FAA standards.

6. Lt. Col Patterson, a senior field grade Army officer, who holds a Top Secret SpecialCompartmented Information Clearance (TS_SCI), (one who is examined regularly) does not comport with American's purported narrative to deflect its unlawful USERRA violations on

brilliant display. The Army also examined Lt. Col Patterson neuropsychologically for pre-deployment purposes and found no cognitive issues shortly before the Whitehouse issue.

7. Dr. Ibrahim Abi Rafeh, M.D. a prominent local Psychiatrist, who specializes with Geriatric issues such as dementia and cognitive impairment, knows Patterson from the context of the Civil Air Patrol, US Air Force Auxiliary and has also flown in CAP aircraft alongside Patterson on various search & rescue and counter-drug missions. Abi-Rafeh received Dr. Knippa's report and briefly consulted with Patterson. In short, Abi-Rafeh advised Patterson that he was not going to treat or refer him as there was nothing wrong that would prevent him from holding an Airman Medical First Class. Abi-Rafeh produced an unsworn statement for this Court which advises that an airman such as Lt. Col Patterson who holds a Top Secret Clearance, First Class Medical, his record as a pilot and having passed multiple evaluations as a pilot (designed to assess the safety, judgment and memory) do not comport with any hypothesis that Patterson might be cognitively deficient and unsafe. Abi-Rafeh supports his opinion with literature which clearly shows that neurocognitive testing is highly subjective and in light of the fatigue which was induced by travelling across three time zones and return without ample opportunity to rest. Abi Rafeh, himself a commercially rated pilot is fully aware of the requirements to be a pilot and the skill necessary to safely operate an aircraft both physically and mentally

8. The Honorable Judge Edward Earl Carnes, (Chief United States Circuit Judge of the United States Court of Appeals for the Eleventh Circuit) opined that "No one's memory is perfect. People forget things or get confused, and anyone can make an innocent misstatement or two. Or maybe even three or four. But not 868 of them", with reference to Norelus errata sheet

submitted by the Amlong Firm to correct her deposition. Lt. Col Patterson was deposed for nearly eight hours beginning at 10am with a brief respite for lunch. Patterson was not afforded a dinner break and the deposition droned on. Patterson was advised by his attorney not to bring notes to the deposition. Patterson was not afforded an opportunity to review or correct the deposition. It is clear that Lt. Col Patterson's interaction with Kanter and Kay would be foremost in his mind. Nearly a year elapsed between the phone call with Kanter and Kay and the deposition of Patterson. Certainly to characterize misstatements as outright lies is not correct, hypocritical and self-serving.

9. Lt. Col Patterson did not consult with multiple experts for a healthcare reason or concern. It was in anticipation of litigation. After many examinations and tens of thousands of dollars of unnecessary expense, not one professional has yet to diagnose a condition that would disqualify Lt. Col Patterson from holding a medical certificate first class and only an unethical profession who possibly violated state law would attempt to exact thousands more. Edwin Bercaw has stated that he was aware this matter was the subject of litigation. In fact on April 20, 2016 he wrote an email to Patterson copied his attorney stating he would only forward a copy of the report to his attorney. Dr Gary Kay did not have an intake form or questionnaire and given the earlier conversation between Kantor and Kay, the Plaintiff presented himself for whatever battery of tests Kay might have had for him. For whatever reason that did not occur. An ethical professional in Dallas who is an expert in head trauma advised Lt. Col Patterson that he didn't need a doctor, he needed a lawyer and refused to treat Lt. Col Patterson. Bercaw has advised that Patterson passed the Cogscreen and in taking it again with Kay there would be no practice effec. There is no test of drawing or member that can consider a pilot;s ability to safely fly an aircraft.

The best measure of an aviators performance is how they do their job in the cockpit or the simulator.

10. The FAA retains sole jurisdiction over the issuance of Airman Medical Certificates, Ratings and determinations of fitness for duty. Denial of a medical certificate or would be made based on a diagnosis of a disqualifying condition and not unsupported hypothesis. Fatigue is not a disqualifying condition.

11. American asserts the safety card when it is convenient for its needs. However the DOT IG found that when pilots at American reported serious safety concerns they were labeled as problem pilots. American then provided derogatory information to an unethical FAA inspector to discredit those problem pilots. Apparently sham investigations as conducted in this case are nothing new according to the Department of Transportation Inspector General.

## *Conclusion*

The notion of sanctioning a USERRA plaintiff while the defendant remains outside the law is premature and sets a dangerous precedent. Given American's conduct in the matter it is hypocritical. As previously stated in the Plaintiff's response to the Motion for Sanctions, American chose to ignore safety, when issues were raised by multiple pilots that the flying public was in danger. Instead, The FAA reports that American gave an unethical inspector dirt which could be used to discredit the complaining pilots. The Plaintiff believes that this matter should be stayed pending a decision of the 11th Circuit.

23 August, 2019                                             Respectfully Submitted

*Rodney S. Patt*

Rodney S. Patterson, Lt. Col, Pro Se

1092 NW 139th Terrace

Pembroke Pines, FL  33028-2340

704-231-0909

ScottPatterson247@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 23, 2019, this memorandum has been manually filed with the Clerk of the Court of the Southern District of Florida. I also certify that the foregoing document is being served this day on counsel of record for Defendant, American Airlines and to William Amlong, Esq. by email and by Hand.

*Rodney S. Patth*

Rodney S. Patterson, Lt. Col

## Service List

WILLIAM R. AMLONG

wRAmlong@TheAmlongFirm.com
Florida Bar Number 470228

KAREN COOLMAN AMLONG
KAmlong@TheAmlongFirm.com
Florida Bar Number 275565
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street, Fort
Lauderdale, Florida 33301 (954) 462-1983

NOEL C. PACE
noel.c.pace.esq@gmail.com 206
N.W. 91 Street
El Portal, Florida 33150
(305) 219-1191

MICHAEL A. HOLT

HOLTmholt@fisherphillips.com
Florida Bar Number 91156 FISHER
& PHILLIPS LLP
450 E. Las Olas Blvd., Suite 800 Fort
Lauderdale, Florida 33301 Telephone:
954.525.4800

MARK W. ROBERTSON
mrobertson@omm.com
O'MELVENY & MYERS LLP
Times Square Tower 7
Times Square
New York, New York 10036
(212) 326-2000

TRISTAN MORALES
tmorales@omm.com O'MELVENY
& MYERS LLP
1625 Eye Street, Northwest
Washington, DC 20006
(202) 383-5300 / 383-5414 Fax

CAMERON CLOAR-ZAVALETA (*Pro hac vice*)
Cameron.R.Cloar@aa.com
AMERICAN AIRLINES, INC.
4333 Amon Carter Boulevard Ft.
Worth, Texas 76155 Telephone:
(817) 963-1234