```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   17-60533-CV-MARTINEZ/OTAZO-REYES


RODNEY SCOTT PATTERSON,        )
                               )
              PLAINTIFF,       )
                               )
       VS.                     )
                               )
AMERICAN AIRLINES, A DELAWARE  )
CORPORATION,                   )
                               )
              DEFENDANT.       )
_____)

                   (TRANSCRIPT BY DIGITAL RECORDING)


         TRANSCRIPT OF DISCOVERY HEARING HAD BEFORE THE
HONORABLE ALICIA M. OTAZO-REYES, IN MIAMI, MIAMI-DADE COUNTY,
FLORIDA, ON JUNE 27, 2018, IN THE ABOVE-STYLED MATTER.



APPEARANCES:

FOR THE PLAINTIFF:    WILLIAM R. AMLONG, ESQ.
                     AMLONG & AMLONG
                     500 NE. 4TH STREET, 2ND FLOOR
                     FORT LAUDERDALE, FL 33301 - 954 462-1983

                     NOEL C. PACE, ESQ.
                     206 NW 91ST STREET
                     EL PORTAL, FL - 305 710-3713



              CARL SCHANZLEH, RPR - CM
              CERTIFIED COURT REPORTER
              9960 SW 4TH STREET
              PLANTATION, FLORIDA 33324
                 954 424-6723
```

