| | |
|---|---|
| From: | Scott |
| To: | wramlong@theamlongfirm.com; noel.c.pace.esq@gmail.com; kamlong@theamlongfirm.com |
| Subject: | Email |
| Date: | Wednesday, September 19, 2018 1:07:45 PM |

**PLAINTIFF'S EXHIBIT 32**

Bill

Dr Caddy communicated with me a number of times in our discourse saying it was "his sense" the report was inadequate/ (lacking)(weak) for my purposes. He even wrote that in an email to me from day one. I didn't have to see the report, just take Caddy's word for it, I got taken. He also advised me that I had wasted several thousand dollars by going to see Bercaw in light of Fonseca and the proximity to Knippa. How would he know about that? Isn't American going to latch onto this too? They latched onto and abused the play ball comment with the email we submitted in court. Bercaw cleared that up in his testimony.

American presented the email at deposition and my reply was no file attached, I didn't recall the report. Didn't you also say we had no record of Bercaw at the deposition, yet we have this string of emails between Bercaw and Caddy and you?

I spoke to Dr. Kantor (Bercaw's boss) before going to see Knippa. We also had a lengthy phone call with Dr. Kay and Kantor before Knippa. So Comp Med Psych was not concealed from Kay, he knew who I was and the circumstances behind the referral to Dr. Knippa. When I pulled the plug on Kantor for non HIMS certification, Bercaw was plugged as a substitute. Bercaw says in his deposition that he would not have given the testing so soon following Knippa, but Dr. Kantor told him to go ahead and do it anyway. Obviously Kantor wanted the money he thought he could make off me. Every case out here I have seen is about extorting money from rich airline pilots. Me being a pilot, we are mission hackers and get the job done should not have gone. Caddy educated me that such testing needed to be done under strictly controlled circumstances that were not followed in accordance with the testing guidelines.

Caddy being poisoned or compromised by his communication with Bercaw should have been killed off as an expert witness early on before we spent tens of thousands of dollars. I expressed my frustration over the billing to Caddy in the same email you reference. I am perplexed as to how this slipped through the cracks. I didn't know the federal rules of evidence but had I known them Caddy would not have been presented as an expert. in the meantime we have other experts listed and should rehabilitate them. Why was Kay not listed as the expert. This leads to another question, how viable is Doctor Caddy moving forward.

I also raised the production of Dr. Caddy as an expert witness without this HIMS certfication in our conversations and his suitability as an expert witness. The APA was adamant Caddy was not sufficient yet we proceeded.

Dr. Caddy told me that Kay did not have a copy of the Knippa report, yet Kay chimes right in on the pertinent parts of Knippa's report. Kay got the report from Knippa. Kay

also has access to every Cogscreen given in the US. It is highly unlikely that he was unaware of the Bercaw interaction given that access and the phone conversation. He got Knippa's Cogscreen results right from his own proprietary system so Bercaws results were right there too.

Dr Caddy also advised me a number of times that he was speaking with you regarding the case and there are a number of ledger entries for your time. So I am perplexed as to the absence of counsel in all of this particularly, when Bercaw says he was going to send you the report and apparently didn't not. Bercaw even refused to discuss anything with Dr. Caddy without an additional fee from me which you were made aware of and thus my play ball elsewhere comment which American has abused. I even sent Bercaw an email saying we never discussed the report. Bercaw acknowledges that he didn't feel the need to respond to my email to Caddy about being ripped off and apparently didn't respond to my email about the discussing of his report either so which on is it.

On 4/23, Bercaw even sent an email to both of us saying he would send you a copy of the report and this after he acknowledged I had authorized him to communicate with you. You even emailed Bercaw and advised him your were my counsel. Yet why didn't he send you the report and why so much frustration over not having the report? From our conversation last week, you advised me that I had pulled the authorization to communicate with you from Bercaw. I never pulled the consent for Bercaw to communicate with you. Bercaw even acknowledges later that consent and he would send you the report and didn't Why?

I didn't need to see the report when he said, the best thing to do is send this to the FAA and let them opine, if they want more testing I will be available to perform it. Sounded like a cottage industry setting up to get more money. That is not how things are done and if I were unfit to fly Bercaw would have had an obligation to notify the FAA to pull my medical immediately. In fact he had an obligation to stop me from piloting not only myself but my children home, which he had full knowledge that I was doing. He did not nor did he say anything so that pretty much closes the argument on fitness for duty. As much of a hatchet job as Knippa had done, he didn't send his report to the FAA, he had no grounds.

Bercaw did generate a letter to Caddy about the report which he appears to have mailed to Caddy. It was addressed to him with his postal address. So we can assume it was mailed to Caddy and that is how he came into possession of the letter which was apparently handed to me and Shellhouse at some point. A letter which for some reason Caddy did not retain in his files.

Email strings: I have one from Yasmin on the 7th of September to which I responded and later the 12th to which I replied on the 13th to you, I have not received an email on the 8th.

I would like to clear this issue up and move forward. We need to take a clear assessment of where we are moving forward.

As I stated last week, we have not ever gotten a copy of the Corporate Security Report. APA demanded this years ago and the company can't find it. In my research, I have come across a rule 37 inference. Karen mentioned we could ask for that in jury instructions. Seems a little late or throwing that to chance for me. Are we too late to ask for that now?

We also discussed Holt suppressing the Bercaw May 6 letter to Caddy which you disclosed to American in amended production. The tactic at the moment was asking if we should do a supplemental reply to Holt's Summary Judgment motion and include the letter.

I am also concerned that Otazo Reyes has a bias toward us because of the sanctions. What your thoughts?

v/r

SP