UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

    Plaintiff,

vs.

AMERICAN AIRLINES, INC.,
a Delaware corporation,

    Defendant.
_____/

**Plaintiff's Unopposed Motion Out of Time to Enlarge Time to File Evidentiary Hearing Exhibits and Deem Timely Filed**

The Amlong Firm pursuant to Fed. R. Civ. Pro. 6 and Local Rule 7.1, moves for entry of an order granting leave to file its Evidentiary Hearing exhibits out of time by 27 minutes and deem them timely filed and states as grounds:

    1.    <u>Nature of the Action</u>. This is an action for military-status discrimination, brought by Rodney Scott Patterson, a lieutenant colonel in the United States Army Reserve and a first officer for American Airlines. He sues pursuant to the Uniform Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311(b)(1). On August 26, 2019, the parties and The Amlong Firm came before the Honorable Alicia Otazo-Reyes for an evidentiary hearing on defendant, American Airlines, Inc.'s Motion for Sanctions.

2.     Relief sought.  Pursuant to Local Rule 5.3, The Amlong Firm's exhibits offered and admitted as evidence during the August 26, 2019 evidentiary hearing were due to be filed by September 5, 2019.  Undersigned counsel attempted to upload and file all exhibits timely, but was unable to do so due to technical difficulties.  While undersigned counsel anticipated and planned for the lengthy process involved in uploading the 28 exhibit-attachments to The Amlong Firm's Index of Exhibits, she did not anticipate that at least seven of the exhibit-attachments were at first in a format the CM/ECF service did not recognize — of which she was only made aware when the entire filing was rejected at least four times.  When undersigned attempted to submit the filing together with exhibit-attachments the first time prior to the midnight deadline, the entire submission was kicked back, identifying only Attachment 1/Exhibit 2c as the problematic file, but without specifying the precise problem.  It took two attempted uploads for undersigned to identify that the issue with Attachment 1/Exhibit 2c was that it, as an e-mail, contained active hyperlinks to e-mail addresses, which the CM/ECF system did not accept.  Undersigned altered the format to Attachment 1/Exhibit 2c, re-uploaded again, and while the CM/ECF system appeared to accept Attachment 1/Exhibit 2c, it then rejected the entire filing again, this time identifying only the next attachment-exhibit in line, apparently because it also contained active e-mail hyperlinks.  Undersigned quickly identified the problem, reviewed all remaining 27 exhibits-attachments and reformatted all containing active e-mail hyperlinks.  After doing so and uploading for the approximate fifth time, the CM/ECF system

finally accepted the filing and all of the attachment-exhibits. Undersigned then immediately began drafting the instant motion.

3.      Accordingly, The Amlong Firm moves for leave to accept the filed exhibits 27 minutes out of time and deem them timely filed.

4.      Federal Rule of Civil Procedure Rule 6(b) provides that when a motion for extension of time is made after a deadline has expired, the court is permitted to grant an extension, "if the party failed to act because of excusable neglect." Walter v. Blue Cross & Blue Shield United of Wisconsin, 181 F.3d 1198 (11th Cir. 1999); Fed. R. Civ. Proc. 6(b)(1)(B).

5.      Excusable neglect is determined by assessing factors which include: (1) the danger of prejudice to the non-movant, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, (4) and whether the movant acted in good faith. Advanced Estimating System, Inc. v. Riney, 130 F.3d 996, 997-98 (11th Cir. 1997) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship, 507 U.S. 380, 395 (1993)). However, "the absence of prejudice to the nonmoving party" and "the interest of efficient judicial administration" are to be afforded "primary importance." Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (citation omitted). See also Brother v. Rossmore Tampa L.P., Case No. 8:03-cv-1253-T-24MAP, 2004 U.S. Dist. LEXIS 28524, at *2-6 (M.D. Fla. Aug. 19, 2004) (court considered a response in opposition to a motion for summary judgment that was filed three weeks late).

6. Here, defendant will not be prejudiced, nor the Court unduly delayed, by the 27-minute extension that occurred after working hours. Undersigned counsel regrettably had and has very limited experience in uploading several attachments to the CM/ECF service, and did not know that the exhibit-attachments contained several active email hyperlinks (since she did not prepare the exhibits) nor that the CM/ECF system did not accept them, until the filing process was underway. While she planned for the additional time likely necessary to upload several attachment-exhibits, she did not anticipate that she would spend over an hour identifying and correcting format errors.

7. <u>Certificate of Conferral</u>.  Pursuant to Local Rule 7.1, The Amlong Firm has conferred with counsel for defendant about defendant's position on relief sought in this motion, and defendant does not object to it.

Wherefore, The Amlong Firm moves for entry of an order granting this motion and granting plaintiff such other and further relief as this Court deems appropriate.

**THIS SPACE LEFT INTENTIONALLY BLANK**

Respectfully submitted,

*/s/ Isha Kochhar*
WILLIAM R. AMLONG
WRAmlong@TheAmlongFirm.com
Florida Bar Number 470228
KAREN COOLMAN AMLONG
KAmlong@TheAmlongFirm.com
Florida Bar Number 275565
ISHA KOCHHAR
Florida Bar Number 105294
IKochhar@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth St., Second Floor
Fort Lauderdale, Florida 33301
(954) 462-1983

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using the ECF system of the Southern District of Florida this 6th day of September, 2019 and thereby served on all counsel or parties of records and by electronic mail the same day upon the plaintiff, Rodney Scott Patterson, 1092 NW 39th Terrace, Pembroke Pines, FL 33028, (702) 231-0909, aa737drvr@aol.com and Noel Christian Pace, Esquire, 206 NW 91st Street, El Portal, FL 33150, noel.c.pace.esq@gmail.com.

*/s/ Isha Kochhar*
ISHA KOCHHAR

\\amlong3\cpshare\CPWin\HISTORY\190708_0001\1538.2F5

\\amlong3\cpshare\CPWin\HISTORY\190708_0001\1538.2F5