UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Fort Lauderdale Division

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

Lt. Col. RODNEY SCOTT PATTERSON

    Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

    Defendant.

_____/

FILED BY _____ D.C.

SEP - 6 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**<u>Plaintiff Lt. Col. Rodney Scott Patterson's Expedited Motion to Strike Defendant's Motion for Sanctions and or stay of Proceedings</u>**

Pursuant to Federal rule of Civil Procedure 12(f), Plaintiff Lt. Col Rodney S. Patterson, moves this Court to strike in its entirety the Defendant's Motion for Sanctions Against the Plaintiff and his attorneys [DE 154] or in the alternative to stay these proceedings pending a decision by the 11th Circuit Court of Appeals regarding the Plaintiff's appeal which is based on judicial error.

The grounds for this motion are that the defendant seeks relief not available to it, the defendant repeatedly invites this Court to commit judicial error, said demands are without basis in the law and seek to have this Court address issues which are reserved for the executive branch, the Federal Aviation Administration and seek to bypass numerous due process rights of the Plaintiff, are thus immaterial and impertinent. The Defendants' stock in trade is to repeatedly intimidate the Plaintiff and his attorneys and is employed for the unlawful purpose of dissuading the Plaintiff, his attorney or any other service members who would dare challenge their unlawful activity. USERAA is a National Defense Law and the preamble to the law states it is to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment. It is to minimize disruption to the lives of those members by providing for prompt re-employment and to prohibit discrimination against persons because of their service in the uniformed services. USERRA was in no way promulgated by Congress for the benefit of employers.

In support, Plaintiff submits Plaintiff's Brief in Support of Motion to Strike Defendant's Motion for Sanctions filed herewith.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order striking Defendant's Motion for Sanctions in its entirety.

## *PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S MOTION FOR SANCTIONS*

Pursuant to SDFL-LR 7.1, plaintiff Lt. Col Rodney S. Patterson ("Plaintiff") submits this brief in support of his Motion to Strike Fee Demand being filed simultaneous herewith pursuant to Federal Rule of Civil Procedure 12(f).

American's Motion for Sanctions is completely negated by many factors, but most importantly, the consultation with Dr. Bercaw/Fonseca was in anticipation of litigation and not for the evaluation and treatment of a medical problem. The evaluation with Dr. John Knippa, which was ordered by the defendant under the threat of termination, was likely a violation of USERRA in that American placed an unlawful prerequisite to Lt. Col Patterson being properly reemployed after military leave. American never intended to make whole Lt. Col Patterson.

Despite strict instruction for Dr. Bercaw to forward his findings only to the Plaintiff's lawyer, William Amlong, Dr. Edwin Bercaw did not comply with that request, as Amlong, Attorney Noel Pace nor any of the Plaintiff's former counsel were ever sent the report. Likely because as Bercaw testified he shouldn't have conducted any testing on Patterson so soon on the heels of that done by Knippa in California. In fact, Bercaw sought to justify the testing which he knew to be improper with his boss Dr. Jeffrey Kanter, who advised Bercaw that since Patterson was paying cash to in effect go ahead take his money. It is important to note, Neuropsychological testing was not have been covered under Patterson's military health insurance as it was not medically necessary. Patterson consulted with Kanter, Bercaw and Fonseca in anticipation of litigation

Dr. Glenn Caddy, the plaintiff's expert witness testified that he had not seen the report in 2016 and in fact it was Caddy who informed the Plaintiff that Bercaw's report was worthless since most of the work had been done by an unsupervised resident who was not qualified under FAA standards to conduct such testing. Bercaw also testified at the hearing that he had been trained on the Cogscreen by Dr. Kanter and not Dr. Kay. Dr. Gary Kay, also confirmed this in his deposition and stated that the FAA would not accept the results of testing conducted without at least 6 weeks interval. Dr. Caddy advised the Plaintiff he would have to repeat testing with Dr. Kay, in which the testing conditions would be highly standardized

On May 6, 2016 Bercaw apparently mailed a summary letter to Dr. Caddy in which he stated the results were generally good which is in stark contrast to American's assertions of performed miserably. This letter was also shared with Patterson's union. Subsequently the court, despite strong evidence that the report was produced exclusively in anticipation of litigation and thus was privileged ordered the production of the worthless Bercaw/Fonseca report. American's lead counsel then in bad faith filed a copy of the report omitting a copy of the summary letter.

