UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:17-cv-60533-MARTINEZ-OTAZO-REYES

RODNEY SCOTT PATTERSON,
    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation,

    Defendant.
_____/

## AMERICAN AIRLINES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE FEE DEMAND IN DEFENDANT'S MOTION FOR SANCTIONS

Defendant American Airlines, Inc. ("American") respectfully submits this response in opposition to Plaintiff's Expedited Motion to Strike Fee Demand in Defendant's Motion for Sanctions, ECF No. 238 (the "Motion").

### INTRODUCTION

Plaintiff argues that the Court cannot award American's attorneys' fees as a sanction for his perjured testimony and bad faith litigation conduct because he asserted a claim in this case under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). Plaintiff is wrong. There is absolutely nothing in USERRA that permits a plaintiff to lie under oath, attempt to cover up unfavorable evidence, and orchestrate a fraud on the Court with impunity.

### ARGUMENT

American's Motion for Sanctions, ECF No. 154, details Plaintiff's attempts to hide unfavorable evidence he has had since April 2016 concerning the evaluation performed by Dr.

Bercaw.[1] There can be no doubt Plaintiff has lied throughout this case. Mr. Amlong, testified that Plaintiff lied during his deposition and went so far as to attempt to alter a document in an attempt to conceal its origin. At the sanctions hearing, Plaintiff could not explain his prior false testimony. Instead, he offered additional lies to try to cover it up. For example, Plaintiff attempted to explain away how he could "forget" meeting with Dr. Bercaw for a full day by claiming (for the first time in this case) that he thought his appointment was with Dr. Kantor and was surprised to see Dr. Bercaw at all. Like the iterations before, this new version of the story was untrue. Dr. Bercaw testified that he had a phone conversation with Plaintiff before the appointment and that Plaintiff knew he would be evaluated by Dr. Bercaw. Further, Dr. Kantor had effectively stopped seeing patients at the time of the evaluation. Thus, Plaintiff continues to try to deceive the Court.

Plaintiff's Motion is just another way he hopes to avoid the consequences of his dishonesty. He claims now that USERRA bars American's request that the Court award attorneys' fees as a sanction. But, Plaintiff's argument is misguided. The provision he relies on specifies that, "No fees or court costs may be charged or taxed against any person claiming rights under this chapter." 38 U.S.C. § 4323(h)(1). The "fees or court costs" referenced in the statute have been construed to mean the ordinary fees and court costs that would be taxable under 28 U.S.C. § 1920, such as filing fees, witness fees, and costs for transcripts or copies of exhibits. *E.g.*, *Davis v. Advocate Health Care Patient Care Express*, 523 F.3d 681, 684 (7th Cir. 2008). Those types of "fees or court costs" are not at issue in American's sanctions motion. And nothing in § 4323(h)(1) absolves a USERRA plaintiff who attempts to defraud the court by lying under oath and hiding evidence.

---

[1] American does not provide details given the Court's familiarly with the issues raised in the sanctions motion following the August 26, 2019 evidentiary hearing.

Contrary to Plaintiff's arguments, USERRA plaintiffs that engage in litigation misconduct are subject to monetary sanctions for attorneys' fees. In *Adams v. Penn Line Services, Inc.*, 620 F. Supp. 2d 835, 837–38 (W.D. Ohio 2009), the court awarded attorneys' fees as a sanction against a USERRA plaintiff for similar dishonesty. There, the plaintiff misled the defendant and the court to believe he was honorably discharged from military service. In fact, he was not. *Id.* The court held that the plaintiff could be sanctioned under either Rule 11 or the court's inherent power. *Id.* at 840–41. The Court also imposed sanctions against the plaintiff's lawyer who unreasonably and vexatiously multiplied the proceedings by failing to seek corroborating evidence and objecting to the defendant's attempts to do so. *Id.* at 840. As a sanction, the USERRA plaintiff and his attorney were jointly and severally ordered to pay the defendant's attorneys' fees. *Id.* at 841–42.

## CONCLUSION

Plaintiff's Motion should be denied and American's Motion for Sanctions should be granted.

Respectfully submitted,

By: /s/ Michael A. Holt

Michael A. Holt
mholt@fisherphillips.com
Florida Bar No.: 91156
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida  33301
Telephone: (954) 847-4709

Mark W. Robertson (*Pro Hac Vice*)
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Time Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

                                  Tristan Morales (*Pro Hac Vice*)
                                  tmorales@omm.com
                                  **O'MELVENY & MYERS LLP**
                                  1625 Eye Street, Northwest
                                  Washington, DC 20006
                                  Telephone: (202) 383-5300

                                  *Attorneys for American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of September, 2019, the foregoing document was filed with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on the counsel or parties of record listed below.

By: /s/ Michael A. Holt
     MICHAEL A. HOLT

## SERVICE LIST

William R. Amlong, Esq.
WRAmlong@TheAmlongFirm.com
Karen Coolman Amlong, Esq.
KAmlong@TheAmlongFirm.com
**AMLONG & AMLONG, P.A.**
500 Northeast Fourth Street
Fort Lauderdale, FL 33301
Telephone: (954) 462-1983
Facsimile: (954) 523-3192

Noel C. Pace, Esq.
(*Pro Hac Vice*)
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
Telephone: (305) 710-3713

(Service via CM/ECF)

*Counsel for Plaintiff*

Michael A. Holt, Esq.
mholt@fisherphillips.com
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709
Facsimile: (954) 525-8739

Mark W. Robertson, Esq.
mrobertson@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Times Square Tower 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Tristan Morales, Esq.
tmorales@omm.com
(*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

(Service via CM/ECF)

*Counsel for American Airlines, Inc.*