UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-cv-60533-MARTINEZ/OTAZO-REYES

RODNEY SCOTT PATTERSON,

    Plaintiff,

vs.

AMERICAN AIRLINES, INC.,
a Delaware corporation,

    Defendant.
_____/

**Movant's Reply to Response in Opposition to The Amlong Firm's Rule 11 Motion Regarding American Airlines, Inc.'s Motion for Sanctions**

    American Airlines, Inc.'s response (DE 254) to The Amlong Firm's Rule 11 Motion Regarding American Airlines's Inc.'s Motion for Sanctions (DE 234) is long on <u>ad hominem</u> polemic but short on caselaw.

    For this Court to have imposed sanctions against The Amlong Firm or any of its constituent lawyers, the magistrate judge, Hon. Alicia Otazo-Reyes, would have had to determine that the firm or its lawyers had "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Purchasing Power, LLC v. Bluestem Brands, Inc.</u>, 851 F.3d 1218, 1223 (11th Cir. 2017) quoting <u>Marx v. Gen. Revenue Corp.</u>, 568 U.S. 371, 382 (2013) (citing <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 45-46 (1991)).

    However, rather than agree with American's assertion that "there is ample basis for seeking sanctions against Mr. Amlong" and that "[t]he

Amlong Motion itself is frivolous and yet another example of Mr. Amlong's improper litigation tactics," Judge Otazo-Reyes found that "Mr. Amlong appears to have attempted to correct the record regarding his client's interactions with Dr. Bercaw," Report and Recommendation (DE 255), at 224 (Factual Findings, ¶ 2).

Magistrate Judge Otazo-Reyes found that the plaintiff, Lt. Col. Rodney Scott Patterson, "appeared to be operating under the belief that confidentiality and privilege protected his interactions with Dr. Bercaw," and that "[b]ecause he was acting on this belief, Plaintiff's conduct does not rise to the level of wilful disobedience of a court order, bad faith or fraud upon the court required for the imposition of sanctions." Id. at 24.

Magistrate Judge Otazo-Reyes continued her findings to embrace the behavior of The Amlong Firm:

> Similarly, The Amlong Firm attempted to both serve its client and correct the record by: producing a privilege log related to all materials relevant to Dr. Bercaw that The Amlong Firm was aware of as those materials became available to it; producing all discovery related to Dr. Bercaw immediately upon order for the court after the determination that said discovery was not privileged; withdrawing Dr. Kay's original report; continuing to search for discovery materials that were yet to be produced; and advising Plaintiff on the need for truthfulness and full disclosure, including by conducting a forensic exam of Plaintiff's computer. Thus, the undersigned concludes that The Amlong Firm's conduct did not rise to the level of willful disobedience of a court order, bad faith or fraud on the court required for the imposition of sanctions.

Id. at 25, citing NASCO, 501 U.S. at 45-46.

As observed in Smith v. Psychiatric Solutions, Inc., 750 F.3d 1253, 1260 (11th Cir. 2014): "Rule 11 authorizes a court to sanction a party who submits a pleading for an improper purpose. Fed.R.Civ.P. 11(b)(1). `[T]he

filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions.' Fed.R.Civ.P. 11 advisory committee's note."

The purpose of The Amlong Firm's motion was merely to get American to cease and desist in its harassment of firm and drop it from the motion prior to the evidentiary hearing.  The factual recitations in the motion, overlaid on the case law that it cited, should have made clear to American and its lawyers, particularly during the 21 days that they had to consider the motion prior to the evidentiary hearing, that they had none of the evidence of subjective bad faith, fraud upon the court or wilful disobedience of a court order that is required to prevail on an "inherent powers" motion against the firm.  A reasonable appraisal of the evidence available to American would have resulted in a pre-hearing conclusion that pursuit of the law firm neither had, nor was likely to "have evidentiary support. . ."  Rule 11(b)(3).

The ad hominem tone of American's response to the Rule 11 motion betrays the malice with which defendant and its lawyers pursued a law firm that dared to aggressively represent one of American's employees against it.  Malice, of course, is not necessary for a successful motion under Rule 11, which merely "imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith."  NASCO, 501 U.S. at 47, citing Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 548-549 (1991).  Evidence of malice nonetheless gives rise to an inference that the sanctions motion was signed in disregard of the

requirement that "it [was] not being presented for any improper purpose, such as to harass. . ." Rule 11(b)(1).

## Conclusion

Based on authorities cited and the arguments presented, movant, The Amlong Firm, respectfully requests this Court to grant is motion for attorneys fees and expenses for defending against American Airlines, Inc.'s motion for sanctions.

Respectfully submitted,

/s/ *William R. Amlong*
WILLIAM R. AMLONG
WRAmlong@TheAmlongFirm.com
Florida Bar Number 470228
KAREN COOLMAN AMLONG
KAmlong@TheAmlongFirm.com
Florida Bar Number 275565
ISHA KOCHHAR
IKochhar@TheAmlongFirm.com
Florida Bar Number 105294

AMLONG & AMLONG, P.A.
500 Northeast Fourth St., Second Floor
Fort Lauderdale, Florida 33301
(954) 462-1983

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using the ECF system of the Southern District of Florida this  16th  day of September, 2019 and thereby served on all counsel or parties of records and by electronic mail the same day upon the plaintiff, Rodney Scott Patterson, 1092 NW 39th Terrace, Pembroke Pines, FL 33028, (702) 231-0909, aa737drvr@aol.com and Noel Christian Pace, Esquire, 206 NW 91st Street, El Portal, FL 33150, noel.c.pace.esq@gmail.com.

/s/ *William R. Amlong*
WILLIAM R. AMLONG

\\amlong3\cpshare\CPWin\HISTORY\190909_0001\1538.301\\amlong3\cpshare\CPWin\HISTORY\190909_0001\1538.301