UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

FILED BY _____ D.C.

SEP 17 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

Lt. Col. RODNEY SCOTT PATTERSON

    Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

    Defendant.

_____/

## Plaintiff Lt. Col. Rodney Scott Patterson's Reply to Defendant's Response For Motion to Strike [DE 253]

## *Background*

The Defendant's response to the motion to Strike is indicative to this Court that American is not trustworthy with anything it says or does regarding the Plaintiff and this National Defense matter which is before the Court. A further testament to this assertion is the recent Department of Justice fine against American Airlines for submitting false claims to the U.S. Government to receive payment for work which was not performed or to avoid penalties. American sought to harass Lt. Col Patterson and his lawyers with much of the conduct it alleges Patterson's lawyer engaged in. The matter before the Court is not just about Lt. Col Rodney S. Patterson; it is about every military reservist in the nation who answers the highest call in our nation time of greatest need. Dismissing this matter out of hand destroys the ability of the U.S. Military to defend this Court's ability to administer justice and for American to freely conduct business under the blanket of freedom provided by the military. Allowing American to escape the consequences of its unlawful acts, perpetuates this sort of unlawful behavior by every employer and relegates USERRA to a meaningless law which employers such as American scoff at USERRA.

American would have this Court believe that Lt. Col. Patterson, who served honorably for nearly 30 years both as an officer and enlisted man was merely "goofing off and on vacation with his wife at a military function" Such lies, can never be allowed to permeate the service of a veteran and the mere notion of that introduction as a defense for violating USERRA is preposterous. In February 2016, Lucretia Guia, Esq, now Vice-President Labor Relations and Deputy General Counsel for American Airlines transmitted a letter to a Department of Labor Investigator, in which she denied all allegations of unlawful behavior by American. The first rule of order for all lawyers, "deny everything." In that letter, she alleged a conversation between James Bonds and Lt. Col Patterson, and stated that Patterson didn't want to fly with Chip Harlowe an A.A. captain and thus Bond's reason for denying or questioning his military are unlawful acts.

Again, another preposterous notion that is not a defense for complying with the plain language of USERRA, which is to be broadly construed for the veteran/service member. The letter was an outright lie to the Department of Labor which Ms. Guia knew or should have known was not true, yet without any substantiation or statement from Bonds, she proceeded to deceive the D.O.L. This statement has never been corrected and remains in the court record today. Conveniently Bonds left messages on Patterson's answering machine, and those recordings have

been preserved both in writing and audio for the Court. A person with general knowledge of the tenets of USERRA (such as a prospective juror) would be able to determine that Bonds violated Patterson's rights granted him by Congress under USERRA and that violation continues to this date at nearly $1,000 in damages per day.

American acted in bad faith resurrected a complaint, on September 24 2015, (likely due to Bonds anger with Patterson proceeding to military duty without his permission), filed by Glen Whitehouse in February/March 2015, (albeit while Patterson was absent from work sick due to a physical condition until June 2015). Brian Beach sent the Whitehouse complaint to A.A. Corporate Security along with preposterous allegations that Patterson was smuggling guns and ammunition to the Bolivian Counter Drug Police. Whitehouse obsession with Patterson stemmed from an occurrence in October 2014 whereby Patterson advised Pro Standards he no longer wished to fly with Whitehouse. Whitehouse complaint fails reasonableness and scrutiny, is loaded with inconsistent facts and lies and is a pretext for American's glowing USERRA violation which continues to this date and damages accrue at approximately $1,000 per day to Lt. Col. Patterson.

American by its admission had fixed the date of its substantive USERRA violation as September 24, 2015, when it unlawfully changed Lt. Col. Patterson's status and failed to properly re-employ him as required by the statute. Lt. Col Patterson completed his military service on September 25, 2015, but not for American's improper status change, he would have returned to his next regularly scheduled work on or about September 28, 2015. American has sole responsibility and strict liability for properly re-employing a returning servicemember following military service. Notably, American certainly wanted Lt. Col. Patterson to fly his scheduled flight on September 22, 2015, and made no issues with telling him they were short of money and pilots and couldn't give him an E.O. to cover his time off for military (a right granted under USERRA). American was fully aware of Whitehouse's complaint a full 6 months prior and had adjudicated that complaint as false. American alleges they sought out A.P.A. Professional Standards assistance, which is another outright lie, since Professional Standards Volunteers are not permitted to assist in matters which involve law enforcement, and Whitehouse allegations did just that.

