UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division



Case Number: 17-cv-60533-MARTINEZ/OTAZO-REYES

Lt. Col. RODNEY SCOTT PATTERSON

    Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

**Plaintiff's Memorandum to Correct the Record**
**Magistrates Report and Recommendation [DE 255]**

### ***Background***

The Plaintiff in this matter Lt. Col. Rodney S. Patterson respectfully submits this memorandum of correction in response to the Magistrate's Report and Recommendation [DE 255] and requests the Court to take Judicial Notice and correct the record as shown.

### **Procedural and Factual Background:**

Page 1, 2d para Plaintiff Lt. Col Patterson is currently employed as a pilot for American Airlines and has never resigned.  American did improperly change his status on September 24, 2015 which is a substantive violation of 38 U.S.C 4301, et seq.

Page 1, 2d para Patterson was ordered under threat of termination to undergo a fitness for duty evaluation in March, 2016, a substantive violation of 38 U.S.C § 4302 (b). (pre-requisites)

Page 2, 1st para, Patterson voluntarily consulted with Dr. Jeffrey Kanter, Ed Bercaw and Nathaly Fonseca in anticipation of litigation.

Page 4, 3d para, On October 10, 2018 the Plaintiff was re-evaluated by Dr. Gary Kay Washington, D.C who then issued a report of findings which conclude:

> Follow-up neuropsychological assessment provides reassuring information regarding Mr. Patterson's neurocognitive functioning. He performed well on neuropsychological screening. CogScreen results suggest against the likelihood of acquired cerebral dysfunction. His performance on CogScreen measures of response speed and accuracy ***are largely consistent with the favorable results obtained in 2016***. Aviation factor scores, validated predictors of flight performance, were all in the expected range. Additional testing of vigilance, memory, and executive functions also show intact neurocognitive functioning. Mr. Patterson performed at or above average compared to pilot norms on measures of verbal learning and memory. Performance on three measures of executive functioning demonstrate intact planning, abstract reasoning, impulse control, and novel problem solving ability. Based upon these findings Mr. Patterson would be considered to *have no aeromedically significant neurocognitive deficits and would be recommended for a Class 1 FAA airman medical certificate.*

### ***Evidence***

Plaintiff's Testimony, #25 Plaintiff's interest in consulting with Bercaw was in anticipation of litigation and to protect his rights.

Plaintiff's Testimony, #44 Dr. Kay did not request information about previous consultations and does not use an intake form to assess this information although it is apparent that Dr. Kay did communicate with Dr. Caddy

Dr. Bercaw's Testimony, #4 there was no evidence provided to show that Bercaw had a phone conversation with Patterson. However, Bercaw testified that he was aware that he should not have administered Patterson any sort of testing as soon as he did following that of Dr. Knippa. In fact, by his own admission, Bercaw stated he consulted with Dr. Jeffrey Kanter his boss who told him to go ahead since Patterson was paying cash. Patterson's own health insurer, Tricare will not cover neuropsychological testing as it is considered experimental and not medically necessary. Both men knew they could avoid any entanglement with insurance fraud by requiring Patterson to pay cash.

Dr. Bercaw's Testimony, #6 Dr. Bercaw admits he interviews every client but he does not assess a client for fatigue, a critical factor which must be eliminated before any test which measures speed and accuracy.

Dr. Bercaw's Testimony, #7 Dr. Nathaly Fonseca was a 70-day licensed postdoctoral resident. Not only was she present, she conducted all but a few of the tests, which Dr. Bercaw testified at his deposition he did not know her qualifications and had not personally assessed them.

Dr. Bercaw's Testimony, #14 Dr. Bercaw was well aware of the data at the conclusion of each computerized test. Compared to Dr. Kay who provides individual results at the conclusion of every exam.

Dr. Bercaw's Testimony, #15 Dr. Bercaw's testimony is inconsistent with the May 6, 2016 letter he sent to Dr. Glenn Caddy. The Cogscreen was reported as passing. Being low on several factors has no probative value to the FAA. Dr. Bercaw testified that no human is perfect.

Dr. Bercaw's Testimony, #16 Dr. Bercaw at his deposition could not identify those potential pilot safety risks. Dr. Gary Kay has advised that Dr. Jeffrey Kanter who trained Dr. Bercaw is responsible for Bercaws administration of the Cogscreen.

Dr Kay's Deposition Testimony, #18 Dr. Kay testified that the FAA had rejected other results which were submitted within 6 weeks of other similar testing. So why would this testing be any different. Neuropsychological testing is not required by the FAA for issuance of a First-Class Medical Certificate. The FAA Federal Air Surgeon will direct a pilot to proceed with such testing following a diagnosis of alcoholism and successful treatment program. American Airlines has never submitted any evidence or qualifications of any employee at American to diagnose a medical issue and then dispatch that pilot off for testing without a diagnosis.

Dr Kay's Deposition Testimony, #19 as Dr. Kay correctly opined in his June 2016 results, fatigue played a strong factor in any psychological testing.

### *Factual Findings*

#4 Dr. Bercaw provided Lt. Col Patterson a worthless report and took Patterson's money.

#5 Dr. Kays testimony at his deposition is not consistent with the report he issued in October 2018. Dr. Kay did not have a miraculous revelation about Dr. Bercaw during his deposition in 2018. In fact, Attorney William Amlong forwarded him a copy of the Bercaw report and he issued his findings with that report in full disclosure.

### *Conclusion*

The Plaintiff concurs with the Report and Recommendation that the Defendant's Motion for Sanctions be DENIED. The Defendant was invited by this Court to file the motion for Sanctions and then waited for nearly 8 months to file said motion when it became apparent the matter would proceed for a hearing. The Defendant's substantive USERRA violation remains

uncorrected to this date.  The Defendant should be required by this Court to compensate the Plaintiff's former attorneys for any expenses required to defend against this bad faith motion

September 16, 2019                                             Respectfully Submitted,

*Rodney S. Patton*
Rodney Scott Patterson, Lt. Col Pro Se
1092 NW 139th Terrace
Pembroke Pines, FL  33028-2340
704-231-0909
ScottPatterson247@gmail.com

### Certificate of Service

**I HEREBY CERTIFY** that this notice has been conventionally with the Southern District of Florida and is served on all counsel or parties of record and by email and U.S. Mail.

*Rodney S. Patton*
Rodney Scott Patterson, Lt. Col

## SERVICE LIST

William R. Amlong, Esq.
WRAmlong@TheAmlongFirm.com
Karen Coolman Amlong, Esq.
KAmlong@TheAmlongFirm.com
**AMLONG & AMLONG, P.A.**
500 Northeast Fourth Street
Fort Lauderdale, FL 33301
Telephone: (954) 462-1983

Noel C. Pace, Esq.
noel.c.pace.esq@gmail.com
206 N.W. 91 Street
El Portal, Florida 33150
Telephone: (305) 710-3713

Michael A. Holt, Esq.
mholt@fisherphillips.com
**FISHER & PHILLIPS LLP**
450 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4709

Mark W. Robertson, Esq.
mrobertson@omm.com
**O'MELVENY & MYERS LLP**
Times Square Tower 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Tristan Morales, Esq.
tmorales@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, Northwest
Washington, DC 20006
Telephone: (202) 383-5300

*Counsel for American Airlines, Inc.*