UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60533-CIV-MARTINEZ/AOR

RODNEY SCOTT PATTERSON,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,
a Delaware corporation,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Amlong & Amlong, P.A.'s ("The Amlong Firm") Rule 11 Motion re: American Airlines Inc.'s ("Defendant" or "American") Motion for Sanctions (hereafter, "Motion for Rule 11 Sanctions") [D.E. 234]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 263]. For the reasons stated below, the undersigned respectfully recommends that The Amlong Firm's Motion for Rule 11 Sanctions be DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Rodney Scott Patterson ("Plaintiff" or "Patterson"), a Lieutenant Colonel in the United States Army Reserve, worked as a First Officer Pilot for American. See Compl. [D.E. 1]. On March 14, 2017, Patterson brought this action against American pursuant to the Uniform Services Employment and Reemployment Rights Act ("USERRA"). Id. Patterson asserted two claims against American: one for substantive violation of the law; and one for retaliation. Id. On March 29, 2019, the Court granted summary judgment in favor of American [D.E. 169].

On February 11, 2019, Defendant filed a Motion for Sanctions [D.E. 154]. In its Motion for Sanctions, Defendant argued that it should be awarded attorneys' fees and costs, to be assessed jointly against Plaintiff and The Amlong Firm, for its discovery expenses related to expert witnesses Edwin Bercaw, Ph.D. ("Dr. Bercaw"), Glenn R. Caddy, Ph.D. ("Dr. Caddy") and Gary Kay, Ph.D. ("Dr. Kay"). See Defendant's Motion for Sanctions [D.E. 154 at 19]. On August 29, 2019, the undersigned held an evidentiary hearing on Defendant's Motion for Sanctions (hereafter, "Sanctions Evidentiary Hearing") [D.E. 242]. The following witnesses testified at the Sanctions Evidentiary Hearing: Plaintiff, Dr. Bercaw, Kristie Caddy ("Ms. Caddy"), Dr. Caddy and William Amlong ("Mr. Amlong") of The Amlong Firm. Thereafter, the undersigned recommended that Defendant's Motion for Sanctions be denied, and the recommendation was adopted by the Court on September 18, 2019. See Report and Recommendation [D.E. 255], affirmed and adopted by Order [D.E. 264].

In its Motion for Rule 11 Sanctions, The Amlong Firm contends that American's Motion for Sanctions [D.E. 154]: was brought for the improper purpose of harassing Plaintiff's attorneys; contained claims and other legal contentions that were not warranted by existing law or by a nonfrivolous argument extending, modifying or reversing existing law or for establishing new law; and contained factual contentions that The Amlong Firm operated in bad faith without evidentiary support. See Motion for Rule 11 Sanctions [D.E. 234 at 1-2, 13].

**STANDARD OF REVIEW**

Rule 11 provides, in pertinent part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

2

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

## DISCUSSION

At the Sanctions Evidentiary Hearing, American questioned Plaintiff regarding answers he had given at his deposition related to Dr. Bercaw, which answers provided one of the bases for Defendant's Motion for Sanctions [D.E. 154]. See Report and Recommendation [D.E. 255 at 6-12]. Plaintiff ultimately admitted many of the questions posed to him and admitted that he "misspoke" at his deposition. Id. at 7, 11, 23. Plaintiff testified that he believed he was following the law based on his understanding that he had an expert consultant privilege with respect to Dr. Bercaw. Id. Based on Plaintiff's testimony, the undersigned concluded that Plaintiff's initial denials at his deposition regarding Dr. Bercaw appeared to have been based on the idea that the consultation with Dr. Bercaw was privileged and confidential; however, Plaintiff appeared to accept responsibility for his lack of knowledge and improper testimony. Id. at 24.

Additionally, at the Sanctions Evidentiary Hearing, the evidence showed that Mr. Amlong appeared to have attempted to correct the record regarding Patterson's interactions with Dr. Bercaw. Id. For example, Plaintiff testified that Mr. Amlong filed an amended disclosure withdrawing Plaintiff's representation of how Dr. Bercaw's report had been obtained after Mr.

Amlong asked Plaintiff to explain this to him, and Plaintiff testified that Mr. Amlong had communications with him in order to amend Plaintiff's answers to interrogatories. Id. at 12. Mr. Amlong testified that, after Plaintiff denied knowing Dr. Bercaw in his deposition, he informed Plaintiff that he could not deny knowing about Dr. Bercaw or his report, and that he ensured Plaintiff corrected the record from that point onwards in the deposition. Id. at 14. Mr. Amlong further testified that he filed a privilege log related to tests administered by and communications from Dr. Bercaw upon Plaintiff's insistence that they were non-discoverable, and Mr. Amlong believed he had a good faith basis to do so. Id. at 14-15. He also testified that he served an Amended Notice of Production of Documents in order to correct the record after Dr. Bercaw's report was made available to him. Id. at 15. Based upon the testimony of Dr. Caddy and Ms. Caddy, the undersigned concluded that Dr. Bercaw's report, which American claimed was purposely withheld from them, was "lost in the cloud" until located by Ms. Caddy on September 5, 2018. Id. at 24.

Given that a thorough evidentiary hearing was necessary, with testimony from numerous witnesses, and that an extensive Report and Recommendation issued afterwards, the undersigned concludes that there was a factual and legal basis for American's Motion for Sanctions, even though the undersigned ultimately concluded that the actions of Plaintiff and The Amlong Firm did not rise to the level of sanctionable conduct. Thus, Defendant's Motion for Sanctions was not brought for an improper purpose, was not frivolous, and was not lacking in evidentiary support. Fed. R. Civ. P. 11(b).

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that The Amlong Firm's Motion for Rule 11 Sanctions [D.E. 234] be DENIED. Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 21st day of October, 2019.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
Counsel of Record