UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60533-CIV-MARTINEZ/AOR

RODNEY SCOTT PATTERSON,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,
a Delaware corporation,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Lt. Col. Rodney S. Patterson's ("Plaintiff") Motion for Sanctions Against American and its Attorneys, Stay of the Case Pending Resolution of the Motion and Request for Oral Argument/Hearing ("Motion for Sanctions") [D.E. 211]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 268]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Sanctions be DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, a Lieutenant Colonel in the United States Army Reserve, worked as a First Officer Pilot for American. See Compl. [D.E. 1]. On March 14, 2017, Patterson brought this action against American pursuant to the Uniform Services Employment and Reemployment Rights Act ("USERRA"). Id. Patterson asserted two claims against American: one for substantive violation of the law and one for retaliation. Id. On March 29, 2019, the Court granted summary judgment in favor of American [D.E. 169]. On May 2, 2019, Plaintiff filed an Amended Motion to Amend Judgment Under Rule 59(e) and Incorporated Memorandum of Law

(hereafter, "Rule 59 Motion") [D.E. 185]. The Court denied Patterson's Rule 59 Motion on August 1, 2019. See Order Denying Plaintiff's Amended Motion to Amend Judgment [D.E. 216].

## DISCUSSION

Liberally construing Patterson's Motion for Sanctions, Patterson appears to seek sanctions under Rule 37 of the Federal Rules of Civil Procedure for American's alleged discovery violations under Rule 37(b) and "for pursuing what is akin to malicious prosecution and retaliation" against Patterson. See Motion for Sanctions [D.E. 211 at 2, 18]; Estelle v. Gamble, 429 U.S. 97, 106 (1976) (*pro se* motions are "to be liberally construed"). Specifically, Patterson asked for: (1) dismissal of American's Motion for Sanctions [D.E. 154]; (2) the court to vacate the award of summary judgment and order a trial by jury; (3) instructions to the jury regarding several disputed discovery issues; (4) sanctions against American under Rule 37(e) for American's alleged failure to preserve electronically stored information related to a Corporate Security Investigation; (5) the court to permanently enjoin American from retaliatory behavior against Patterson; and (6) an award of fees and costs. Id. at 11-12, 18. The undersigned addresses each request below.

First, in her Report and Recommendation on The Amlong Firm's Motion for Rule 11 Sanctions, the undersigned found that, even though American's Motion for Sanctions [D.E. 154] was denied, it was not filed for an improper purpose, was not frivolous, and was not lacking in evidentiary support. See Report and Recommendation Re: Motion for Rule 11 Sanctions [D.E. 274]. Therefore, there is no basis for granting Patterson's request to dismiss American's Motion for Sanctions [D.E. 154].

Next, after granting summary judgment in favor of American [D.E. 169], the Court

2

denied Patterson's Rule 59 Motion seeking to vacate the judgment. <u>See</u> Order Denying Plaintiff's Amended Motion to Amend Judgment [D.E. 216]. Therefore, there is no basis to address this duplicative request to vacate the award of summary judgment to American. Moreover, the requests to order a trial by jury and to issue jury instructions as specified above have been rendered moot by the summary disposition of the case.

Plaintiff requests sanctions against American under Rule 37(e) for American's alleged failure to preserve electronically stored information. This request appears to be related to the Corporate Security Investigation addressed in the undersigned's Order dated July 31, 2018 [D.E. 110]. In that Order, the undersigned precluded any action by American under Section 21 of the Collective Bargaining Agreement pertaining to Captain Shellhouse until after the completion of this case, including through all appeals. <u>See</u> Order [D.E. 110]. Therefore, this matter is moot.

Further, any complaints by Plaintiff that American is engaging in retaliation against him were addressed and resolved in favor of American in the Order on Motions for Summary Judgment [D.E. 169]. Moreover, any equitable relief sought by Patterson is foreclosed by the fact that this case is closed.

Finally, as he is not the prevailing party on his Motion for Sanctions, there is no basis for an award of fees and costs to Patterson.

In conclusion, there is no basis for the imposition of sanctions on American or for granting any of the other relief sought by Plaintiff.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Sanctions [D.E. 211] be DENIED. Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report

and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 29 day of October, 2019.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

United States District Judge Jose E. Martinez
Counsel of Record

Copies furnished by mail to:

Rodney Scott Patterson
1092 N.W. 139th Terrace
Pembroke Pines, FL 33028