DEFENDANT'S EXHIBIT 18 — 0:17-cv-60533-JEM

```
 1  APPEARANCES CONTINUED:

 2  FOR THE DEFENDANT:   MICHAEL A. HOLT, ESQ.
                         FISHER & PHILLIPS LLP
 3                       450 EAST LAS OLAS BOULEVARD, SUITE 800
                         FORT LAUDERDALE, FL 33301 - 954 847-4709
 4

 5

 6                         TABLE OF CONTENTS

 7  WITNESSES:                        DIRECT   CROSS REDIRECT RECROSS

 8
                         INDEX TO EXHIBITS
 9
    EXHIBITS                       MARKED FOR        RECEIVED
10                                 IDENTIFICATION    IN EVIDENCE

11  DESCRIPTION                      PAGE    LINE    PAGE    LINE

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1  (MIAMI, MIAMI-DADE COUNTY, FLORIDA;  JUNE 27, 2018, IN OPEN
 2  COURT.)
 3              THE COURT:  GOOD MORNING.
 4              THE CLERK:  CALLING CASE NUMBER 17-CIVIL-60533, RODNEY
 5  SCOTT PATTERSON VERSUS AMERICAN AIRLINES.
 6              COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE RECORD.
 7              MR. AMLONG:  GOOD MORNING, YOUR HONOR.  WILLIAM R.
 8  AMLONG FOR MR. PATTERSON AND MY CO-COUNSEL NOEL PACE.
 9              THE COURT:  I'M SORRY (INAUDIBLE)
10              MR. HOLT:  GOOD MORNING, YOUR HONOR.  MICHAEL HOLT ON
11  BEHALF OF AMERICAN AIRLINES.
12              THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.
13              OKAY.  I ACCOMMODATED YOUR REQUEST TO START THIS
14  LATER, MR. AMLONG.
15              MR. AMLONG:  I APPRECIATE THAT.
16              THE COURT:  BUT I DO HAVE OTHER MATTERS FOLLOWING
17  THIS.  SO WE NEED TO ADDRESS THIS IN AN EXPEDITED FASHION.
18              I BELIEVE THE ISSUE IS THAT DEFENDANTS WANT SOME
19  COMMUNICATIONS BETWEEN DR. CADDY AND DR. BERCAW?
20              MR. HOLT:  YOUR HONOR, YES, THE COMMUNICATIONS.
21              AND AGAIN WE'RE HERE ABOUT THAT REPORT FROM
22  DR. BERCAW.  WE'VE TAKEN THE DEPOSITION OF DR. CADDY SINCE WE
23  WERE LAST BEFORE YOUR HONOR.
24              THE COURT:  YES.
25              MR. HOLT:  DR. CADDY TESTIFIED THAT HE SPOKE WITH
```

```
 1   DR. BERCAW REGARDING THE TESTING THAT DR. BERCAW DID OF THE
 2   PLAINTIFF.
 3             THE COURT:  AH-HUH.
 4             MR. HOLT:  THAT HE WAS -- THEY SPOKE ABOUT THE RESULTS
 5   OF THAT TESTING.  THAT HE RECALLED THAT THOSE RESULTS WERE
 6   GENERALLY POSITIVE BUT DIDN'T HAVE ANY RECOLLECTION AS TO -- IF
 7   THERE MIGHT HAVE BEEN SOME LESS THAN POSITIVE RESULTS THAT WERE
 8   ALSO REPORTED.
 9             AND SO -- HE ALSO TESTIFIED, YOUR HONOR, THAT IT'S HIS
10   ROUTINE PRACTICE THAT IF THERE ARE MATERIALS THAT HE TAKES A
11   LOOK AT IN A CASE THAT HE DOESN'T INTEND TO RELY ON THAT HE
12   DELETES THOSE MATERIALS FROM HIS E-MAIL AND HE HAS NO
13   RECOLLECTION, NO RECORD OF THESE COMMUNICATIONS THAT HE HAD
14   WITH DR. BERCAW.
15             NOW, WE KNOW THAT THERE WAS AT LEAST THE REPORT AND AT
16   LEAST A TWO PAGE LETTER BECAUSE THAT'S IDENTIFIED ON
17   PLAINTIFF'S PRIVILEGE LOG WHICH WAS PREVIOUSLY FILED WITH THE
18   COURT, AND THAT IS DOCKET NUMBER 54-2.  THE PLAINTIFF FILED
19   THAT BEFORE THE LAST HEARING.