In short, through subsequent discovery, hearings and filings it is clear that this report from Dr. Bercaw/Fonseca was exclusively sought in anticipation of litigation, was and still is privileged. Moreover, it is also clear that, Plaintiff, Plaintiff's lawyers and testifying expert never received or viewed the report until Michael Holt filed it on July 2, 2018, and as such none lied to the court, committed fraud on the court, or were involved with any alleged and/or bad faith sanctionable conduct. But not for Plaintiff's former attorney's, sloppy legal work in releasing privileged information, Plaintiff's former attorney, Isha Kochar released privileged communications between Patterson and his union to the defendant. Kochar then concealed from Patterson the true nature of

an evidentiary hearing, in which Patterson's union dispatched three attorneys to claw back privileged information between Patterson and his union attorney.

1. ***Prima Facie Violation*** -- Defendant proudly opens its Motion with the statement under Relevant Facts, "As demonstrated in American's summary judgment motion, American withheld the Plaintiff from duty on September 24, 2015 after a long-time pilot filed a workplace harassment complaint." American by its own words has admitted that it violated USERRA. First and Foremost, the Defendant has misled the Court and in effect asked this Court to re-write USERRA to suit its own desires. American has never come into compliance with USERRA, 38 U.S.C. § 4312. On September 24, 2015 American unlawfully changed Lt. Col. Patterson's status and those unlawful acts were foreseen by Congress within USERRA 38 U.S.C. §§ 4301 et. seq. Lt. Col. Patterson has established to this Court that he was performing service in the uniformed services from 22 Sept through 25 Sept 2015. American Airlines chief pilot, James Bonds acknowledged and admits that Lt. Col. Patterson provided advance notice of his intended military service. Given that service was less than 30 days, Patterson's only obligation was to return to work on the next scheduled work day, which he would have had American not unlawfully changed his status and thereby improperly re-employed him.[1] It is important for the Court to understand the genesis of American's unlawful acts and how Congress intended for the law to be implemented and how numerous Circuits, including this Court and the 11th Circuit have interpreted and ruled that the Defendants actions likely violated the provisions of USERRA.

Three Employer Statutory Defenses are codified in 20 C.F.R § 1002.139 and American's defenses in this case will all fail under § 1002.139 for a violation of USERRA  A. Change in

---

[1] 20 C.F.R. § 1002.121 and § 1002.122

employer circumstances such as the need to furlough, (American is short on pilots and has been hiring since 2015)  B. Undue hardship [2]  C. Employment position vacated for military service was for a brief non-recurring period and there was no expectation that the employment would continue for an indefinite period.

American remains strictly liable and solely responsible for properly re-employing Lt. Col. Patterson.  Even if American's assertions about Patterson's cognitive abilities were true, which they are certainly not, American could not declare Patterson "Unfit to Fly" and thereby terminate his employment which is certainly what its supervisor did and made a Cat's Paw of American's Management.  American's fig leaf defenses quickly evaporate under the three statutory defenses and American's assertions of being harmed by the Plaintiff are specious.  The employer bears the burden of proving by a preponderance of the evidence any of the affirmative defenses that it asserts. [3]  Moreover, because USERRA is to be construed broadly in favor of a returning servicemember, the affirmative defenses must be construed narrowly against an employer who seeks to avoid re-employment.  All the affirmative defenses are objective and do not rely on the intent of the employer.  An employer may not defend its failure to reemploy a reemployment eligible employee on the grounds that it intended to terminate the employee before the employee left for military service.  Nor may the employer rely on the absence of discriminatory intent for failing to properly reemploy the employee.  Similarly, American may not rely on mistaken beliefs about Lt. Col. Patterson's USERRA rights as a defense to proper reemployment which Patterson was eligible.  Congress created a simple right to protect servicemembers.