Further the Allied Pilot's Association Appeals Board, an independent union body found that Whitehouse's complaint was malicious, ill-willed and with no-just cause. So, we have American pointing fingers at the Union which clearly states Whitehouse was in the wrong. The

Union further states that American was remiss for not applying its own H.R. policies and by those very policies it has treated Lt. Col Patterson disparately while allowing Whitehouse to continue his employment unpunished and rewarded for his deeds.

In an attempt to end-run the provisions of USERRA, American conducted a sham investigation that has already been briefed in detail in earlier papers that exonerated Patterson and resulted in a letter advising him to get along with his co-workers and citing no violations of company policies or rules.

There is clear evidence showing that Whitehouse engaged in a campaign to smear Lt. Col Patterson and was convenient for Bonds who made a Cat's Paw of American's management. Both Bonds and Whitehouse made derogatory comments about Patterson's military service to their supervisors. When the Section 21 investigation failed as it should have, American then alleged anonymous and unknown persons began flowing into the flight office to defame Lt. Col Patterson in support of Whitehouse.

American has deceived this Court by stating that the Corporate Security Report no longer exists, and the investigator is dead. Yet it was never read by anyone, sent by email, converted into an electronic file, no notes in the deceased investigator's office, all in the digital 21st century where that is impossible. Recently American Mechanic, Abdul-Majeed Marouf Ahmed Alani who was alleged to have sabotaged an aircraft with hundreds of passengers bound for the Bahamas, was investigated by Corporate Security and that report was not only preserved for the federal investigators but forwarded to the news media. American's corporate amnesia not only extends to the corporate security report but on the eve of oral arguments for Summary Judgment, American again threatened Patterson and stated it had no records of him or his wife traveling to Washington, D.C. to perform military service. Patterson submitted photos to this Court from the Whitehouse Archives, and also a selfie taken from his phone which refutes American's lies and places him in military uniform on duty, at the Whitehouse grounds contrary to American's scheme that Patterson was defrauding the Court.

American would like for this Court and the American public to view this case only well after its unlawful acts which began September 21 2015. USERRA is rendered null and void contrary to reams of case law, including a decision of this Court.

American's improper defense of its strict liability/sole responsibility USERRA violation has caused Lt. Col Patterson to expend tens of thousands of dollars in anticipation of litigation which resulted in a useless report by Dr. Edwin Bercaw with no findings and apparently false and misleading testimony in order to prepare for a complaint to the State of Florida seeking sanctions against him for his misconduct. Dr. Bercaw admitted in his own words that Lt. Col Patterson should have never undergone a battery of tests three days after Knippa. Dr. Gary Kay admitted in his own words that the F.A.A. would never accept the results of that testing within 6 weeks of another testing. Bercaw, since Patterson was paying cash, went ahead and took his money! At the end of the day,

Lt. Col. Patterson has continuously held an Airman Medical Certificate First Class for nearly 30 years. He completed many F.A.A. Check-rides which measure his flying skills and judgment, not his ability to remember useless strings of numbers or draw. The Cogscreen and associated battery of tests are not required of every airman for 1st Class medical certification. Only in certain circumstances such as a pilot who was diagnosed with H.I.V. or severe traumatic brain injury or substance abuse. As in Patterson's case, none of these apply and given the fact he successfully went on to pilot a Boeing 767 as a captain does not comport with American's weak notion that something might be wrong with him. This Court permitted Patterson to represent himself at trial, which does not comport with American's assertions of cognitive impairment and Dr. Kay's assessment of Oct 2018.