20             WE ALSO KNOW THAT DR. CADDY WAS THE ONE WHO LOCATED
21   DR. BERCAW TO PERFORM THESE TESTS.  THAT COMES FROM
22   MR. PATTERSON'S INTERROGATORY RESPONSE WHICH IS DOCKETED AT
23   54-1, WHICH WAS ALSO FILED PRIOR TO THE LAST HEARING.
24             SO WHAT WE'VE GOT IS THAT DR. CADDY WHO IS THE
25   TESTIFYING EXPERT DOESN'T RECALL ALL THE DETAILS OF THE
```

```
 1  COMMUNICATIONS BUT HE WAS -- BUT HE SELECTED DR. BERCAW, OR
 2  IDENTIFIED DR. BERCAW IN SOME WAY WHO DR. BERCAW THEN PERFORMED
 3  TESTS, REPORTED THE RESULTS OF THOSE TESTS IN CONVERSATIONS
 4  WITH DR. CADDY, LETTERS, AND A REPORT.  WE KNOW AT MINIMUM OF
 5  THOSE COMMUNICATIONS.
 6          DR. CADDY SAID, I'M NOT GOING TO RELY ON THIS BECAUSE
 7  I WOULD PREFER THAT YOU GO TO AN EXPERT THAT IS MORE -- MORE
 8  WELL RENOWNED.  AND THIS EXPERT THAT YOU WENT TO THAT
 9  APPARENTLY DR. CADDY WAS THE ONE WHO IDENTIFIED HAD ANOTHER
10  PERSON IN HIS OFFICE, ANOTHER DOCTOR IN HIS OFFICE PERFORMING
11  THE TEST.
12          DR. CADDY SAID, YOU KNOW, UNDER THESE CIRCUMSTANCES
13  I'M NOT GOING TO CONSIDER -- I'M NOT GOING TO RELY ON THESE
14  TESTS BECAUSE THEY'RE PERFORMED BY WHAT HE CALLED AN INTERN WHO
15  HAD HER DOCTORATE.
16          AND SO, HE WAS AWARE OF THE TEST, AWARE OF THE
17  RESULTS, TALKED WITH DR. BERCAW ABOUT -- AT LEAST ABOUT THE
18  METHODOLOGY, THE WAY THE TESTS WERE PERFORMED, DECIDED TO
19  REJECTS THEM.
20          AND SO, UNDER THE FEDERAL RULES OF CIVIL PROCEDURE,
21  YOUR HONOR, HE'S CONSIDERED THAT MATERIAL AND WE'RE ENTITLED TO
22  GET IT AND HE CAN'T JUST COME HERE TODAY AND SAY, I DON'T
23  REMEMBER, I DELETED IT, AND KEEP US FROM CROSS-EXAMINING HIM AT
24  TRIAL IN FRONT OF THE JURY ON THIS VERY IMPORTANT POINT.
25          THE COURT:  ALL RIGHT.
```

```
 1            THE RULE IS THAT WHATEVER AN EXPERT -- A TESTIFYING
 2   EXPERT CONSIDERS HAS TO BE DISCLOSED.  I THINK THAT IT SEEMS
 3   LIKE PLAINTIFF HAS TAKEN THE VIEW THAT CONSIDER -- EQUATES TO
 4   ACCEPT, AND IF IT IS NOT ACCEPTED IT IS NOT CONSIDERED.
 5            IS THAT HOW YOU VIEW IT, MR. AMLONG?
 6            MR. AMLONG:  NO, YOUR HONOR, IT'S NOT.
 7            THE COURT:  OKAY.  THEN LET ME HEAR FROM YOU.
 8            MR. AMLONG:  MY VIEW -- AND I -- I HAVE DR. CADDY HERE
 9   TO TESTIFY.  I HAVE MR. PATTERSON HERE TO TESTIFY --
10            THE COURT:  WELL, I DON'T HAVE TIME TO CONDUCT AN
11   EVIDENTIARY HEARING ON A DISCOVERY MATTER.
12            MR. AMLONG:  OKAY.  THE -- LET ME SUMMARIZE FOR YOU
13   THEN AND --
14            THE COURT:  I'VE READ THE TRANSCRIPT.
15            MR. AMLONG:  OKAY.  AND I ALSO HAVE -- I'VE ACQUIRED
16   E-MAILS FROM MR. PARRISH, AND I GOT THESE LATE LAST NIGHT ON
17   THE CONVERSATION THAT DR. BERCAW --
18            THE COURT:  MR. AMLONG, YOU'RE MISSING MY QUESTION.
19            I ASKED YOU, IT SEEMS FROM --
20            MR. AMLONG:  IT WAS NOT CONSIDERED --
21            (BOTH TALKING AT THE SAME TIME)
22            THE COURT:  -- THE POSITION YOU'RE TAKING --
23            MR. AMLONG:  IT WAS NOT CONSIDERED.  NO, IT WAS -- IT
24   WAS NOT CONSIDERED AND REJECTED --
25            THE COURT:  WELL, HE TALKED ABOUT IT AND HE SAYS HE
```