---

[2] Jan 24, 2019 - Reported the best year ever at **American Airlines** Cargo, with a record $1 billion in revenue and 2 billion pounds of freight delivered. Ended 2018 with approximately $7.6 billion in total available liquidity, comprised of unrestricted **cash** and investments of $4.8 billion and $2.8 billion in undrawn revolver capacity
[3] 38 U.S.C.A. § 4312(d)(2), 20 C.F.R. § 1002.139(d) See Bradberry v. Jefferson County, Tx, 731 F.3d 540,547,197 L.R.R.M

American clearly relied on faulty and invalid defenses, of its unlawful acts in violation of USERRA on brilliant display and used those defenses to repeatedly entice the Court to ignore the provisions of the law. American in bad faith and with reckless disregard for the proper reemployment provisions of USERRA conducted a sham investigation of facts it had already determined by Corporate Security to be untrue, for nearly 5 months, while unlawfully denying Lt. Col Patterson the benefits of said employment. When the Defendants' sham investigation failed as it should have give the complainant's, (Glenn Whitehouse's) preposterously false allegations and assertions that he could "see through steel jet bridges and aircraft interiors", the Defendant then unlawfully established a prerequisite to employment by requiring Lt. Col. Patterson to submit to an examination which was directed unlawfully under the threat of termination. (See 38 U.S.C.A. § 4302 (b). Therefore, the Defendant's actions downstream of the unlawful prerequisites should be considered the Fruit of a Poisonous Tree, wholly inadmissible and pretextual.

(2) ***False Claims and Contractual Obligations to the United States--*** Not one week prior to the evidentiary hearing in Miami on 26 August, 20191, the United States Department of Justice announced that American Airlines would ***pay $22.1 million dollars*** to the United States for falsely reporting mail delivery times in order to receive payment under a contract with the U.S. Postal Service. American sought to avoid penalties for mail that was delivered late or to the wrong location. The Postal Service alleged that American falsely reported the mail delivery times and defrauded the American people a violation of the False Claims Act. (See Exhibit 1) The Department of Justice vigorously pursues all manner of fraudulent conduct that undermines the benefits the government has bargained for. The Defendant has demonstrated a pattern of conduct which was intended to receive compensation which it was not entitled to.

The Defendant is admittedly a contractor for the Federal Government with contracts exceeding $1 billion U.S. dollars and as such has obligations to protected and disabled veterans under The Vietnam Era Veteran's Readjustment Assistance Act of 1974 (VEVRAA) [4] The Act requires federal contractors to take affirmative action to employ and advance in employment qualified covered veterans. Four categories of Veterans are defined by the Act, not just Vietnam Veterans. The Plaintiff falls into at least two of those categories and possibly now a third category. The contractor and subcontractor shall abide by the requirements of 41 CFR 60-300.5(a) which prohibits discrimination against qualified protected veterans and requires affirmative action by covered prime contractors and subcontractors to employ and advance in employment qualified protected veterans. USERRA and VEVRAA are two separate laws. Compliance with one doesn't mitigate the other. Aggrieved individuals may be provided relief in the form of back pay and other make-whole relief Interest on back pay may be awarded and is to be compounded quarterly at the percentage rate established by the Internal Revenue Service for underpayment of taxes. Additionally, the following sanctions and penalties potentially may be imposed on contractors that violate the requirements of VEVRAA or the regulations. Withholding progress payments due on a federal contract, cancellation or termination of a federal contract; and debarment from receiving future federal contracts. The enforcement of VEVRAA is a function of the executive branch, and enforcement proceedings/suits are brought by governmental action. VEVRAA is presented here for context, One to show that Lt. Col Patterson was likely defrauded of his employment benefits and that American couldn't just toss him a protected Veteran on the street over contrived allegations which the defendant to this day has not submitted on shred of evidence to support. Two, American has been cited in a number of recent publications as colluding with federal

---

[4] Provisions of VEVRAA applicable to employment under government contracts are codified at 38 U.S.C.A. § 4212. as amended.