In response to Patterson's motion to strike American's unlawful fee demands, American submitted case law which is either not relevant or applicable to this instant case:

[A.A. argues] 'The "fees or court costs" referenced in the statute have been construed to mean the ordinary fees and court costs that would be taxable under 28 U.S.C. § 1920, such as filingfees, witness fees, and costs for transcripts or copies of exhibits. E.g., Davis v. Advocate HealthCare Patient Care Express, 523 F.3d 681, 684 (7th Cir. 2008). Those types of "fees or court costs" are not at issue in American's sanctions motion.

In Davis, the Court affirmed:

"As part of the legislation's broad remedial scheme, USERRA provides that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." 38 U.S.C. § 4323(h)(1)."

"[Defendant] Advocate also contends that USERRA's bar against charging fees and costs is designed only to prevent prevailing defendants from seeking the costs of litigation from losing plaintiffs. *See, e.g., Chance v. Dallas County Hosp. Dist.,* 176 F.3d 294, 296 (5th Cir. 1999); *Jordan v. Jones,* 84 F.3d 729, 733 (5th Cir. 1996) (holding that **trial court erred in awarding costs of litigation to Defendant in USERRA suit)**. However, those cases do not address the issue presented here—whether veterans are exempt from prepaying filing fees in USERRA cases. Moreover, the statute itself is **broadly written and forbids charging *any* fees and court costs**, not just those awarded to a successful opponent. *See* 38 U.S.C. § 4323(h)(1). It says nothing about prevailing defendants or losing plaintiffs at all." [emphasis added].

## Analysis:

Once again, A.A. deliberately misleads the Court by citing a case where the District Court erred by narrowly applying the law as found in non-veteran employment disputes to a USERRA veteran's rights case. The U.S. Court of Appeals for the Seventh Circuit reversed "on the papers" the misconstruction of 38 U.S.C. § 4323(h)(1) by the District Court. A.A. now cites the case [fees and court costs...have been construed to mean] to invite similar judicial error by the S.D. Fla. The 7CCA cites two 5CCA cases [*Chance* and *Jordan*] where the appellate Court had to correct trial court error "in awarding costs of litigation to [a] defendant in [a] USERRA suit."

The very case A.A. cites [*Davis*] says the statute is "broadly written and forbids charging *any* fees and court costs, not just those awarded to a successful opponent." For A.A. to now tell this court '[t]hose types of "fees or court costs" are not at issue in American's sanctions motion,' is grossly misleading.

(1) The "fees or court costs" at issue in American's sanctions motion [American's litigation expenses] are not available to American as explained by the 7CCA opinion in *Davis* [citing *Chance* and *Jordon*]. American either did not read the decision or relied on the notion that no one else would read the decision, including this Court. As explained fully in the motion before this Court American is attempting to "end run" what it knows it cannot lawfully acquire under 38 U.S.C. § 4323(h)(1). American's actions are in bad faith and a scheme to harass the Plaintiff and his attorneys from lawfully asserting Patterson's rights under USERRA.

(2) American tells this Court that another court has <u>correctly</u> construed the statute under 28 U.S.C. § 1920, when the truth of the matter is that the referenced Court embarrassingly was reversed without oral argument being necessary*. [1] A truthful statement by American would read 'The "fees or court costs" referenced in the statute [USERRA] have been **misconstrued** to mean the ordinary fees and court costs that would be taxable under 28 U.S.C. § 1920, such as filingfees, witness fees, and costs for transcripts or copies of exhibits, because 28 U.S.C. § 1920 is superseded by 38 U.S.C. § 4323(h)(1) based on Congress's intent, in USERRA and elsewhere, to lessen the costs of litigation for veterans.' The statute forbids <u>any</u> fees or costs--that indicates <u>both</u> the fees and costs American <u>is not seeking</u> and, notably, the fees and costs American <u>is seeking</u>.