1  REJECTED IT BECAUSE IT WAS DONE BY AN AMATEUR, MY WORD, NO

2  DISPARAGEMENT, BUT THAT SEEMS TO BE THE THRUST OF HIS ARGUMENT.

3         MR. AMLONG:  MR. PATTERSON --

4         THE COURT:  SO HE TALKED ABOUT IT TO DR. BERCAW.  IS

5  THERE ANY DISPUTE ABOUT THAT?

6         MR. HOLT:  THAT'S WHAT HE TESTIFIED, YOUR HONOR.

7         MR. AMLONG:  MAY I ANSWER THE QUESTION --

8         THE COURT:  YES.

9         MR. AMLONG:  -- INSTEAD OF MR. HOLT?

10        COLONEL PATTERSON E-MAILED DR. CADDY ON APRIL 29TH

11 SAYING, YOU KNOW, I'LL PAY FOR THIS GUY WHO WANTS ME TO PAY TO

12 CONSULT WITH YOU.  BUT, YOU KNOW, I SHOWED UP THERE, THERE WAS

13 AN INTERN THAT GAVE ME THE TEST --

14        THE COURT:  I'VE READ ALL OF THAT.  I'VE READ ALL OF

15 THAT, MR. AMLONG.

16        MR. AMLONG:  DOCTOR -- DR. CADDY'S CONVERSATION WITH

17 DR. BERCAW EXTENDED TO THE POINT OF, SO DID YOU DO THE TEST OR

18 DID SOMEBODY ELSE DO THE TEST?

19        IT WAS SOMEBODY ELSE WHO DID THE TEST AND THAT WAS ALL

20 DR. CADDY CARED ABOUT AND HE DID NOT GET INTO THE SUBSTANCE OF

21 THE TEST.

22        THE COURT:  WELL, I --

23        MR. HOLT:  HE HAS NEVER SEEN -- HE HAS NEVER SEEN THE

24 TEST RESULTS --

25        THE COURT:  I'M SORRY, MR. AMLONG, BUT OBVIOUSLY HE

```
 1  HEARD SOMETHING ABOUT THE SUBSTANCE OF THE TEST.  WHETHER HIS
 2  RECOLLECTION IS SOMEHOW THAT IT WAS POSITIVE THAT'S SUBSTANCE.
 3          MR. AMLONG:  BUT HE DIDN'T CONSIDER THIS BECAUSE IT
 4  WAS NOT DONE BY DR. BERCAW.
 5          THE COURT:  HE CONSIDERED IT AND REJECTED IT.
 6          MR. AMLONG:  NO.  HE --
 7          THE COURT:  WHAT'S THE DIFFERENCE?
 8          (BOTH TALKING AT THE SAME TIME)
 9          MR. AMLONG:  -- CALLED -- HE CALLED UP -- HE HAD A
10  CONVERSATION WITH DR. BERCAW AND SAID, DID YOU DO THE TEST OR
11  DID SOMEBODY ELSE?
12          AND DR. BERCAW SAID, SOMEBODY ELSE DID IT.
13          AND AT THAT POINT -- FROM THAT POINT ON IT'S NOTHING
14  TO CONSIDER.
15          THE COURT:  I'M SORRY.  BUT I READ THE TRANSCRIPT, AND
16  IN THE TRANSCRIPT DR. CADDY SAYS HE RECALLS THAT IT WAS SOMEHOW
17  POSITIVE OR SOMETHING THAT IS SUBSTANCE.
18          I INTERPRET THIS AS CONSIDERING AND REJECTING, NOT AS
19  NOT CONSIDERING.  NOT CONSIDERING MEANS YOU DON'T EVEN LOOK AT
20  IT, YOU DON'T HEAR ABOUT IT, YOU --
21          MR. AMLONG:  HE NEVER --
22          THE COURT:  -- HAVE A STACK OF BOOKS OVER HERE AND YOU
23  TURN YOUR FACE AWAY AND YOU SAY, I'M NOT READING THOSE BOOKS,
24  NOT EVEN THE TITLE OF THOSE BOOKS.
25          THIS IS CONSIDERED AND REJECTED SO IT NEEDS TO BE
```

```
 1  DISCLOSED.  SO WHO HAS THIS INFORMATION?
 2          MR. AMLONG:  I'M SORRY --
 3          THE COURT:  DR. CADDY OBVIOUSLY DOESN'T.
 4          MR. AMLONG:  NO.  AND THE -- I WOULD LIKE TO AT LEAST
 5  PROFFER THESE THREE -- THESE THREE E-MAILS BETWEEN COLONEL
 6  PATTERSON AND DR. CADDY AND DR. BERCAW THAT SHOW THAT DOCTOR --
 7  THAT COLONEL PATTERSON TOLD DR. CADDY BEFORE ANY COMMUNICATION
 8  WITH -- BEFORE DR. CADDY HAD ANY COMMUNICATION WITH
 9  DR. BERCAW --
10          THE COURT:  I'M SORRY.  HAVE YOU SHARED THOSE
11  E-MAILS --
12          MR. HOLT:  YOUR HONOR --
13          THE COURT:  -- FROM --
14          (BOTH TALKING AT THE SAME TIME.