investigators to dig up dirt on problem pilots as well as falsifying mail delivery times to get paid by the U.S. taxpayer. Three, the plaintiff submitted to this court a letter to the Department of Labor in which counsel for American Airlines asserts an improper defense and then describes a fabricated conversation between Patterson and his supervisor Bonds which was belied by Bond's testimony in March 2018. Four American's conduct throughout the litigation has been quite hypocritical and should give this Court great pause. American's conduct must be addressed, otherwise its behavior will be promoted against future potential plaintiffs. The Plaintiff has requested American to come fully into compliance with VEVRAA and as of this date, American has not responded. American clearly didn't meet its contractual obligations to the United States under the Postal Contract and it is clear that American is not meeting its contractual obligations under VEVRAA by seeking to improperly litigate its responsibilities and deceive the Court and the Plaintiff. American requests legal fees and expenses which have been addressed in a separate motion, however had American complied with the law and its obligations in Sept 2015, the resultant protracted legal dispute and waste of the Courts most valuable resources would have been avoided.

(3) ***Due Process and Executive Branch Jurisdiction--*** American has repeatedly sought to deny the Plaintiff his rights and due process. The Federal Aviation Administration [5] is tasked by Congress with the issuance of certificates and determination of qualifications of certificated airmen in the United States. Commercial airline pilots are required to undergo a physical examination with a specially designated examiner once every 6 months and to receive an Airman Medical First Class prior to operating a civil aircraft as a crewmember. The Federal Air Surgeon can reverse the

---

[5] The Federal Aviation Administration (**FAA**) is the agency of the United States Department of Transportation responsible for the regulation and oversight of civil aviation within the U.S., as well as operation and development of the National Airspace System. Its primary mission is to ensure safety of civil aviation.

issuance of an Airman Medical Certificate for up to 60 days following its issuance. [6] In August, 2018 the Plaintiff applied for and was issued an Airman Medical Certificate First Class which permitted him to continue operating a Boeing 767 Aircraft the same one he did for American, albeit this instance as pilot in command. Mistakes if any, in previous applications were corrected and the Federal Air Surgeon continued to issue the Plaintiff a medical certificate. The defendant's expert could have contacted the FAA if there were serious concerns about the Plaintiff's medical condition. However, neither Knippa, Bercaw or Kay saw fit to exercise this prerogative. Even the other physicians consulted in anticipation of litigation could have contacted the FAA had they posed a legitimate concern. Likely none did because in reality there was nothing to see. American certainly wanted there to be something. American wanted to test the waters for a new affirmative defense. The Plaintiff's record as a military officer holding a Top-Secret Clearance and history as a pilot thoroughly discredit American's assertions that the Plaintiff was "Not fit for duty". The

---

[6] 14 CFR § 67.407 Delegation of authority. (a) The authority of the Administrator under 49 U.S.C. 44703 to issue or deny medical certificates is delegated to the Federal Air Surgeon to the extent necessary to -(1) Examine applicants for and holders of medical certificates to determine whether they meet applicable medical standards; and (2) Issue, renew, and deny medical certificates, and issue, renew, deny, and withdraw Authorizations for Special Issuance of a Medical Certificate and Statements of Demonstrated Ability to a person based upon meeting or failing to meet applicable medical standards.(b) Subject to limitations in this chapter, the delegated functions of the Federal Air Surgeon to examine applicants for and holders of medical certificates for compliance with applicable medical standards and to issue, renew, and deny medical certificates are also delegated to aviation medical examiners and to authorized representatives of the Federal Air Surgeon within the FAA.(c) The authority of the Administrator under 49 U.S.C. 44702, to reconsider the action of an aviation medical examiner is delegated to the Federal Air Surgeon; the Manager, Aeromedical Certification Division; and each Regional Flight Surgeon. Where the person does not meet the standards of §§ 67.107(b)(3) and (c), 67.109(b), 67.113(b) and (c), 67.207(b)(3) and (c), 67.209(b), 67.213(b) and (c), 67.307(b)(3) and (c), 67.309(b), or 67.313(b) and (c), any action taken under this paragraph other than by the Federal Air Surgeon is subject to reconsideration by the Federal Air Surgeon. A certificate issued by an aviation medical examiner is considered to be affirmed as issued unless an FAA official named in this paragraph (authorized official) reverses that issuance within 60 days after the date of issuance. However, if within 60 days after the date of issuance an authorized official request the certificate holder to submit additional medical information, an authorized official may reverse the issuance within 60 days after receipt of the requested information. (d) The authority of the Administrator under 49 U.S.C. 44709 to re-examine any civil airman to the extent necessary to determine an airman's qualification to continue to hold an airman medical certificate, is delegated to the Federal Air Surgeon and his or her authorized representatives within the FAA.