Now comes American citing Adams v. Penn Line Services, Inc., 620 F. Supp. 2d 835, 837–38 (W.D. Ohio 2009). A case which is not even remotely similar to Lt. Col Patterson's case and again one which American did not read and certainly hopes this Court does not read. In Adams there is one glowing fact that distinguishes this case as a non-veteran/USERRA case. Adams received and other than honorable discharge which terminated his entitlement to benefits of this chapter. [38 U.S.C. § 4304 (A)(2)] Adams was not a USERRA plaintiff and his attorney did not perform due diligence prior to filing suit. Adams employer, unlike American complied with the statute and re-employed the serviceman. American is again demeaning the service of a Veteran by comparing Lt. Col Patterson to a deserter who disgraced his uniform and rejected all the Army's core values. American's smears are offensive and not well taken. Lt. Col Patterson did more than serve with honor, he did so with distinction. Throughout Patterson's career, including extensive active-duty while furloughed from American, Lt. Col Patterson received many awards and decorations to include the Defense Meritorious Service Medal which recognized his outstanding achievements while working at a Joint Combatant Command Headquarters. He later served at the Army Headquarters and earned the Army Staff Badge which few Army officers have the distinction of in their career. These achievements do not comport with any notion that Lt. Col Patterson is cognitively challenged in any way.

---

[1] *[From *Davis*] "In light of the plain language of 38 U.S.C. § 4323(h)(1) and Congress's intent, in USERRA and elsewhere, to lessen the costs of litigation for veterans, we hold that 38 U.S.C. § 4323(h)(1) permits a USERRA litigant to initiate suit without prepaying the filing fee. Because Davis has already paid his filing fee to proceed in this Court, we Order the clerk of this Court to refund Davis's appellate filing fee."

## Conclusion

Throughout the course of this litigation, American and its attorneys have employed various schemes and tactics to entice this Court to commit multiple judicial errors in favor of American and destructive to the plain language of USERRA while harming the Plaintiff. American's legal team appears to have graduated from "union busting" to "veteran busting" and of course the AA Labor Relations hammer views every problem as a nail. American has also not complied with the Federal Rules of Civil Procedure on multiple occasions. One by not properly serving the Plaintiff with notice of filings. Withholding the Corporate Security report and sending the Plaintiff threatening letters which the Defendant's lead attorney, Michael Holt, knows to be false; should give this Court great pause and invite the Court to sanction said behavior. American's recriminations cannot be allowed to stand. A North Texas Federal Judge found that an attorney's conduct which included withholding of key evidence was conduct unbecoming a member of the bar and subject attorney was barred from practicing law in that Federal Court due to his inability to conduct litigation. American's improper defenses cannot be allowed to re-write legislation. American is not entitled to its litigation expenses under USERRA and when American comes to its financial senses, the reality of USERRA should be clear. American cannot avoid its obligations to the American public or the American Serviceman. The reasonable course of action for American is to make whole Lt. Col. Patterson under USERRA and schedule this matter for a jury trial on liquidated damages. The case law supports this conclusion affirmatively and across multiple circuits and doing so would serve the interests of Justice, this Court and the American public.

September 16, 2019                              Respectfully Submitted,

*Rodney S. Patt*
Rodney Scott Patterson, Lt. Col Pro Se
1092 NW 139th Terrace
Pembroke Pines, FL  33028-2340
704-231-0909
ScottPatterson247@gmail.com

## Certificate of Service

**I HEREBY CERTIFY** that this notice has been conventionally with the Southern District of Florida and is served on all counsel or parties of record and by email and U.S. Mail.

*/s/ Rodney S. Patterson*

Rodney Scott Patterson, Lt. Col

Service List

MICHAEL A. HOLT
mholt@shb.com
SHOOK, HARDY & BACON L.L.P.
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
(305) 358-5171

MARK W. ROBERTSON
mrobertson@omm.com
O'MELVENY & MYERS LLP
Times Square Tower 7
Times Square
New York, New York 10036
(212) 326-2000

TRISTAN MORALES
tmorales@omm.com O'MELVENY & MYERS LLP
1625 Eye Street, Northwest
Washington, DC 20006
(202) 383-5300 / 383-5414 Fax

*Attorneys for the Defendant,
American Airlines, Inc.*