15          MR. AMLONG:  I JUST GOT THEM LAST NIGHT.  I JUST
16  WALKED IN HERE.
17          MR. HOLT:  YOUR HONOR, WE HAVEN'T SEEN THESE E-MAILS.
18  IT SOUNDS LIKE THERE ARE ADDITIONAL MATERIALS RELATING TO
19  DR. CADDY THAT HAVE NOT BEEN PRODUCED IN THIS CASE.
20          I KNOW THAT WHEN WE LEFT THE DEPOSITION OF DR. CADDY
21  COUNSEL HAD AGREED THAT HE WAS GOING TO GET ME DR. CADDY'S
22  MATERIALS THAT HE BROUGHT WITH HIM.  I STILL HAVEN'T SEEN
23  THOSE.  SO PERHAPS THEY WERE IN THERE.
24          BUT WE WOULD REJECT IT IF THERE ARE DOCUMENTS THAT
25  RELATE TO COMMUNICATIONS BETWEEN THE PLAINTIFF AND HIS
```

```
 1   TESTIFYING EXPERT THAT THOSE BE PRODUCED.
 2           MR. AMLONG:  THE --
 3           MR. HOLT:  AND I'M SEEING THEM NOW FOR THE FIRST TIME,
 4   JUDGE.
 5           MR. AMLONG:  I WOULD LIKE TO MAKE THESE FOR THE
 6   RECORD, AND IF YOU WANTED TO HAVE AN EVIDENTIARY HEARING ON
 7   THIS I'D BE HAPPY TO COME BACK.
 8           BUT THE -- DR. CADDY DID NOT -- DID NOT SEE THE
 9   RECORDS.  HE DID NOT WANT THE RECORDS.  HE DID NOT NEED THE
10   RECORDS BECAUSE THE RECORDS WERE OF A TEST THAT HE DID NOT
11   CONSIDER BECAUSE THEY WEREN'T -- THEY WERE DONE BY SOMEBODY WHO
12   WAS NOT COMPETENT TO DO THE TEST.  AND --
13           THE COURT:  ALL RIGHT.  I'VE HEARD THAT A COUPLE OF
14   TIMES ALREADY, MR. AMLONG, RESPECTFULLY.
15           THERE WAS A COMMUNICATION BETWEEN DR. BERCAW AND
16   DR. CADDY REGARDING THE TEST SUFFICIENT FOR DR. CADDY TO
17   TESTIFY AT HIS DEPOSITION THAT HIS RECOLLECTION -- AND I'M
18   PARAPHRASING, HE SAID THE TESTS WERE SOMEWHAT POSITIVE.
19           NOW, DR. CADDY IS WITHIN HIS RIGHTS AS AN EXPERT
20   THAT -- IN A FIELD THAT I DON'T KNOW ANYTHING ABOUT AND
21   RESPECT.  HE CAN ACCEPT, REJECT, DISREGARD, BUT ANYTHING THAT
22   COMES BEFORE HIM THE RULE REQUIRES THAT IT BE DISCLOSED.
23           YOU KNOW, THEY HAVE THE RIGHT TO ASK, YOU KNOW, WHY
24   DID YOU REJECT THIS?  WHY DID YOU NOT CONSIDER THIS?  WHY IS
25   THIS NOT WORTH CONSIDERING?
```

```
 1            THAT IS WHAT THE ADVERSARY SYSTEM IS ALL ABOUT.
 2            MR. AMLONG:  YOUR HONOR --
 3            THE COURT:  SO AGAIN MY QUESTION IS, WHERE ARE THOSE
 4   MATERIALS?  CAN THEY BE RESUSCITATED?
 5            MR. AMLONG:  THEY ARE -- THEY WOULD BE WITH
 6   DR. BERCAW.  THEY ARE NOT WITH DR. CADDY --
 7            THE COURT:  OBVIOUSLY --
 8            MR. AMLONG:  -- DR. CADDY --
 9            (BOTH TALKING AT THE SAME TIME)
10            MR. AMLONG:  -- HE'S NEVER SEEN THEM.
11            THE COURT:  HE DELETED THE COMMUNICATIONS, CORRECT?
12            MR. AMLONG:  DR. CADDY HAD A SINGLE PHONE CALL WITH
13   DOCTOR -- WITH DR. BERCAW AND THIS WAS AFTER HE HAD -- AND HE
14   TESTIFIED, AND THIS WAS AFTER HE HAD ALREADY SAID -- WELL, HIS
15   FIRST QUESTION WAS, SO WHO DID THE TEST?
16            THE COURT:  I HAVE BEEN THROUGH THAT.
17            MR. AMLONG:  OKAY.
18            THE COURT:  I HAVE BEEN THROUGH THE TEST.  THE TEST I
19   HAVE BEEN THROUGH.
20            OBVIOUSLY DR. CADDY DELETED SOMETHING THAT HE HAD
21   RECEIVED.  HE DIDN'T DELETE A COMMUNICATION BECAUSE A
22   COMMUNICATION IS VERBAL.  HE DELETED SOMETHING THAT HE HAD
23   RECEIVED.