Plaintiff demonstrated to the satisfaction of the Federal Aviation Administration that his cognitive functioning was intact. Dr. John Hastings, a prominent Neurological consultant for the FAA ruled out any organic or acquired brain dysfunction as well as Dr. Gary Kay. Dr. Ibrahim Abi-Rafeh submitted a declaration to the Court in which he opines that fatigue and jet lag were not accounted for and thus rendered unreliable and worthless results to the FAA or an employer American's request to the court to find Lt. Col. Patterson unfit for duty as of March, 2016 is entirely preposterous, outside the law and jurisdiction of the court. To suggest that American Airlines was or ever will be in a position to determine the validity of an FAA Airman Medical Certificate is contrary to case law and the authority of the Federal Air Surgeon. See Guyre V United States Fire Insurance Co 97 A.D. 2d 964.

Finally, it must be noted that when the statute is properly applied to American's behavior in this matter, American's defenses become a fig leaf of protection American's demands are improper on their face and asking this Court to perform jury functions and override the FAA Administrator (relief which is not available) are not in compliance with applicable statute. American repeatedly invites this Court to commit judicial error as in this instance and such actions are specious when viewed in the context of American's thuggish behavior to intimidate and threaten any employee who dares assert their rights or raise safety concerns (if this seems unbelievable see the DOT IG Report, July 2018). These overreaching demands and American's host of discovery violations to wit, destruction of evidence which exonerated the plaintiff, intimidation and retaliation tactics are sound basis for striking the fee demand. As demonstrated by the Department of Justice and Department of Transportation, American cannot be trusted with this or anything it says to the federal government. In this case, American's letter sent to the

Plaintiff's former attorney was designed to threaten and intimidate the plaintiff on the eve of oral arguments for summary judgment.

## *CONCLUSION*

The Defendant to this date remains outside compliance with USERRA and asks this Court to rewrite legislation which is designed to protect servicemembers from the very conduct demonstrated by the defendant, all in an effort to avoid its obligations to the Plaintiff and to the United States. Plaintiff clearly met his obligations under USERRA. Further the demand is directly contrary to the stated policies and intent in the USERRA legislation. The demand also is a transparent attempt at retaliation and intimidation and is wholly improper and unlawful for this Courts consideration. For all the foregoing reasons, Plaintiff respectfully requests the Court enter an order striking Defendants' unwarranted motion for sanctions.

September 6, 2019                    Respectfully Submitted,

*Rodney S. Patterson*
Rodney Scott Patterson, Lt. Col Pro Se
1092 NW 139th Terrace
Pembroke Pines, FL  33028-2340
704-231-0909
ScottPatterson247@gmail.com

## Certificate of Conferral

The Plaintiff in this matter is familiar with the aforementioned learned treatise on USERRA. The plaintiff in good faith attempted to meet and confer with the Defendant's Lead counsel Michael Holt and his former Counsel William R. Amlong. As of the writing, neither the Defense Counsel nor Plaintiff's Former Counsel responded to the Plaintiff.

*/s/ Rodney S. Patterson*

Rodney S. Patterson, Lt. Col

## Certificate of Service

**I HEREBY CERTIFY** that this notice has been conventionally with the Southern District of Florida and is served on all counsel or parties of record and by email and U.S. Mail.

*/s/ Rodney S. Patterson*

Rodney Scott Patterson, Lt. Col

## SERVICE LIST

William R. Amlong, Esq.
WRAmlong@TheAmlongFirm.com
Karen Coolman Amlong, Esq.
KAmlong@TheAmlongFirm.com
**AMLONG & AMLONG, P.A.**
500 Northeast Fourth Street
Fort Lauderdale, FL 33301
Telephone: (954) 462-1983

Noel C. Pace, Esq.
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
Telephone: (305) 710-3713

Michael A. Holt, Esq.
mholt@fisherphillips.com
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709

Mark W. Robertson, Esq.
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Times Square Tower 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Tristan Morales, Esq.
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300

*Counsel for American Airlines, Inc.*