24            NOW, WHERE IS WHAT DR. CADDY RECEIVED?  WHO DID HE GET
25   IT FROM SO WE CAN TRACE IT AND HAVE IT PRODUCED?
```

```
 1              MR. AMLONG:  I HAVE --
 2              THE COURT:  THAT'S WHAT I'M AFTER.
 3              MR. AMLONG:  I HAVE BEEN ATTEMPTING TO FIND THAT FOR
 4    OVER A MONTH NOW.
 5              THE COURT:  OKAY.
 6              MR. AMLONG:  I HAVE NOT FOUND IT.
 7              THE COURT:  ALL RIGHT.  WOULD DR. BERCAW HAVE IT?
 8              MR. HOLT:  YOUR HONOR, IF I MAY.
 9         DR. BERCAW TOLD US BEFORE THAT HE WAS WILLING TO
10    COMPLY WITH OUR SUBPOENA.  WE HAD SUBPOENAED HIM FOR THE REPORT
11    AND HE SAID, I'M ABSOLUTELY WILLING TO COMPLY.  MY ONLY ISSUE
12    HERE IS BECAUSE OF HIPPAA LAWS I NEED A COURT ORDER, AND THAT'S
13    WHY WE WERE BEFORE YOUR HONOR BEFORE ON THIS ISSUE.
14         BUT WE KNOW THERE IS AT LEAST ONE OTHER COMMUNICATION
15    THAT IS IN COUNSEL'S POSSESSION BECAUSE IT'S ON THEIR PRIVILEGE
16    LOG, JUDGE.
17         THEY SAID IN THEIR PRIVILEGE LOG WHICH THEY FILED
18    BEFORE THE LAST HEARING, WHICH IS DOCKET ENTRY NUMBER 54-2,
19    THAT THERE IS AT MINIMUM, NUMBER THREE ON THAT LOG IS A TWO
20    PAGE LETTER DATED MAY 6TH, FROM DR. BERCAW TO GLENN ROSS CADDY,
21    PH.D., PLAINTIFF'S TESTIFYING EXPERT, DISCUSSING THE MARCH TEST
22    RESULTS.
23         SO I THINK AT MINIMUM THEY CAN PRODUCE THAT.  THEY'VE
24    ALREADY LOGGED IT, THEY MUST HAVE IT.  AND I THINK BEYOND THAT
25    WE CAN -- WE SHOULD BE ABLE TO GO TO DR. BERCAW AND SAY, WELL,
```

```
 1  YOU -- WHATEVER COMMUNICATIONS YOU GOT, THE REPORT THAT YOU
 2  SAID THAT YOU WOULD PRODUCE, THE COURT HAS NOW SAID, GO AHEAD
 3  AND PRODUCE THAT.
 4          AND I THINK THAT GETS US THE INFORMATION THAT IS
 5  OBVIOUSLY OUT THERE AND THAT DR. CADDY OBVIOUSLY CONSIDERED IN
 6  SOME RESPECT.
 7          THE COURT:  OKAY.  SO I'M LOOKING AT DOCKET ENTRY
 8  54-2, ITEM NUMBER THREE, A TWO PAGE LETTER DATED MAY 6TH, 2016,
 9  FROM DR. BERCAW TO DR. GLENN ROSS CADDY, PH.D., PLAINTIFF'S
10  TESTIFYING EXPERT DISCUSSING THE MARCH TEST RESULTS.
11          YOU HAVE THAT --
12          MR. AMLONG:  NO, I DON'T.
13          THE COURT:  -- ACCORDING TO THE PRIVILEGE LOG?
14          MR. AMLONG:  NO, I DON'T.
15          I WAS -- I WAS TOLD ABOUT IT.  I -- WHO TOLD ME I HAVE
16  NO RECORD OF.  I SPENT HOURS LAST NIGHT LOOKING THROUGH MY
17  NOTES TRYING TO FIND IT.  I DON'T KNOW WHERE I FOUND THAT OUT.
18  I'VE BEEN ATTEMPTING TO OBTAIN THAT LETTER FROM MR. PATTERSON,
19  FROM DR. CADDY SINCE THEN.  I HAVE BEEN UNABLE TO DO SO --
20          THE COURT:  HOW ABOUT FROM DR. BERCAW, THE AUTHOR OF
21  THE LETTER?
22          MR. AMLONG:  I HAVE NOT TRIED TO GET IT FROM
23  DR. BERCAW.
24          THE COURT:  OKAY.  SO TRY TO GET IT FROM HIM.
25  PRESUMABLY HE KEEPS RECORDS OF HIS CORRESPONDENCE AND DOESN'T
```

```
 1  DELETE THAT.
 2          ALL RIGHT.  SO YOU'RE REQUIRED TO PRODUCE THAT OR
 3  DR. BERCAW IS ALLOWED TO PRODUCE THAT PURSUANT TO HIS SUBPOENA.
 4          MR. AMLONG:  MAY I --
 5          THE COURT:  WHAT ELSE?
 6          MR. AMLONG:  MAY I MAKE THESE THREE E-MAILS FOR THE
 7  RECORD, YOUR HONOR?
 8          THE COURT:  SAY AGAIN?
 9          MR. AMLONG:  MAY I MAKE THESE THREE E-MAILS AS PART OF
10  THE RECORD?
11          MR. HOLT:  YOUR HONOR, THIS IS A NON-EVIDENTIARY
12  HEARING.  I APPRECIATE THAT --
13          THE COURT:  IT IS NOT AN EVIDENTIARY HEARING.
14          MR. HOLT:  -- HE WANTS TO ADD EVIDENCE.
15          THE COURT:  THIS IS NOT AN --
16          MR. AMLONG:  MAY I --
17          THE COURT:  BUT YOU CAN PUT THEM ON THE RECORD.  FEEL
18  FREE TO DO THAT.
19          HAND THEM TO MY CLERK.
20          ALL RIGHT.  WHAT ELSE?
21          THE CLERK:  (INAUDIBLE)
22          THE COURT:  WHAT ELSE?  WHAT ELSE -- WHAT ELSE CAN
23  YOU --
24          MR. HOLT:  YOUR HONOR --
25          THE COURT:  -- IDENTIFY FROM THE RECORDS THAT HAVE
```

```
 1   BEEN PROVIDED?
 2          MR. HOLT:  WE KNOW THAT THERE WAS A REPORT PREPARED BY
 3   DR. BERCAW SUMMARIZING ALL OF HIS FINDINGS WHICH I DON'T KNOW
 4   IF THAT'S THE SAME TWO PAGE LETTER OR NOT.
 5          AND SO, WE THINK THAT SINCE THAT REPORT IS GOING TO
 6   HAVE INFORMATION ABOUT THE FINDINGS, THE VERY SAME FINDINGS HE
 7   DISCUSSED WITH DR. CADDY, THAT THAT REPORT AUGHT TO BE
 8   PRODUCED.
 9          MR. AMLONG:  I HAVE BEEN ASKING -- I ASKED DR. BERCAW
10   FOR THAT REPORT IN I BELIEVE 2016, AND I HAVE NOT GOTTEN IT
11   FROM HIM.  I DON'T HAVE THAT REPORT.
12          MR. HOLT:  YOUR HONOR, DR. BERCAW SAID HE WOULD
13   PROVIDE THAT IF WE HAD A COURT ORDER.
14          THE COURT:  ALL RIGHT.  I WILL REQUIRE DR. BERCAW TO
15   PROVIDE IT.
16          MR. HOLT:  THANK YOU, YOUR HONOR.
17          MR. AMLONG:  MAY WE HAVE A STAY SO I MAY APPEAL THIS?
18          THE COURT:  SAY AGAIN?
19          MR. AMLONG:  MAY WE HAVE A STAY SO I MAY APPEAL THIS?
20          THE COURT:  NO, YOU MAY NOT.
21          ALL RIGHT.  WHAT ELSE?
22          SO LET ME MAKE SURE I DO THIS ORDER CORRECTLY.
23          ITEM THREE IN DOCKET ENTRY 54-2 AND DR. BERCAW'S
24   REPORT.
25          MR. HOLT:  AND, YOUR HONOR, WE BELIEVE THAT ANY
```

```
 1  COMMUNICATIONS BETWEEN DR. BERCAW AND DR. CADDY WOULD BE ALSO
 2  DISCOVERABLE UNDER THE SAME RATIONALE.  AND SO, WE THINK
 3  THAT -- WE WOULD ASK THAT WHATEVER THE COURT'S ORDER IS STATE
 4  THAT SO THAT WE CAN ASK DR. BERCAW TO PROVIDE THOSE.
 5           THE COURT:  ANY WRITTEN COMMUNICATIONS?
 6           MR. HOLT:  CORRECT, YOUR HONOR.
 7           THE COURT:  BETWEEN DR. B. AND DR. C.
 8           OKAY.  THE RULE PROVIDES THAT ANYTHING -- AGAIN TO
 9  RESTATE MY RULING.
10           THE RULE PROVIDES ANYTHING CONSIDERED BY THE
11  TESTIFYING EXPERT IS DISCOVERABLE.  BASED ON THE DEPOSITION
12  TESTIMONY OF DR. CADDY I FIND THAT THESE THREE ITEMS ARE
13  DISCOVERABLE BECAUSE HE, AS I INTERPRETED IT, CONSIDERED THESE
14  MATTERS AND REJECTED THEM AS OPPOSED TO PLAINTIFF'S PROPOSED
15  INTERPRETATION THAT HE NEVER EVEN CONSIDERED THEM BECAUSE HE
16  HAD COMMUNICATIONS ABOUT THEM.
17           MR. AMLONG:  YOUR HONOR --
18           THE COURT:  ANYTHING ELSE?
19           MR. AMLONG:  FOR THE RECORD, YOUR HONOR.  AND
20  DR. CADDY IS HERE TO TESTIFY TO THIS THAT THE ONLY
21  COMMUNICATIONS HE HAD -- THE ONLY COMMUNICATIONS THAT DR. CADDY
22  RECALLS HAVING WITH DR. BERCAW IS A PHONE CALL IN WHICH HE
23  QUESTIONED HIM WHICH DR. BERCAW SAID, OKAY.  YEAH, IT'S GOOD.
24  HE SAID IT WAS GENERALLY GOOD.
25           THE COURT:  RIGHT.
```

```
 1              MR. AMLONG:  AND BY THIS TIME HE HAD -- DR. CADDY HAD
 2  ALREADY DETERMINED HE WAS NOT GOING TO CONSIDER THIS BECAUSE IT
 3  WAS NOT DONE BY DR. BERCAW.
 4              THE COURT:  OKAY.  BUT THERE IS -- THERE IS A
 5  DISCUSSION ABOUT THE TEST AND THERE IS A LETTER ABOUT THE TEST
 6  SO THAT THEREFORE THE TEST SHOULD BE INCLUDED IN THE
 7  PRODUCTION.
 8              BASICALLY I AM REQUIRING COMMUNICATIONS ABOUT THE TEST
 9  AND THE TEST ITSELF.  SO THAT'S MY RULING.  YOU WILL RECEIVE A
10  WRITTEN ORDER.
11              I AM SORRY THAT ALL THESE PEOPLE CAME.  I DID NOT
12  ENVISION THIS BEING AN EVIDENTIARY HEARING AT ALL.  I DID NOT
13  SET IT AS SUCH AND I ONLY ALLOTTED HALF AN HOUR FOR THE MATTER
14  BECAUSE I HAVE ANOTHER MATTER COMING UP.  ALL RIGHT?
15              MR. AMLONG:  BY WHEN DO YOU WISH THIS DONE?
16              THE COURT:  WHAT'S YOUR SCHEDULE LIKE?
17              MR. HOLT:  RIGHT NOW, YOUR HONOR, DISCOVERY IS ALREADY
18  CLOSED.  WE ARE BRIEFING SUMMARY JUDGMENTS AT THIS POINT.  I
19  KNOW THAT THERE IS -- THEY FILED A MOTION IN LIMINE THAT WE
20  JUST RESPONDED TO.  SO I THINK IT'S -- IT'S GOT TO BE FAIRLY
21  TIGHT.
22              THE COURT:  OKAY.
23              MR. HOLT:  TEN DAYS PERHAPS?
24              THE COURT:  TEN DAYS.
25              ALL RIGHT.  BUT AT THE SAME TIME I THINK THAT
```

```
 1  PLAINTIFF HAS TO PRODUCE IT.  BUT ALTERNATIVELY DR. BERCAW MAY
 2  PRODUCE THEM IN RESPONSE TO THE SUBPOENA, AND I THINK YOU
 3  NEEDED SOME KIND OF A HIPPAA ORDER TO PROTECT HIM?
 4          MR. HOLT:  YES, YOUR HONOR.
 5          THE COURT:  DO YOU HAVE THAT?
 6          MR. HOLT:  WE CAN SUBMIT THE PROPOSED ORDER IF YOUR
 7  HONOR --
 8          THE COURT:  ALL RIGHT.  SUBMIT AGREED HIPPAA ORDER.
 9          MR. HOLT:  OKAY.  THANK YOU, YOUR HONOR.
10          THE COURT:  OKAY.
11          MR. AMLONG:  ONCE AGAIN, MAY I REQUEST A STAY SO I CAN
12  APPEAL THIS ORDER?
13          THE COURT:  WELL, YOU DON'T NEED A STAY.  I'M
14  REQUIRING THAT THEY RESPOND IN 10 DAYS.  YOU HAVE PLENTY OF
15  TIME.
16          MR. AMLONG:  OKAY.
17          THE COURT:  THANK YOU.
18          MR. AMLONG:  THANK YOU.
19          MR. HOLT:  THANK YOU, YOUR HONOR.
20          THE CLERK:  ALL RISE.
21                          - - -
22
23
24
25
```

```
 1
 2
 3                    C E R T I F I C A T E
 4
 5
 6  UNITED STATES OF AMERICA
 7  SOUTHERN DISTRICT OF FLORIDA
 8
 9
10         I, CARL SCHANZLEH, OFFICIAL COURT REPORTER OF THE UNITED
11  STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, DO
12  HEREBY CERTIFY THAT THE FOREGOING 18 PAGES CONSTITUTE A TRUE
13  TRANSCRIPT OF THE PROCEEDINGS HAD BEFORE THE SAID COURT HELD IN
14  THE CITY OF MIAMI, FLORIDA, IN THE MATTER THEREIN STATED.
15         IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS
16  23RD DAY OF FEBRUARY 2019.
17
18                              /S/CARL SCHANZLEH
                                CARL SCHANZLEH, RPR-CM
19                              CERTIFIED COURT REPORTER
                                9960 SW 4TH STREET
20                              PLANTATION, FL 33324
                                TELEPHONE 954 424-6723
21
22
23
24
25
```